# EXHIBIT 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No.: 1:21-cv-11558 |

**DEFENDANTS' [PROPOSED] SUPPLEMENTAL SCHEDULING AND CASE
MANAGEMENT ORDER**

1.   **Case Schedule**.  Unless otherwise specified, days will be computed according to

Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Fact discovery begins | Upon entry of the Initial Case Management Order |
| Parties to produce Investigation Materials | Parties to substantially complete production within 3 business days after the entry of the Initial Case Management Order (except that November 26, 2021 shall not count as a business day) |
| Response to Complaint due F.R.C.P. 12(a)(1)(A) | November 22, 2021, or, should Defendants move to dismiss, an Answer must be filed 30 days after any ruling by the Court denying any motion to dismiss |
| Deadline for Parties to serve First Requests for Production to Opposing Parties | 4 business days after the entry of the Initial Case Management Order |
| Parties to exchange disclosures under Federal Rule of Civil Procedure 26(a)(1) | 14 days after the entry of this Order |

| Event | Date |
|---|---|
| Deadline to join parties | 14 days after filing of Answers or the Court's ruling denying any motion to dismiss[1] |
| Deadline to produce Privilege Logs | 30 days following substantial completion of production of documents responsive to each set of document requests |
| Deadline to serve any Second Requests for Production to Opposing Parties | 75 days before the close of fact discovery |
| Parties exchange initial trial witness lists | May 16, 2022 |
| Close of fact discovery | June 8, 2022 |
| Plaintiffs' Initial Expert Report(s): Plaintiffs serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions | June 9, 2022 |
| Deadline for the production of Backup Materials for Plaintiffs' Initial Expert Report(s) | June 10, 2022 |
| Parties exchange final trial witness lists | June 13, 2022 |
| Defendants' Rebuttal Expert Report(s): Defendants serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions | July 10, 2022 |
| Deadline for the production of Defendants' Backup Materials for Expert Report(s) | July 11, 2022 |
| Parties exchange initial exhibit lists and opening deposition designations | July 27, 2022 |
| Plaintiffs' Reply Expert Report(s): Plaintiffs serve reply expert witness disclosures, limited to the issues raised in the Defendants' Rebuttal Expert Report(s) | August 8, 2022 |
| Deadline for the production of Backup Materials for Plaintiffs' Reply Expert Report(s) | August 9, 2022 |

---

[1] Plaintiffs reserve the right to amend their complaint consistent with the Federal Rules of Civil Procedure. Defendants reserve the right to oppose any motion seeking leave to amend.

| Event | Date |
|---|---|
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party. Parties must inform non-parties that they should provide notice to the Parties, by August 17, of whether that non-party objects to the potential public disclosure at trial of that non-party's documents and depositions, explain the basis for any such objections, and propose redactions where possible. | August 3, 2022 |
| Each side exchanges its objections (based on both confidentiality and admissibility) to the other side's initial exhibits and opening deposition designations and exchanges deposition counter-designations | August 10, 2022 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter designations | August 17, 2022 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August 17, 2022 |
| Close of expert discovery;[2] Parties exchange any further additions to exhibit lists | August 25, 2022 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on initial trial exhibit lists | No later than August 23, 2022 |
| Parties meet and confer regarding admissibility of initial trial exhibits and deposition designations | No later than August 23, 2022 |
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on initial trial exhibit lists and non-party depositions | No later than August 23, 2022 |

---

[2] The Parties expressly reserve the right to file motions for summary judgment prior to or after the completion of expert discovery, which may impact subsequent case deadlines.

| Event | Date |
|---|---|
| Joint submission regarding disputes about admissibility of initial trial exhibits and deposition designations | August 25, 2022 |
| Joint submission regarding disputes about confidentiality of Party documents on initial trial exhibit lists to be filed | August 25, 2022 |
| Joint submissions regarding disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed | August 25, 2022 |
| Parties file any motions *in limine*, including *Daubert* motions | September 2, 2022 |
| Oppositions to any motions *in limine*, including any *Daubert* motions | September 9, 2022 |
| Pretrial briefs and Pretrial orders to be filed | September 9, 2022 |
| Replies to any oppositions to motions *in limine*, including any *Daubert* motions | September 13, 2022 |
| Final pretrial conference | September 19, 2022 |
| Parties submit final trial exhibits to Court | On first day of trial, September 26, 2022 or at the Court's earliest convenience thereafter |
| Trial begins | September 26, 2022 or at the Court's earliest convenience thereafter |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed | 3 weeks after trial's conclusion |

2.     **Service of Complaint.**  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.     **Discovery Conference.**  The Parties' prior consultations and submission of this Order relieve the Parties of their duty under Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).

4.     **Discovery of Confidential Information.**  Discovery and production of confidential information will be governed by any Protective Order entered by the Court in this

Action.  When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.  Unless and until the Court enters a protective order, the Court's Default Protective Order in Complex Cases will apply to all documents and materials produced, including Investigative Materials and any materials produced by a third party.[3]  The Parties will meet and confer in good faith within 7 days after the entry of this Order and will propose for the Court's entry a Proposed Protective Order.  Under the Court's Default Protective Order in Complex Cases, documents and information that any Party in good faith believes are confidential may be produced in discovery with the designation "Confidential Pursuant to the Court's Default PO," except that   Investigation Materials need not be stamped to receive protection.  Unless and until such designation is altered or removed by the Parties' agreement or by court order, a so-designated document may be accessed only by the Parties' outside counsel and the Court.

5.     **Investigation Materials**

(a)     **Definitions.**  For purposes of this Scheduling and Case Management Order, the following definitions apply:

(i)     "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(ii)     "Investigation Materials"[4] means documents, information, transcripts of testimony or other materials prior to September 21, 2021 that (1) any non-party (excluding any non-Plaintiff Investigating State) provided to Defendants, to the U.S. Department of Justice or to

---

[3] *See* United States District Court, District of Massachusetts, Standing Order Re: Default Protective Order in Complex Cases (Sept. 6, 2017), available at
https://www.mad.uscourts.gov/boston/pdf/sorokin/LTS_StandingOrderReDefaultPO.pdf.
[4] The definition of "Investigation Materials" is without prejudice to any positions the Parties may take regarding responsiveness and privilege in connection with the Parties' requests for document production and any responses and objections thereto.

any Plaintiff States (including materials provided indirectly through a non-Plaintiff Investigating State), either voluntarily or under compulsory process concerning the Investigation, (2) Defendants, the U.S. Department of Justice or the Plaintiff States provided to any non-Party (excluding any non-Plaintiff Investigating State) concerning the Investigation, or (3) that Defendants have provided to the U.S. Department of Justice or to the Plaintiff States during the Investigation.

(iii)    "Investigating States" means the States of New York, Arizona, California, Florida, Massachusetts, Pennsylvania, Virginia, and the District of Columbia.

(iv)    "Northeast Alliance" means the series of agreements between American Airlines Group Inc. and JetBlue Airways Corporation as described in the Parties' Northeast Alliance Agreement and related agreements.

(v)    "Party" means any Plaintiff or any Defendant in this Action.  "Parties" means collectively Plaintiffs and Defendants in this Action.

(vi)    "Plaintiffs" means the U.S. Department of Justice and the Plaintiff States, and all of their employees, agents, and representatives.

(vii)    "Plaintiff States" means the States of Arizona, California, Florida, Massachusetts, Pennsylvania, Virginia, and the District of Columbia, and any other state that joins this Action.

(viii)    "Relevant Materials" means (A) documents; (B) data; (C) correspondence; (D) transcripts of testimony; and (E) witness statements, including draft and final versions of declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

(b)      **Production.**  Consistent with the schedule above, the Parties will produce all Investigation Materials, regardless of whether the materials were collected or received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a Party collected or received the materials in hard-copy or electronic form, except that (i) Plaintiffs need not produce to Defendants the Investigation Materials that any Plaintiff received from any Defendant directly or indirectly through production to any Plaintiff or Investigating State; and (ii) Defendants need not produce to Plaintiffs the Investigation Materials that they have previously produced to any Plaintiff.

(c)      **Privilege.**  Pursuant to Federal Rule of Evidence 502(d), the production of Investigation Materials does not constitute a waiver of any protection that would otherwise apply to any other attorney work product, confidential attorney-client communications, or materials subject to the deliberative-process or any other governmental privilege concerning the same subject matter as such Investigation Materials.

(d)      **Prior Investigations.**  Nothing in this Order requires the disclosure of Relevant Materials obtained by Plaintiffs during an investigation or litigation other than investigation of the Northeast Alliance except to the extent that Plaintiffs have used said materials in connection with their investigation of the Northeast Alliance or this litigation.  In no event shall Plaintiffs be permitted to use any such Relevant Materials at trial if they were not disclosed to Defendants before the close of fact discovery.

6.      **Statement Regarding Local Civil Rule 16.1(b)(3): Assignment to Magistrate Judge.**  The Parties do not believe at this time that this matter should be tried by a magistrate judge.

7.    **Statement Regarding Local Civil Rules 16.1(d)(3) and 16.4: Settlement Possibilities and ADR.**  All Parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to settle the matter.  After considering the costs of conducting the full course of the litigation, the Parties do not believe that this case would benefit from some form of alternative dispute resolution.

8.    **Timely Service of Fact Discovery.**  All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

9.    **Subpoenas.**  A Party may serve a subpoena of the type described in Federal Rule of Civil Procedure 45(a) at any time after serving on the other Parties a notice and a copy of the subpoena.

10.    **Written Discovery on Parties.**

(a)    **Document Requests.**  Any discovery requests must be proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).  Consistent with the schedule set forth in this Order, any second request for production must be served no later than 75 days before the close of fact discovery.  A Party may serve reasonably limited requests for production later than 75 days before the close of fact discovery only to the extent that it seeks information that the Party did not reasonably know to request in either the first or the second request for production (*e.g.*, related to information discovered during the course of a deposition, related to information produced by a Party after the deadline for serving second requests for production, or public announcements by a Party).  In all instances, any additional request for production must be served no later than 30 days before the close of fact discovery.

The Parties must serve any objections to first requests for production of documents within 20 days after those requests are served, and must serve any objections to second requests for production of documents within 14 days after those requests are served. The Parties must make good-faith efforts to make rolling productions of responsive productions (to the extent not subject to any objections that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections beginning no later than 45 days after service of the request for production. The Parties must make good-faith efforts to substantially complete responsive productions in response to any first request for production of documents no later than 90 days after service of the requests for production, and must make good-faith efforts to substantially complete responsive productions in response to any second request for production of documents no later than 75 days after service of the requests for production. Within 5 days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. Should any objections or custodian issues remain unresolved after such meet and confer, the Parties must make good-faith efforts to substantially complete such remaining responsive productions no later than the later of (i) 45 days after resolution of such objections or custodian issues, or (ii) (a) 90 days after the service of any first request for production of documents, or (b) 75 days after the service of any second request for production of documents.

(b)    **Data Requests.**  In response to any requests where data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and, as needed, will seek prompt assistance from employees knowledgeable about the content, storage, and production of data.

(c)    **Interrogatories.**  Interrogatories are limited to 20 (including discrete subparts) by Plaintiffs collectively to Defendants and to 20 (including discrete subparts) by Defendants collectively to Plaintiffs, except that any Interrogatory served on all Plaintiffs or all Defendants shall count as a single interrogatory.

(d)    **Requests for Admission.**  Requests for admission are limited to 15 by Plaintiffs collectively to Defendants and to 15 by Defendants collectively to Plaintiffs, except that any Request for Admission served on all Plaintiffs or all Defendants shall count as a single request for admission.

11.    **Written Discovery on Non-Parties.**  The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties.  Each Party must serve a copy of any subpoena to a non-party on the other Parties at the same time as the subpoena is served on the non-party.  Every subpoena to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party.  If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-party.  In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously.  Within 2 business days of any agreement with a non-party, each Party must provide the other Parties with a copy of any

written communication (including email) with any non-party concerning any modifications, extensions, or other negotiations concerning the non-party's response to the subpoena, or in the case of an oral modification, a written record summarizing the oral modification.

12.     **Depositions.**  Each side is limited to 35 fact depositions of witnesses, no more than 20 of which may be depositions of current or former employees of Parties and no more than 12 of which may depositions of current or former employees of any individual Party.  Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition.  The following depositions do not count against the deposition caps imposed by the preceding sentences:  (a) depositions noticed after the conclusion of fact discovery as permitted by the Court or by agreement of the parties; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

The Parties will cooperate in good faith to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.  Depositions shall be conducted in the locations where witnesses reside or are employed, unless the Parties (or the Parties and non-parties in the context of non-Party depositions) stipulate otherwise.  The Parties will meet and confer in good faith within 7 days after the entry of this Order and will propose for the Court's

entry a Deposition Protocol to govern the taking of any depositions, including the taking of any deposition remotely.

If a Party serves a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 5 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated, except that depositions of employees and former employees of Defendants previously deposed in response to Civil Investigative Demands shall last no more than three (3) hours.  A Plaintiff noticing a deposition may cede some or all of its examination time to another Plaintiff.  A Defendant noticing a deposition may cede some or all of its examination time to another Defendant.

During non-Party depositions, the non-noticing side will receive at least two hours of examination time.  If a non-Party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-party will count as one deposition for both sides.  Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to the seven (7) hours limit in total.  Any objection made by any Party in a deposition preserves that objection for every Party.

Plaintiffs may take one seven (7) hour deposition pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure of each Defendant.  Defendant may take one seven (7) hour deposition

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of Plaintiffs.  Each deposition

to be taken under Rule 30(b)(6) of the Federal Rule of Civil Procedure counts as one deposition,

regardless of the number of witnesses produced to testify on the matters for examination in that

deposition.  The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for

depositions and to accommodate the witnesses' schedules.

13.     **Privilege Logs.**  The Parties will meet and confer in good faith within 7 days after

the entry of this Order and will propose for the Court's entry a Protocol to govern ESI and

privilege logs.

14.     **Evidence from a Foreign Country.**  The Parties will meet and confer in good

faith within 7 days after the entry of this Order and will propose for the Court's entry a Protocol

to govern ESI and privilege logs.

15.     **Inadvertent Production of Privileged or Work-Product Documents or

Information.**  Pursuant to Federal Rule of Evidence 502(d), the production of a document or

information subject to a claim of attorney-client privilege, work-product immunity, or any other

privilege or immunity under relevant federal case law and rules does not waive any claim of

privilege, work product, or any other ground for withholding production to which the Party

producing the documents or information otherwise would be entitled, provided that (a) the

production was inadvertent; (b) the Party producing the documents or information used

reasonable efforts to prevent the disclosure of documents or information protected by the

attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the

Party producing the documents or information promptly took reasonable steps after discovering

13

the inadvertent disclosure to rectify the error, including following Federal Rule of Civil

Procedure 26(b)(5)(B).

16.     **Presumptions of Authenticity.**   The Parties will meet and confer in good faith

within 7 days after the entry of this Order and will propose for the Court's entry a Protocol to

govern ESI and privilege logs.

17.     **Expert Witness Disclosures and Depositions.**   The Parties will meet and confer

in good faith within 7 days after the entry of this Order and will propose for the Court's entry an

Expert Discovery Protocol to govern expert discovery, including the taking of any expert

depositions.

18.     **Witness Lists.**   Too address a part of a separate trial protocol.

19.     **Service of Pleadings and Discovery on Other Parties.**   Service of all pleadings,

discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil

Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made

by ECF if required by applicable rule or otherwise by email, except when the volume of

attachments requires overnight delivery of the attachments or personal delivery, to the following

individuals designated by each Party:

        For Plaintiff United States of America:

                William H. Jones II (Bill.Jones2@usdoj.gov)
                Kate M. Riggs (Kate.Riggs@usdoj.gov)
                James H. Congdon (James.Congdon@usdoj.gov)
                Marisa Dieken (Marisa.Dieken@usdoj.gov)
                U.S. Department of Justice
                Antitrust Division
                450 Fifth Street, NW, Suite 4100
                Washington, DC 20530
                Tel. 202-514-0230

For Plaintiff State of Arizona:

> Dana R. Vogel
> Arizona Attorney General's Office
> 2005 North Central Avenue
> Phoenix, AZ  85004
> (602) 542-7748
> Dana.Vogel@azag.gov

For Plaintiff State of California:

> Robert B. McNary
> California Office of the Attorney General
> 300 South Spring Street, Suite 1702
> Los Angeles, CA  90013
> (213) 269-6283
> Robert.mcnary@doj.ca.gov

For Plaintiff District of Columbia:

> Arthur T. Durst
> Office of the Attorney General of the District of Columbia
> 400 Sixth Street N.W., Tenth Floor
> Washington, DC  20001
> (202) 442-9853
> Arthur.durst@dc.gov

For Plaintiff State of Florida:

> Lizabeth A. Brady
> Office of the Attorney General, State of Florida
> PL-01, The Capitol
> Tallahassee, FL  32399
> (850) 414-3300
> Liz.Brady@myfloridalegal.com

For Plaintiff Commonwealth of Massachusetts:

> William T. Matlack
> Office of the Attorney General
> One Ashburton Place, 18th Floor
> Boston, MA  02108
> (617) 727-2200
> William.Matlack@mass.gov

For Plaintiff Commonwealth of Pennsylvania:

Tracy W. Wertz
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor Strawberry Square
Harrisburg, PA  17120
(717) 787-4530
twertz@attorneygeneral.gov

For Plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Office of the Virginia Attorney General
Antitrust Unit
202 North Ninth Street
Richmond, VA  23219
(804) 786-6557
SOAllen@oag.state.va.us

For Defendant American Airlines Group Inc.:

Allyson M. Maltas
Farrell Malone
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2314
allyson.maltas@lw.com
farrell.malone@lw.com

For Defendant JetBlue Airways Corporation:

Richard Schwed
Matthew L. Craner
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com

For purposes of calculating discovery response times, electronic delivery at the time the

email was received will be treated in the same manner as hand delivery at that time.

20. **Nationwide Service of Trial Subpoenas.**  To assist the Parties in planning

discovery, and in view of the geographic dispersion of potential witnesses in this action outside

16

this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.

21.     **Modification of Scheduling and Case Management Order.**  Any Party may seek modification of this Order for good cause, except that the Parties may also agree to modify discovery and expert disclosure deadlines by agreement.

SO ORDERED:

_____

United States District Judge

Dated: _____, 2021