UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>Defendants. | Civil Action No. 1:21-cv-11558-LTS |

**AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S UNOPPOSED MOTION FOR AN ORDER OF IMPOUNDMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Local Rule 7.2 and the Court's Standing Order Re Default Protective Order in Complex Cases ("Standing Protective Order"), Defendants American Airlines Group Inc. and JetBlue Airways Corporation (collectively "Defendants"), respectfully move the Court to enter an order of impoundment, placing under seal the following documents, which are attached as exhibits to Defendants' motion to dismiss: (1) the Northeast Alliance Agreement and its Amendments (collectively the "NEA Agreements"); and (2) the Mutual Growth Incentive Agreement and its Amendments (collectively the "MGIA Agreements").

The Defendants move to dismiss the complaint filed by Plaintiffs against the Northeast Alliance for failure to state a claim upon which relief can be granted.  Defendants attach as exhibits to the motion to dismiss the NEA Agreements and MGIA Agreements that are incorporated by reference in Plaintiffs' Complaint (ECF No. 1).

Because the NEA Agreements and the MGIA Agreements contain competitively sensitive information, but the parties have not yet reached an agreement on a protective order to

1

govern the production and use of materials in this case, Defendants have designated the documents as "Confidential Pursuant to the Court's Default PO" under the Court's Standing Protective Order. Defendants respectfully request permission to file these agreements under seal. Pursuant to Local Rule 7.1, Defendants have met and conferred with Plaintiffs, and Plaintiffs do not oppose this motion.

## ARGUMENT

Courts recognize that "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"). Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

It is well settled that documents revealing "business information that might harm a litigant's competitive standing" are the type of materials that courts protect because their disclosure can result in injury. *Nixon*, 435 U.S. at 598. Negotiated contract terms constitute paradigmatic trade secrets that, if disclosed, would harm a company's competitive standing in the market. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that contract terms contained in licensing agreement are "the precise sort of information . . . that plainly falls within the definition of 'trade secrets'"). The NEA Agreements and the MGIA Agreements are highly confidential agreements containing competitively sensitive terms and

conditions that, if made public, would significantly harm the competitive standing of American and JetBlue. Courts routinely seal this type of competitively sensitive information. *See, e.g., In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (granting motion for protective order to protect "confidential commercial information about [a bank's] internal policies and procedures, as well as the internal policies and procedures of its third-party vendor" because material at issue "could unfairly disadvantage [the bank and its vendor] vis-à-vis their economic competitors").[1]

The NEA Agreements contain sensitive information regarding the management, operation, and future goals of the Northeast Alliance. Similarly, the MGIA Agreements contain detailed confidential information about the financial terms of the Northeast Alliance. Disclosing this information to the public, including to Defendants' competitors, would result in serious harm to American and JetBlue.

Finally, Defendants' request for sealing is narrowly tailored. Defendants seek only to seal the executed agreements themselves, and not general references to or discussion of the agreements within the motion to dismiss. This ensures the negotiated contract terms themselves remain confidential and protects Defendants' commercial interests while permitting the public to have the fullest possible access to Defendants' arguments in support of their motion to dismiss.

---

[1] *See also, e.g., Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting sealing of "confidential business agreements" that included "sensitive financial information"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in maintaining the confidentiality of terms to a business agreement that are not available to the public because otherwise the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury); *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D 320, 324 (E.D. Pa. 2003) (protecting documents containing proprietary information because the defendants' "competitors would be able to exploit this information during negotiations with [their] customers").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order granting their motion for an order of impoundment of confidential information.

Defendants request that the sealed documents remain impounded under further order of the Court, and at the conclusion of the litigation, after any appeals have been exhausted, that any documents filed under seal be returned to Defendants' counsel of record.

Dated:  November 22, 2021                                       Respectfully submitted,

/s/ Daniel M. Wall
Daniel M. Wall (*pro hac vice*)
Elizabeth C. Gettinger (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com

Ian R. Conner (*pro hac vice*)
Michael G. Egge (*pro hac vice*)
Farrell J. Malone (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
Marguerite M. Sullivan (*pro hac vice*)
Tara L. Tavernia (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
allyson.maltas@lw.com
andrew.paik@lw.com
marguerite.sullivan@lw.com
tara.tavernia@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com

Brian Hauser (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on November 17, 2021, Defendants met and conferred in good faith with counsel for Plaintiffs regarding the filing of this motion, and Plaintiffs' counsel indicated they do not oppose the motion.

/s/ Daniel M. Wall
Daniel M. Wall

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Daniel M. Wall
Daniel M. Wall