# EXHIBIT F

Order 2020-12-20  
Served: December 21, 2020



UNITED STATES OF AMERICA  
DEPARTMENT OF TRANSPORTATION  
OFFICE OF THE SECRETARY  
WASHINGTON, D.C.

Issued by the Department of Transportation  
on the 21st day of December, 2020

| | |
|---|---|
| **Joint Application of**<br><br>AMERICAN AIRLINES, INC.<br>BRITISH AIRWAYS PLC<br>OPENSKIES SAS<br>IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A.<br>FINNAIR OYJ<br>AER LINGUS GROUP DAC<br>ROYAL JORDANIAN AIRLINES<br><br>**Under 49 U.S.C. §§ 41308 and 41309 for Approval of and Antitrust Immunity for Alliance Agreements** | Docket DOT-OST-2008-0252 |

**FINAL ORDER**

### I. SUMMARY

By this Order, the U.S. Department of Transportation (the Department) finalizes its tentative findings in Order 2020-11-9 dated November 16, 2020 (the Show Cause Order) and grants the motion of American Airlines, Inc. (American), British Airways PLC (British Airways), OpenSkies SAS (OpenSkies), Iberia Líneas Aéreas de España, S.A. (Iberia), Finnair OYJ (Finnair), and Aer Lingus Group DAC (Aer Lingus) (collectively, "the Parties") to amend DOT Order 2010-7-8 and extend the existing grant of antitrust immunity (ATI) to Aer Lingus. Subject to the conditions in this Order, the Department approves, and grants antitrust immunity for, the set of agreements the Parties have submitted in Appendix 1 of the Joint Motion (Amended JBA).[1]

### II. BACKGROUND

In 2010, the Department approved, and granted ATI for, alliance agreements among American, British Airways, Iberia, Finnair, and Royal Jordanian (Oneworld Immunized

---

[1] Joint Motion to Amend Order 2010-7-8 for Approval of and Antitrust Immunity for Amended Joint Business Agreement (Joint Motion), Dec. 21, 2018, DOT-OST-2008-0252-3427.

Alliance).[2]  The agreements called for a coordinated revenue-sharing joint venture between American, British Airways, Iberia, and Finnair (Existing JB).[3]  At that time, the Department concluded that the joint venture and the overall alliance were, on balance, pro-competitive, and that the JB would likely generate substantial public benefits to the traveling and shipping public.[4]

In 2015, International Consolidated Airlines Group, S.A. (IAG), the parent company of British Airways, Iberia, and OpenSkies, acquired Aer Lingus.  Aer Lingus, based in Dublin, Ireland, serves 115 destinations in North America and Europe, and provides nonstop service to 13 destinations in North America.

On December 21, 2018, the Parties filed the Joint Motion to expand the Existing JB to include Aer Lingus (Proposed JB).  On December 26, 2018, the Department issued a notice suspending the procedural schedule and granting access to confidential documents.[5]  The complete procedural history of the case can be found in Order 2020-11-9.

On November 16, 2020, the Department issued the Show Cause Order tentatively granting the Parties' motion to amend DOT Order 2010-7-8 and extend the existing grant of ATI to Aer Lingus, subject to certain conditions.  That order directed interested parties to show cause why we should not finalize those tentative findings.  The Department provided interested parties 14 calendar days to file objections to the Show Cause Order, and seven business days thereafter to file replies to objections.

### III.  RESPONSIVE PLEADINGS

The Department received responsive comments from JetBlue and Delta.[6]  The complete public record of the case can be found at www.regulations.gov by searching for Docket DOT-OST-2008-0252.

*JetBlue*

JetBlue filed comments on November 30, 2020.[7]  JetBlue commends the Department for addressing crucial competitive issues in the Show Cause Order.  JetBlue states that it continues to take no position on the merits of the Parties' motion, provided that DOT make explicit that the current slot remedy framework from 2010 should continue, and be expanded, beyond the conclusion of the United Kingdom Competition and Markets Authority's (CMA) interim measures decision in 2024.  Otherwise, JetBlue argues, the Department will risk a "bridge"

---

[2] Order 2010-7-8, Jul. 20, 2010.
[3] The joint business was initially between American, British Airways, and Iberia. Finnair was added in 2013.
[4] Order 2010-7-8, Jul. 20, 2010, at 1-2.
[5] Notice (Access to Documents and Suspension of Procedural Schedule), Dec. 26, 2018, DOT-OST-2008-0252-3428.
[6] The Department also received an objection and reply from Exhaustless, Inc.  However, these pleadings are not responsive to the Show Cause Order and raise issues outside the scope of this proceeding.  Therefore, we will not address them here.
[7] Comments of JetBlue Airways Corporation, Nov. 30, 2020, DOT-OST-2008-0252-3453.

period between the end of the CMA's interim measures and the Department's proposed five-year review.

JetBlue also requests that DOT continue to monitor the efficacy and administration of the CMA slot remedy, and be prepared to exercise jurisdiction as potentially adverse market competitive conditions warrant. JetBlue argues that, if DOT relies on a foreign partner's competition remedy to address DOT's own competition concerns, then DOT must be prepared and ready to exercise independent jurisdiction to ensure that the CMA remedy is indeed being administered in a manner that addresses DOT's competition concerns.

*Delta*

Delta filed comments on November 30, 2020.[8] Delta states that it takes no position on the merits of the motion or the Department's tentative decision to grant the Parties' motion, but strongly agrees with the Department's tentative determination that the proposed ATI grant should be conditioned on the continuing enforcement of Heathrow slot commitments under the CMA's oversight in order to maintain competitive discipline against the Proposed JB at Heathrow.

Delta also notes that the waiting period established by the Department to review the commercial agreements submitted by American and JetBlue for a proposed alliance expired on November 19, 2020, without any Departmental action taken. As such, Delta believes there is no legal impediment to American and JetBlue implementing those agreements. Delta argues that those agreements create substantial interdependence between the two carriers. In Delta's view, JetBlue cannot credibly claim to be an effective competitive check on the Proposed JB at Boston and New York. Delta asserts that, because the American/JetBlue alliance has been cleared by the Department, JetBlue is no longer an independent competitor to American and is therefore ineligible to receive any Heathrow remedy slots under the CMA process. Delta asks the Department to take administrative note of this.

## IV.  DISCUSSION

We have decided to finalize our tentative finding in the Show Cause Order, and grant the Joint Motion.

Neither of the two commenting parties addressed the merits of the proposed decision. JetBlue supports the remedies and conditions in the Show Cause order. It also requests that the Department ensure that there is not a gap period between the expiration of the CMA's interim measures and the Department's five-year review. As we stated in the Show Cause Order, the Department will continue to coordinate with the CMA on its ongoing investigation into the Parties' transatlantic joint business. The Department will continue to monitor competitive dynamics in the market as well as the status of the CMA's investigation and retains the authority to take independent action if necessary.

Delta also supports the remedies and conditions proposed, including the continuation of the London slot remedy. Delta argues that JetBlue should be deemed ineligible to participate in the

---

[8] Comments of Delta Air Lines, Inc., Nov. 30, 2020, DOT-OST-2008-0252-3452.

London slot remedy in the future because of the "interdependence" of JetBlue and American resulting from their proposed marketing alliance. The Department will work with the CMA and the monitoring trustee to address issues of this nature if and when they arise in discrete selection processes allocating the slots.

Neither of the parties submitting responsive comments raise any objections to the Department's tentative findings in the Show Cause Order and we therefore finalize them without change.

**ACCORDINGLY:**

1. Subject to the ordering paragraphs below, we approve the Joint Motion submitted by American Airlines, Inc., British Airways PLC, OpenSkies SAS, Iberia Líneas Aéreas de España, S.A., Finnair OYJ, and Aer Lingus Group DAC to amend Order 2010-7-8, and approve, and grant antitrust immunity for, agreements the Parties have submitted in Appendix 1 of the Joint Motion.[9] The approval and grant of antitrust immunity is limited as follows:

   a. The approval and grant of immunity will expire six (6) months from the date of this Final Order unless the Parties strike section 2.6 of the Amended and Restated Joint Business Agreement and submit a complete and unredacted copy of the revised agreement to the Director of the Office of Aviation Analysis;

   b. The approval and grant of immunity will expire six (6) months from the date of this Final Order unless the Parties submit to the Department, as implementing agreements, any previously approved agreement(s) governing the Proposed JB that contain exclusivity clauses or other provisions that limit or hinder the ability of a Proposed JB carrier to engage in any third-party cooperative agreement or relationship. The submitted agreement(s) shall remove all exclusivity clauses and restraints on any type of commercial cooperation. Six months after the date of this Final Order, the Department's approval of, and grant of antitrust immunity for, any previously approved and immunized agreement between the Parties that still contain exclusivity clauses will cease;

   c. The approval and grant of immunity will expire six (6) months from the date of this Final Order unless the Parties submit to the Department, as implementing agreements, any previously approved agreement(s) governing the Proposed JB to which Royal Jordanian is a party. Six months after the date of this Final Order, the Department's approval of, and grant of antitrust immunity for, any previously approved and immunized agreement amongst the Parties to which Royal Jordanian is still a party, will cease, and Royal Jordanian will no longer have a grant of antitrust immunity.

---

[9] The Parties must submit to the Director of the Office of Aviation Analysis for prior approval the addition of any entities after the final date of this Order, including affiliates and subsidiaries, that will participate in the immunized joint business. For the avoidance of doubt, the submission requirement will apply even if the inclusion of an entity within the joint business would not produce a new or amended implementing agreement.

2. We direct the Parties to continue complying with the slot access commitments required by Order 2010-7-8, ordering paragraph 3, as implemented by the European Commission's Commitment Package, now extended and modified by the UK's Competition and Markets Authority in interim measures announced on September 17, 2020;

3. We direct the Parties to submit annual progress reports, as described in the Show Cause Order, to the Director of the Office of Aviation Analysis, beginning one year from the effective date of ATI, and continuing each year thereafter while the alliance agreements are effective;[10]

4. We determine that the Department will undertake a review of its grant of antitrust immunity in five years' time to assess whether potential benefits have been realized, and the impacts on competition in relevant markets. The grant of immunity is indefinite unless the Department takes action pursuant to Ordering Paragraph 9;

5. We direct British Airways PLC, OpenSkies SAS, Iberia Líneas Aéreas de España, S.A., Finnair OYJ, and Aer Lingus Group DAC to begin or continue to report full-itinerary Origin-Destination Survey of Airline Passenger Traffic for all passenger itineraries that include a US point;[11]

6. We determine that the Parties shall submit for prior approval any subsequent subsidiary agreements implementing their immunized alliance;[12]

7. We determine that the Parties shall obtain prior approval if they choose to hold out service under a common name or use common brands;

8. We direct American Airlines, Inc., British Airways PLC, OpenSkies SAS, Iberia Líneas Aéreas de España, S.A., Finnair OYJ, and Aer Lingus Group DAC to remain withdrawn from participation in any International Air Transportation Association tariff coordination activities that discuss any proposed through fares, rates, or charges applicable between the United States and any countries whose airlines have been or are subsequently granted

---

[10] We expect the Parties to deliver the progress report by the close of business on the anniversary date of the issuance of this final order. If that date falls on a weekend or federal holiday, the Parties may deliver the report by the close of business on the following business day.

[11] We expect foreign-carrier applicants to report the O&D Survey data beginning with the first full quarter following the date of the issuance of this final order. Foreign-carrier applicants are expected to report O&D Survey data for all traffic that is under the immunized joint business, including flights operated by affiliates, subsidiaries, or franchises. Detailed instructions are available from the Department's Office of Airline Information at the Bureau of Transportation Statistics. We treat the foreign airlines' O&D data as confidential, do not allow U.S. airlines any access to the data, and do not allow foreign airlines any access to U.S. airline O&D Survey data. We use these data only for internal analytical purposes.

[12] Regarding this requirement, we do not expect the Parties to provide the Department with minor technical understandings that are necessary to implement fully their day-to-day operations, but that have no additional substantive significance. We do, however, expect and direct them to provide the Department with all unredacted contractual instruments that implement or materially alter, modify, or amend the cooperation agreements, joint ventures, or confidentiality/antitrust guidelines. Any appropriate documents shall be submitted to the Director of the Office of Aviation Analysis.

antitrust immunity, or renewal of immunity, to participate in similar alliance activities with a U.S. airline(s). We delegate to the Director of the Office of International Aviation the authority to determine the applicability of the directive set forth in this paragraph as to specific prices, markets, and tariff coordination activities, consistent with the scope and purpose of the condition, as previously described;

9. We may amend, modify, or revoke this authority at any time, without hearing;

10. We will not entertain petitions for reconsideration of this Order; and

11. We will serve this Order on all parties on the service list in this docket.

By:

**JOEL SZABAT**
Assistant Secretary
Aviation and International Affairs

(SEAL)

*An electronic version of this document is available at*
*https://www.regulations.gov*