# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

## AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S UNOPPOSED MOTION FOR AN ORDER OF IMPOUNDMENT OF CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2 and the Court's Standing Order Re Default Protective Order in Complex Cases ("Standing Protective Order"), Defendants American Airlines Group Inc. and JetBlue Airways Corporation (collectively "Defendants"), respectfully move the Court to enter an order of impoundment, placing under seal the following documents, which are attached as exhibits to the Parties' Joint Status Report Regarding Discovery Dispute: (1) Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories; (2) Plaintiffs' Amended Exhibit A; and (3) Plaintiffs' document bates-stamped AAB6-DOJ-00004047.

Defendants and Plaintiffs the United States of America and the States of Arizona, California, Florida, Massachusetts, Pennsylvania, Virginia, and the District of Columbia (collectively, "Plaintiffs") submit today to this Court a Joint Status Report Regarding Discovery Dispute. Defendants attach as exhibits to the Joint Status Report Plaintiffs' Initial Responses and Objections, Plaintiffs' Amended Exhibit A, and AAB6-DOJ-00004047.

1

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted). These three Exhibits to the Joint Status Report contain information of Defendants and third parties that has been designated as "Confidential Pursuant to the Court's Default PO" under the Court's Standing Protective Order and which the Parties have agreed to treat confidentially in the matter. Moreover, as part of the Responses and in response to Defendants' Interrogatory No. 1, which is at issue in the Status Report, Plaintiffs provided an Amended Exhibit A, which identifies various third parties that Plaintiffs interviewed during their pre-Complaint investigation, including the names of specific individuals interviewed at third parties and the dates those interviews took place. Plaintiffs have designated that Amended Exhibit A as Confidential pursuant to the Court's Default Protective Order. Under the Court's Default Protective order, such materials can be "accessed only by the parties' outside counsel and the Court."[1] Accordingly, Defendants respectfully request permission to file these exhibits under seal.

The request for sealing is narrowly tailored. Defendants are not seeking to file the Status Report under seal or any other exhibits to the Status Report, nor are the Parties seeking to file under seal any reference to or discussion of Plaintiffs' Responses in the Status Report. Defendants are only seeking to file under seal three exhibits which contain quotations and information from

---

[1] *See* United States District Court, District of Massachusetts, Standing Order Re: Default Protective Order in Complex Cases (Sept. 6, 2017), available at: https://www.mad.uscourts.gov/boston/pdf/sorokin/LTS StandingOrderReDefaultPO.pdf.

documents and testimony provided by Defendants and third parties that has been designated as Confidential under the Court's Default Protective Order.

Because the exhibits contain information that has been designated as "Highly Confidential," Defendants respectfully request permission to file these exhibits under seal. Pursuant to Local Rule 7.1, Defendants have met and conferred with Plaintiffs, and Plaintiffs do not oppose this motion. Defendants request that the sealed documents remain impounded under further order of the Court, and at the conclusion of the litigation, after any appeals have been exhausted, that any documents filed under seal be returned to Defendants' counsel of record.

Dated:  February 14, 2022

Respectfully submitted,

/s/ Daniel M. Wall
Daniel M. Wall (*pro hac vice*)
Elizabeth C. Gettinger (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com

Ian R. Conner (*pro hac vice*)
Michael G. Egge (*pro hac vice*)
Farrell J. Malone (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
Marguerite M. Sullivan (*pro hac vice*)
Tara L. Tavernia (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com

allyson.maltas@lw.com
andrew.paik@lw.com
marguerite.sullivan@lw.com
tara.tavernia@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*


/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Martha Vega-Gonzalez (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com

Brian Hauser (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

**LOCAL RULE 7.1 CERTIFICATION**

      Pursuant to Local Rule 7.1(a)(2), I hereby certify that on February 14, 2021, Defendants met and conferred in good faith with counsel for Plaintiffs regarding the filing of this motion, and Plaintiffs' counsel indicated they do not oppose the motion.

                        /s/ Daniel M. Wall
                        Daniel M. Wall

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                        /s/ Daniel M. Wall
                        Daniel M. Wall