# Exhibit F

*United States v. Apple Inc.,*
No. 12-cv-2826,
(S.D.N.Y. Sept. 14, 2012)

# GIBSON DUNN



Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel Floyd
Direct: +1 213.229.7148
Fax: +1 213.229.6148
DFloyd@gibsondunn.com

September 10, 2012

VIA COURIER

The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:  *United States v. Apple Inc., et al.*, 12-cv-02826 (DLC)

Dear Judge Cote:

Pursuant to Rule 2(C), we request a pre-motion conference on behalf of Apple and seek to compel the Department of Justice ("DOJ") to "[d]escribe the *factual information* provided orally to [DOJ] by AMAZON that is relevant to any claim or defense in this case, identifying the specific sources of the information described." DOJ refuses to provide this information.

Amazon is a central figure in both the government's investigation and its theory of the case. Amazon was *the* driving force behind the government's decision to litigate this matter. Amazon submitted a white paper to the DOJ urging a government investigation less than a week after Apple's January 27, 2010 *announcement* that it would open the iBookstore in April 2010. That was the beginning of a sustained effort by Amazon to push the DOJ to investigate and litigate this case – including meetings, coffees, and a two-day summit at Amazon's headquarters in Seattle, Washington. The DOJ met with at least 14 Amazon employees during the investigation (and undisclosed consultants), none of them under oath.

Amazon is also at the heart of DOJ's substantive allegations. The DOJ's Complaint mentions Amazon more than 80 times and its actions and motivations are alleged to be the central driving force behind the alleged conspiracy. The DOJ also specifically cited to its "investigation" of Amazon to address the many objections raised in the Tunney Act process. Thus, evidence about Amazon's market position, communications, business strategies, pricing rules, and contracting practices are highly relevant to the resolution of this matter on the merits. Indeed, *Amazon's* decision to switch from a wholesale model to an agency model in the span of five days between January 27 and February 1, 2010 is critical. Apple is entitled to test the truth of allegations pertaining to Amazon that lie at the heart of the DOJ's case. *See, e.g.*, Compl. ¶ 2 ("One of Amazon's most successful marketing strategies was to lower substantially the price of newly released and bestselling e-books to $9.99"); ¶ 30 ("Amazon's e-book distribution business has been consistently profitable"); ¶83 ("Amazon could not delist the books of all five Publisher Defendants"); ¶ 84 (Amazon "capitulated"

Honorable Denise L. Cote
September 10, 2012
Page 2

after it "quickly came to fully appreciate that ... all five Publisher Defendants had irrevocably committed themselves to the agency model").

The DOJ refuses to provide the facts that Amazon passed on about these matters on the basis that Interrogatory No. 1 "demands that the United States reveal information that constitutes protected attorney work product." But discovery of *facts* does not invade any work product protection and has been compelled in other antitrust cases brought by the DOJ. The work product doctrine cannot shield *facts* from discovery. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Other courts that have considered this precise issue have concluded that "facts which form the basis of [the Government's] antitrust lawsuit" are not protected by work product privilege. *United States v. Dentsply*, Slip. Op., No. 99-5-MMS, at 2, 6 (D. Del. June 11, 1999) (Government compelled to "identify in detail all facts known to [individuals and entities interviewed by the DOJ pursuant to its CID investigation] that are relevant to the DOJ's claims . . . in this matter.") (Ex. A); *see also United States v. Dean Foods*, Slip. Op., No. 10-CV-59, 2, 5 (E.D. Wis. Oct. 8, 2010) (same) (Ex. B); *United States v. AMR Corporation*, Slip Op., No. 99-1180-JTM, at 2, 4 (D. Kan. Feb. 7, 2000) (same) (Ex. C).[1] *Hickman v. Taylor* is not to the contrary – it stands for the limited proposition that "exact copies" of witness statements and the "exact provisions" of oral statements or reports may constitute work product. 329 U.S. at 499. Apple's request is distinguishable; it "does not request that the plaintiffs' attorneys repeat or write out everything the interviewed witnesses revealed... [Apple] simply asks for ...all relevant factual information" obtained from the DOJ's interviews with Amazon witnesses. *Dean Foods* at 6.

Documents produced by Amazon are no substitute for the information sought by Interrogatory No. 1. Indeed, there are very few of these to date. The DOJ appears to have sharply curtailed Amazon's pre-complaint discovery obligations, accepting a production limited to a mere few thousand documents. At any rate, the written record simply does not reveal the facts divulged during the many DOJ/Amazon meetings and telephone calls during the investigation. There is no alternative source for those facts.[2] Given Amazon's pivotal role in DOJ's allegations, Apple has a substantial need for the facts requested in Interrogatory No. 1 and respectfully requests the Court schedule a pre-motion conference.

---

[1] *U.S. v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14155-DPH-MKM (E.D. Mich. May 30, 2012) (Ex. D), cited by the DOJ in its objections, engages in no analysis or meaningful consideration of the cases noted above. In any event, the *Blue Cross* court's decision denying the motion to compel resulted from a case-specific determination that the defendant had failed to show substantial need (a showing made here).

[2] Amazon is also resisting the production of various documents and information highly probative of the defendants' defenses. After extended negotiations, the parties have been unable to reach a compromise and it is anticipated that, by week's end, these disputes will be ripe for presentation to the Court.

*[Signature]*
*Denise Cote*
*Sept. 14, 2012*