UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No.: 1:21-cv-11558-LTS |

**[PROPOSED] ORDER GOVERNING FACT DEPOSITIONS**

Consistent with Paragraph 12 of the Scheduling and Case Management Order, ECF No. 76, the Parties have met and conferred and agreed to the following supplemental protocol for fact depositions. This Order does not modify the Parties' agreements or obligations under the Case Management Order, nor does it obligate Parties to conduct any deposition remotely.

1.  **Definitions.** For purposes of this Order Governing Fact Depositions, the Definitions listed in Paragraph 5 of the Scheduling and Case Management Order, ECF No. 76, apply.

2.  **Depositions.**

    a. **Virtual Depositions.** Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), the Parties stipulate that, unless otherwise noticed as such, depositions are presumed to take place in person. However, remote depositions in this case are permitted to be taken upon a showing of good cause and by agreement of the Parties, which shall not be unreasonably withheld. This Protocol shall apply to any remote deposition.

1

For any Party or non-Party deposition conducted virtually, the deposition will take place by videoconference on a platform chosen by the noticing party, including but not limited to Lexitas, TSG or Veritext ("Vendor"). The court reporter will be provided by the Vendor, and the court reporter will provide the videoconferencing technology platform. The court reporter will swear the witness remotely by means of the videoconference. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The court reporter and the witness need not be in the same state. The deposition will be video-recorded by the court reporter and/or videographer, as well as recorded by stenographic means. The court reporter and/or videographer shall not record the deposition while off the record. To the extent feasible, only video of the witness shall be recorded. Audio of all participants shall be recorded. Such recording shall be deemed a record of the deposition to the same extent as if the recording had been made in the physical presence of the witness. For purposes of Rule 30(c)(1), the videographer shall be considered to be acting in the presence and under the direction of the court reporter, so long as the videographer is able to hear and take direction from the court reporter, even though the videographer may be in a different physical location than the court reporter. No participant other than the court reporter and/or videographer will record the deposition. The court reporter will certify the accuracy of the video recording. The costs associated with the use of the Vendor shall be the responsibility of the Noticing Party. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

For each remote deposition, at least three (3) calendar days prior to the remote deposition, the noticing attorney and the defending attorney shall exchange the names and e-mail addresses of any participants other than the witness. For those participants who seek to appear on the record, the

noticing attorney shall provide their information to the court reporter in advance of the remote deposition.

Each individual joining the videoconference must separately log in to the remote deposition platform. All participants in a separate room from the witness, other than the questioning attorney, the defending attorney, and the witness, will mute their connection and have their video camera off to reduce connectivity issues. While on the record, the witness, the defending attorney, and all individuals present in the same room as the witness will log in to the platform separately and have their cameras and microphones on at all times, except the court reporter may instruct any individuals in the room other than the witness, deposing attorney, and defending attorney, to mute their microphone in the event of sound or other technical issues. Each participant will make best efforts to conduct the remote deposition in a manner that accounts for audio delays and related challenges inherent in any remote platform. The witness may consult with counsel privately during breaks in the deposition or while otherwise off the record, consistent with the Federal Rules of Civil Procedure. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties during the deposition by instant message, text message, email, or any other means not recorded on the record.

If the witness's counsel is in the same room as the witness, counsel for the witness will arrange to test the set-up in advance to ensure that all computers, cameras, and microphones are set up to avoid feedback and other technical issues that would disrupt the deposition. Any individual present in the same room as the witness must be identified on the record and must be present on camera while the deposition is on the record.

During the deposition, the questioning attorney will display to the witness, counsel, and the court reporter the documents that he or she introduces as exhibits. The questioning attorney

will display the exhibits through a document sharing platform provided by the Vendor.  Each of the exhibits will be made part of the record.  The witness may access the exhibits electronically during the deposition, and the questioning attorney may direct the witness's attention to particular portions of the documents.  The witness and all counsel's access to the exhibits will include the ability to view and download each exhibit in its entirety and to control which portions of the document he or she is viewing, as would be the case in an in-person deposition.  Exhibits may be pre-marked and pre-numbered.  Thus, during the deposition, exhibits may not proceed in numerical order and there may be gaps.  The deposition transcript will reflect all exhibits used.  In the event that technical issues arise, including problems with loading or accessing exhibits, the Parties agree that they will promptly go off the record in order to address such issues without counting against the examiner's time on the record.

In the event a witness at a remote deposition prefers physical copies of exhibits to be used at the deposition, counsel for the witness will inform the deposing attorney no later than 7 calendar days before the deposition of that preference.  If the witness makes such an election, the deposing attorney will send electronic copies of potential exhibits to counsel for the witness by 9:00 a.m. two business days in advance of the deposition.  Counsel for the witness will not open or view the potential exhibits, but will arrange for administrative personnel or a third-party printing service to print the exhibits, either insert the exhibits in a tabbed binder or insert each exhibit in an envelope (one exhibit per envelope) and seal the envelope according to the deposing attorney's instructions, place them into a sealed envelope or box, and ship them via overnight courier to the witness.  Only administrative personnel or the third-party printing service are permitted to open, review or otherwise handle the electronic exhibits, and such personnel will not communicate the content of any potential exhibit to any other person,

including the witness or counsel for the witness.  As an alternative to the above-described process, the deposing attorney may print and ship the exhibits to the witness in a sealed envelope or box, provided that the physical copies of the exhibits arrive in advance of the deposition. Irrespective of who prints and ships the exhibits, counsel for the witness will instruct the witness not to open the sealed envelope or box except on the record and as instructed by the deposing attorney.  If physical copies of documents are used, the deposing attorney retains the right to use additional electronic exhibits that he or she was unable, acting in good faith, to include in the set of physical copy exhibits sent to the witness, or Excel documents or other file types such as video or audio files that cannot be easily printed.  The Parties agree that if there is an error in printing the document properly that makes it difficult to use in the deposition, the deposing attorney may use the document in electronic format during the deposition.  At the conclusion of the deposition, counsel for the witness shall arrange for the return of any unused exhibits to the deposing attorney.  In the case that exhibits are sealed in individual envelopes, the unused exhibit envelopes should be returned unopened.

   Unless a Party chooses to use pre-marked exhibits, the court reporter shall be responsible for marking exhibits and ensuring that such marks are communicated to all participating attorneys and the witness on the record during the remote deposition, and maintaining the final, marked set of exhibits for each deposition.

   Counsel for the witness will ensure that the witness has sufficient equipment and internet access to properly access the Vendor's platform.  Counsel for the witness will also ensure that the witness's computer has software that can open the native files produced in the above-referenced case.  If issues arise in accessing or opening a native file, then the Parties will promptly go off the record to address such issues without counting against the examiner's time

on the record.  The noticing Party will instruct the Vendor to arrange a test session between one and three business days in advance of each scheduled remote deposition, in which participants can test their arrangements and capabilities.  If a technical issue prevents any participant from being able to see or hear one or more of the other participants clearly or to access published exhibits, the participant encountering such technical issue shall promptly notify the other participants.  If the participant encountering such technical issue is the witness, questioning attorney, defending attorney, court reporter, or videographer, the parties agree to go off the record until the technical issue is resolved. If the participant encountering such technical issue is not the witness, questioning attorney, defending attorney, court reporter, or videographer, the court reporter shall pause the remote deposition to provide an opportunity to promptly resolve the technical issue.  If the participant is unable to promptly resolve the technical issue, the remote deposition may proceed, provided, however, that the participant may later make objections he or she could have made during the remote deposition had the technical issue not occurred, either by agreement of the Parties, which shall not unreasonably be denied, or by order of the court.  However, if persistent technological issues prevent the remote deposition from proceeding, the Parties agree to meet and confer immediately, by telephone or other means, and to cooperate in good faith to reschedule the deposition as soon as is practically possible.  If the witness is a third party, the noticing Party will reach an agreement with the third party's counsel on the provisions in this Paragraph.

   Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the remote deposition shall not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure.

   The Parties agree that remote depositions may be used at a trial or otherwise in court proceedings in the above-captioned Action to the same extent that an in-person deposition may be used.  The Parties will not assert that any testimony or video recording of such testimony

during a remote deposition is inadmissible in the above-captioned Action because the testimony was obtained through a remote deposition, and the Parties will not object to the other Party's use or the introduction of any such content on that basis.  This does not limit or waive any Party's right to object to such testimony or any video recording of such testimony on any other basis. The Parties reserve all other objections to the use at trial or any testimony or video recording of a remote deposition.  An objection by any Plaintiffs' counsel is deemed an objection for all Plaintiffs' counsel. An objection by any Defendants' counsel is deemed an objection for all Defendants' counsel. In any deposition of a third party, an objection by the defending attorney or any non-questioning counsel shall be deemed an objection for both defending attorney and all non-questioning counsel.

       **b. In-Person Depositions**.  If an in-person deposition is held, noticing party shall make reasonable accommodations to enable any attendees who elect not to attend in person to participate in the deposition via video.

     **3.**     **Amendment.**  The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate.

SO ORDERED:

_____

United States District Judge

Dated: _____, 2022