UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. <br> and <br> JETBLUE AIRWAYS CORPORATION, <br><br> *Defendants*. | Civil Action No.: 1:21-cv-11558-LTS |

**[PROPOSED] ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Consistent with Paragraphs 13, 14, and 16 of the Scheduling and Case Management Order, ECF No. 76, the Parties have met and conferred and agreed to the following protocol for discovery of electronically stored information.

1. **Definitions.** For purposes of this Order Governing Discovery of Electronically Stored Information, the Definitions listed in Paragraph 5 of the Scheduling and Case Management Order, ECF No. 76, apply.[1]

2. **Production.** The Parties shall produce all Documents and Electronically Stored Information ("ESI") in accordance with the Department of Justice's Standard Specifications for Production of ESI, except when producing Documents and ESI received from non-Parties. The Parties need not produce voicemail messages, except in the case where they are contained within a Party's e-mail system. With regard to the productions by Defendants to Plaintiffs, the

---

[1] The term "Investigating State" shall include the State of Texas, in addition to all of the states identified in the Definition listed in Paragraph 5 of the Scheduling and Case Management Order, ECF No. 76.

deduplication protocol remains in effect as in any production during the Investigation. Additionally, Parties may utilize email thread suppression consistent with any prior agreements to exclude wholly lesser included parts of email threads from production, provided however, that an email that includes an attachment or content in the BCC or other blind copy field shall not be treated by as a lesser-included version of an email that does not include the attachment or content, even if all remaining content in the email is identical.

3.     **Privilege and Metadata Logs.**  Other than as identified in Paragraph 5 below, documents that are responsive to requests for production and that have been withheld or redacted on the basis of any claim of privilege and/or work product protection must be reflected on the Parties' Privilege Logs and Metadata Logs, as defined below.

To reduce the time and costs associated with preparing privilege logs, the Parties may exchange primary privilege logs using categorical designations (a "Categorical Privilege Log"). To supplement these categorical designations, any Party providing a Categorical Privilege Log will also produce a log setting forth the non-privileged metadata for each document represented on each Categorical Privilege Log (the "Metadata Log"). Notwithstanding anything else herein, no Party shall be obligated to create or alter any metadata.  No Party shall be obligated to confirm the accuracy of any metadata unless requested by another Party as to a specifically identified document. A Party may elect to provide a privilege log without using categorical designations, so long as the log identifies for each document all of the required elements of the Metadata Log, described below, as well as:  (1) all claims of privilege and/or attorney work product applicable to the document withheld or redacted; and (2) a description of the nature of the document or communication not produced or disclosed in a manner that, without revealing

information itself privileged or protected, will enable other Parties, and the Court to evaluate the applicability of the privilege.

For illustration purposes only, a general description of Categorical Privilege Log categories is provided below. The absence of any illustrative categories below does not preclude any Party from using a Categorical Privilege Log or from proposing additional Categorical Privilege Log categories. The inclusion of any subject matter category listed below shall not be construed as an acknowledgement that any document falling into one or more categories is privileged, and the Parties reserve the right to challenge individual privilege assertions. The Parties further reserve the right to challenge, supplement, or amend subject matter categories as necessary.

Subject Matter Categories for Use in Defendants' Privilege Logs

    a.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding the NEA;

    b.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding government investigations other than the NEA;

    c.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding a CMA regulatory compliance matter;

    d.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding a DOT regulatory compliance matter;

    e.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding an FAA regulatory compliance matter;

    f.    Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding regulatory compliance matters other than those related to the CMA, DOT, or FAA;

g.     Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding contract negotiations;

h.     Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding labor and employment issues;

i.     Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding a Board of Directors or corporate governance matter;

j.     Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding business operations;

k.     Communications with in-house counsel for the purpose of obtaining, providing, requesting or reflecting legal advice regarding other legal issues;

l.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding the NEA;

m.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding government investigations other than the NEA;

n.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding a CMA regulatory compliance matter;

o.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding a DOT regulatory compliance matter;

p.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding an FAA regulatory compliance matter;

q.     Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding regulatory compliance matters other than those related to the CMA, DOT, or FAA;

r.      Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding contract negotiations;

s.      Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding labor and employment issues;

t.      Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding a Board of Directors or corporate governance matter;

u.      Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding business operations;

v.      Communications with or between non-lawyers containing information reflecting or seeking legal advice by or on behalf of an attorney regarding other legal issues;

w.      Common interest and/or joint defense privileged communications between JetBlue and American employees and counsel regarding the NEA;

x.      Attorney work product regarding the NEA;

y.      Attorney work product regarding government investigations other than of the NEA;

z.      Attorney work product regarding a CMA regulatory compliance matter;

aa.      Attorney work product regarding a DOT regulatory compliance matter;

bb.      Attorney work product regarding an FAA regulatory compliance matter;

cc.      Attorney work product regarding a regulatory compliance matter other than those related to the CMA, DOT, or FAA;

dd.      Attorney work product regarding contract negotiations;

ee.      Attorney work product regarding labor and employment issues;

ff.      Attorney work product regarding a Board of Director or corporate governance matter;

The following information shall be provided for each category of documents identified on any Categorical Privilege Log(s):

  a. All authors, addressees, and recipients of the documents, including—if readily identifiable—the organization or affiliation for each individual (e.g., JetBlue, American, or a third party);

  b. The date range for the documents in the category;

  c. The type(s) of documents in the category (e.g., .doc, .msg, .xls, etc.);

  d. Identification of all claims of privilege and/or attorney work product applicable to the documents withheld or redacted;

  e. A description of the nature of the category of documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other Parties, and the Court to evaluate the applicability of the privilege;

  f. The number of documents being withheld in the category; and

  g. The number of documents being redacted in the category.

All attorneys acting in a legal capacity who appear on any Privilege Log will be marked with the designation ESQ after their names (include a space before and after the "ESQ"). Further, the Parties shall identify all persons working in a legal capacity with respect to the withheld material other than attorneys, e.g., paralegals, and legal secretaries who appear on the Privilege Log.[2] With respect to any documents where an attorney is not present in the To/From/CC/Author fields but a Party has claimed privilege based on the fact that the document nonetheless reflects or seeks legal advice, the Parties shall provide, either as a supplement to the Categorical Privilege Log or the Metadata Log and to the extent identifiable from the document,

---

[2] Consistent with category (7) of paragraph 5 below, however, the United States Department of Transportation need not include the ESQ designation for attorneys nor need it identify all persons working in a legal capacity on its privilege log of documents withheld solely under the deliberative process privilege.

the name of the attorney(s) from whom the document reflects or seeks legal advice, for each such document.

If a Party elects to provide a Categorical Privilege Log, that Party shall also produce a Metadata Log providing the following non-privileged metadata for each document for which the Party claims privilege, in addition to identifying the subject matter category (or categories) in which the document is counted on the Privilege Log and whether the document is being withheld or redacted:

    a.    All authors, addressees, and recipients of the document;

    b.    Subject line (if an email) or the file name (if non-email);

    c.    Date of the document;

    d.    Type of document (e.g., .pdf, Excel, .msg);

    e.    Bates range;

    f.    Family Bates range if applicable; and

    g.    Custodian(s).

4.    **Claw-Back of Privileged Documents.** In the event that a Party seeks the return of previously produced documents on the basis of privilege ("Claw-Back"), as permitted by the Stipulated Protective Order dated April 20, 2022 (ECF No. 99), the disclosing Party must provide written notice and take all reasonable measures to retrieve the improperly disclosed material. The disclosing Party must also provide a Privilege Log (either a Categorical Log plus Metadata Log or a non-categorical log) corresponding to the respective Clawed-Back documents, consistent with this Protocol.

5.    **Documents Presumptively Excluded from Privilege and Metadata Logs.** The Parties agree that the following privileged or otherwise protected communications may be excluded from Privilege Logs (whether Categorical plus Metadata Logs or non-categorical logs):

(1) documents or communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between outside counsel for either Defendant and that Defendant (or persons employed by or acting on behalf of such counsel); (3) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel); (4) documents that were not directly or indirectly furnished to any non-Party, such as internal memoranda, authored by the Parties' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel); (5) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel) and counsel for any non-Plaintiff Investigating State (or persons employed by or acting on behalf of such counsel) up to the date that non-Plaintiff Investigating State informed any Plaintiff that it would not join the Complaint; (6) documents or communications sent solely between counsel for Plaintiffs and any Executive Branch agency of the United States; (7) documents or communications sent solely between persons employed by the United States Department of Transportation, except for documents relating to an investigation into and/or oversight of the Northeast Alliance and withheld solely under the deliberative process privilege; (8) privileged draft contracts; (9) privileged draft regulatory filings and draft litigation filings; and (10) non-responsive, privileged documents attached to responsive documents.  When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the Parties will insert a placeholder to indicate a document has been withheld from that family.  For each entry of any Privilege Log, all attorneys acting in a legal capacity with respect to that particular document or

communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

Any privilege log made without using categorical designations will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles (for Party employees), company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

To the extent multiple Plaintiffs (e.g., the United States Department of Justice and Plaintiff States) are on a given document, and that document is not presumptively excluded from privilege and metadata logs pursuant to this Paragraph, that document need only be logged once and not by all Plaintiffs.

6.     **Presumptions of Authenticity.**  Documents created by a Party or non-Party and produced by that Party or non-Party from its own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection.  The Parties further agree that documents produced by Parties and non-Parties from their own files will be presumed to be business records within the meaning of Federal Rule of Evidence 803(6).  Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

7.     **Evidence from a Foreign Country.**  Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be

afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.  For any non-Party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in paragraph 12 of the Scheduling and Case Management Order, ECF No. 76, and any protocol concerning fact depositions, and any such deposition may be conducted under United States law.  For any Party witness who resides outside the United States and is included on the witness lists of any Party, that witness, if such witness is employed by a Party as of the date of the deposition, will be produced for deposition in the United States, unless the Parties agree to conduct the deposition via remote means under United States law.  This paragraph does not apply to documents produced to the United States during its investigation of the Northeast Alliance before the Complaint was filed.

Each Party agrees that its litigation counsel in this Action will accept service of a deposition notice on its behalf for any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.

The Parties will use reasonable best efforts to schedule the location and time of all Party depositions in a manner to reduce the burdens of travel to all Parties.  Depositions will be conducted under United States law.

Each Party agrees that its litigation counsel in this Action will accept service of a trial subpoena on its behalf for any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party at the time the subpoena is served and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to

the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  In addition, each Party agrees to make each such witness available to testify at trial in Boston, MA.

    8.    **Amendment.**  The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate.

    9.    **Miscellaneous.**

        a.  **Meet-and-Confer Obligations**.  Where disputes arise concerning the scope and nature of the production, the Parties shall promptly meet and confer in an effort to reach agreement prior to seeking leave of the Court to resolve any disputed issues.  If the Parties' disagreement persists after meeting and conferring in good faith, the Parties shall notify the Court of their unresolved dispute(s) and seek resolution from the Court.

        b.  **Right to Assert Other Objections.**  By stipulating to the entry of this Order, no producing party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality.  Similarly, no producing party waives any right to object on any ground to the authenticity, admissibility or use in evidence of any material covered by this Order.

SO ORDERED:

_____
United States District Judge

Dated: _____, 2022