**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br><br>and<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No.: 1:21-cv-11558-LTS |

## ANSWER OF DEFENDANT JETBLUE AIRWAYS CORPORATION

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel, responds to the allegations of the Complaint filed on September 21, 2021 by Plaintiffs United States of America, State of Arizona, State of California, District of Columbia, State of Florida, Commonwealth of Massachusetts, Commonwealth of Pennsylvania, and Commonwealth of Virginia (collectively, "Plaintiffs") as follows:[1]

### INTRODUCTION

In responding to Plaintiffs' allegations, JetBlue: (i) states that any allegation not specifically and expressly admitted is denied; (ii) incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that JetBlue committed any wrongdoing; and (iii) intends to respond only as to allegations directed at

---

[1] Terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

JetBlue; JetBlue should not be deemed to be responding to allegations that are directed solely to any other entity, including, without limitations, American Airlines Group Inc. ("American"). JetBlue states that it is not required to respond to the headings and subheadings within the Complaint.  To the extent that a response to the headings, subheadings and footnotes is required, JetBlue denies the averments in the headings, subheadings and footnote to the extent they are directed against JetBlue and denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations insofar as they are related to any other entity, including, without limitations, American.  Except as otherwise expressly admitted herein, JetBlue denies each and every allegation in the Complaint and specifically denies liability to JetBlue.  JetBlue further expressly denies that the Plaintiffs are entitled to the requested, or any other, relief.  To the extent an allegation in the Complaint is admitted herein, that is not necessarily an admission that JetBlue knew a particular fact at the time of the events at issue in this action.  JetBlue expressly reserves the right to amend and/or supplement this Answer.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.      To the extent the un-numbered Paragraph prior to the Complaint's "Introduction" contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in this un-numbered paragraph except admits that it is a uniquely disruptive low-cost airline, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' motivation in bringing this lawsuit.

2.      To the extent Paragraph 1 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 1, except admits that the airline industry allows millions of consumers to travel quickly, efficiently, and safely within the United States

and around the world, that the Airline Deregulation Act was passed in 1978, that various U.S. airlines have merged or otherwise been acquired since 1978, that American, Delta Air Lines ("Delta") and United Airlines ("United") are sometimes referred to as "legacy" airlines; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last two sentences of Paragraph 1 because the Complaint does not allege what metric is being used as the basis for the allegations.

3.     To the extent Paragraph 2 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

4.     To the extent Paragraph 3 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of Paragraph 3.  JetBlue denies the allegations contained in the third and fourth sentences of Paragraph 3, except admits that oneworld, SkyTeam and Star Alliance are international alliances of which American, Delta, and United are respectively members.  To the extent the allegations contained in the last sentence of Paragraph 3 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

5.     JetBlue denies the allegations contained in Paragraph 4, except admits that it has called attention to the negative effects of historical airline mergers, which are separate and distinct from the Northeast Alliance.  To the extent the allegations contained in the second and third sentences of Paragraph 4 purport to characterize JetBlue documents, JetBlue respectfully

refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

6.      JetBlue denies the allegations contained in Paragraph 5, except admits that JetBlue is a competitor in the United States and international markets.  To the extent the allegations contained in the second, third, fourth, fifth and sixth sentences of Paragraph 5 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

7.      JetBlue denies the allegations contained in Paragraph 6, except admits that various industry observers have acknowledged the existence of a "JetBlue Effect," that JetBlue first offered service at Boston Logan International Airport ("BOS") in 2004, that at times JetBlue has offered more daily departures out of BOS than any other airline, and that JetBlue has estimated it has saved consumers billions of dollars on air travel to and from Boston and New York City.  To the extent the allegations contained in the eighth and tenth sentences of Paragraph 6 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

8.      To the extent Paragraph 7 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 7, except admits that JetBlue is and has been committed to continuing to expand service at Boston and New York City and continuously evaluates opportunities to enter and expand service in multiple cities, including Philadelphia, Miami, and Los Angeles, and lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in the second sentence of Paragraph 7.  To the extent the allegations contained in the last sentence of Paragraph 7 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

9.      To the extent Paragraph 8 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 8, except admits that prior to entering into the Northeast Alliance, it announced plans to launch transatlantic service from New York to London and plans to further expand service to Europe, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fourth and fifth sentences of Paragraph 8.  To the extent the allegations contained in the second and third sentences of Paragraph 8 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

10.      To the extent Paragraph 9 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 9, except admits that it entered into a domestic partnership that is not a merger, the Northeast Alliance, with American in July 2020, and otherwise lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 9.

11.      To the extent Paragraph 10 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 10, except lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of Paragraph 10.

12.     JetBlue denies the allegations contained in Paragraph 11, except admits that the majority of the flights it operates begin or terminate in BOS, LGA, EWR or JFK.  To the extent the allegations contained in the last sentence of Paragraph 11 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

13.     JetBlue denies the allegations contained in Paragraph 12.

14.     To the extent Paragraph 13 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 13, except admits that JetBlue has stated that the Northeast Alliance will result in significant pro-competitive benefits, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' motivation in bringing this lawsuit.

15.     To the extent Paragraph 14 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 14, except admits that Plaintiffs purport to bring this action pursuant to the statutes cited in Paragraph 14.

16.     To the extent Paragraph 15 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 15, except admits that JetBlue transports passengers across states lines in the United States each year, and otherwise lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning American.

17.     To the extent Paragraph 16 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 16, except admits that Plaintiffs purport that venue is proper pursuant to the statute cited in Paragraph 16, admits that it transacts business in the District of Massachusetts, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning American.

18.     To the extent Paragraph 17 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19.     JetBlue denies the allegations in Paragraph 18, except admits that JetBlue is a low-cost airline, JetBlue was incorporated in 1998, in 2019, JetBlue flew over 42 million passengers to approximately 100 locations worldwide and reported approximately $8 billion in annual revenues, JetBlue has a lower cost structure than the legacy airlines, JetBlue offers a premium Mint product and is not aware of any similar product being offered by Southwest or any ultra-low-cost carriers, and JetBlue is a Delaware Corporation with its headquarters in Long Island City, New York.

20.     JetBlue denies the allegations contained in Paragraph 19, except admits that it and American entered into the Northeast Alliance on July 15, 2020, that in connection with entering into the Northeast Alliance, JetBlue signed several agreements with American, including the Northeast Alliance Agreement and the Mutual Growth Incentive Agreement ("MGIA"), and JetBlue respectfully refers the Court to the entirety of those documents for an accurate and

complete description of their contents, and denies any inconsistent allegation.  To the extent the allegations contained in the last sentence of Paragraph 19 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

21.     To the extent Paragraph 20 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 20, except admits that JetBlue and American set their respective prices independently under the Northeast Alliance.

22.     JetBlue denies the allegations contained in Paragraph 21, except admits that it and American entered into certain related agreements in connection with the Northeast Alliance, including a Codeshare Agreement, and respectfully refers the Court to the entirety of those agreements for an accurate and complete description of their contents, and denies any inconsistent allegation.

23.     To the extent Paragraph 22 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 22.

24.     JetBlue denies the allegations contained in Paragraph 23, except admits that the following transactions all gained regulatory approval and were consummated: American Airlines' acquisition of TWA in 2001, America West Airlines merger with US Airways in 2005, Delta's merger with Northwest Airlines in 2008, United's merger with Continental Airlines in 2010, Southwest Airlines' acquisition of AirTran Holdings in 2011, American's merger with US Airways in 2013, and Alaska Air Group's acquisition of Virgin Atlantic in 2016.  To the extent the allegations contained in the last two sentences of Paragraph 23 purport to characterize

JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

25.     To the extent Paragraph 24 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

26.     To the extent Paragraph 25 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning American contained in Paragraph 25.  To the extent the allegations contained in Paragraph 25 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

27.     To the extent Paragraph 26 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning American contained in Paragraph 26, except admits that capacity is a term used in the airline industry to refer to the number of seats made available to customers, and admits that America West Airlines and US Airways merged in 2005, Delta and Northwest Airlines merged in 2008, United and Continental Airlines merged in 2010, and American and US Airways merged in 2013.

28.     To the extent Paragraph 27 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27.

29.     To the extent the allegations contained in Paragraph 28 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

30.     To the extent Paragraph 29 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 29, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first, second, third, fourth or fifth sentences of Paragraph 29.  To the extent the allegations contained in the last sentence of Paragraph 29 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

31.     To the extent Paragraph 30 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 30.

32.     To the extent Paragraph 31 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 31, except JetBlue admits it is and has been committed to keeping fares competitive, and that it and other airlines have added capacity.  To the extent the allegations contained in the last sentence of Paragraph 31 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

33.     To the extent Paragraph 32 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 32, except admits that 2019 was the last full calendar year prior to the COVID-19 pandemic, that available seat miles ("ASMs") are an industry measure of capacity, and that JetBlue expanded its domestic ASM by more than 149% between 2004 and 2019, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in third and fourth sentences of Paragraph 32.

34.     To the extent Paragraph 33 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 33 and footnote 1 therein, except JetBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third and fourth sentences of Paragraph 33.

35.     To the extent Paragraph 34 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 34 and footnote 2 therein, except JetBlue otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third and fourth sentences of Paragraph 34.

36.     JetBlue denies the allegations contained in Paragraph 35, except admits that it has increased its capacity and competes with legacy and other airlines.  To the extent the allegations contained in the last two sentences of Paragraph 35 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

37.     JetBlue denies the allegations contained in Paragraph 36, except admits that it is a disruptive competitor, it has a lower cost structure than the legacy airlines, it has a long and public track record of lowering fares when it enters a market, and it offers an innovative Mint service.  To the extent the allegations contained in the second, sixth and seventh sentences of Paragraph 36 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

38.     JetBlue denies the allegations contained in Paragraph 37, except JetBlue admits that it is and has been an "innovative company," that it was the first domestic airline to offer live TV, that it was the first domestic airline to offer free, high-speed Wi-Fi to all passengers, that JetBlue is currently the only domestic airline to offer free, high speed Wi-Fi to all passengers, that when JetBlue started offering its Mint product on transcontinental routes in 2014, it observed a significant decrease in premium fares offered by other airlines on those routes, and that JetBlue is bringing its lower fares and superior product to transatlantic routes.  To the extent the allegations contained in the first, fourth, sixth, seventh and eighth sentences of Paragraph 37 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

39.     To the extent Paragraph 38 contains legal conclusions, no response is required. To the extent a response is required, JetBlue denies the allegations contained in the first sentence of Paragraph 38, admits that air travel enables consumers to travel quickly and efficiently between airports, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38.

40.     To the extent Paragraph 39 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 39.

41.     To the extent Paragraph 40 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue admits that consumer preferences differ and that it charges different fares based on different restrictions and rules that apply to those fares, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40.

42.     To the extent Paragraph 41 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

43.     To the extent Paragraph 42 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue admits that consumer preferences differ, and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42.

44.     To the extent Paragraph 43 contains legal conclusions, no response is otherwise required.  To the extent a response is required, JetBlue denies the allegations contained in Paragraph 43.

45.     To the extent Paragraph 44 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 44.

46.     To the extent Paragraph 45 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in

Paragraph 45.  To the extent the allegations contained in the second sentence of Paragraph 45 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

47.     To the extent Paragraph 46 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 46.

48.     To the extent Paragraph 47 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 47.  To the extent the allegations contained in the second sentence following the heading in Paragraph 47 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

49.     To the extent Paragraph 48 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 48.

50.     To the extent Paragraph 49 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 49.  To the extent the allegations contained in the second sentence of Paragraph 49 purport to characterize the MGIA and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of its contents, and denies any inconsistent allegation.

51.     To the extent Paragraph 50 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 50.  To the extent the allegations contained in the second and fourth sentence of Paragraph 50 purport to characterize the MGIA and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of its contents, and denies any inconsistent allegation.

52.     To the extent Paragraph 51 contains legal conclusions or relates to allegations not asserted against JetBlue, no response is otherwise required.  To the extent a response is required, JetBlue denies the allegations contained in Paragraph 51.

53.     To the extent Paragraph 52 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 52.

54.     To the extent Paragraph 53 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 53, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last two sentences of Paragraph 53.

55.     JetBlue denies the allegations contained in Paragraph 54, except admits that JetBlue has highlighted that certain fares on flights to or from BOS fell after JetBlue began to serve BOS, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of Paragraph 54.  To the extent the allegations contained in the second sentence of Paragraph 54 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

56.     JetBlue denies the allegations contained in Paragraph 55, except JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second, third and fourth sentences of Paragraph 55.

57.     JetBlue denies the allegations contained in Paragraph 56, except JetBlue admits that JetBlue is and has been committed to continuing to expand service at BOS and continuously evaluates opportunities to enter and expand service in multiple airports, including JFK, LGA, DCA and PHL.  To the extent the allegations contained in the last sentence of Paragraph 56 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

58.     JetBlue denies the allegations contained in Paragraph 57.  To the extent the allegations contained in the third, fourth and fifth sentences in Paragraph 57 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

59.     To the extent Paragraph 58 contains legal conclusions, no response is required. To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 58, except admits that JetBlue provided nonstop service on various routes to and from JFK or LGA, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the routes listed in Appendix B of the Complaint or American's business.

60.     JetBlue denies the allegations contained in Paragraph 59, except JetBlue admits that it describes itself as "New York's Hometown Airline," that it is a low-cost carrier offering

superior product and service, and that it operates flights to and from JFK and LGA.  To the extent the allegations contained in the second, third, and fourth sentences of Paragraph 59 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

61.     JetBlue denies the allegations contained in Paragraph 60, except admits that JetBlue offers a premium cabin product called Mint, that JetBlue first offered Mint service on nonstop flights between JFK and LAX in June 2014, and that American and Delta currently offer nonstop service between JFK and LAX.  To the extent the allegations contained in the third, fourth and fifth sentences in Paragraph 60 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

62.     To the extent the allegations contained in Paragraph 61 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in the first sentence of Paragraph 61 except admits that the introduction of Mint on routes has frequently resulted in other airlines serving those routes increasing the quality and/or reducing the price of their premium cabin service.  To the extent the allegations contained in the second and third sentences in Paragraph 61 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

63.     To the extent the allegations contained in Paragraph 62 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 62, except admits that in 2019, American temporarily

suspended service between JFK and SAN, and that in 2019, JetBlue operated service between those two airports.  To the extent the allegations contained in the third sentence in Paragraph 62 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

64.     JetBlue denies the allegations contained in Paragraph 63, except admits that it announced plans to launch nonstop transatlantic service between JFK and London, and between BOS and London, and also announced that it plans to further expand service to Europe prior to entering into the Northeast Alliance.  To the extent the allegations contained in the second sentence of Paragraph 63 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

65.     JetBlue denies the allegations contained in Paragraph 64.  To the extent the allegations contained in the first, third, and fourth sentences of Paragraph 64 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

66.     To the extent that allegations contained in Paragraph 65 purport to characterize JetBlue documents, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

67.     To the extent Paragraph 66 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66.

68.     JetBlue denies the allegations contained in Paragraph 67, except admits it has launched service between JFK and London and has announced plans to launch service between BOS and London in 2022.  To the extent the allegations contained in the first sentence of Paragraph 67 purport to characterize the MGIA, and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those document for an accurate and complete description of its contents, and denies any inconsistent allegation.

69.     To the extent the allegations contained in Paragraph 68 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 68.

70.     To the extent Paragraph 69 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69.

71.     To the extent Paragraph 70 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first, second, third, fourth, sixth, seventh and eighth sentences of Paragraph 70.  To the extent the allegations contained in the fifth sentence of Paragraph 70 purport to characterize the MGIA and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

72.     JetBlue denies the allegations contained in Paragraph 71.

73.     JetBlue denies the allegations contained in Paragraph 72.

74.     To the extent Paragraph 73 relates to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73.

75.     To the extent the allegations contained in Paragraph 74 contains legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 74, except JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the routes listed in Appendix C of the Complaint or American's business.  To the extent the allegations contained in the sixth sentence of Paragraph 74 purport to characterize the MGIA and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

76.     JetBlue denies the allegations contained in Paragraph 75, except admits that JetBlue aspires to expand its domestic presence, including through transactions with other airlines.  To the extent the allegations contained in the last sentence of Paragraph 75 purport to characterize the agreements underlying the Northeast Alliance and any amendments thereto, JetBlue respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

77.     To the extent the allegations contained in Paragraph 76 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 76.

78.     To the extent the allegations contained in Paragraph 77 contain legal conclusions or relate to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 77, except admits the allegation that JetBlue is a market disruptor, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the second, third, fourth, fifth, and sixth sentences of Paragraph 77.

79.     To the extent the allegations contained in Paragraph 78 contain legal conclusions or relate to allegations not asserted against JetBlue, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 78, except admits that JetBlue is not failing, JetBlue received pandemic relief aid, the COVID-19 pandemic and other factors resulted in decreased consumer demand for air travel, JetBlue expects that the airline industry will eventually recover from the COVID-19 pandemic but denies, to the extent it is implied by the allegations contained in Paragraph 78, that the post-COVID industry will be the same as existed and was expected to exist when the Northeast Alliance was planned..

80.     To the extent the allegations contained in Paragraph 79 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 79, except JetBlue admits that JetBlue and American entered into an agreement with the United States Department of Transportation pursuant to which they made several commitments regarding the Northeast Alliance.

81.     To the extent the allegations contained in Paragraph 80 contain legal conclusions, no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations in Paragraph 80.  To the extent the allegations contained in Paragraph 80 purport to characterize the Northeast Alliance agreements and any amendments thereto, JetBlue

respectfully refers the Court to the entirety of those documents for an accurate and complete description of their contents, and denies any inconsistent allegation.

82.     JetBlue incorporates by reference its responses to the allegations in Paragraphs 1 through 80 above as if set forth fully herein.

83.     Paragraph 82 asserts legal conclusions to which no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 82.

84.     Paragraph 83 asserts legal conclusions to which no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 83.

85.     Paragraph 84 asserts legal conclusions to which no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 84.

86.     Paragraph 85 asserts legal conclusions to which no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 85.

87.     Paragraph 86 asserts legal conclusions to which no response is required.  To the extent a response is otherwise required, JetBlue denies the allegations contained in Paragraph 86.

88.     JetBlue denies that Plaintiffs are entitled to any of the relief requested and request that JetBlue be awarded the costs incurred in defending this action, as well as any and all other relief the Court may deem just and proper.

**DEFENSES**

JetBlue asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission by JetBlue of any liability or wrongdoing, or that Plaintiffs are entitled to any relief whatsoever.  In asserting the following defenses, JetBlue does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden on Plaintiffs.  JetBlue reserves the right to amend this Answer to assert additional defenses when, and if, in the course of its investigation,

discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses. JetBlue asserts the following defenses.

1.      The Complaint fails to state a claim against JetBlue upon which relief can be granted.

2.      Plaintiffs' allegations of purported harm are too speculative to support any claim for which relief can be granted.

3.      Plaintiffs have failed to establish that the Northeast Alliance is likely to have any anticompetitive effect or result in any anticompetitive harm to consumers in any relevant market.

4.      The conduct alleged in the Complaint has actual procompetitive effects, including but not limited to enhanced efficiency, creation of a new product, improved product quality and higher quality of customer service.

5.      The conduct alleged in the Complaint was carried out in furtherance of Defendants' legitimate business and economic interests and without any purpose or intent to injure competition.

6.      Plaintiffs' claim reflects improper selective enforcement of the antitrust laws.

7.      Plaintiffs are not entitled to recover their costs of this action, including attorneys' fees.

8.      JetBlue hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by American to the extent that JetBlue may share in such a defense.

<div style="margin-left:40%">

/s/ Richard Schwed
Richard Schwed (*admitted pro hac vice*)
Matthew L. Craner (*admitted pro hac vice*)
Jessica K. Delbaum (*admitted pro hac vice*)
Martha E. Vega-Gonzalez (*admitted pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue

</div>

New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com
martha.vega-gonzalez@shearman.com

Brian Hauser (*admitted pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com|

/s/ *Glenn A. MacKinlay*
Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ *Richard Schwed*
Richard Schwed