**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

## ANSWER OF DEFENDANT AMERICAN AIRLINES TO PLAINTIFFS' COMPLAINT

Defendant American Airlines Group, Inc. ("American Airlines"), by and through its undersigned counsel, hereby answers the complaint filed on September 21, 2021 (the "Complaint") by plaintiffs United States of America, State of Arizona, State of California, District of Columbia, State of Florida, Commonwealth of Massachusetts, Commonwealth of Pennsylvania, and Commonwealth of Virginia (collectively, "Plaintiffs").

Except for those allegations expressly admitted herein, Defendant American Airlines denies each and every allegation contained in the Complaint. Defendant American Airlines incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that American Airlines committed any wrongdoing. Defendant American Airlines intends to respond only to allegations directed at American Airlines, and not to allegations that are directed solely to the other Defendant, JetBlue Airways Corporation. Except as noted herein, Defendant American Airlines lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents, non-public statements, commercial plans, or intentions of companies other than Defendant American

Airlines.  Defendant American Airlines further denies that the headings and footnotes or other non-numbered statements contained in the Complaint constitute allegations of fact, and Defendants deny them to the extent that they are considered as such.  Defendant American Airlines expressly denies that Plaintiffs are entitled to the relief requested or any other relief.  To the extent an allegation in the Complaint is admitted herein, that is not necessarily an admission that American Airlines knew the particular fact at the time of the events at issue in this Action. Defendant American Airlines reserves the right to amend and/or supplement this Answer.

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

Preamble:  Defendant American Airlines denies the allegations contained in the unnumbered introductory paragraph on Pages 2 and 3 of the Complaint.

1.      Defendant American Airlines admits the allegations in the first sentence of Paragraph 1 of the Complaint.  Defendant American Airlines further admits that the U.S. airline industry was deregulated in 1978.  Defendant American Airlines further admits that American Airlines, Delta Air Lines, and United Airlines are some of the many airlines that compete in the United States and are commonly described as "legacy" airlines.  Defendant American Airlines further admits that Southwest Airlines is one of many other airlines that competes in the United States.  Defendant American Airlines otherwise denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant American Airlines admits that Douglas Parker, a former American Airlines executive, was quoted by *The New York Times* on February 14, 2013, as stating that he has "been a long proponent of consolidation in the industry."  Defendant American Airlines further admits that Mr. Parker was quoted by *The Wall Street Journal* on April 4, 2012, as stating: "With

fewer airlines, there are fewer of us trying to get the same number of customers." Defendant American Airlines otherwise denies the allegations in Paragraph 2 of the Complaint.

3.     Defendant American Airlines admits that it has entered into certain alliances with foreign airlines, some of which may involve certain forms of coordination and revenue sharing. Defendant American Airlines admits that **one**world, SkyTeam, and Star Alliance are international airline alliances including so-called "legacy" airlines. Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the fifth, sixth, and seventh sentences of Paragraph 3 of the Complaint and therefore denies those allegations. Defendant American Airlines otherwise denies the allegations in Paragraph 3 of the Complaint.

4.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7.     To the extent the allegations in the first sentence of Paragraph 7 of the Complaint relate to the Northeast markets referenced in the Complaint, Defendant American Airlines denies those allegations. To the extent the allegations in the second sentence of Paragraph 7 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 7 regarding those documents. Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the third, fourth, fifth,

and sixth sentences of Paragraph 7 of the Complaint and therefore denies those allegations. Defendant American Airlines otherwise denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant American Airlines admits that it is aware that JetBlue publicly announced plans to launch a transatlantic flight from New York to London and to further expand service to Europe.  To the extent the allegations in the fourth and fifth sentences of Paragraph 8 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 8 regarding those documents.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      Defendant American Airlines denies the allegations in Paragraph 9 of the Complaint.

10.     To the extent the allegations in the second sentence of Paragraph 10 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 10 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence of Paragraph 11 of the Complaint and therefore denies those allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant American Airlines denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant American Airlines admits that the Northeast Alliance will result in pro-competitive benefits.  The allegations in the third and fourth sentences of Paragraph 13 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that the third and fourth sentences of Paragraph 13 assert any factual allegations, Defendant American Airlines denies these allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant American Airlines admits that Plaintiffs purport to take the actions stated in the first, second, and third sentences of Paragraph 14 of the Complaint.  Defendant American Airlines denies that it has violated or will violate Section 1 of the Shearman Act, 15 U.S.C. § 1, and Defendant American Airlines denies that Plaintiffs are entitled to relief of any kind.  To the extent that the remaining allegations in Paragraph 14 of the Complaint are legal conclusions, these allegations do not require a response.  Defendant American Airlines otherwise denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 15 of the Complaint asserts any factual allegations, Defendant American Airlines admits the allegations in the second sentence of Paragraph 15 of the Complaint as they relate to American Airlines, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 16 asserts any factual allegations, Defendant American Airlines admits that it transacts business in the District of Massachusetts, and

otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     Defendant American Airlines admits the allegations contained in the second and third sentences of Paragraph 17 of the Complaint.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

19.     Defendant American Airlines admits that it entered into the Northeast Alliance with JetBlue on July 15, 2020.   Defendant American Airlines admits that this partnership is memorialized through various agreements, including but not limited to the Northeast Alliance Agreement and the Mutual Growth Incentive Agreement.  To the extent the allegations in the second, third, fourth, and fifth sentences of Paragraph 19 of the Complaint rely on the agreements executed in connection with the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 19 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant American Airlines admits that American and JetBlue continue to set prices independently.  Defendant American Airlines otherwise denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant American Airlines admits that, in connection with the Northeast Alliance, it entered into certain related agreements with JetBlue, including a Codeshare Agreement.  To the extent the allegations in Paragraph 21 of the Complaint rely on the agreements

executed in connection with the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 21 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant American Airlines denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant American Airlines admits that it merged with TWA in 2001 and with US Airways in 2013, and that US Airways (which is now part of American Airlines) merged with America West in 2005.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies those allegations.

24.    Defendant American Airlines admits that Douglas Parker served as its Chief Executive Officer from the date of the US Airways merger in 2013 until March 2022 and that Mr. Parker previously served as Chief Executive Officer of US Airways and America West.  Defendant American Airlines further admits that it merged with US Airways in 2013, and that America West and US Airways merged in 2005.  To the extent the allegations in the fourth sentence of Paragraph 24 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 24 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 24 of the Complaint.

25.    Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies those allegations.

26.     Defendant American Airlines admits that capacity is a term used in the airline industry to refer to the number of seats made available to customers.  Defendant American Airlines admits that it merged with US Airways in 2013, and that America West merged with US Airways in 2005.  To the extent the allegations in the second and sixth sentences of Paragraph 26 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 26 regarding those documents.  Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the seventh, eighth, ninth, and tenth sentences of Paragraph 26 of the Complaint and therefore denies those allegations. Defendant American Airlines otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant American Airlines denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant American Airlines denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant American Airlines admits that it has entered into partnerships with Aer Lingus, British Air, Iberia, and Finnair.  Defendant American Airlines further admits that its international partnerships may, but do not always, involve revenue sharing and coordination on operations and pricing.  Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the fourth, fifth, sixth, seventh, eighth, ninth, and tenth sentences of Paragraph 29 of the Complaint and therefore denies those allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant American Airlines denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies those allegations.

32.     Defendant American Airlines admits that available seat miles, or ASMs, are one method of measuring capacity.  Defendant American Airlines denies the allegations in the third sentence of Paragraph 32 of the Complaint.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies those allegations.

33.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies those allegations.

34.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies those allegations.

35.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

36.     Defendant American Airlines denies that JetBlue is uniquely disruptive.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies those allegations.

37.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies those allegations.

38.     The allegations in the first sentence of Paragraph 38 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that the first sentence of Paragraph 38 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.  Defendant American Airlines admits that air travel enables consumers to travel quickly and efficiently between airports.  Defendant American Airlines otherwise lacks knowledge

or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies those allegations.

39.    The allegations in Paragraph 39 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 39 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

40.    Defendant American Airlines admits that it charges different fares based on different restrictions and rules that apply to those fares.  The allegations in the fourth sentence of Paragraph 40 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that the fourth sentence of Paragraph 40 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies those allegations.

41.    The allegations in Paragraph 41 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 41 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

42.    The allegations in Paragraph 42 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 42 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

43.    The allegations in Paragraph 43 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 43 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

44.    Defendant American Airlines denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant American Airlines denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant American Airlines denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant American Airlines denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 48 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

49.     Defendant American Airlines denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant American Airlines denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant American Airlines denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant American Airlines denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant American Airlines admits that it provides nonstop service from Boston Logan International Airport to certain domestic destinations.  Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations with respect to the specific routes listed in Appendix A or the business of JetBlue and therefore denies those allegations. Defendant American Airlines otherwise denies the allegations in Paragraph 53 of the Complaint.

54.     To the extent the allegations in the fourth sentence of Paragraph 54 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 54 regarding those documents.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Complaint and therefore denies those allegations.

55.     To the extent the allegations in the third and fourth sentences of Paragraph 55 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 55 regarding those documents.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55 of the Complaint and therefore denies those allegations.

56.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 of the Complaint and therefore denies those allegations.

57.      Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the second, third, fourth, and fifth sentences of Paragraph 57 of the Complaint and therefore denies those allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant American Airlines admits that it provides nonstop service from John F. Kennedy International Airport and LaGuardia Airport to certain domestic destinations.  Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations with respect to the specific routes listed in Appendix B or the business of JetBlue and therefore denies

those allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies those allegations.

60.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60 of the Complaint and therefore denies those allegations.

61.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Complaint and therefore denies those allegations.

62.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in the first and third sentences of Paragraph 62 of the Complaint and therefore denies those allegations.  Defendant American Airlines admits that it stopped serving the JFK-SAN route for a period of time in 2019.  Defendant American Airlines otherwise denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant American Airlines admits that it is aware that JetBlue publicly announced plans to launch a transatlantic flight from New York to London and to further expand service to Europe.  Defendant American Airlines otherwise lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 63 of the Complaint and therefore denies those allegations.   Defendant American Airlines otherwise denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 of the Complaint and therefore denies those allegations.

65.     Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies those allegations.

66.     To the extent the allegations in the second and third sentence of Paragraph 66 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 66 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant American Airlines admits that it is aware that JetBlue publicly announced plans to launch a transatlantic flight from New York to London and to further expand service to Europe.  To the extent the allegations in the first sentence of Paragraph 67 of the Complaint rely on the contracts regarding the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 67 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant American Airlines denies the allegations in Paragraph 68 of the Complaint.

69.     To the extent the allegations in the first, third, and fourth sentences of Paragraph 69 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 69 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 69 of the Complaint.

70.     To the extent the allegations in the second, third, seventh, and eighth sentences of Paragraph 70 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 70 regarding those documents.  To the extent

the allegations in the fifth sentence of Paragraph 70 of the Complaint rely on the contracts regarding the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 70 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant American Airlines denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant American Airlines denies the allegations in Paragraph 72 of the Complaint.

73.     To the extent the allegations in the third sentence of Paragraph 73 of the Complaint rely on American Airlines documents, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 73 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     To the extent the allegations in the sixth sentence of Paragraph 74 of the Complaint rely on the contracts regarding the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 74 of the Complaint regarding those documents.  Defendant American Airlines lacks knowledge or information sufficient to admit or deny the allegations with respect to the specific routes listed in Appendix C or the business of JetBlue and therefore denies those allegations.  Defendant American Airlines otherwise denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant American Airlines denies the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint are legal conclusions and therefore do not require a response.  To the extent that Paragraph 76 of the Complaint asserts any factual allegations, Defendant American Airlines denies these allegations.

77.     Defendant American Airlines denies the allegations in Paragraph 77 of the Complaint.

78.     Defendant American Airlines denies the allegations in Paragraph 78 of the Complaint that characterize Defendants' position concerning the effects of the COVID-19 pandemic on the evaluation of the Northeast Alliance.  Defendant American Airlines admits that the airline industry is likely to rebound from the pandemic at some point, but denies, to the extent it is implied, that the post-COVID airline industry will be the same as existed and was expected to exist when the Northeast Alliance was planned.

79.     Defendant American Airlines admits that it entered into commitments with the U.S. Department of Transportation regarding the Northeast Alliance on January 10, 2021.  Defendant American Airlines otherwise denies the allegations in Paragraph 79 of the Complaint.

80.     To the extent the allegations in Paragraph 80 of the Complaint rely on the contracts regarding the Northeast Alliance, those documents speak for themselves, and Defendant American Airlines denies the characterization of those documents by Plaintiffs and the allegations contained in Paragraph 80 regarding those documents.  Defendant American Airlines otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant American Airlines incorporates its responses to Paragraphs 1 through 80 of the Complaint as set forth in the above responses.

82. Defendant American Airlines admits that the legality of the Northeast Alliance should be properly considered under the rule of reason as applied under Section 1 of the Sherman Act, 15 U.S.C. § 1.

83. Defendant American Airlines denies the allegations in Paragraph 83 of the Complaint.

84. Defendant American Airlines denies the allegations in Paragraph 84 of the Complaint.

85. Defendant American Airlines denies the allegations in Paragraph 85 of the Complaint (including all subparts).

86. Defendant American Airlines denies the allegations in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint are requests for relief to which no response is required.  Defendant American Airlines avers, however, that Plaintiffs are entitled to no relief and that judgment should be entered in favor of Defendants.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof that it would otherwise not bear under applicable law, Defendant American Airlines asserts the following affirmative defenses, which are pleaded in the alternative and none of which constitute an admission by American Airlines of any liability or wrongdoing, or that Plaintiffs are entitled to any relief whatsoever:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' claim is barred because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Prove Anticompetitive Harm)

Plaintiffs' claim is barred because Plaintiffs have failed to establish that the conduct alleged is likely to have any anticompetitive effect or result in any anticompetitive harm to consumers in any relevant market.

## THIRD AFFIRMATIVE DEFENSE

(Conduct Is Procompetitive)

Plaintiffs' claim is barred because the conduct alleged has actual procompetitive effects, including but not limited to enhanced efficiency, creation of a new product, improved product quality, and higher quality of customer service.

## FOURTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

Plaintiffs' claim is barred because all conduct alleged was carried out in furtherance of Defendants' legitimate business and economic interests and without any purpose or intent to injure competition.

## FIFTH AFFIRMATIVE DEFENSE

(Other Defenses Incorporated by Reference)

Defendant American Airlines adopts and incorporates by reference any and all other additional affirmative defenses asserted or to be asserted by any other Defendant in this proceeding to the extent that American Airlines may share in such affirmative defenses.

## RESERVATION

Defendant American Airlines has not knowingly or intentionally waived any applicable defenses and reserves the right to assert or rely upon any other defenses that may become available

or known to it throughout the course of this action.  Defendant American Airlines reserves the

right to amend or supplement its affirmative defenses.

Dated: July 11, 2022                          Respectfully submitted,


                                              /s/ Daniel M. Wall

                                              Daniel M. Wall (*pro hac vice*)
                                              Elizabeth C. Gettinger (*pro hac vice*)
                                              Elise M. Nelson (*pro hac vice*)
                                              Nitesh Daryanani (*pro hac vice*)
                                              LATHAM & WATKINS LLP
                                              505 Montgomery Street, Suite 2000
                                              San Francisco, CA 94111-6538
                                              Telephone: (415) 391-0600
                                              Facsimile: (415) 395-8095
                                              dan.wall@lw.com
                                              elizabeth.gettinger@lw.com
                                              elise.nelson@lw.com
                                              nitesh.daryanani@lw.com


                                              Ian R. Conner (*pro hac vice*)
                                              Michael G. Egge (*pro hac vice*)
                                              Farrell J. Malone (*pro hac vice*)
                                              Allyson M. Maltas (*pro hac vice*)
                                              Marguerite M. Sullivan (*pro hac vice*)
                                              Seung Wan Paik (*pro hac vice*)
                                              Tara L. Tavernia (*pro hac vice*)
                                              Jesse A. Vella (*pro hac vice*)
                                              LATHAM & WATKINS LLP
                                              555 Eleventh Street, NW, Suite 1000
                                              Washington, DC 20004-1304
                                              Telephone: (202) 637-2200
                                              Facsimile: (202) 637-2201
                                              ian.conner@lw.com
                                              michael.egge@lw.com
                                              farrell.malone@lw.com
                                              allyson.maltas@lw.com
                                              marguerite.sullivan@lw.com
                                              andrew.paik@lw.com
                                              tara.tavernia@lw.com
                                              jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Daniel M. Wall
Daniel M. Wall