UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>Defendants. | Civil Action No. 1:21-cv-11558-LTS |

**AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S MOTION FOR AN ORDER OF IMPOUNDMENT OF CONFIDENTIAL INFORMATION RELATING TO *DAUBERT* MOTION AND MOTION IN LIMINE CONCERNING PLAINTIFFS' EXPERT'S MERGER SIMULATION MODEL**

Pursuant to Local Rule 7.2 and the Court's Standing Order Re Default Protective Order in Complex Cases ("Standing Protective Order"), Defendants American Airlines Group Inc. and JetBlue Airways Corporation (collectively "Defendants") respectfully move the Court to enter an order of impoundment for the following documents, which will be submitted to the Court with the Defendants' *Daubert* Motion and Motion in Limine:

1. Exhibit A, a copy of excerpts from the Expert Report of Nathan H. Miller, Ph.D., dated June 9, 2022 ("Miller Report"), and

2. Exhibit M, a copy of excerpts from the Expert Reply Report of Nathan H. Miller, PhD., dated August 8, 2022 ("Miller Reply Report").

The Defendants move to preclude Plaintiffs' expert Dr. Nathan H. Miller from offering opinions or testimony that rely on the results of his "merger simulation" model because there is too great an analytical gap between Dr. Miller's merger simulation model and the issues raised by the NEA at issue in this case, and because the model is not reliable.

1

These documents, attached as Exs. A and M, contain information Defendants or third parties have designated as Confidential or Highly Confidential under the terms of the Stipulated Protected Order entered in this case. ECF No. 99. Defendants respectfully request permission to file these two exhibits under seal. Pursuant to Local Rule 7.1, Defendants have met and conferred with Plaintiffs, and Plaintiffs represented that they cannot determine whether to oppose this motion until they see the portions of the Miller Report and Miller Reply Report that Defendants seek to seal. Plaintiffs also stated that they reserve all rights to object if Defendants seek to seal references to the terms of the MGIA and NEA agreements, or any portion of the agreements themselves, at trial.

**ARGUMENT**

Courts recognize that "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"). Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

It is well-settled that documents revealing "business information that might harm a litigant's competitive standing" are the type of materials that courts protect because their disclosure can result in injury. *Nixon*, 435 U.S. at 598. Negotiated contract terms constitute paradigmatic trade secrets that, if disclosed, would harm a company's competitive standing in the market. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that contract terms contained in licensing agreement are "the precise sort of information . . . that plainly falls within the definition of 'trade secrets'"). The NEA Agreements and the MGIA Agreements are highly confidential agreements

2

containing competitively sensitive terms and conditions that, if made public, would significantly harm the competitive standing of American and JetBlue. Courts routinely seal this type of competitively sensitive information. *See, e.g.*, *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (granting motion for protective order to protect "confidential commercial information about [a bank's] internal policies and procedures, as well as the internal policies and procedures of its third-party vendor" because material at issue "could unfairly disadvantage [the bank and its vendor] vis-à-vis their economic competitors").[1]

The Miller Report and Miller Reply Report contain sensitive information regarding the MGIA Agreements of Defendants and, in particular, detailed proprietary and competitively sensitive information about the financial terms of the Northeast Alliance, as well as documents containing business strategy produced by the Defendants. The Miller Report and Miller Reply Report also contain third-party information that has been designated the respective third party as Confidential or Highly Confidential. Disclosing this information to the public, including to Defendants' and the third parties' competitors, would result in serious harm to American, JetBlue, and relevant third parties.

Finally, Defendants' request for sealing is narrowly tailored. Defendants seek only to seal the excerpts from the Miller Report and Miller Reply Report, and not general references to or discussion of the report within the *Daubert* Motion and Motion in *Limine* itself. This ensures that

---

[1] *See also, e.g.*, *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting sealing of "confidential business agreements" that included "sensitive financial information"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in maintaining the confidentiality of terms to a business agreement that are not available to the public because otherwise the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury); *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D. 320, 324 (E.D. Pa. 2003) (protecting documents containing proprietary information because defendants' "competitors would be able to exploit this information during negotiations with [their] customers").

detailed confidential information about the financial terms of the Northeast Alliance and confidential third-party information remain confidential and protects Defendants' and third parties' commercial interests while permitting the public to have the fullest possible access to Defendants' arguments in support of their *Daubert* Motion and Motion in *Limine*.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order granting their motion for an order of impoundment of confidential information.

Defendants request that the sealed documents remain impounded under further order of the Court, and at the conclusion of the litigation, after any appeals have been exhausted, that any documents filed under seal be returned to Defendants' counsel of record.

Dated: September 2, 2022

Respectfully submitted,

 /s/ Daniel M. Wall
Daniel M. Wall (*pro hac vice*)
Elizabeth C. Gettinger (*pro hac vice*)
Elise M. Nelson (*pro hac vice*)
Nitesh Daryanani (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com
elise.nelson@lw.com
nitesh.daryanani@lw.com

Ian R. Conner (*pro hac vice*)
Michael G. Egge (*pro hac vice*)
Farrell J. Malone (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Marguerite M. Sullivan (*pro hac vice*)
Tara L. Tavernia (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
Jesse A. Vella (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
marguerite.sullivan@lw.com
andrew.paik@lw.com
tara.tavernia@lw.com
jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Leila Siddiky (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Brian Hauser (*pro hac vice*)
Ryan Leske (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com
ryan.leske@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, Defendants have met and conferred with Plaintiffs, and Plaintiffs represented that they cannot determine whether to oppose this motion until they see the portions of the Miller Report and Miller Reply Report that Defendants seek to seal. Plaintiffs also stated that they reserve all rights to object if Defendants seek to seal references to the terms of the MGIA and NEA agreements, or any portion of the agreements themselves, at trial.

/s/ Daniel M. Wall
Daniel M. Wall

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Daniel M. Wall
Daniel M. Wall