UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, *et al.*, | |
|---|---|
| *Plaintiffs*, | Civil Action No. 1:21-CV-11558-LTS |
| v. | |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | |
| *Defendants*. | |

### PLAINTIFFS' MOTION TO IMPOUND CONFIDENTIAL MATERIALS OF THE U.S. GENERAL SERVICES ADMINISTRATION AT TRIAL

The United States of America, the State of Arizona, the State of California, the District of Columbia, the State of Florida, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, Plaintiffs) respectfully move the Court pursuant to Local Rule 7.2 and the Stipulated Protective Order (ECF No. 99) to impound highly confidential information in the materials produced by the U.S. General Services Administration ("GSA"), which is contained in the following exhibits that the parties may introduce at trial:

| Exhibit number | Bates number | Description |
|---|---|---|
| PX0477 | GSA-AAB6-00002843 | GSA spreadsheet – airlines' bidding data FY2019 (sealed) |
| PX0478 | GSA-AAB6-00002845 | GSA spreadsheet – airlines' bidding data FY2021 (sealed) |
| PX0479 | GSA-AAB6-00005040 | GSA spreadsheet – airlines' bidding data FY2022 (sealed) |

1

| PX0480 | GSA-AAB6-00005057 | GSA spreadsheet – airlines' bidding data FY2020 (sealed) |
|---|---|---|
| PX0481 | GSA-AAB6-00005407 | Group email April 2020, attaching City Pair Data and FY19 Cost of unrestricted fares (redacted) |
| DX-261 | GSA-AAB6-00005093 | Email thread 7-16-20 re NEA announcement (redacted) |

As explained further in the accompanying Declaration of Mary Gartland, Director of the GSA City Pair Program ("CPP"), these documents contain and discuss highly confidential bid information submitted to GSA as part of the CPP, which GSA and participating airlines protect as highly confidential, commercially sensitive information, and which is protected from disclosure by federal law. Pursuant to Local Rule 7.1, Plaintiffs have met and conferred with Defendants regarding the relief sought in this motion. Defendants do not take a position on the confidentiality of the GSA documents.

## ARGUMENT

A party moving to seal or impound court records must overcome the presumption that the public has a right to see and copy "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). "That presumption, so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know, cannot be easily overcome." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412–13 (1st Cir. 1987). In deciding such a motion, courts weigh the public's right of access against the parties' competing interests in confidentiality. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13 (1st Cir. 2002). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass.

2

Feb. 18, 2015); *see also United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (stating that a court considering a motion to seal examines the extent to which the subject matter is "traditionally considered private rather than public").

The CPP is a program GSA administers to provide discounted scheduled commercial air passenger transportation services to federal government travelers. Gartland Decl. ¶ 2. CPP contracts are awarded to airlines that participate in the program on a route-by-route basis, through a competitive bidding process. *Id.* GSA treats the airlines' bidding submissions as highly confidential, pursuant to federal law. *Id*. at ¶ 4. The Federal Acquisition Regulation ("FAR"), 48 C.F.R. 1.000 *et seq.*, which is the primary regulation governing executive agencies' acquisition of supplies and services with appropriated funds, requires GSA to protect airlines' bidding information from disclosure. *See* 41 U.S.C. § 3505(b) (stating FAR shall include "[a] statement that any information received relating to commercial products or commercial services that is exempt from disclosure under [the Freedom of Information Act ("FOIA")] shall not be disclosed by the Federal Government"); 48 C.F.R. §§ 5.401, 24.202 (FAR provisions forbidding agencies from disclosing information "requiring protection under [FOIA]" from disclosure); 5 U.S.C. § 552(b)(4) (FOIA Exemption 4) (exempting from FOIA disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential"); *see also 9 to 5 Org. for Women Office Workers v. Board of Governors of the Fed. Reserve Sys.*, 721 F.2d 1, 11 (1st Cir. 1983) ("[I]t would do violence to the statutory purpose of [FOIA] exemption 4 were the Government to be disadvantaged by disclosing information which serves a valuable purpose and is useful for the effective execution of its statutory responsibilities.").

The General Services Acquisition Manual ("GSAM"), in which GSA implements and supplements the provisions of FAR, expressly limits the categories of persons who may access

contractor bid or proposal information and source selection information to individuals who must access it in order to accomplish their responsibilities in a procurement action, including client agency representatives, contracting personnel, and personnel serving on source selection evaluation boards. *See* GSAM § 503.104-4, *available at* https://www.acquisition.gov/gsam/503.104-4. GSA is obligated to, and does, provide physical security for bidding information, and maintains strict control over oral communications about bids in the CPP. *See* GSAM § 503.104-4(b). Violations of this confidentiality obligation may be reported to the Inspector General of the GSA for appropriate action. *Id.* § 503.104-7(b).

      The first four exhibits in the chart above, PX0477-0480, are spreadsheets reflecting the dollar amounts of bids from airlines participating in the CPP for the years 2019 through 2022. This information is "contractor bid or proposal information" that is highly confidential under applicable law and guidance, which GSA protects from disclosure in the ordinary course of business. Gartland Decl. ¶ 4. Plaintiffs request these spreadsheets be sealed in their entirety. The fifth exhibit, PX0481, is an email attaching two documents reflecting GSA's confidential process for analyzing fares in the CPP and analyzing potential savings GSA could achieve. Release of this information would undermine GSA's process for evaluating bids, and undermine GSA's ability to achieve cost savings for taxpayers. *Id.* ¶ 5. Plaintiffs have proposed PX0481 be partially redacted. The sixth exhibit, DX-261, is an internal email discussing the announcement of the Northeast Alliance between JetBlue and American Airlines. The proposed redactions reflect internal conversation regarding the impact of the announcement on the CPP bidding process, including the competitive nature of bids submitted on a specific route, which GSA protects from disclosure in the ordinary course of business. *Id.* ¶ 6. Defendants have not objected to Plaintiffs' confidentiality designations of these documents.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order of impoundment protecting the highly confidential information described herein from public disclosure at trial. Plaintiffs further request that the sealed documents remain impounded until further order of the Court.

Dated: September 9, 2022                                                Respectfully submitted,

/s/ William H. Jones, II
William H. Jones, II
Craig L. Briskin
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: (202) 514-0230
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

*Attorneys for the United States of America*

/s/ Colin G. Fraser
Colin G. Fraser
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Email: colin.fraser@myfloridalegal.com

/s/ Daniel H. Leff
Daniel H. Leff (MA Bar No. 689302)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
Email: Daniel.leff@mass.gov

*Attorneys for the State of Florida and the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants on September 7, 2022. Defendants do not take a position on the confidentiality of the GSA documents.

        */s/ Sarah P. McDonough*
        Sarah P. McDonough
        U.S. Department of Justice
        Antitrust Division
        26 Federal Plaza, Suite 3630
        New York, NY  10278
        Phone: (202) 705-4620
        Email: sarah.mcdonough@usdoj.gov

        *Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Sarah P. McDonough*
        U.S. Department of Justice
        Antitrust Division
        26 Federal Plaza, Suite 3630
        New York, NY  10278
        Phone: (202) 705-4620
        Email: sarah.mcdonough@usdoj.gov

        *Attorney for the United States of America*