**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.,* <br><br> *Plaintiffs,* <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> *Defendants*. | Civil Action No. 1:21-CV-11558-LTS |

**DECLARATION OF MARY GARTLAND IN SUPPORT OF MOTION TO IMPOUND
DOCUMENTS PRODUCED BY THE U.S. GENERAL SERVICES ADMINISTRATION**

I, Mary Gartland, make the following declaration under 28 U.S.C. § 1746.

1.　　My name is Mary Gartland. I am over 18 years of age. I am currently employed as the Director of the City Pair Program of the U.S. General Services Administration ("GSA"). I am familiar with the manner in which GSA administers the GSA City Pair Program ("CPP"). I am competent to testify. The facts stated below are true and correct and are within my personal knowledge. I understand that this declaration will be submitted in support of a motion to impound the following documents that GSA produced in this litigation (see table below), and the parties may seek to introduce as exhibits at trial in the above-captioned matter.

2.　　GSA is authorized to administer the CPP pursuant to the Federal Property and Administrative Services Act of 1949, as amended, 40 U.S.C. § 501 *et seq.* GSA developed CPP to provide discounted scheduled commercial air passenger transportation services to federal government travelers. It has expanded since its creation in 1980 to offer fares in over 12,626 markets in fiscal year 2022. Contracts are awarded on a line item-by-line item (informally

1

referred to as route-by-route) basis to certificated U.S. flag air carriers that participate in the

program through a competitive bidding process. As a result of this process, in fiscal year 2020,

CPP fares were 51% lower than comparable consumer fully refundable fares. CPP anticipates

saving taxpayers an estimated $1.1 billion in fiscal year 2022 alone.

       3.      If airlines' bidding information were made publicly available, it would undermine

the CPP's ability to administer a fair, competitive bidding process on behalf of government

travelers. Allowing airlines, including Defendants, to learn what other airlines have bid would

hinder GSA's ability to receive the best possible bids in the future. Airlines could use the data to

reduce the discounts offered under future bidding cycles, without losing the award to the next-

most competitive bid. This would harm GSA's ability to secure the best savings for the City Pair

Program.

### GSA Documents

| Exhibit number | Bates # | Description |
|---|---|---|
| **Documents Redacted in Entirety** | | |
| PX0477 | GSA-AAB6-00002843 | GSA spreadsheet – airlines' bidding data FY2019 |
| PX0478 | GSA-AAB6-00002845 | GSA spreadsheet – airlines' bidding data FY2021 |
| PX0479 | GSA-AAB6-00005040 | GSA spreadsheet – airlines' bidding data FY2022 |
| PX0480 | GSA-AAB6-00005057 | GSA spreadsheet – airlines' bidding data FY2020 |
| **Documents Redacted in Part** | | |
| PX0481 | GSA-AAB6-00005407 | Group email April 2020, attaching City Pair Data and FY19 Cost of unrestricted fares |
| DX-261 | GSA-AAB6-00005093 | Email thread 7-16-20 re NEA announcement |

4.      The first four exhibits on this list, PX0477-0480, are spreadsheets reflecting the airlines' bids in the City Pair Program. As I explained above, all of this information is highly confidential under applicable law and guidance, and which GSA protects from public disclosure in the ordinary course of business as its release would be damaging to the competitive bidding process and the future of the program. *See* 41 U.S.C. § 3505(b) (stating that the Federal Acquisition Regulation ("FAR") shall include "[a] statement that any information received relating to commercial products or commercial services that is exempt from disclosure under [FOIA] shall not be disclosed by the Federal Government"); 48 C.F.R. §§ 5.401, 24.202 (FAR provisions forbidding agencies from disclosing information "requiring protection under Freedom of Information Act" from disclosure); 5 U.S.C. § 552(b)(4) (FOIA Exemption 4) (FOIA disclosure requirement "does not apply to matters that are . . . trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]").

5.      The fifth exhibit on this list, PX0481, is an email attaching two documents: (1) an internal presentation and analysis of CPP data, and (2) a spreadsheet analyzing potential savings GSA could achieve in markets with two fare classes in all of the markets that the CPP program solicits. We have proposed redactions to the presentation, which reflects GSA's confidential process for analyzing fares in the CPP. GSA would be severely harmed by the release of this information for the same reasons that it would be harmed if the competitive bids themselves were released. The proposed redactions reflect confidential bid and source selection information, which GSA protects from disclosure in the ordinary course of business. The entirety of the spreadsheet analyzing potential savings likewise reflects GSA's confidential process for analyzing fares in the CPP, and GSA would be severely harmed by the release of this information for the same reasons that it would be if the competitive bids themselves were

3

released. The entirety of the spreadsheet is highly confidential under applicable law and

guidance, and which GSA protects from public disclosure in the ordinary course of business.

      6.      The sixth exhibit on the list, DX-261, is an internal email discussing the

announcement of the Northeast Alliance between JetBlue and American Airlines. The proposed

redactions reflect internal conversation regarding the impact of the announcement on the CPP

bidding process, which GSA protects from disclosure in the ordinary course of business.

      7.      GSA has always taken great care to ensure that participants' competitive bidding

information, as well as GSA's internal source selection process that leads to savings within the

City Pair Program, remain strictly confidential.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on

September 7, 2022.

                                       _/s/_Mary Gartland_____