# Exhibit F

**Defendants' Position Statement on Fed. R. Evid. 402 Objections
to Certain of Plaintiffs' Proposed Exhibits**

Consistent with the Court's guidance during the August 17, 2022 Status Conference, the Parties agreed to exchange positions simultaneously on any "category" of disputed exhibits that either party wished to raise with the Court before trial. Defendants intended the "categories" to be specific types or groups of documents. Plaintiffs, however, have broadly identified "relevance" as a "category" in dispute. Defendants do not believe that objections to relevance can be categorically determined. Rather, the relevance of a particular document is appropriately addressed in the context of its use at trial. However, to the extent the Court wishes to rule on the relevance of documents in advance of trial, Defendants set forth below our positions on certain documents to which Defendants have objected on relevance grounds.

Plaintiffs' exhibit list includes over fifty documents that were produced to the Department of Justice ("DOJ") by Defendants, Defendants' predecessors, and third parties in investigations that preceded the NEA by as much as ten years. These include, among others, emails, earnings calls, and presentations produced by U.S. Airways (a company no longer in existence) and American in connection with the Department of Justice's challenge to the American/U.S. Airways merger in 2013; materials produced by numerous airlines and financial services companies as part of the DOJ's investigation of potential airline capacity coordination in 2015, following which DOJ *did not take any action*; and documents from other old investigations and litigations pursued by the government. These documents have nothing to do with the NEA or the current competitive conditions in the Northeast.

Plaintiffs assert that these previously-produced documents are relevant because they "concern the Parties' (or third parties') own views regarding industry consolidation; the impact of airline alliances on competition; pre-NEA competition and plans for the parties' networks; and the

effectiveness of the competition from third-party airlines." August 24, 2022 Email from J. Moore to M. McGee and T. Tavernia.  Defendants disagree.

First, the documents are much too old to support the claim that they relate to "pre-NEA competition and plans for the parties' networks."  Both parties will introduce an array of documents from the files of American and JetBlue created a year or two prior to the NEA that reflect the competition that Defendants face in the Northeast and their network plans and strategies to address it.  Those documents are clearly relevant to this proceeding.  But documents created ten years ago relating to mergers, alliances, and market conditions that are unrelated to the NEA are not.  Many of the documents Plaintiffs seek to admit date back *a decade or more* and some even pre-date the government's prior challenge to the American/US Airways merger in 2013.[1]  Plaintiffs concede that the industry has changed significantly during the last decade.  *See, e.g.,* Complaint, ECF No. 1, ¶¶ 23.  The airline industry *writ large* is not on trial in this case.  The NEA is at issue and the proofs should be limited accordingly.  *See, e.g.*, *Busher v. Barry*, No. 14-CV-4322 (NSR), 2019 WL 6895281, at *19 (S.D.N.Y. Dec. 18, 2019) (finding "no reason why the reasonableness of the transactional prices of WFHC shares throughout its nearly one-hundred-year-long history would have any bearing on [the issues of the case]").

Second, these documents do not relate to any relevant "views regarding industry consolidation; the impact of airline alliances on competition;… [or] the effectiveness of the competition from third-party airlines" as Plaintiffs' claim.  Defendants do not dispute that information about the competitive landscape in the airline industry is relevant to this proceeding.

---

[1] *See, e.g.*, PX0003 (2006), PX0004 (2012), PX0005 (2012), PX0006 (2002), PX0007 (2012), PX0008 (2010), PX0009 (2011), PX0010 (2011), PX0011 (2011), PX0012 (2012), PX0013 (2006), PX0014 (2011), PX0015 (2012), PX0016 (2012), PX0017 (2012), PX0018 (2011), PX0020 (2012), PX0026 (2011), PX0027 (2006), PX0344 (2011), PX0348 (2012), PX0349 (2012), PX0455 (2006), PX0912 (2012), PX0913 (2011), PX0914 (2011).

But American, JetBlue, and third parties' views regarding industry consolidation and competition 10-15 years ago, when the competitive landscape was rapidly evolving and much different from today, are stale and not at all relevant to an inquiry regarding the competitive effects of the Northeast Alliance.  *See Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012) (while the threshold for relevance is low, the evidence at issue must still "go to a fact of consequence" in the proceeding).

Defendants request that the Court exclude the pre-2016 exhibits from evidence under Fed. R. Evid. 402 or, in the alternative, defer ruling until Plaintiffs seek to introduce such documents with a sponsoring witness.

### Defendants' Position Statement on Fed. R. Evid. 901 Objections to Certain of Plaintiffs' Proposed Exhibits

Under Rule 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Although under the Court's Order (ECF No. 102), documents produced by a party from the party's own files are afforded a presumption of authenticity, "[i]f the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity ***will no longer apply*** to that document . . . ."  ECF No. 102 at 9 (emphasis added).

Here, and in addition to their relevance objections, Defendants have properly asserted authenticity objections to documents produced by Plaintiffs that were originally produced to the DOJ outside of this case and that are many years old (dating back as far as 2002).  Plaintiffs seek a categorical ruling that all of these documents are authentic merely because they were maintained the DOJ's files and then produced here.  That is not appropriate.

3

To begin, Plaintiffs have not explained or verified any details about how or where these legacy documents have been maintained—other than to simply state that they have been maintained in the DOJ's files. Defendants have no way of ascertaining whether these documents are complete and, in some cases, it is clear from the face of the document that they are *not*. Most notably, PX0024 is a lengthy, disorganized collection of emails produced by Alaska Airlines and dated between 2014 and 2016, from which some emails in the threads are plainly absent, and from which it appears attachments are missing. Similarly, PX0006 is a faint scan of a document from 2002—20 years ago. Other documents on Plaintiffs' exhibit list suffer from similar deficiencies

Accordingly, it is not appropriate to wholesale admit these documents as Plaintiffs request. Plaintiffs will have the opportunity to authenticate these documents if and when they are used with a sponsoring witness at trial. Defendants request that the Court defer ruling until that time.