# Appendix A

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-010 | AA-NEA-00070353 | AA-NEA-00070357 | Document titled "[Customer] Overview - March 2019" | American moves to redact from this summary document, which details the terms and strategy with respect to one of its key customers, the customer name, targeted discounting strategy and pricing terms, and other granular financial data that is competitively sensitive. | As explained in Section II.D. of the Motion, customer names and specific pricing and discounting terms relevant to the customer if disclosed would harm American's competitive standing by enabling competitors to target American's key customer using the information contained in the exhibit. The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted.<br><br>The document from March 2019 relates to the performance of a corporate customer contract. Plaintiffs do not object to redacting the customer name, but oppose Defendants' other redactions. |
| DX-075 | AA-NEA-02294080 | AA-NEA-02294080 | Document titled 2021 NEA Transfer Payment dated December 17, 2021 | American moves to seal this exhibit in its entirety. The exhibit is titled "NEA Growth and 2021 Incremental Revenue and Transfer Payment" and contains detailed analysis of American's and JetBlue's confidential and competitively sensitive revenue data in 2021 using accounting methods that are proprietary and competitively sensitive. | As explained in Section II.C of the Motion, disclosure of granular financial data will harm American's competitive standing. The exhibit provides detailed accounting of American's and JetBlue's revenue data from 2019 and also in 2021, which if disclosed to competitors would help inform their competitive decision-making in the Northeast. | Core to the NEA; Historic; Overredacted.<br><br>This document describes a 2021 payment between Defendants pursuant to the MGIA. Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-084 | AA-NEA-02981647 | AA-NEA-02468027 | Network Strategy Board Meeting Presentation, dated July 27, 2021 | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Core to the NEA; High-level; Historic; Overredacted.

This July 2021 strategy deck includes high-level discussions about Defendants' inorganic growth resulting from the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-089 | AA-NEA-02981647 | AA-NEA-02981750 | Network Strategy July Board Meeting, dated July 2021 | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Core to the NEA; High-level; Historic; Overredacted.

This July 2021 strategy deck, similar to DX-084, includes high-level discussions about Defendants' inorganic growth resulting from the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-093 | AA-NEA-03103322 | AA-NEA-03103351 | Mutual Growth Incentive Agreement between American Airlines and JetBlue Airways, dated July 15, 2020 | American moves to redact portions of this exhibit, which is the agreement between American and JetBlue within the Northeast Alliance that governs the revenue sharing formula.  American recognizes the highly relevant nature of this document and proposes only a few targeted redactions.  These include: (1) discussions of contingencies regarding potential changes to the scope of partnership that is not currently contemplated by the NEA; (2) specific math formula regarding how to make adjustments regarding flight capacity for the purposes of the MGIA calculation; (3) threshold amount for an accounting one-off item; and (4) a worked example of the MGIA calculation that provides detailed demonstration of all of the different elements of the MGIA formula.  American does not oppose Parties' experts developing their own examples of MGIA calculations based on all of the different elements of the MGIA American does not propose to seal, but considers this worked example to be proprietary. | As explained in Section II.F. of the Motion, the very targeted redactions cover only a few terms that Defendants do not view as relevant or necessary to the issues at trial and are competitively sensitive. | Core to the NEA.  Plaintiffs oppose redacting Appendix E of the Mutual Growth Incentive Agreement (MGIA) (DX-093).  This describes a hypothetical (not based on actual party data) and therefore not competitively sensitive. Defendants have also not redacted the MGIA formula of which the hypothetical example might reveal details. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-111 | AA-NEA-03192426 | AA-NEA-03192469 | American's internal presentation titled "2021-2026 Network Five Year Plan" dated Aug. 26, 2021 | American moves to seal this exhibit in its entirety.  The exhibit is a five-year long-range network strategy plan for American Airlines.  American moves to redact parts of American's long-range network plan from 2021 that discuss American's long-term strategy, reference specific departure or other capacity decisions that American plans to make in 2022 and beyond, and granular profitability data associated with specific routes or airports.  American does not move to seal general discussions of American's past strategy or general discussions of American's future strategy with respect to New York, Boston, and Philadelphia. | The proposed redactions contain highly sensitive future network plans that if disclosed to competitors would harm American's competitive standing by allowing competitors to plan their own network with an understanding of American's future strategy.  The proposed redactions also contain highly sensitive profitability data that if disclosed to competitors would allow competitors to make competitive decisions on targeting growth armed with knowledge regarding where American is weak or strong.  Finally, American's redactions are targeted - American does not propose to seal relevant information that discuss background and high-level strategy that pertain to New York, Boston, and Philadelphia. | High-level; Historic; Overredacted.

This document is a five-year network plan.  It includes high-level, non-specific plans as well as historic information. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-115 | AA-NEA-03276774 | AA-NEA-03276790 | Bilateral Special Prorate Agreement - Passenger between American Airlines and JetBlue Airways, dated August 6, 2020 | American moves to seal the exhibit in its entirety. The exhibit is an agreement between American and JetBlue that details the technicalities of how American and JetBlue will implement the Codeshare Agreement regarding service charges, surcharges, fare rules, proration of codeshare commission, and other fees. | As explained in Section II.F. of the Motion, Defendants do not view this agreement as relevant or necessary to the issues at trial and view the agreement as competitively sensitive. | Core to the NEA.

This document is the Prorate Agreement between Defendants, which directly relates to their contractual relationship.  Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. |
| DX-127 | AA-NEA-03293988 | AA-NEA-03294007 | B6 AA Bilateral Special Prorate Agreement - Passenger, Revision 4, dated November 2, 2021 | American moves to seal the exhibit in its entirety. The exhibit is an agreement between American and JetBlue that details the technicalities of how American and JetBlue will implement the Codeshare Agreement regarding service charges, surcharges, fare rules, proration of codeshare commission, other fees. | As explained in Section II.F. of the Motion, Defendants do not view this agreement as relevant or necessary to the issues at trial and view the agreement as competitively sensitive. | Core to the NEA.

This document is the Prorate Agreement between Defendants, which directly relates to their contractual relationship.  Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. |
| DX-199 | AA-NEA-03325598 | AA-NEA-03325619 | JetBlue/American Northeast Alliance Presentation by JetBlue to State Attorney Generals, dated February 2021 | JetBlue moves to redact parts of this Northeast Alliance presentation to State Attorney Generals that discuss non-stale competitively sensitive information concerning JetBlue's network growth strategy in New York, Boston, California, Florida, Texas, and Washington, D.C.  JetBlue does not move to seal other pertinent information regarding the NEA. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. | Core to the NEA; Overredacted; Publicly available.

This February 2021 slide deck desribes components of the NEA, some of which have since been publicly announced or disclosed. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-202 | AA-NEA-03325626 | AA-NEA-03325651 | JetBlue's 2020 Strategic Network Discussion presentation regarding Connie/E190 implications on future size & shape | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future capacity, fleet strategy, and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Core to the NEA; Overredacted; Publicly available.<br><br>This July 2021 slide deck relates to which markets American will fly under the NEA, and which markets JetBlue will fly under the NEA. Some of these decisions have since been publicly announced. |
| DX-266 | JBLU000 26807 | JBLU000 26832 | JetBlue's May 2020 Strategic Network Discussion presentation regarding Connie/E190 implications on future size & shape | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future capacity, fleet strategy, and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Core to the NEA; High-level; Historical.<br><br>This document is a Spring 2020 (used internally and sent to the U.S. Department of Transportation) deck related to NEA projections through October 2022. It discusses fleet allocation and network implications critical to assessment of the NEA. Redacted information relates to publicly annouced or disclosed network changes. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-271 | JBLU000 40919 | JBLU000 40935 | JetBlue's May 2020 "Project Connie Update" Network Planning presentation | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future strategy associated with specific airports and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Core to the NEA; Overredacted.<br><br>This slide deck relates to Defendants' understand of the NEA.  Plaintiffs agree to redact certain margin percentages, but oppose Defendants' other redactions. |
| DX-283 | JBLU004 84892 | JBLU004 84916 | JetBlue's July 18, 2017 Executive Crew Discussion presentation on initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.<br><br>This is a deck from July 2017 related to JetBlue's pre-NEA network plans. Those plans have been publicly announced or rendered moot by the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-290 | JBLU006 79360 | JBLU006 79391 | JetBlue's January 11, 2019 Working Team Meeting presentation related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.<br><br>This is a deck from January 2019, including information that relates to 2019 plans, discusses high-level plans, and reflects historic data. |
| DX-310 | JBLU014 71771 | JBLU014 71787 | JetBlue's February 22, 2019 presentation for corporate sales on Boston growth plan initiative for corporate sales regarding initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's network planning and corporate strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.<br><br>This is a deck from February 2019, including information that relates to 2019 plans, discusses high-level plans, and reflects historic data.  Plaintiffs do not object to redacting corporate customer names, but oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-313 | JBLU016 90326 | JBLU016 90357 | JetBlue's January 11, 2019 Working Team Meeting presentation related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.<br><br>This is a deck from January 2019 related to JetBlue's pre-NEA network plans. Those plans have been publicly announced or rendered moot by the NEA. The data on which the deck is based is from 2015 - 2018. |
| DX-315 | JBLU019 68933 | JBLU019 68936 | JetBlue's ticket data for each domestic ticket sold between January 1, 2017 and July 1, 2020 | JetBlue moves to seal this exhibit. The exhibit is JetBlue's raw ticket sales data for each domestic ticket sold between January 1, 2017 and July 1, 2020. | This spreadsheet provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's domestic customers and how to undercut JetBlue's pricing stategy. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Historic; Overredacted.<br><br>Defendants propose sealing this in its entirety and have not offered proposed redactions despite Plaintiffs' requests. |
| DX-323 | JBLU026 15251 | JBLU026 15255 | May 2020 email thread among Friedman, Lusso, and Laurence re: Connie concerns | JetBlue moves to redact information regarding propiertary route planning analyses. JetBlue does not move to seal other pertinent information regarding the NEA. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy information will harm JetBlue's competitive standing. | Core to the NEA; Overredacted.<br><br>This document reflects Defendants' proposals to one another during NEA negotiations relates to slot utilization and market allocation under the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-327 | JBLU026 27810 | JBLU026 27810 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-328 | JBLU026 27811 | JBLU026 27811 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-329 | JBLU026 27812 | JBLU026 27812 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-330 | JBLU026 27813 | JBLU026 27813 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-332 | JBLU026 27815 | JBLU026 27815 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.  This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-333 | JBLU026 27816 | JBLU026 27816 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.  This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-335 | JBLU026 27818 | JBLU026 27818 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-338 | JBLU026 27821 | JBLU026 27821 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.

As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.

This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-340 | JBLU026 27823 | JBLU026 27823 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. |
| DX-341 | JBLU026 27824 | JBLU026 27824 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-344 | JBLU026 27827 | JBLU026 27827 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-345 | JBLU026 27828 | JBLU026 27828 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-346 | JBLU026 27829 | JBLU026 27829 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-347 | JBLU026 27830 | JBLU026 27830 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-348 | JBLU026 27831 | JBLU026 27831 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-350 | JBLU026 27833 | JBLU026 27833 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.  This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-353 | JBLU026 27836 | JBLU026 27836 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.\n\nAs explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.\n\nThis is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-354 | JBLU026 27837 | JBLU026 27837 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | Core the the NEA; Employee discourse; High-level.<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented.  Plaintiffs do oppose Defendants' other redactions. |
| DX-358 | JBLU027 29501 | JBLU027 29503 | JetBlue internal memorandum outlining the internal NEA economics and network planning model, dated June 1, 2020 | JetBlue moves to seal this June 1, 2020 internal memorandum that discusses JetBlue's future fleet strategy. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, will harm JetBlue's competitive standing. | Core to the NEA; High-Level; Overredacted.<br><br>This is a high-level summary of the NEA for JetBlue executives regarding modeling assumptions and planned network changes. Plaintiffs do not oppose redacting specific forward-looking forecast numbers or unannounced routes, but Plaintiffs do oppose Defendants' other redactions. |

27

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-382 | JBLU-LIT-02003588 | JBLU-LIT-02003591 | Email thread from Nirav Virani to the JetBlue SLT regarding the FY 22 GSA City Pair Program Overview, September 27, 2021 | JetBlue moves to seal this September 27, 2021 email that discusses non-stale competitively sensitive information regarding JetBlue's network strategy and bidding tactics, as well as granular financial data. | As explained in Section II.A. and II.C. of the Motion, disclosure of future plans and granular financial data will harm JetBlue's competitive standing. | High-level; Publicly available.<br><br>This document relates to JetBlue's government travel contract bidding process for fiscal year 2023.  The redacted portions contain publicly available information (https://cpsearch.fas.gsa.gov/cpsearch/search.do) regarding government travel contract awards.  Plaintiffs do not object to redacting specific current bidding strategies and non-public bid information, but do oppose sealing the document in its entirety.  Defendants have not offered proposed redactions despite Plaintiffs' requests. |
| DX-385 | JBLU-LIT-02343258 | JBLU-LIT-02343261 | Email thread from Barry McMenamin to Jeremy Blechman, Nicholas Esparza, and Robbie Mehoke regarding Jetblue's final proposal to a corporate customer from December 2021 | JetBlue moves to redact from this email thread regarding JetBlue's proposal to a corporate customer the name of the corporate customer and the pricing terms offered to the customer.  JetBlue does not seal other pertinent information regarding the terms of the offer to the corporate customer. | As explained in Section i.B. of the Motion, certain corporate customer names should be sealed in the interest of privacy.  As explained in Section II.D. of the Motion, specific pricing terms if disclosed will harm JetBlue's competitive standing. | Overredacted.<br><br>Plaintiffs do not oppose Defendants' proposed redactions of customer names/abbreviations and employee identifications, but do oppose redactions of the specific pricing figures being discussed. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-386 | JBLU-LIT-02357567 | JBLU-LIT-02357569 | Email chain between Barry McMenamin, Robbie Mehoke, Gregory Royall, and Ruth Medina regarding BOS-DCA pricing for numerous corporate customers from October 2021 | JetBlue moves to redact from this email regarding BOS-DCA pricing for numerous corporate customers. JetBlue does not seal other pertinent information regarding the terms of the offer to the corporate customers. | As explained in Section i.B. of the Motion, certain corporate customer names should be sealed in the interest of privacy. As explained in Section II.D. of the Motion, specific pricing terms if disclosed will harm JetBlue's competitive standing. | Overredacted.<br><br>Plaintiffs do not oppose Defendants' proposed redactions of customer names/abbreviations and employee identifications, but do oppose redactions of the specific pricing figures being discussed. |
| DX-395 | JBLU-LIT-02827598 | JBLU-LIT-02827642 | JetBlue Quarterly Network Review slide deck, dated April 25, 2017 | JetBlue moves to redact information regarding granular profitability information, granular margin information and future network planning in Boston, Florida, New York, and the Transcontinental market. JetBlue does not move to seal other pertinent information regarding the NEA. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, will harm JetBlue's competitive standing.  As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document is from April 2017.  Defendants have not articulated to Plaintiffs what is competitively sensitive about information contained therein. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-458 | JBLU-LIT-04434165 | JBLU-LIT-04434166 | Email from Nirav Virani to Jonathan Weiner and Evan Jarashow regarding "JetBlue GSA FY23 Performance Summary," dated July 22, 2022 | JetBlue moves to redact the portions of this email containing non-stale competitively sensitive information regarding JetBlue's network growth strategy and bidding tactics, granular financial data related to JetBlue's business with GSA, and JetBlue's pricing strategy with respect to the GSA City Pair Program. | As explained in Section II.A., II.C, and II.D. of the Motion, disclosure of highly sensitive, non-public strategic planning documents, granular financial data, and specific pricing terms will harm JetBlue's competitive standing. | Publicly available. <br><br> This July 2022 document relates to JetBlue's government travel contract bidding process for fiscal year 2023. The redacted portions contain publicly available information (https://cpsearch.fas.gsa.gov/cpsearch/search.do) regarding government travel contract awards. Plaintiffs do not object to redacting specific current bidding strategies and non-public bid information. Plaintiffs do oppose redacting contract awards outcomes and statements describing other airlines' results. |
| DX-814 | | | Exhibit 2 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. <br><br> This document reflects expert, theoretical, empirical analysis of aggregated and anonymized frequent flyer ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-815 | | | Exhibit 3 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.\n\nThis document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| DX-816 | | | Exhibit 4 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.\n\nThis document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |
| DX-817 | | | Exhibit 5 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.\n\nThis document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-818 | | | Exhibit 6 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| DX-819 | | | Exhibit 7 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| DX-821 | | | Exhibit 9 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-822 | | | Exhibit 10 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |
| DX-823 | | | Exhibit 11 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers.  Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |
| DX-824 | | | Exhibit 12 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. This exhibit is a map of where Jetblue's customers reside created using JetBlue's ticket sales data from the JetBlue slide deck "New York & Washington DC Slot Acquisition Plan," dated January 2012 | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized ticket data from 2012. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-832 | | | Exhibit 20 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. This exhibit is a table showing granular financial information concerning JetBlue's corporate strategy in certain domestic markets. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public information concerning JetBlue's corporate strategy will harm JetBlue's competitive standing. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |
| DX-845 | | | Exhibit 33 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| DX-846 | | | Exhibit 34 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-847 | | | Exhibit 35 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| DX-848 | | | Exhibit 36 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| DX-849 | | | Exhibit 37 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-850 | | | Exhibit 38 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| DX-890 | | | Exhibit 35 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |
| DX-891 | | | Exhibit 36 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-892 | | | Exhibit 37 of D. Lee Expert Report (July 11, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |
| DX-893 | | | Exhibit 38 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized catchment data. |
| DX-894 | | | Exhibit 39 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| DX-910 | | | Exhibit 55 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0001-b | N/A | N/A | "Mutual Growth Incentive Agreement between American Airlines, Inc. and JetBlue Airways Corporation" - Execution Version | American moves to redact portions of this exhibit, which is the agreement between American and JetBlue within the Northeast Alliance that governs the revenue sharing formula.  American recognizes the highly relevant nature of this document and proposes only a few targeted redactions.  These include: (1) discussions of contingencies regarding potential changes to the scope of partnership that is not currently contemplated by the NEA; (2) specific math formula regarding how to make adjustments regarding flight capacity for the purposes of the MGIA calculation; (3) threshold amount for an accounting one-off item; and (4) a worked example of the MGIA calculation that provides detailed demonstration of all of the different elements of the MGIA formula.  American does not oppose Parties' experts developing their own examples of MGIA calculations based on all of the different elements of the MGIA American does not propose to seal, but considers this worked example to be proprietary. | As explained in Section II.F. of the Motion, the very targeted redactions cover only a few terms that Defendants do not view as relevant or necessary to the issues at trial and are competitively sensitive. | Core to the NEA.  Plaintiffs oppose redacting Appendix E of the Mutual Growth Incentive Agreement (MGIA) (DX-093).  This describes a hypothetical (not based on actual party data) and therefore not competitively sensitive. Defendants have also not redacted the MGIA formula of which the hypothetical example might reveal details. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0197 | AA-NEA-00594230 | AA-NEA-00594234 | Email thread between Wim Reckelbus, Paul Swartz, Marco Pena, Ricki Reichard, Julie Bass, Eleni Karandreas, and Brenda Whalen from June 2019 re: customer for shuttle approval | American moves to redact  parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for that corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm American's competitive standing.  The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition.

The document shows the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. |
| PX0199 | AA-NEA-00594318 | AA-NEA-00594323 | Email thread between Cory Heckman, Wim Reckelbus, Gabriela Sposito, Joann Riedel, Paul Swartz, BJ Hemeng Jr., Robert Happenstall, Ricki Reichard, and Brenda Whalen from March - September 2018 re: customer Mgmt round 1 feedback. Final due Oct 1st - shuttle | American moves to redact  parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for that corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm American's competitive standing.  The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition.

The document shows the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0200 | AA-NEA-00594475 | AA-NEA-00594477 | Email thread between CRM System User, Ricki Reichard, and Paul Swartz from April 2019 re: Approval Request for ROW Deal - ROW-customer; contains one attachment titled "Approval Request for customer ROW" | American moves to redact certain parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for a specific corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm American's competitive standing.  The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition.  The document shows competition between JetBlue and American, including the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. |
| PX0216 | AA-NEA-00614771 | AA-NEA-00614775 | Email thread between Richard Sien, Erik Anton, Allysen Roberts, and Allie Plunk from March 2020 re: Spread B6 Sale | American moves to seal this email chain, which is a discussion among employees in the pricing department of American regarding how to execute a specific pricing strategy in the context of certain market conditions. | As explained in Section II.B. of the Motion, disclosure of pricing strategy will harm American's competitive standing. | Historic; Overredacted; Pre-NEA competition.  The document shows competition between JetBlue and American. Plaintiffs agree to redact non-NEA routes. |
| PX0289 | AA-NEA-01524104 | AA-NEA-01524111 | Email thread between James Kaleigh, Chad Schweinzger, Jordan Pack, Matthew McElfresh, Anmol Bhargava, Massimo Mancini, Farrell Malone, Gustavo Bamberger, Maya Meidan, and Jataveda Dasgupta from May 2020 re: Scenario 4 Updates - Privileged and Confidential | American moves to redact competitively sensitive business information regarding certain features of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | Core to the NEA.  Redactions concern key calculations of revenue expected from NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0294 | AA-NEA-01524750 | AA-NEA-01524759 | Email thread between Chad Schweinzger, Matthew McElfresh, Jordan Pack, Bruce Wark, James Kaleigh, Farrell Malone, and Anmol Bhargava from April 2020 re: Garland Initial Raven Results-Privileged and Confidential | American moves to redact competitively sensitive business information regarding certain features of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | Core to the NEA. Redactions concern key calculations of revenue expected from NEA. |
| PX0295 | AA-NEA-01524776 | AA-NEA-01524786 | Email thread between Chad Schweinzger, Matthew McElfresh, Jordan Pack, Bruce Wark, James Kaleigh, Farrell Malone, and Anmol Bhargava from April 2020 re: Garland Initial Raven Results - Privileged and Confidential | American moves to redact competitively sensitive business information regarding certain features of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | Core to the NEA. Redactions concern key calculations of revenue expected from NEA. |
| PX0296 | AA-NEA-01524788 | AA-NEA-01524796 | Email thread between Matthew McElfresh, Anmol Bhargava, Chad Schweinzger, Bruce Wark, James Kaleigh, Malone Farrell, and Jordan Pack from April 2020 re: Garland Initial Raven Results - Privileged and Confidential | American moves to redact competitively sensitive business information regarding certain features of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | Core to the NEA. Redactions concern key calculations of revenue expected from NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0314 | AA-NEA-01830184 | AA-NEA-01830297 | Email from Ronald Defeo to "DL_AA_OFFICERS" list serv from July 2021 re: Board Decks; contains two attachments titled "20210724 July Board Meeting_preread_vFF.pdf" and "20210724_BOD_Executive Summaries_vFF.pdf" | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | High-level; Historic.  This email from July 2021 relates to high-level strategies and historical descriptions of markets, such as passenger breakdowns from 2019.  Plaintiffs do not object to redactions of specific margin percentages, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0358 | AA-NEA-02832323 | | Standalone American Airlines spread sheet from January 2021 titled "NEA MGIA Model"; contains 47 tabs. | American moves to seal the exhibit in its entirety.  The spreadsheet is an excel file that includes revenue sharing calculation in the NEA that apply highly sensitive revenue data from American and JetBlue and reveal exactly how those revenue data is imputed, analyzed, and calculated for the purpose of the revenue sharing in the MGIA. | As explained in Section II.C. of the Motion, disclosure of American and JetBlue revenue data will harm American's competitive standing. Additionally, as explained in Section II.E. of the Motion, disclosure of this detailed spreadsheet that reveals exactly how American analyzes revenue data for the purpose of revenue sharing reveals proprietary and non-public business information that will harm American's competitive standing. | Core to the NEA.  The Mutual Growth Incentive Agreement is a central component of the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0363 | AA-NEA-02937201 | AA-NEA-02937226 | Standalone American Airlines slide deck from April 2021 titled "Domestic Partnerships and RM" | American moves to redact from this exhibit, titled "Domestic Partnerships and RM," information regarding American's non-stale and competitively sensitive future network plans, partnership plans, and pricing strategies for specific routes. | As explained in Sections II.A and B of the Motion, disclosure of future plans and pricing strategies will harm American's competitive standing. | Core to the NEA; High-level; Overredacted.<br><br>This is a high-level deck on American's airline partnerships, and includes a summary of why American enters those partnerships.  It also contains a description of the NEA. Plaintiffs do not oppose redacting specific pricing strategies (although matching fares of the operating airline on codeshare routes is standard industry practice). |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0370 | AA-NEA-03097838 | AA-NEA-03097938 | Email thread between Massimo Mancini and Vasu Raja from August 2021 re: BoD PPT; contains one attachment titled "2Q21 BOD (7.27.21) - Presentation Deck.pptx" | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy. Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston. However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | High-level; Publicly available.

This is email from August 2021. Defendants proposed redactions relate to material drawn from public sources and high-level plans. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0372 | AA-NEA-03110008 | AA-NEA-03110071 | Series of text messages exchange between Chad Schweinzger, Anmol Bhargava, and Jordan Pack from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding inputs to and outputs from American's proprietary Raven tool and financial data regarding revenue at certain airports. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.\n\nThis is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0373 | AA-NEA-03110025 | AA-NEA-03110071 | Series of text messages between Jordan Pack and Anmol Bhargava from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding inputs to and outputs from American's proprietary Raven tool and financial data regarding revenue at certain airports. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.<br><br>This is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0375 | AA-NEA-03112790 | AA-NEA-03112908 | Series of text messages between Chad Schweinzger, Jordan Pack, and Anmol Bhargava from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding the functioning of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.  This is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. |
| PX0402 | B6-UADL-00000182 | | Transcript of the Videotaped Deposition of Scott Laurence, In Re Civil Investigative Demand: United Airlines - Delta Air Lines Slot Transaction from October 2015 | JetBlue moves to redact confidential and proprietary tools and methods that JetBlue employs in making strategic business decisions. JetBlue does not move to seal historic business and market information. | As explained in Section II.E of the motion, disclosure of proprietary tools used to make strategic decisions will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.  Defendants have not articulated to Plaintiffs any basis for sealing or redacting this 2015 transcript. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0444 | DOJ-NEA-00001416 | DOJ-NEA-00001695 | Transcript of the Videotaped Deposition of Scott Laurence in the matter of United States of America et al v. US Airways Group, Inc. and AMR Corporation (Case No. 1:13-cv-01236) dated October 18, 2013 | JetBlue moves to redact confidential and proprietary tools and methods that JetBlue employs in making strategic business decisions. JetBlue does not move to seal historic business and market information. | As explained in Section II.E of the motion, disclosure of proprietary tools used to make strategic decisions will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.<br><br>Defendants have not articulated to Plaintiffs any basis for sealing or redacting this 2013 transcript. |
| PX0445 | DOJ-NEA-00001696 | DOJ-NEA-00001934 | Transcript of the Videotaped Deposition of Scott Laurence in the matter of United States of America v. United Continental Holdings, Inc. and Delta Airlines, Inc. (Case No. 2:15-cv-07992) dated March 31, 2016 | JetBlue moves to redact confidential and proprietary tools and methods that JetBlue employs in making strategic business decisions and corporate strategy. JetBlue does not move to seal historic business and market information. | As explained in Section II.A. of the motion, disclosure of corporate strategy will harm JetBlue's competitive standing. As explained in Section II.E of the motion, disclosure of proprietary tools used to make strategic decisions will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.<br><br>Defendants have not articulated to Plaintiffs any basis for sealing or redacting this 2016 transcript. |
| PX0468 | DOJ-NEA-00002629 | DOJ-NEA-00002642 | August 14, 2020 JetBlue letter to UK Competition & Markets Authority regarding JetBlue's comments in response to proposal to issue an interim measures decision expending JetBlue's current terms of Slot Release Agreements. | JetBlue moves to seal this exhibit in its entirety. This letter relates to JetBlue's growth strategy in the UK market, including non-stale competitively sensitive information regarding JetBlue's network growth strategy and fleet planning for the UK market. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.<br><br>It has been publicly announced that JetBlue was not awarded remedy slots at London Heathrow, and that JetBlue has entered service to London. This document is from March 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0469 | DOJ-NEA-00002643 | DOJ-NEA-00002648 | August 14, 2020 JetBlue letter to UK Competition & Markets Authority regarding JetBlue's comments in response to proposal to issue an interim measures decision expending JetBlue's current terms of Slot Release Agreements. | JetBlue moves to seal this exhibit in its entirety. This letter relates to JetBlue's growth strategy in the UK market, including non-stale competitively sensitive information regarding JetBlue's network growth strategy and fleet planning for the UK market. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.<br><br>It has been publicly announced that JetBlue was not awarded remedy slots at London Heathrow. JetBlue has entered service to London. This document is from August 2020. |
| PX0470 | DOJ-NEA-00002649 | DOJ-NEA-00002709 | June 3, 2020 JetBlue letter to UK Competition & Markets Authority regarding JetBlue's comments in response to notice of Intention to Accept Binding Commitments Offered by International Consolidated Airlines Group and American Airlines in relation to the Atlantic Joint Business Agreement. | JetBlue moves to seal this exhibit in its entirety. This letter relates to JetBlue's growth strategy in the UK market, including non-stale competitively sensitive information regarding JetBlue's network growth strategy and fleet planning for the UK market, as well as related profitability information. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.<br><br>It has been publicly announced that JetBlue was not awarded remedy slots at London Heathrow. JetBlue has entered service to London. This document is from June 2020. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0484 | JBLU000 03876 | JBLU000 03891 | August 2019 presentation on initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to seal this presentation in its entirety. This presentation relates to a project that was launched in response to one of JetBlue's competitors. This presentation contains detailed information about various strategic initiatives related to JetBlue's network, operations, infrastructure, marketing, corporate sales, revenue management, technology that are relevant today. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | High-level; Historic; Publicly available.<br><br>This deck (from August 2019) discusses routes that have since been announced or entered. A similar version (PX0508) contains lesser redactions. |
| PX0508 | JBLU000 48360 | JBLU000 48364 | Email thread between Chantal Van Wijnbergen, Andrea Lusso, Dave Clark, Andrew Parker, Robbie Mehoke, Scott Laurence, Elizabeth Windram, Jack Massey, Joanna Geraghty, and Robin Hayes from January 2020 re: BOS-NYC hourly (from Robin); contains one attachment titled "2001 Revere Shuttle.pptx" | JetBlue moves to redact limited information outlining commercial objectives and strategies related to a specific project that was launched in response to one of JetBlue's competitors. JetBlue does not seek to redact any plans that have already been implemented and made public. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | High-level; Historic; Publicly available.<br><br>These materials are from January 2020. They discuss routes that have since been announced or entered. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0538 | JBLU002 50498 | JBLU002 50517 | Email from Dave Clark to Joanna Geraghty, Scott Laurence, Andrew Parker, Andrea Lusso, Evan Jarashow, Jeremy Blechman, BlueInventory&Fares Leadership, Nicholas Alemann, Richard Johns, and Nicholas Han from January 2020 re: Ben Baldanza Meeting Agenda and slides; contains one attachment titled "Ben Meeting v8.pptx" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | High-level; Historic.<br><br>This deck, from January 2020, describes airline industry pricing. |
| PX0545 | JBLU003 74628 | JBLU003 74637 | Email from JetBlue Sales Team to Dave Clark from April 2020 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This is a corporate customer contract for air travel from April 2020.  It relates to anticipated testimony in this case. Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0546 | JBLU003 79952 | JBLU003 79963 | Email from JetBlue Sales Team to Dave Clark from September 2019 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This is a corporate customer contract for air travel from September 2019. It relates to anticipated  testimony in this case. Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. |
| PX0547 | JBLU004 28778 | JBLU004 28788 | Email from JetBlue Sales Team to Dave Clark from October 31, 2019 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This is a corporate customer contract for air travel from April 2020.  It relates to anticipated testimony in this case. Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. |
| PX0575 | JBLU008 88108 | JBLU008 88109 | November/December 2019 email thread between Robin Hayes and Tracy Lawlor regarding Project Exchange Updated; contains two attachments titled "Proj. Exchange_Dec 12 Board Read-out.pdf" and "ATT00001.htm" | JetBlue moves to seal this email thread regarding JetBlue's corporate strategy, including non-stale competitively sensitive information concerning a pending corporate transaction. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy will harm JetBlue's competitive standing. | Overredacted; Publicly available.<br><br>This document relates to the Spirit transaction, which has since been publicly announced. Limited redactions of numbers would be sufficient.  The document is from December 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0575 | JBLU008 88110 | JBLU008 88151 | December 12, 2019 JetBlue Presentation, "Board of Directors Meeting Project Exchange" regarding a potential acquisition. | JetBlue moves to seal this slide deck in its entirety that contains contain non-stale competitively sensitive information regarding JetBlue's corporate strategy and granular financial data concerning a pending corporate transaction. | As explained in Section II.A. of the motion, disclosure of competitively sensitive corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Overredacted; Publicly available.<br><br>This document relates to the Spirit transaction, which has since been publicly announced. Limited redactions of numbers would be sufficient. The document is from December 2019. |
| PX0649 | JBLU014 33527 | JBLU014 33530 | Email thread between Barry McMenamin and corporate customer from August - September 2019 re: JetBlue checking in | JetBlue moves to redact the promotional terms that were offered to a prospective customer and the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document describes a promotion for a corporate customer from August 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0650 | JBLU014 35648 | JBLU014 35652 | Email thread between Tom Lloyd, Barry McMenamin, "Sys Ops Directors" list serv, Roberta Mehoke, Dave Clark, and corporate customer from April 2019 re: [Corporate Customer]: VVVIP - Chairman / CEO - Wednesday, April 17 - Philadelphia to Boston - Flight #2460 | JetBlue moves to redact the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to a route that a corporate customer flew in April 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0653 | JBLU014 50286 | JBLU014 50289 | Email thread between Barry McMenamin and corporate customers from December 2019 regarding promotinal terms offered | JetBlue moves to redact the promotional terms that were offered to a customer, the corporate customer name, and personal information related to the customer's frequent flyer account. | As explained in Section II.D. of the Motion, disclosure of customer lists, pricing and discount information will harm JetBlue's competitive standing.  Additionally, as explained in Section I, protection of privacy should be weighed against the presumption of access. | Historic; Overredacted; Pre-NEA competition.\n\nThis document relates to a promotion for corporate customer from December 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0658 | JBLU014 61210 | JBLU014 61213 | Email thread between Barry McMenamin, Robbie Mehoke, Gregory Royall and corporate customers from September 2018 regarding negotiations around corporate discount agreement | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.\n\nThis document includes description of pre-NEA competition and offer for corporate customer from Septebmer 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0659 | JBLU014 66018 | JBLU014 66020 | Email thread between Robbie Mehoke and Barry McMenamin from January 2020 regarding renewal of corporate discount agreement with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for a corporate customer from January 2020.  Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0660 | JBLU014 70513 | JBLU014 70521 | Email thread between Barry McMenamin and corporate customers from February - April 2019 regarding updated corporate discount agreement | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for a  corporate customer from February 2019.  Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0662 | JBLU014 81040 | JBLU014 81041 | Email thread between Barry McMenamin and Robbie Mehoke from February 2018 regarding renewal of corporate discount agreement with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from February 2018.  Language in the email reflects pre-NEA competition between American and JetBlue.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0663 | JBLU014 84552 | JBLU014 84557 | Email thread between Robbie Mehoke, Barry McMenamin, and Jeremy Blechman from January 2020 re renewal of corporate discount agreement with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from February 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0665 | JBLU014 99803 | JBLU014 99807 | Email thread between Diane Zaiter, Robbie Mehoke, Evan Jarashow, Michael Hillyard, Aamir Patel from May - June 2018 re: [Corporate Customer] Mint Fares | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition. This document relates to fare offers for corporate customer from June 2018. Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0666 | JBLU015 05527 | JBLU015 05531 | September 2019 JetBlue Presentation, "Shuttling to & from BOS Increased frequency and Free Same-Day Changes plan" | JetBlue moves to redact information regarding its business strategy and future plans in Boston. JetBlue does not move to seal historic information about performance in Boston or marketing plans. | As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition. This deck from September 2019 discussing routes that have since been announced or entered. |
| PX0667 | JBLU015 13336 | JBLU015 13336 | Email thread between Robbie Mehoke, Michelle Perciak, and Gregory Royall from January 2018 regarding negotiations with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition. This document relates to fare offers for corporate customer from January 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0668 | JBLU015 17484 | JBLU015 17527 | Standalone JetBlue Airways slide deck from August 2020 titled "JetBlue Update: Robbie Mehoke, Sales Director" | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | High-level; Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers and high-level descriptions of JetBlue's products from August 2020. Plaintiffs do not object to redaction of name of travel agency, but do oppose Defendants' other redactions. |
| PX0678 | JBLU017 72595 | JBLU017 72596 | Email thread between Robbie Mehoke, "BlueInventory Leadership," Daryll Newman, and Gregory Royall from February 2018 re: KPMG Revenue Management request; contains one attachment titled "FW: KPMG Amendment Review" | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from February 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0678 | JBLU017 72597 | JBLU017 72597 | Email thread between Robbie Mehoke, "BlueInventory Leadership," Daryll Newman, and Gregory Royall from February 2018 regarding renewal of corporate discount agreement with corporate customer with attachments containing corporate analyses | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from February 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0678 | JBLU017 72598 | JBLU017 72599 | Spreadsheet containing information related to market share goals and discount terms | JetBlue moves to seal this spreadsheet, which contains detailed information related to specific pricing and discount terms provided to a corporate customer. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.\n\nThis document relates to fare offers for corporate customer from February 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0678 | JBLU017 72600 | JBLU017 72600 | Spreadsheet containing information related to market share goals and discount terms | JetBlue moves to seal this spreadsheet, which contains detailed information related to specific pricing and discount terms provided to a corporate customer. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.\n\nThis document relates to fare offers for corporate customer from February 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0678 | JBLU017 72601 | JBLU017 72614 | February 2018 presentation prepared for corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.\n\nThis document relates to fare offers for corporate customer from February 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0678 | JBLU017 72615 | JBLU017 72615 | Spreadsheet containing information related to market share goals and discount terms | JetBlue moves to seal this spreadsheet, which contains detailed information related to specific pricing and discount terms provided to a corporate customer. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from February 2018.  Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0697 | JBLU022 11531 | JBLU022 11541 | October 2017 Corporate Discount Agreement between JetBlue and a corporate customer. | JetBlue moves to redact from this corporate contract client names and specific pricing information. JetBlue does not move to seal the terms of the corporate customer contract. | As explained in Section II.D. of the motion, disclosure of corporate customer names and corporate pricing will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This is a  corporate customer contract for air travel from June 2019.  It relates to anticipated testimony in this case. Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. |
| PX0702 | JBLU025 00953 | JBLU025 00957 | Series of text messages between Derek Klinka, Claire Roeschke, and David Fintzen from June 2020 | JetBlue moves to seal this exhibit in its entirety for containing personal phone numbers and for containing competitively sensitive future plans. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | Employee discourse; Historic; Overredacted.<br><br>Text conversation from June 2020 about a coworker's projects related to transactions that have since been publicly disclosed. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0704 | JBLU025 01613 | JBLU025 01622 | Series of text messages between David Fintzen and Derek Klinka from May 2020 | JetBlue moves to seal this exhibit in its entirety for containing personal phone numbers and for containing competitively sensitive future plans. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | Employee discourse; Historic; Overredacted.<br><br>Text conversation from June 2020 about a coworker's projects related to transactions that have since been publicly disclosed. |
| PX0712 | JBLU025 27337 | JBLU025 27357 | Series of text messages between Joanna Geraghty and Robin Hayes from June 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy.  JetBlue does not move to seal historic information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of network planning and forward looking plans will harm JetBlue's competitive standing. | Employee discourse; Historic; Publicly available.<br><br>Text conversation from June 2020 referring to plans that have since been publicly announced. |
| PX0718 | JBLU025 56093 | JBLU025 56103 | Series of text messages between David Neeleman and Robin Hayes from February 2018 | JetBlue moves to redact certain non-public information about contemplated partnerships with other airlines. | As explained in Section II.A. of the Motion, highly sensitive, non-public information related to corporate strategy, including those involving potential transactions, will harm JetBlue's competitive standing. | Employee discourse; Historic.<br><br>Text conversation from February 2018 with a non-employee. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0718 | JBLU025 56097 | JBLU025 56097 | Series of text messages between David Neeleman and Robin Hayes from February 2018 | JetBlue moves to redact certain non-public information about contemplated partnerships with other airlines. | As explained in Section II.A. of the Motion, highly sensitive, non-public information related to corporate strategy, including those involving potential transactions, will harm JetBlue's competitive standing. | Employee discourse; Historic.  Text conversation from February 2018 with a non-employee. |
| PX0718 | JBLU025 56098 | JBLU025 56098 | Series of text messages between David Neeleman and Robin Hayes from February 2018 | JetBlue moves to redact certain non-public information about contemplated partnerships with other airlines. | As explained in Section II.A. of the Motion, highly sensitive, non-public information related to corporate strategy, including those involving potential transactions, will harm JetBlue's competitive standing. | Employee discourse; Historic.  Text conversation from February 2018 with a non-employee. |
| PX0721 | JBLU025 98842 | JBLU025 98859 | June 11, 2020 JetBlue Presentation, "Project Connie Exec Read-Out Draft" | JetBlue moves to redact from this presentation future network planning and related granular financial data on margins. JetBlue does not move to seal general discussions of historic performance and the Northeast Alliance. | As explained in Section II.A. of the motion, disclosure of future strategic plans will harm JetBlue's competitive standing.  As explained in Section II.C. of the motion, disclosure of future granular financial data will harm JetBlue's competitive standing. | Core to the NEA; Publicly available.  June 2020 presentation on the Northeast Alliance with some redactions covering plans that have already been implemented. Plaintiffs' position is that only plans that have not yet been announced should be redacted. |
| PX0738 | JBLU026 27526 | JBLU026 27530 | Series of text messages between Michael Quiello and Scott Laurence from June 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages. JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0739 | JBLU026 27810 | JBLU026 27837 | Series of text messages between Scott Laurence and Robin Hayes from April 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy of how to negotiate with American.  JetBlue does not move to seal historic market information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of network planning and negotiating strategy will harm JetBlue's competitive standing. | Employee discourse; Historic.  Text conversation from April 2020 regarding plans that did not come to fruition. |
| PX0740 | JBLU026 27823 | JBLU026 27837 | Series of text messages between Robin Hayes and Scott Laurence from April 2020 | JetBlue moves to seal this exhibit in its entirety because it contains the phone number of the participants in the text messages, and to redact future network planning and business strategy of how to negotiate with American. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of network planning and negotiating strategy will harm JetBlue's competitive standing. | Employee discourse; Historic.  Text conversation from April 2020 regarding plans that did not come to fruition.  Plaintiffs do not oppose redacting airport codes and phone numbers, but do oppose Defendants' other redactions. |
| PX0754 | JBLU027 27455 | JBLU027 27457 | JetBlue handwritten notes from a February 13, 2020 board meeting related to fleet safety, audits, and compensation related to a pending corporate transaction. | JetBlue moves to seal this exhibit in its entirety because it details JetBlue's corporate strategy and network planning. | As explained in Section II.A. of the motion, disclosure of corporate strategy and network planning will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.  This document contains information regarding pre-NEA competition.  Defendants propose sealing this in its entirety and have not offered proposed redactions, despite Plaintiffs' requests. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0763 | JBLU-LIT-00025049 | JBLU-LIT-00025051 | March 18, 2021 JetBlue email thread between Dave Clark, Kimberly Parker, Jonathan Weiner, Evan Jarashow, BlueInventory&Fares Leadership, and Ryan Metzger from re: GSA FY 22 Bid Summary | JetBlue moves to redact from this email thread non-stale competitively sensitive information regarding JetBlue's pricing and bidding strategy.  JetBlue does not move to seal general information about the bid. | As explained in Section II.B. of the motion, disclosure of pricing strategy will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.  This document relates to routes from Defendants' pririor bids for government travel contracts.  Plaintiffs do no object to redacting the fares, but do oppose Defendants' other redactions. |
| PX0801 | JBLU-LIT-01552226 | JBLU-LIT-01552259 | July 2021 email thread between Reese Davidson, Todd Homan, Peter Irvine, Fahad Ahmad, Jason Horner, Albert Muldoon, Kevin Bryan, and Robert Land re: JetBlue Submissions to Mazars/CMA; contains one attachment titled "2021 07 22 PE decision S22 slots (NC version B6).pdf" | JetBlue moves to redact parts of the email thread in this exhibit that relate to JetBlue's corporate competitive strategy in the UK market. JetBlue also moves to seal the attachment to the email in this exhibit. The attachment titled "2020 11 13 (B6) inc mark up for applicant.pdf" contains commercially sensitive information regarding JetBlue's corporate competitive strategy in the UK market. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy information will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.  It has been publicly announced that JetBlue was not awarded remedy slots at London Heathrow, and that JetBlue has entered service to London. This document is from July 2021. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0805 | JBLU-LIT-01561435 | JBLU-LIT-01561463 | November 2020 mail thread between James Lambert, Robert Land, Ronan Flanagan, Liam Maclean, Michael Jewell, Colin Garland, Claire Corbett, April Carr, ProjectTaurus-External, and Reese Davidson from re: CMA London-Boston slot, contains one attachment titled "2020 11 13 (B6) inc mark up for applicant.pdf" | JetBlue moves to seal the attachment to the email in this exhibit. The attachment titled "2020 11 13 (B6) inc mark up for applicant.pdf" contains commercially sensitive information regarding JetBlue's corporate competitive strategy in the UK market. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy information will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.

It has been publicly announced that JetBlue was not awarded remedy slots at London Heathrow, and that JetBlue has entered service to London. This document is from November 2020. |
| PX0807 | JBLU-LIT-01566947 | JBLU-LIT-01566961 | June 19, 2020 JetBlue presentation, "Board of Directors - June Meeting - Emerging from the Crisis - v10 (Connie)" | JetBlue moves to redact from the presentation business strategy and planning information. JerBlue does not move to seal historic market information. | As explained in Section II.A. of the motion, disclosure of corporate strategy will harm JetBlue's competitive standing. | Core to the NEA; High-level; Overredacted.

These are decks created during NEA negotiations presented to the JetBlue board and executives, containing high-level descriptions of the NEA, and subsequently shared with the UK Competition and Markets Authority. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0813 | JBLU-LIT-01767343 | JBLU-LIT-01767370 | Email from Dave Clark to Joi Dolvin-Plummer from September 2021 re: Print 4 color copies please; contains one attachment titled "RM and Network slides for Monte Ford vFinal.pdf" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | High-level; Historic.<br><br>This document provides a high-level overview of revenue management and network planning for a newly added Board of Directors member. It contains organizational charts, a history of changes to industry fare options since 2008, and basic information about airline pricing and route schedules. Plaintiffs do not object to redacting specific forecast numbers or current non-public pricing strategies, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0814 | JBLU-LIT-01767974 | JBLU-LIT-01768113 | June 2021 Competitive Assessment Primer prepared by JetBlue, "Competitive Primer" | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services.  JetBlue further moves to redact granular financial information.  JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing.  As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | High-level; Historic; Overredacted.  This email thread from June 2021 and its attachments provide an airline industry overview. Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0814 | JBLU-LIT-01767974 | JBLU-LIT-01768113 | June 2021 Competitive Assessment Primer prepared by JetBlue, "Competitive Primer" | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services.  JetBlue further moves to redact granular financial information.  JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing.  As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | High-level; Historic; Overredacted.  This email thread from June 2021 and its attachments provide an airline industry overview.  Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0818 | JBLU-LIT-01790297 | JBLU-LIT-01790303 | November 2021 email thread between Dave Clark, Robin Hayes, Joanna Geraghty, Ursula Hurley, Dimpy Singh, Scott Laurence, Santiago Martello, Pete Gianvecchio, Carol Clements, Maryssa Miller, Alex Chatkewitz, Andres Barry, Sara Bogdan, Richard Johns, Jonathan Weiner, Robbie Mehoke, Sasha Barker, Jose Calado, Jayne O'Brien, and Don Uselmann from November 2021 re: 2022 Revenue Initiative Options (Recommendations); contains one attachment titled "Potential 2022 Revenue Initiatives vFinal.xlsx" | JetBlue moves to redact parts of the email thread in this exhibit that relate to non-stale strategic discussions about revenue initiatives. JetBlue also moves to seal the attachment to the email thread in this exhibit. The exhibit contains commercially sensitive information regarding revenue strategy, as well as granular revenue data. | As explained in Section II.A. of the motion, disclosure of prospective business plans will harm JetBlue's competitive standing.  As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Historic; Publicly available.<br><br>This document from November 2021 includes plans that have since been publicly announced or implemented. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0820 | JBLU-LIT-01905282 | JBLU-LIT-01905283 | October 22, 201 JetBlue email from Andrew Uzenoff to Eric Friedman and Jack Massey from October 2021 re: NEA materials for next week; contains three attachments titled "RE: LGA Frequencies," "JFK Connectivity Summer 2022_B6 edits.xlsx," and "Copy of NEA Steady State Plan - October 2021 Meeting.xlsx" | JetBlue moves to redact future network planning. JetBlue does not move to seal remaining discussions related to historic and current market information about JFK and LGA. | As explained in Section II.A. of the motion, disclosure of future network planning will harm JetBlue's competitive standing. | Core to the NEA; Historic.<br><br>This document describes summer 2022 frequencies under the NEA, which will be publicly available by the time of trial, including the fact that American no longer offers service between Boston and La Guardia. |
| PX0822 | JBLU-LIT-02113531 | JBLU-LIT-02113591 | Email thread between Jonathan Weiner, Blue Inventory & Fares Leadership, Dave Clark, Scott Laurence, Andrea Lusso, and Richard Johns from September 2021 re: FW: Monte Ford Slides; contains two attachments titled, "RM and Network slides for Monte Ford v.8.pdf" and "RM and Network slides for Monte Ford v.8.pptx" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | High-level; Historic.<br><br>This document includes revenue strategies up through 2021, which are no longer competitively sensitive. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0838 | JBLU-LIT-02768723 | JBLU-LIT-02768857 | JetBlue's September 2021 Senior Leadership Team Strategy Offsite presentation regarding Strategy and Business Development" | JetBlue moves to redact parts of the presentation that relate to competitively sensitive future network planning and corporate strategy, as well as granular financial data. | As explained in Section II.A. of the motion, disclosure of future network plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | High-level; Historic; Overredacted.<br><br>Redactions cover high-level strategies for 2021 (which have now been implemented), general statements about long-term metrics, description of JetBlue's past growth performance, and past travel products dating back to 2017. |
| PX0839 | JBLU-LIT-02770232 | JBLU-LIT-02770371 | June 2021 Competitive Assessment Primer prepared by JetBlue, "Evolution to a Travel Company" | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services.  JetBlue further moves to redact granular financial information.  JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | High-level; Historic; Overredacted.<br><br>This email thread from September 2021 and its attachments provide an airline industry overview. Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0842 | JBLU-LIT-03005559 | JBLU-LIT-03193911 | Series of text messages between Eric Friedman and Jack Massey from September 2020 | JetBlue moves to redact future network planning and business strategy.  JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of future network and business plans will harm JetBlue's competitive standing. | Employee discourse; High-level; Historic; Publicly available.

This document discusses public-facing trends in the airline industry between 2015 and 2020.  The conversation is from September 2020. |
| PX0846 | JBLU-LIT-03242122 | JBLU-LIT-03242131 | Series of text messages between Scott Laurence and Warren Christie from August 2021 | JetBlue moves to redact the phone numbers of the participants in the text messages, and business strategy with respect to transatlantic service.  JetBlue does not move to seal other business conversations. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy.  As explained in Section II.A. of the motion, disclosure of corporate strategy will harm JetBlue's competitive standing. | Core to the NEA; Employee Discourse.

This document from August 2021 includes information about the terms and strategy of the NEA.  Plaintiffs do not object to redacting phone numbers, but do oppose Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0862 | JBLU-LIT-03617462 | JBLU-LIT-03617477 | NEA Corporate Go-to-Market Proposal, dated April 15, 2021 | American moves to redact from this exhibit, a deck used to present American's ideas about the strategies and tactics to compete for customers in the Northeast Alliance, specific information about how American is targeting corporate customers. | As explained in Section II.A., disclosure of information regarding American's strategy in targeting specific customers as part of the Northeast Alliance will allow competitors to anticipate and target those same customers using the other competitively sensitive information about the NEA offerings that have not been redacted from this presentation and other documents to gain an advantage. | Core to the NEA.<br><br>This document from April 2021 describes the structure of the NEA.  It is central to the topic of this litigation. |
| PX0866 | JBLU-LIT-03734347 | JBLU-LIT-03735909 | Series of text messages between Eric Friedman and Eric Tanner from September 2020 | JetBlue moves to redact future funding and network information. JetBlue does not move to seal historic or current market information. | As explained in Section II.A, of the motion, disclosure of future plans will harm JetBlue's competitive standing. | Core to the NEA; Employee discourse; Overredacted; Publicly available.<br><br>This document from July 2021 includes discussion of network decisions related to the NEA, some of which have been publicly announced or disclosed. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0899 | SSBT_00 00206 | SSBT_00 00225 | Email thread between Barry McMenamin and Dorothy Nee from March - May 2019 re: Renewal Update - New agreement and summary presentation; contains two attachments titled "State Street Corporation Corporate MSA April 1, 2019.pdf" and "State Street FF presentation.pdf" | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer. | As explained in Section II.D. of the Motion, disclosure of highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | Historic; Overredacted; Pre-NEA competition.<br><br>This document relates to fare offers for corporate customer from May 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. |
| PX0918 | AA-NEA-01396637 | AA-NEA-01396660 | Standalone American slide deck from May 2020 titled "Garland Relationship Options & Proposals" with file name "Garland - INTL Review - 04May - Internal.pptx" | American moves to redact from this presentation regarding the Northeast Alliance routes identified as potential new international routes that American has not announced or launched and detailed financial information for American and JetBlue that is not public and competitively sensitive. | As explained in Sections II.A. and II.C. of the Motion, disclosure of future plans and granular financial data will harm American's competitive standing. | Core to the NEA; Overredacted.<br><br>This document reflects Defendants' descriptions of the NEA from May 2020. Such descriptions are central to this litigation. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0919 | AA-NEA-01399291 | | Standalone Excel document from April 2020; contains nine tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary," "Seg Data AA Op," "Seg Data B6 Op," and "Flow Over Leg AA BOSLHR" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing.  Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.  This document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. |
| PX0920 | AA-NEA-01399305 | | Standalone Excel document from April 2020; contains eight tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary Rev," "Seg Data AA Op," and "Seg Data B6 Op" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing.  Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.  This document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0921 | AA-NEA-01399308 | | Standalone Excel document from April 2020; contains eight tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary," "Seg Data AA Op," and "Seg Data B6 Op" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing.  Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.  This document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0925 | AA-NEA-02143000 | AA-NEA-02143113 | Email from Neal Parikh to Vasu Raja, Massimo Mancini, Devon May, Nina Wittkamp, and Steffen Fuchs from July 2021 re: Network Strategy Update (pre-read); contains two attachments titled, "1. Executive Summaries Chapters 1-4 (July 23 PM).pdf" and "2. Pre-read Slides Chapter 1-4 (July 25th PM).pdf" | American moves to redact portions of this exhibit, which include Board decks from July 2021 spanning more than 100 pages that were used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from these presentations the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes, revenue data specific to American's partnerships and highly sensitive and relatively recent future strategy and network plans, including detailed analysis of American's prospects in different airports and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Proposed redactions not received.

Plaintiffs have not received revised redactions from Defendants and have been unable to review. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0935 | JBLU006 27566 | JBLU006 27567 | January 25, 2019 JetBlue email thread between Nicholas Han, Tom Kuehn, Andrea Lusso, Erick Capps, Jack Massey, Eric Friedman, Chung-Chiang Kao, and Kevin Costello from January 2019 re: EWR growth outlook | JetBlue moves to redact from this email thread future network planning for Newark. JetBlue does not move to seal historic market information about Newark. | As explained in Section II.A. of the motion, disclosure of future network planning will harm JetBlue's competitive standing. | High-level; Historic.  Plaintiffs have not received revised redactions from Defendants and have been unable to review; however, Defendants confirmed that they anticipate substantially similar redactions the proposed redactions for PX0314. PX0314 is an email from July 2021 related to high-level strategies and historical descriptions of markets, such as passenger breakdowns from 2019. Consistent with the approach for PX0314, Plaintiffs do not anticipate objecting to redactions of specific margin percentages, but do anticipate opposing Defendants' other redactions. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| PX0936 | JBLU017 87894 | JBLU017 87896 | Email from Jack Massey to Ciprian Acatrinei, John Allen, Jesus Baez, Alex Battaglia, Eric Berger, Heather Berko, BluePlanning, Katherine Celli, Warren Christie, Dave Clark, Giselle Cortes, Kevin Costello, Ian Deason, Joseph DeVito, Joshua Dover, Hakan Ergan, Mandy Gargano, Joshua Goldwitz, Jeffrey Goodell, Kapil Gwalani, Thomas Howell, Rose Hsu, David Jehn, Loretta Kennedy, Tony LaCognata, Jeff Landgrebe, Scott Link, Andrew Matuson, Peter McManus, Ponnarasi Sakthivelu, Gisselle Sanchez, Adam Schless, Kelly Shannon, Keith Slotter, Mike Stine, Wallce Trolan, Jakob Van Leeuwen, Andy Parker, Maryssa Miller, Amit Chawla, Jeffery Hunt, Wendy Juengerkes, Santiago Martello, Michael Brocker, Lisa Reifer, Chantal Van Wijnbergen, Robert | JetBlue moves to redact future network planning information. JetBlue does not move to seal historic or current market information | As explained is Section II.A. of the motion, disclosure of future network planning will harm JetBlue's competitive standing. | Historic; Pre-NEA competition; Publicly available.<br><br>This document reflects Defendants' network plans for 2019 to 2021. These flights have been flown or were abandonned. |
|---|---|---|---|---|---|---|

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| | | | Martinelli, Caryl Spoden, Tim Massimiano, William Mercier, Reese Davidson, Matthew Urbanek, Jin Wang, Thomsa Connolly, Christopher McCloskey, Mariya Stoyanova, Andres Barry, Michael Pezzicola, Allison Silverstein, and Route Planning from September 2019 re: **CONFIDENTIAL** Quarterly Network Development Update | | | |
| PX0938 | JBLU025 00877 | JBLU025 00917 | Series of text messages between +19788463237, David Fintzen, and Claire Roeschke from May 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages and granular financial information.  JetBlue does not move to redact historic or current market information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | Core to the NEA; Employee discourse; High-level.  This document includes a high-level description of a tool used to evaluate the NEA. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX0949 | JBLU-LIT-04405031 | JBLU-LIT-04405206 | Standalone JetBlue slide deck titled "Board of Directors Meeting" from February 2022 | JetBlue moves to redact from this board presentation granular financial data (including margins and profitability); future plans related to network, infrastructure, fleet plans; and draft board resolutions. | As explained in Section II.A and II.C, disclosure of detailed and granular financial data related to margins and profitability as well as highly sensitive, strategic planning documents, including those involving future plans, will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.<br><br>This document addresses projects that have since been publicly disclosed. The document also includes high-level plans and backward-looking anecdotes. |
| PX0949 | JBLU-LIT-04405031 | JBLU-LIT-04405206 | February 2022 JetBlue Presentation, "Board of Directors Meeting" | JetBlue moves to redact from this 2022 presentation future business planning and strategy, future network planning, future fleet planning, and granular financial information.  JetBlue does not move to seal historic and current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | Historic; Overredacted; Publicly available.<br><br>This document addresses projects that have since been publicly disclosed. The document also includes high-level plans and backward-looking anecdotes. |
| PX1006 | | | Exhibit 2 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized frequent flyer ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1007 | | | Exhibit 3 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| PX1008 | | | Exhibit 4 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |
| PX1009 | | | Exhibit 5 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1010 | | | Exhibit 6 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| PX1011 | | | Exhibit 7 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers.  Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. |
| PX1013 | | | Exhibit 9 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers.  Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1014 | | | Exhibit 10 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| PX1015 | | | Exhibit 11 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a table indicating where American and JetBlue customers reside. | This table provides competitors an understanding of where marketing could be targeted to capture more of American and JetBlue customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| PX1016 | | | Exhibit 12 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. This exhibit is a map of where Jetblue's customers reside created using JetBlue's ticket sales data from the JetBlue slide deck "New York & Washington DC Slot Acquisition Plan," dated January 2012 | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized ticket data from 2012. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1024 | | | Exhibit 20 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. This exhibit is a table showing granular financial information concerning JetBlue's corporate strategy in certain domestic markets. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public information concerning JetBlue's corporate strategy will harm JetBlue's competitive standing. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. |
| PX1037 | | | Exhibit 33 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| PX1038 | | | Exhibit 34 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1039 | | | Exhibit 35 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |
| PX1040 | | | Exhibit 36 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |
| PX1041 | | | Exhibit 37 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit.  The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.

This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. |

**Appendix A (Exhibits To Be Sealed Objected To By Plaintiffs)**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection |
|---|---|---|---|---|---|---|
| PX1042 | | | Exhibit 38 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.<br><br>This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. |