**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

**ASSENTED-TO MOTION TO SEAL EXHIBIT A TO THE DECLARATION OF ELISE M. NELSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF DEFENDANTS' ALLEGED CARVE-OUT ROUTES**

Pursuant to Local Rule 7.2 and the Stipulated Protective Order in this matter (ECF No. 99), Defendants American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue," and collectively "Defendants") respectfully move the Court for an order of impoundment as to Exhibit A to the Declaration of Elise M. Nelson in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2 to Exclude Evidence of Defendants' Alleged Carve-out Routes ("Exhibit A") – filed at ECF No. 158-1.

Exhibit A, a true and correct copy of the Northeast Alliance Agreement ("NEA Agreement") between American and JetBlue, contains information Defendants have designated as Highly Confidential under the terms of the Stipulated Protected Order entered in this action. ECF No. 99. Accordingly, and pursuant to the Stipulated Protective Order, Defendants respectfully request that the Court seal limited portions of the exhibit to protect this confidential information. Defendants have prepared a redacted version of the NEA Agreement, attached hereto as Exhibit A, which removes only the relevant confidential material, and which Defendants seek to file on the public

docket at ECF No. 158-1. Defendants further request that the sealed version of Exhibit A remain impounded under further order of the court.

## ARGUMENT

Courts recognize that "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"). Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

It is well-settled that documents revealing "business information that might harm a litigant's competitive standing" are the type of materials that courts protect because their disclosure can result in injury. *Nixon*, 435 U.S. at 598. Negotiated contract terms constitute paradigmatic trade secrets that, if disclosed, would harm a company's competitive standing in the market. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that contract terms contained in licensing agreement are "the precise sort of information . . . that plainly falls within the definition of 'trade secrets'"). The NEA Agreement is highly confidential, containing competitively sensitive terms and conditions that, if made public, would significantly harm the competitive standing of American and JetBlue. Courts routinely seal this type of competitively sensitive information. *See, e.g.*, *In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (granting motion for protective order to protect "confidential commercial information about [a bank's] internal policies and procedures, as well as the internal policies and procedures of its third-party vendor" because material at issue "could unfairly disadvantage [the bank

and its vendor] vis-à-vis their economic competitors").[1]

The NEA Agreement contains sensitive information regarding the Defendants and, in particular, detailed proprietary and competitively sensitive information about the terms of the Northeast Alliance. Disclosing this information to the public would result in serious harm to American and JetBlue.

Finally, Defendants' request for sealing is narrowly tailored. Defendants seek only to seal limited portions of the NEA Agreement, and likewise seek to file a redacted version of the NEA Agreement on the public docket. This protects Defendants' confidential information while permitting the public to have the fullest possible access.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order impounding Exhibit A to the Declaration of Elise M. Nelson in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2 to Exclude Evidence of Defendants' Alleged Carve-out Routes, and permitting Defendant to file a redacted version of same on the public docket.

---

[1] *See also, e.g.*, *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting sealing of "confidential business agreements" that included "sensitive financial information"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in maintaining the confidentiality of terms to a business agreement that are not available to the public because otherwise the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury); *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D. 320, 324 (E.D. Pa. 2003) (protecting documents containing proprietary information because defendants' "competitors would be able to exploit this information during negotiations with [their] customers").

Dated: September 12, 2022                                  Respectfully submitted,

 /s/ Daniel M. Wall
Daniel M. Wall (*pro hac vice*)
Elizabeth C. Gettinger (*pro hac vice*)
Elise M. Nelson (*pro hac vice*)
Nitesh Daryanani (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com
elise.nelson@lw.com
nitesh.daryanani@lw.com


Ian R. Conner (*pro hac vice*)
Michael G. Egge (*pro hac vice*)
Farrell J. Malone (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Marguerite M. Sullivan (*pro hac vice*)
Tara L. Tavernia (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
Jesse A. Vella (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
marguerite.sullivan@lw.com
andrew.paik@lw.com
tara.tavernia@lw.com
jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Leila Siddiky (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Brian Hauser (*pro hac vice*)
Ryan Leske (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com
ryan.leske@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), Defendants hereby certify that they have conferred with counsel for Plaintiffs regarding the relief requested in this motion, and Plaintiffs do not oppose the sealing of this Exhibit for the purposes of this Motion to Seal Exhibit A to the Declaration of Elise M. Nelson in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* no. 2 to Exclude Evidence of Defendants' Alleged Carve-out Routes. Plaintiffs have stated that they expressly reserve all rights to challenge the confidentiality of this Exhibit at trial.

/s/ Daniel M. Wall
Daniel M. Wall

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Daniel M. Wall
Daniel M. Wall