**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA et al.,

*Plaintiffs*,

v.

AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,

*Defendants*.

Case No. 1:21-cv-11558-LTS

**PLAINTIFFS' UNOPPOSED MOTION TO TEMPORARILY IMPOUND CONFIDENTIAL MATERIALS RELATING TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL TRIAL EXHIBITS**

The United States of America, the State of Arizona, the State of California, the District of Columbia, the State of Florida, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, Plaintiffs) respectfully move the Court under Local Rule 7.2 to temporarily impound the confidential materials described below.

Plaintiffs' Opposition to Defendants' Motion to Seal Trial Exhibits attaches six exhibits that American Airlines Group Inc. ("American") or JetBlue Airways Corporation ("JetBlue") assert should be redacted or sealed from the public record at trial. Although Plaintiffs do not agree that these documents should be redacted or sealed at trial, Plaintiffs request leave to seal six exhibits from the public version of Plaintiffs' Opposition for a limited time period so the Court may rule on Defendants' proposed confidentiality assertions.

To the extent Defendants seek to protect the confidentiality of their ordinary course business documents, the burden is on Defendants to show good cause why the information should not be disclosed on the public record. A party moving to seal or impound court records at trial must overcome the presumption that the public has a right to see and copy "materials on

which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). "That presumption, so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know, cannot be easily overcome." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412–13 (1st Cir. 1987). In deciding such a motion, courts weigh the public's right of access against the parties' competing interests in confidentiality. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13 (1st Cir. 2002). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015).

On September 9, 2022, Defendants moved the Court to redact or seal the ordinary course business documents described above at trial. ECF No. 159. Plaintiffs request that the Court temporarily impound this information until such time as the Court rules on Defendants' motion to redact or seal these documents at trial. Plaintiffs' motion is narrowly tailored to avoid infringing any more than necessary upon the public's right to access judicial records. Plaintiffs seek only temporary impoundment, and Plaintiffs do not seek to redact or seal any documents beyond those specified above. Plaintiffs have conferred with Defendants and Defendants do not oppose this motion.

Plaintiffs therefore respectfully request the Court to issue an order of temporary impoundment.

Dated: September 13, 2022

Respectfully submitted,

*/s/ Sarah P. McDonough*
Sarah P. McDonough
Craig L. Briskin
U.S. Department of Justice
Antitrust Division
26 Federal Plaza, Suite 3630
New York, NY 10278
Phone: (202) 705-4620
Email: sarah.mcdonough@usdoj.gov

*Attorneys for the United States of America*

/s/ Colin G. Fraser
Colin G. Fraser
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Email: colin.fraser@myfloridalegal.com

/s/ Daniel H. Leff
Daniel H. Leff (MA Bar No. 689302)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
Email: Daniel.leff@mass.gov

*Attorneys for the State of Florida and the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants on September 13, 2022. Defendants confirmed that they do not oppose this motion.

*/s/ James H. Congdon*
James H. Congdon
Craig L. Briskin
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Phone: (202) 353-9372
Email: james.congdon@usdoj.gov

*Attorney for the United States of America*