# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC. and<br>JETBLUE AIRWAYS CORPORATION,<br><br>Defendants. | Civil Action No. 1:21-cv-11558-LTS |

## UNITED AIRLINES INC.'S UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL MATERIALS

Pursuant to Local Rule 7.2, the Stipulated Protective Order in this case (ECF No. 99), and the Joint Proposed Pretrial Order (ECF No. 157), non-party United Airlines, Inc. (***United***), respectfully moves the Court for an order of impoundment of United's Confidential and Highly Confidential materials that have been designated by the Parties for use at trial until further order of the Court.

In response to subpoenas issued by the Parties under Fed. R. Civ. P. 45, United produced to the Parties documents and testimony containing Confidential and Highly Confidential information relevant to its air transportation service offerings, including network plans, strategic assessments, aircraft gauge, pricing, advertising or marketing efforts, and other strategic operating information concerning airport operations in New York City, Boston, Philadelphia, Los Angeles, San Francisco, and London (***Protected Materials***).  The Parties have designated some of these Protected Materials for use at trial.  Seeking the impoundment of only three documents and the targeted redaction of six others along with a modest amount of deposition testimony, United's requests to impound and redact the Protected Materials are narrowly tailored to prevent harm to its competitive standing resulting from the disclosure of current and forward looking commercially sensitive information

contained therein.  The Parties do not oppose the relief requested in this motion, but reserve the right to request that the Court unseal specific United documents or deposition testimony and/or to address issues raised during any future court hearing regarding confidentiality.  The requested impoundment would not impede trial as the Court could reassess the need to include any impounded information in its rulings post-trial.

In particular, given the sensitive nature of the information contained in United's Protected Materials, United respectfully requests the impoundment of the following Protected Materials in their entirety:

| Exhibit No. | Date Produced | Description | Basis of Motion to Impound |
|---|---|---|---|
| DX-0512 (UA-000103316 – 3377) | May 19, 2022 | Presentation titled "Board of Directors" and dated May 27, 2021. | United moves to impound this document because it reveals information considered by the Board of Directors in strategic deliberation, including future plans and strategies, and sensitive internal data on customers. |
| DX-0513 (UA-000103379 – 3428) | May 24, 2022 | Presentation titled "General Session" and dated September 23, 2021. | United moves to impound this document because it reveals information considered by the Board of Directors in strategic deliberation, including operations strategy and proprietary information on customer preferences. |
| PX-0908 (UA-000014260 – 14272) | March 25, 2022 | E-mail thread from Bruce Turpin dated January 22, 2021, with subject "weekly activity report for North America Field Sales & International." | United moves to impound this document because it includes contract terms and strategic information for individual corporate clients. |

United further requests the redaction of limited portions of the following Protected

Materials:[1]

| Exhibit No. | Date Produced | Description | Basis of Motion to Impound |
|---|---|---|---|
| DX-0504 (UA-000000324 – 325) | March 25, 2022 | Email thread from Soudeh Mansourian dated July 1, 2021, with subject "Bounce Back bi-weekly meeting." | United moves to redact portions of this cover email relating to topics discussed by the Board of Directors. |
| DX-0505 (UA-000000326 – 359) | March 25, 2022 | Presentation titled "Ops United Next Leadership Update" and dated July 1st, 2021. | United moves to redact portions of this presentation relating to United's strategy for interacting with key industry suppliers. |
| DX-0507 / PX -0906 (UA-000000379 – 431) | March 25, 2022 | Presentation titled "Network/RM – E-Team Review" and dated March 30, 2021. | United moves to redact portions of this presentation relating to its future strategy for hub airports. |
| DX- 0509 (UA-000004410) | March 25, 2022 | Presentation attributed to Andrew Nocella as EVP & Chief Commercial Officer titled "Commercial Update – May 26-27, 2020." | United moves to redact portions of this presentation relating to its future aircraft deployment plans, hub strategies, and forecasts. |
| DX-0514 (UA-000103429 – 3450) | May 24, 2022 | Presentation titled "Newark Global Gateway-2021 Revision" attributed to Ankit Gupta as VP of Network Planning and Scheduling and dated July 26, 2019. | United moves to redact portions of this presentation relating to its long-term network plan and future goals. |
| DX-0515 (UA-000103451 – 3479) | May 24, 2022 | Presentation titled "Newark Global Gateway – 2021 Revision" and dated April 2021. | United moves to redact portions of this presentation relating to its long-term network plan and future goals. |

[1] In its August 17, 2022 letter to the Parties, United included copies of these Protected Materials with proposed redactions as well as proposed redacted copies that could be used for public disclosure.

Finally, United requests the redaction of limited portions of the following deposition transcripts:

- United moves to redact portions of the deposition of Andrew Nocella under Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure that are designated Confidential or Highly Confidential as specified in United's June 1, 2022 letter to the Parties.[2]  On August 17, 2022, United provided the Parties with proposed redactions to this transcript along with a proposed redacted copy;

- United moves to redact portions of the deposition of Doreen Burse under Rule 45 of the Federal Rules of Civil Procedure that are designated Confidential or Highly Confidential as specified in United's July 1, 2022 letter to the Parties.  On August 17, 2022, United provided the Parties with proposed redactions to this transcript along with a proposed redacted copy; and

- United moves to redact portions of the deposition of Mark Weithofer under Rule 45 of the Federal Rules of Civil Procedure that are designated as Confidential or Highly Confidential as specified in United's letter to the Parties on September 7, 2022.  On September 12, 2022, United provided the Parties updated proposed redactions to this transcript along with a proposed redacted copy.[3]

## DISCUSSION

The Court may issue an order of impoundment requiring that confidential information be protected from public disclosure when a party shows "good cause" for keeping the information confidential.  Fed. R. Civ. P. 26(c)(1).  Good cause exists where the moving party makes a "factual showing of the harm that would be sustained if the court did not allow the filing under seal."  *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).  In civil cases, the public's right to access judicial records may be overcome where the motion is "narrowly tailored" to protect "trade secrets in the documents or confidential business information."  *Skyhook Wireless, Inc. v. Google, Inc.*, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015).

---

[2] United includes copies of all confidentiality designation letters provided to the Parties in the Appendix to this Motion.

[3] The updated copy of the Weithofer transcript reflects revisions to proposed redactions executed in accordance with United's meet and confer discussions with the Department of Justice held on August 25, 2022 and August 31, 2022.

The Protected Materials reveal details of non-party United's future business plans, competitive strategies, network plans, future operational and fleet plans, alliances, sensitive customer information, and forward-looking strategic, business planning, and financial information. Mindful of the need for public access to portions of documents that are relevant to the issues at trial, United's requests to impound and redact the Protected Materials are targeted to protect its commercial and financial interests from harm resulting by the disclosure of competitively sensitive information, including but not limited to:

- Future network plans and strategy, the disclosure of which could allow competitors to undermine United's growth plans by previewing how United makes competitive decisions;

- United's strategies for handling certain industry risks and for dealing with key industry suppliers, the disclosure of which could harm United's ability to implement these strategies; and

- United's relationships with individual corporate customers and the terms of United's agreements with these customers, the disclosure of which could allow competitors to target United's customers and harm its competitive standing.

"Courts have recognized the propriety of issuing protective orders to limit the disclosure of such sensitive commercial information among competitors, particularly that of non-parties." *W.N. Motors, Inc., v. Nissan North America, Inc.*, 2022 WL 1568443 (D. Mass. May 18, 2022) (citing *GTE Prods. Corp. v. Gee*, 112 F.R.D. 169, 171–72 (D. Mass. 1986) (collecting cases and finding that "attorney's eyes only" protection of competitor's commercial business information "balance[ed] the risk of competitive injury to third parties as against the need for the defendants"); *Anaqua, Inc. v. Schroeder*, 2012 WL 12960760, at *3 (D. Mass. Sept. 14, 2012) ("Courts generally have protected the identity of a company's clients and its pricing information."); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186728, at *2 (E.D. La. Apr. 17, 1998) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information

to attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party.") (collecting cases)).  Given the nature of information contained in the Protected Materials, and the fact that Defendants and other airlines whose executives are expected to testify at trial are United's competitors, public disclosure could reasonably threaten United's current commercial interests, current non-public contract terms, as well as current sales, marketing, and negotiation strategies.  Furthermore, any public disclosure of these materials could significantly compromise United's ability to improve network operations and service for its customers, and in turn could impair its ability to compete.

United's requests to impound and redact the Protected Materials are narrowly tailored.  For example, United does not seek the impoundment of documents reflecting plans that have already been made public, or that no longer provide insight into the company's future plans.  Rather, United's requests are narrowly tailored to protect materials that contain sensitive commercial information not in the public domain, the disclosure of which would cause substantial injury to United's current commercial and financial interests.

## CONCLUSION

Accordingly, and pursuant to the Stipulated Protected Order, United respectfully requests that the Court grant its unopposed motion to impound or redact the Protected Materials.

Dated: September 19, 2022

Respectfully submitted,

UNITED AIRLINES, INC.

By Its Attorneys,
/s/  *John J. Falvey, Jr.*
John J. Falvey, Jr. (BBO No. 542674)
Katherine L. Dacey (BBO No. 706636)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570 1000
Fax.: (617) 523 1231
jfalvey@goodwinlaw.com
kdacey@goodwinlaw.com

and

Mary Lehner (*pro hac vice*)
mary.lehner@freshfields.com

Julie Elmer (*pro hac vice*)
julie.elmer@freshfields.com

FRESHFIELDS BRUCKHAUS DERINGER
US LLP
700 13th Street, NW, 10th Floor
Washington, District of Columbia  20005
Telephone:    202 777 4500
Facsimile:    202 777 4555

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATE and CERTIFICATE OF SERVICE</u>

I, John J. Falvey, Jr., certify that I conferred with counsel for Plaintiffs and Defendants regarding the foregoing requested relief and counsel do not oppose the relief requested in this motion, but reserve the right to request that the Court unseal specific United documents or testimony and/or to address issues raised during any future court hearing regarding confidentiality.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants as known this 19th day of September, 2022.

*/s/ John J. Falvey, Jr.*