# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | |
| *Plaintiffs*, | |
| v. | Case No. 1:21-cv-11558-LTS |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | |
| *Defendants*. | |

## <u>PRETRIAL ORDER</u>

Plaintiff United States of America, and the State of Arizona, State of California, District of Columbia, State of Florida, Commonwealth of Massachusetts, Commonwealth of Pennsylvania, and Commonwealth of Virginia ("States") (collectively, "Plaintiffs"), and American Airlines Group Inc. and JetBlue Airways Corp. (collectively, "Defendants"), hereby submit this Joint Proposed Pretrial Order pursuant to <u>Federal Rule of Civil Procedure 26(a)(3)</u>, Local Rule 16.5 of the United States District Court for the District of Massachusetts, and the Court's Scheduling and Case Management Order (<u>ECF No. 76</u>).  A final pretrial conference is scheduled in this matter on September 19, 2022 at 3:30 p.m.  Trial of this matter is scheduled to begin on September 27, 2022.

**Counsel for Plaintiff the United States:**

William H. Jones II
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-514-0230
Fax: 202-307-5802
bill.jones2@usdoj.gov

**Counsel for Plaintiff States:**

Robert Bernheim
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Tel: (520) 628-6507
Email: robert.bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

Robert B. McNary
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6283
E-mail: robert.mcnary@doj.ca.gov
*Attorney for Plaintiff State of California*

Arthur T. Durst
Office of the Attorney General for the
District of Columbia
400 Sixth Street NW, Tenth Floor
Washington, DC 20001
Tel: (202) 442-9853
Email: arthur.durst@dc.gov
*Attorney for Plaintiff District of Columbia*

Lizabeth A. Brady
Office of the Attorney General,
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

William T. Matlack
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel: (617) 727-2200
Email: William.Matlack@mass.gov
*Attorney for Plaintiff Commonwealth of
Massachusetts*

Tracey W. Wertz
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
Email: twertz@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania*

Tyler T. Henry
Assistant Attorney General
Antitrust Unit
Office of the Virginia Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Tel: (804) 692-0485
Email: THenry@oag.state.va.us
 *Attorney for Plaintiff Commonwealth of
Virginia*

**Counsel for American Airlines:**

Daniel M. Wall
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com

**Counsel for JetBlue:**

Richard Schwed
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com

**Table of Contents**

I.    Summary of Evidence ............................................................................................... 5

    A.    Nature of the Case ......................................................................................... 5

II.   Facts ......................................................................................................................... 5

    A.    Uncontested Facts ......................................................................................... 5

    B.    Contested Facts ............................................................................................. 5

III.  Jurisdiction .............................................................................................................. 5

IV.   Pretrial Motions ...................................................................................................... 5

    A.    Plaintiffs' Motion(s) ...................................................................................... 5

    B.    Defendants' Motion(s) ................................................................................... 5

V.    Issues of Law ........................................................................................................... 6

VI.   Amendments to Pleadings ....................................................................................... 6

VII.  Trial ......................................................................................................................... 6

    A.    Trial Schedule ............................................................................................... 6

    B.    Allocation of Trial Time ............................................................................... 6

    C.    COVID-19 Protocols ..................................................................................... 8

    D.    Post-Trial Briefing Schedule ........................................................................ 9

VIII. Witnesses ................................................................................................................. 9

    A.    List of Witnesses Plaintiffs May Call .......................................................... 9

        1.    Expert Witnesses ................................................................................ 9

        2.    Non-Expert Witnesses ........................................................................ 9

    B.    List of Witnesses Defendants May Call ..................................................... 10

        1.    Expert Witnesses .............................................................................. 10

        2.    Non-Expert Witnesses ...................................................................... 11

    C.    Identifying Witnesses and Order of Presentation ....................................... 11

    D.    Testimony by Deposition ............................................................................ 14

IX.   Exhibits ................................................................................................................. 16

    A.    Exhibit Lists ................................................................................................ 16

    B.    Demonstrative Exhibits ............................................................................... 18

X.    Confidentiality Procedures .................................................................................... 21

XI.   Positions on Remaining Objections ...................................................................... 22

XII.  Settlement .............................................................................................................. 22

## I.     Summary of Evidence

### A.     Nature of the Case

1.     The parties respectfully refer the Court to their respective Pretrial Briefs.

## II.    Facts

### A.     Uncontested Facts

2.     The parties' joint statement of uncontested facts is attached as <u>Exhibit A</u>.

### B.     Contested Facts

3.     The parties respectfully refer the Court to their respective Pretrial Briefs.

## III.   Jurisdiction

4.     This is an action for injunctive relief under Section 1 of the Sherman Act, <u>15 U.S.C. § 1</u>. The jurisdiction of the Court is not disputed and is based on Section 4 of the Sherman Act, <u>15 U.S.C. § 4</u>. Personal jurisdiction is not disputed by any Defendant. Venue is proper under Section 12 of the Clayton Act, <u>15 U.S.C. § 22</u>, and is not disputed.

## IV.    Pretrial Motions

### A.     Plaintiffs' Motion(s)

5.     Plaintiffs have filed the following pretrial motions currently pending:

- Motion *in Limine* To Exclude Testimony of Defendants' Expert Ron DiLeo (<u>ECF No. 140</u>); and

- Motion *in Limine* To Exclude Evidence of Defendants' Alleged Carve-Out Routes (<u>ECF No. 144</u>).

### B.     Defendants' Motion(s)

6.     Defendants have filed the following pretrial motion currently pending:

- Motion *in Limine* and *Daubert* Motion Concerning Plaintiffs' Expert's Merger Simulation Model (<u>ECF No. 141</u>).

V.      **Issues of Law**

7.      The parties respectfully refer the Court to their respective Pretrial Briefs.

VI.     **Amendments to Pleadings**

8.      No party is currently seeking to amend its pleadings.

VII.    **Trial**

A.      **Trial Schedule**

9.      Consistent with the Court's Order entered on August 23, 2022 (<u>ECF No. 131</u>), a bench trial in the above-entitled action will commence on Tuesday, September 27, 2022 and conclude on October 17, 2022, following the daily schedule provided by the Court.  The total trial time is approximately 67.5 hours.

B.      **Allocation of Trial Time**

**Plaintiffs' Proposal for Paragraph 10**

10.     Plaintiffs will be allotted a total of **37 hours (55% of the total trial time)** for their case-in-chief, all cross-examinations, and any rebuttal case, and Defendants will be allotted a total of **30.5 hours (approximately 45% of the total trial time)** for their case-in-chief and all cross-examination.  The parties will be responsible for keeping time and determining the number of hours used each day.

**Plaintiffs' Rationale**

Plaintiffs respectfully request the Court to split the trial time allocated to the parties such that Plaintiffs receive 55% of total trial time and Defendants receive 45% of total trial time. Plaintiffs bear the burden of persuasion and will need to prove much of their case through adverse and hostile witnesses—namely, Defendants' employees, who may be less forthcoming during Plaintiffs' examinations than during Defendants' examinations.  Of the twenty witnesses

who could testify for Plaintiffs, fourteen are employed by American and JetBlue.  These witnesses are unlikely to be cooperative and such a posture often requires additional time at trial to develop evidence for the Court.  On the other hand, all but four of Defendants' witnesses are their own employees or experts—individuals they have unfettered access to and can extensively prepare prior to trial.  In addition, Plaintiffs are entitled to present a rebuttal case, whereas Defendants have only their case-in-chief to present.  Permitting Plaintiffs to have greater than 50% share of total trial time is not uncommon in antitrust trials.  For example, Plaintiffs were either allotted or reached agreement for over 50% of total trial time in *United States v. Aetna*, No. 16-1494 (D.D.C. Oct. 31, 2016), ECF No. 167 (55.6% of total trial time) and *United States v. Bertelsmann*, No. 21-02886 (D.D.C. July 15, 2022), ECF No. 119 (52.7% of total trial time).

### Defendants' Proposal for Paragraph 10

10.      Plaintiffs will be allotted a total of **50% (currently anticipated to be approximately 33.75 hours)** of the total trial time for their case-in-chief, all cross-examinations, and any rebuttal case, and Defendants will be allotted a total of **50% (currently anticipated to be approximately 33.75 hours)** of the total trial time for their case-in-chief and all cross-examination.  The parties will be responsible for keeping time and determining the number of hours used each day.

### Defendants' Rationale

Defendants propose that the parties split trial time evenly, i.e., Plaintiffs are allotted 50% of the trial time and Defendants are allotted 50% of the trial time.  That is the norm, notwithstanding that every plaintiff has the advantage of putting on a rebuttal case.  *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir. 1994) (giving each side three days); *Tersigni v. Wyeth-Ayerst Pharm., Inc.*, No. 11-10466-RGS, 2014 WL 793983, at *2 (D. Mass. Feb. 28,

2014) (allotting eighteen hours per side); *Latino Officers Ass'n v. City of New York*, No. 99 Civ. 9568, 2003 WL 22300158, at *5 (S.D.N.Y. Oct. 8, 2003) ("Fairness dictates that defendants be given equal time."). A 50/50 split of time was recently accepted by the court in *U.S. v. U.S. Sugar Corp.*, No. 21-1644 (D. Del.), a DOJ merger challenge. There is no good reason for Plaintiffs to receive more trial time than Defendants. Defendants need to have an opportunity to respond to everything Plaintiffs present, to cross-examine Plaintiffs' witnesses, and to present their own evidence. That is typically more difficult and more time-consuming that laying down a *prima facie* case. Plaintiffs can do what every other plaintiff does and reserve time for rebuttal. That is not burdensome; it is routine.

11.     Each side may give an opening statement. Opening statements will be deducted from each side's total allotted trial time. The parties request that the Court determine a date for closing arguments at the Court's discretion. Closing arguments are not included as part of each side's trial time.

### C.     COVID-19 Protocols

12.     The parties will cooperate in good faith to ensure that the trial is conducted in a manner that protects the health and safety of all participants in light of the ongoing COVID-19 pandemic. Each party will ensure that all individuals associated with that party, including counsel, paralegals, support staff, and witnesses, who attend the trial in person abide by the Court's General Order 22-1 in re: Coronavirus Public Emergency, as well as any subsequent or superseding orders.

13.     The parties strongly prefer that witnesses called to testify live appear in-person at the courthouse and not remotely. If a witness who is scheduled to testify is unable to appear in-person at the appointed date and time due to one of the reasons listed in paragraph 4 of General

Order 22-1, the parties will in good faith cooperate to reschedule the witness's testimony for a date and time during trial when the witness can appear in-person.  If it is not possible to reschedule the witness's testimony for a date and time during trial when the witness can appear in-person, the parties shall immediately notify the Court and shall arrange for the witness to testify remotely via videoconferencing.

### D.     Post-Trial Briefing Schedule

14.     Consistent with the Court's Scheduling and Case Management Order entered on November 29, 2021 (ECF No. 76), the parties shall file post-trial briefs, proposed findings of fact, and proposed conclusions of law three weeks from the close of evidence.

15.     One week after the submission of post-trial briefs, proposed findings of fact, and proposed conclusions of law, each party shall submit to the Court two flash drives that contain electronic versions of their post-trial briefs, proposed findings of fact, and proposed conclusions of law that include hyperlinks to the evidence cited.

## VIII.  Witnesses

### A.     List of Witnesses Plaintiffs May Call

#### 1.     Expert Witnesses

16.     Plaintiffs intend to call Dr. Robert Town and Dr. Nathan Miller for expert testimony regarding their economic analyses, including the impact on competition in the relevant markets, of the Northeast Alliance.

17.     Dr. Town and Dr. Miller are expected to testify live.

#### 2.     Non-Expert Witnesses

18.     Plaintiffs have identified the following fact witnesses as individuals likely to testify live at trial.

1.      Mitch Goodman, American Airlines

2.      Robert Isom, American Airlines

3.      Scott Laurence, American Airlines

4.      Jordan Pack, American Airlines

5.      Douglas Parker, American Airlines

6.      Vasu Raja, American Airlines

7.      Paul Swartz, American Airlines

8.      Dave Clark, JetBlue

9.      David Fintzen, JetBlue

10.     Eric Friedman, JetBlue

11.     Evan Jarashow, JetBlue

12.     Robin Hayes, JetBlue

13.     Robert Land, JetBlue

14.     Barry McMenamin, JetBlue

15.     John Pepper, Allegiant Travel Company

16.     Jerome Bristow, General Services Administration

17.     Andrew Watterson, Southwest Airlines Co.

18.     John Kirby, Spirit Airlines

**B.      List of Witnesses Defendants May Call**

**1.      Expert Witnesses**

19.     Defendants intend to call Drs. Jan Brueckner, Dennis Carlton, Mark Israel and Darin Lee, all of whom are economists, for expert testimony regarding their economic analyses of the NEA and its competitive effects.  Defendants will also call Mr. Ron DiLeo as an industry

expert in airline market dynamics as they relate to corporate travel.

20.     Defendants' expert witnesses are expected to testify live.

### 2.     Non-Expert Witnesses

21.     Defendants have identified the following fact witnesses as individuals likely to testify live at trial:

1. Jim Carter, American

2. Robert Isom, American

3. Vasu Raja, American

4. Chad Schweinzger, American

5. Brian Znotins, American

6. Scott Laurence, American/JetBlue

7. David Clark, JetBlue

8. Eric Friedman, JetBlue

9. Robin Hayes, JetBlue

10. Rob Land, JetBlue

11. Joe Esposito, Delta

12. Andrew Harrison, Alaska

13. Glen Hauenstein, Delta

14. Mark Weithofer, United

### C.     Identifying Witnesses and Order of Presentation

22.     Any witness not listed in sub-sections A or B above will be precluded from testifying live at trial, unless such witness is used solely for impeachment, or for good cause shown.

23.     No later than 9:00 p.m. on September 20, 2022, Plaintiffs shall identify the list

and expected order of witnesses they intend to call at trial.  No later than 1:00 p.m. on October 1, 2022, Defendants shall identify the list and expected order of witnesses they intend to call at trial.

24.     Unless otherwise agreed to by the parties during trial, starting on September 25, 2022, and thereafter two calendar days before each day of trial, Plaintiffs and Defendants shall provide by no later than 6:00 p.m. the list and order of witnesses to be presented each day of trial.

**Plaintiffs' Proposal for Paragraph 25**

25.     Fact witnesses shall remain outside the courtroom unless testifying, until such time as they are excused.  **Fact witnesses cannot discuss the substance of their testimony with counsel after having been sworn in until they are excused.  Expert witnesses cannot discuss the substance of their testimony while under cross-examination.**

**Plaintiffs' Rationale**

Plaintiffs request that the Court enter an order preventing counsel for any party from discussing the substance of a fact witness's testimony with the witness after the witness is sworn in until the witness is excused.  Plaintiffs' proposal simply extends the basic notion that a witness should not receive instruction about the substance of their testimony while their examination is ongoing and that the testimony is the witness's own.  Defendants' proposal, on the other hand, may invite gamesmanship as to the timing of examinations if it becomes beneficial to confer with a witness prior to or during their non-adverse cross-examination.  Defendants will receive, and for some witnesses have already received, advance notice of when Plaintiffs plan to call Defendants' employees to testify and thus can adequately prepare their witnesses well before the witness takes the stand.  Given that a majority of Plaintiffs' and Defendants' witnesses are

Defendants' employees or experts, defense counsel will have ample opportunity to confer with the witnesses before they testify.  Plaintiffs' proposal does not prohibit American and JetBlue witnesses from all communication with counsel but rather forbids consultation with counsel *only on the substance* of their testimony while under oath.

### Defendants' Proposal for Paragraph 25

25.     Fact witnesses shall remain outside the courtroom unless testifying, until such time as they are excused.  **Fact witnesses cannot discuss the substance of their testimony with counsel after having been sworn in until they are excused except in a situation where the direct or redirect falls across different court days.  In that situation, the witness can discuss the substance of the testimony with counsel during the period when court is not in session.  No witnesses (fact or expert) can discuss the substance of their testimony while under cross-examination.**

### Defendants' Rationale

This Court has full discretion to govern the conduct of witnesses and determine if and when witnesses may consult with their counsel during trial.  In this case, the parties agree that witnesses should not be able to consult with counsel about the substance of their testimony during breaks in cross examination that occur while Court is in session.  However, there is no basis for Plaintiffs' proposal to bar fact witnesses from consulting with their counsel about the substance of testimony should an overnight recess occur during direct testimony.  Most courts permit that, reasoning that it is not materially different from the work that counsel always does to prepare witnesses for direct examination prior to the time that the witness is called at trial.  Plaintiffs agree that the parties can consult with expert witnesses about the substance of their testimony during all breaks in direct testimony.  And notably, and only Defendants have

party fact witnesses—those who would be most affected by this proposed sequestration rule.  So Plaintiffs want the benefit of a one-sided and unnecessary sequestration principle.  Allowing consultation during overnight or weekend breaks is not just common, but efficient, as it allows counsel and the witness to work to cut and refine trial testimony, which is especially important in a case that has time limits.

26.     With the exception of any witness called solely in Plaintiffs' rebuttal case, for the convenience of party and non-party witnesses, and for efficiency, any witness who is testifying live and called by both sides will only testify once and will be questioned by both sides at that time.  A party conducting a non-adverse cross-examination will be permitted to go beyond the scope of the direct examination for witnesses on that party's final witness list.

### D.     Testimony by Deposition

27.     The parties may offer into evidence the deposition testimony in <u>Exhibit B</u> which identifies each side's opening designations, counter-designations, counter-counter designations and corresponding objections (subject to any ruling from the Court as to any objection).  A party may use any and all deposition testimony, whether or not designated, for cross-examination, impeachment, or rebuttal purposes.  To the extent any deposition designations include objections or colloquy of counsel, a party may remove those objections or colloquy before submission to the Court.

28.     The parties may also offer into evidence deposition testimony of any witness on either side's final witness list if neither side will be calling the witness to testify live at trial.  This shall include, but is not limited to, scenarios when a witness becomes unavailable to testify live or remotely, including pursuant to the provisions of Paragraphs 12 and 13.  To the extent that a Party does not include a witness from the final witness list on the Order of Witnesses pursuant to

Paragraph 23, the party that then seeks to offer deposition testimony of that witness must provide the opposing side with affirmative deposition designations for the witness by 6:00 p.m. three calendar days after submission of the Order of Witnesses.  By 6:00 p.m. two calendar days later, the opposing side shall provide any counter-designations and any objections to the deposition designations sought to be admitted.  The party seeking to admit deposition designations shall provide any counter-counter designations and any objections to counter-designations by 6:00 p.m. the following day.  The parties shall meet and confer that evening to resolve any disputes. In other situations, the party that seeks to offer deposition testimony must provide the opposing side with affirmative deposition designations for the witness by 6:00 p.m. three calendar days before the witness was expected to testify live at trial.  By 6:00 p.m. the next calendar day, the opposing side shall provide any counter-designations and any objections to the deposition designations sought to be admitted.  The party seeking to admit deposition designations shall provide any counter-counter designations and any objections to counter-designations by 6:00 p.m. the following day.  The parties shall meet and confer that evening to resolve any disputes.

29.     To the extent that a party does not call a witness that is listed on its final witness list and does not intend to offer deposition testimony from that witness pursuant to Paragraph 28, the opposing side may offer into evidence deposition testimony for that witness.  If the parties have not previously exchanged affirmative designations, counter-designations, and objections for that witness, the parties shall meet and confer as soon as practicable upon learning that the witness will not be called live to agree upon a schedule for exchanging such designations and resolving any disputes before the end of trial.

30.     The parties may offer deposition designations into evidence without reading or playing testimony during trial.  A party may, however, choose to play certain of its affirmative

deposition designations at trial.  In that situation, the party must provide the opposing side with the deposition designations the party intends to play at trial by 6:00 p.m. three calendar days prior to introducing the video at trial.  By 6:00 p.m. the next calendar day the opposing side shall identify any counter-designations and any objections to the deposition designations identified by the party seeking to play the video.  The party seeking to play video shall identify any counter-counter designations and any objections to counter-designations by 6:00 p.m. the following day. The parties shall meet and confer that evening to resolve any objections to the testimony sought to be played at trial.  The party playing deposition testimony at trial shall prepare the final media file containing the full compilation of testimony to play in court, including affirmative designations, the opposing party's counter-designations, and any counter-counter designations. The compilation shall be in chronological order.  The party choosing to play deposition testimony at trial shall have the total time of the video deducted from that party's trial time, including all affirmative designations, counter-designations, and counter-counter designations.

31.     The parties will meet and confer on the process for submitting to the Court transcripts of the designated deposition testimony and any unresolved objections.  Should any party wish the Court to review deposition designations in advance of any live testimony, the party shall notify the Court of the specific deposition designations it recommends the Court review in advance of a particular witness's testimony.

## IX.     Exhibits

### A.     Exhibit Lists

32.     Exhibit C is Plaintiffs' list of trial exhibits, identified with PX, and containing any objections to those exhibits. Exhibit D is Defendants' list of trial exhibits, identified with DX, and containing any objections to those exhibits.

33.     Exhibits to be used or offered into evidence solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial.

34.     Subject to the remaining provisions of this Pretrial Order or agreement of the parties, exhibits not listed will not be admitted or shown at trial unless good cause is shown or agreed to by the parties.

35.     The parties submit with this Proposed Order all remaining objections to trial exhibits.  For any exhibits not objected to, the party sponsoring those exhibits may move the Court for admission of those exhibits prior to Opening Statements on the morning of September 27, 2022 without need of any supporting witness.  The exhibits included in any such motion must be listed by exhibit number.  The Court will resolve any outstanding objections to exhibits at the time that a party seeks to use that exhibit with a witness (either live or by deposition).

36.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible for all purposes.  Each party reserves the right to object to the propriety of any evidence under the Federal Rules of Evidence at the time such evidence is used at trial in view of the specific context in which such evidence is used.

37.     Each party reserves the right to use exhibits listed on the other side's trial exhibit list.  Any exhibit, once admitted, may be used equally by any party for any proper purpose in accordance with the Federal Rules of Evidence.

38.     Consistent with the Court's Order Governing Discovery of Electronically Stored Information (ECF No. 101), exhibits that are documents created by a party or non-party and produced by that party or non-party from its own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901 unless a party can make a good faith objection to the exhibit's authenticity.  Further, and also consistent with the Court's Order Governing

Discovery of Electronically Stored Information (ECF No. 101), exhibits that are documents produced by parties and non-parties from their own files will be presumed to be business records within the meaning of Federal Rule of Evidence 803(6).

39. Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

40. By 6:00 p.m. on September 23, 2022, the parties shall provide each other and the Court with electronic copies of all pre-marked non-demonstrative final trial exhibits in searchable (OCR) PDF file format.

### B. Demonstrative Exhibits

41. The parties will provide color representations of any demonstrative exhibits and FRE 1006 summary exhibits to be used in connection with the examination of a witness at trial to the other side's counsel of record no later than 9:00 a.m. one calendar day before any such exhibit may be introduced or otherwise used at trial, except that demonstrative and FRE 1006 summary exhibits to be introduced (or otherwise used) in connection with the rebuttal testimony of an expert witness for Plaintiffs do not need to be provided one calendar day before such exhibits may be introduced (or otherwise used) if such rebuttal testimony begins sooner than two calendar days after Defendants rest their case. Any objections to demonstrative and FRE 1006 summary exhibits shall be made by 6:00 p.m. that same day, and the parties shall promptly meet and confer regarding any objections that same evening. If any of the demonstratives or FRE 1006 summaries change after the deadline, the party intending to use the exhibit will promptly notify the opposing side of the change(s). Any remaining disputes as to demonstrative or FRE 1006 summary exhibits shall be raised with the Court as appropriate before trial resumes on the

day of their anticipated use.

**Plaintiffs' Proposal for Paragraph 42**

42.      A party need not pre-disclose demonstrative and FRE 1006 summary exhibits that will be (i) used during opening statements or closing arguments; (ii) used by an expert and were disclosed in any expert's report, if the exhibit has not been materially changed; (iii) used at any hearing other than trial; and (iv) created in court during a witness's examination. **Demonstrative and FRE 1006 summary exhibits representing data must rely only on data that has been produced to the opposing party by the close of expert discovery.**

**Plaintiffs' Rationale**

Plaintiffs request that the Court include a provision in Paragraph 42 that prevents a party from using demonstratives and FRE 1006 summary exhibits that represent data which was not produced to the opposing party.  Plaintiffs' requested language would ensure each party has access to the same information used at trial, which prevents unnecessary surprise and leads to a better presentation of evidence at trial.  Further, a condition precedent to the admission of an FRE 1006 summary is that the originals or duplicates of underlying material must be made available for examination by other parties at a reasonable time and place.  *See, e.g.*, Fed. R. Evid. 1006; 6 J. Weinstein & M. Berger, *Weinstein's Federal Evidence* § 1006.06 (2021).  Defendants, however, seek to conduct trial by ambush.  Under Defendants' proposal, Defendants could present demonstratives or summary exhibits of data for the first time at trial without giving Plaintiffs any meaningful opportunity to analyze such data in advance.  During the parties' discussions of this paragraph, Defendants made clear that under their proposal they would be able to present, for the first time at trial, demonstratives or summary exhibits based not only on publicly available data but on proprietary data that Defendants control and to which Plaintiffs

have no access.  This situation is exactly the reason the parties expended tremendous resources during discovery—so neither side would be confronted with evidence for the first time at trial without an opportunity to explore that evidence in advance.

**Defendants' Proposal for Paragraph 42**

42.     A party need not pre-disclose demonstrative and FRE 1006 summary exhibits that will be (i) used during opening statements or closing arguments; (ii) used by an expert and were disclosed in any expert's report, if the exhibit has not been materially changed; (iii) used at any hearing other than trial; and (iv) created in court during a witness's examination.

**Defendants' Rationale**

Plaintiffs advance an innocuous sounding proposal that "Demonstrative and FRE 1006 summary exhibits representing data must rely only on data that has been produced to the opposing party by the close of expert discovery."  It is not innocuous at all, but yet another attempt to prevent the Court from considering the full impact and benefits of the NEA.  At trial, only Defendants will put on evidence of the NEA's actual competitive effects.  Plaintiffs assess the NEA solely through a "prospective" lens, even though the NEA is being implemented, growing and benefitting customers every day.  Defendants have produced significant data regarding the NEA to the Plaintiffs during this case, including in the initial fact discovery period, expert discovery and through productions made in connection with the Defendants' exhibit list.  However, the fact is that new data becomes available all the time, for example new quarters of the public fare and output data upon which most economic analysis relies, and new financial results for the NEA.  The new data are particularly important because Plaintiffs argue that older data is tainted by the effects of the Covid-19 pandemic on the airline industry.  Moreover, there is no good reason to preclude the parties from using demonstratives based on publicly available

20

or judicially noticeable data merely because the underlying public data happens to post-date the close of discovery.  Under FRE 201, the Court can consider judicially noticeable facts "at any stage of the proceeding," regardless of whether the facts arose before or after discovery closed.  Defendants have the right to present the best, most recent data so that Court can consider the full record.  There is no reason to freeze the NEA in time on August 25, when expert discovery closed.

43.     Demonstratives and FRE 1006 summary exhibits that the parties intend to use at trial need not be included on their respective lists of trial exhibits and the notice provisions of Paragraph 41 shall not apply to the enlargement, highlighting, ballooning, or excerpting of trial exhibits or testimony.

44.     The party seeking to use a demonstrative or FRE 1006 summary exhibit will provide a color representation of the demonstrative to the other side in (OCR) PDF form. However, for demonstratives or FRE 1006 summary exhibits with video or animations, the party seeking to use the demonstrative or FRE 1006 summary exhibit will provide it to the other side via electronic mail in native format.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a (OCR) PDF of 8.5 x 11 copies of the exhibits to the extent possible.

## X.     Confidentiality Procedures

45.     Any remaining disputes regarding proposed redactions of non-party or party documents and confidentiality designations of non-party or party deposition testimony shall be addressed at the final pretrial conference on September 19, 2022.

46.     The parties agree to work cooperatively with non-parties that wish to keep Confidential Information under seal or redacted at trial.  If any non-party believes that any

Confidential Information should be sealed or redacted for use at trial, the non-party may file a Motion to Seal Confidential Information with the Court no later than September 19, 2022 regarding any such request, which the Court will address before the non-party's Confidential Information is used at trial.

47.     Counsel for the parties shall prepare their examinations mindful of Confidential Information and the need to keep an open courtroom as much as possible.  In examining or cross-examining witnesses on information that has been redacted or sealed by a party or non-party, counsel shall conduct their examinations in a manner that does not require closing the courtroom by referencing the pertinent Confidential Information contained in the redacted or sealed documents or demonstratives in a way that does not publicly reveal the Confidential Information during the examination or cross-examination.  If it is impossible to conduct an examination in this manner, the parties will advise the Court and permit the party or non-party whose Confidential Information is at issue an opportunity to move the Court to close the courtroom during the use of Confidential Information.  In a closed courtroom session, the only individuals that should be present aside from Court personnel are counsel for Plaintiffs, outside counsel for Defendants, the witness, and any in-house counsel for the party or non-party whose Confidential Information is implicated by the witness's testimony; all others shall be excluded.

## XI.     Positions on Remaining Objections

48.     Plaintiffs submit Exhibit E with positions on remaining objections as to certain categories of exhibits.  Defendants submit Exhibit F with positions on remaining objections as to certain categories of exhibits.

## XII.     Settlement

49.     The parties do not believe the controversy can be resolved by settlement.

**IT IS HEREBY ORDERED** that this Pretrial Order shall control the subsequent course of action, unless modified by the Court to prevent manifest injustice.

AGREED TO BY:

**Counsel for Plaintiff the United States:**

_/s/ William H. Jones II_
William H. Jones II
James H. Congdon
John J. Hogan
James L. Moore
Kate M. Riggs (MA Bar No. 670510)
Patricia L. Sindel

U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Tel: (202) 598-8805
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

_Attorneys for Plaintiff United States of America_

**Counsel for Plaintiff States:**

MARK BRNOVICH
Attorney General

_/s/ Robert Bernheim_
ROBERT BERNHEIM (AZ Bar No. 024664)

Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Tel: (520) 628-6507
Email: robert.bernheim@azag.gov

_Attorneys for Plaintiff State of Arizona_

ROB BONTA
Attorney General

KATHLEEN E. FOOTE

23

Senior Assistant Attorney General

NATALIE S. MANZO
MICHAEL W. JORGENSON
Supervising Deputy Attorneys General

ROBERT B. McNARY
JAMIE L. MILLER
Deputy Attorneys General

_____/s/ Robert B. McNary_____
ROBERT B. McNARY

Deputy Attorney General
California State Bar No. 253745
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6283
E-mail: robert.mcnary@doj.ca.gov

*Attorneys for Plaintiff State of California*

KARL A. RACINE
Attorney General

KATHLEEN KONOPKA (DC Bar No. 495257)
Deputy Attorney General

_____/s/ Arthur T. Durst_____
ARTHUR T. DURST (DC Bar No. 888273305)
ADAM GITLIN

Office of the Attorney General for the District of
Columbia
400 Sixth Street NW, Tenth Floor
Washington, DC 20001
Tel: (202) 442-9853
Email: arthur.durst@dc.gov

*Attorneys for Plaintiff District of Columbia*

ASHLEY MOODY
Attorney General

_____/s/ Lizabeth A. Brady_____
LIZABETH A. BRADY (FL Bar No. 457991)

24

RACHEL S. BRACKETT (FL Bar No. 109775)
COLIN G. FRASER (FL Bar No. 104741)

Office of the Attorney General, State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
Email: Liz.Brady@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

MAURA HEALEY
Attorney General

_____*/s/ William T. Matlack*_____
WILLIAM T. MATLACK (MA Bar No. 552109)
DANIEL H. LEFF (MA Bar No. 689302)

Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel: (617) 727-2200
Email: William.Matlack@mass.gov
Email: Daniel.leff@mass.gov

*Attorneys for Plaintiff Commonwealth of
Massachusetts*

JOSH SHAPIRO
Attorney General

JAMES A. DONAHUE, III (PA Bar No. 42624)
Executive Deputy Attorney General
Public Protection Division

_____*/s/ Tracy W. Wertz*_____
TRACY W. WERTZ (PA Bar No. 69164)
JOSEPH S. BETSKO (PA Bar No. 82620)
JENNIFER A. THOMSON (PA Bar No. 89360)

Pennsylvania Office of Attorney General
Antitrust Section
14th Floor Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
Email: twertz@attorneygeneral.gov

25

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

JASON S. MIYARES
Attorney General

_____/s/ Tyler T. Henry_____
TYLER T. HENRY (VA Bar No. 87621)
Assistant Attorney General
Antitrust Unit

Office of the Virginia Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Tel: (804) 692-0485
Email: THenry@oag.state.va.us

*Attorneys for Plaintiff Commonwealth of Virginia*

**Counsel for American Airlines:**

*/s/ Daniel M. Wall*
Daniel M. Wall (pro hac vice)
Elizabeth C. Gettinger (pro hac vice)
Elise M. Nelson (pro hac vice)
Nitesh Daryanani (pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com
elise.nelson@lw.com
nitesh.daryanani@lw.com

Ian R. Conner (pro hac vice)
Michael G. Egge (pro hac vice)
Farrell J. Malone (pro hac vice)
Allyson M. Maltas (pro hac vice)
Marguerite M. Sullivan (pro hac vice)
Tara L. Tavernia (pro hac vice)
Seung Wan Paik (pro hac vice)
Jesse A. Vella (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000

Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
allyson.maltas@lw.com
marguerite.sullivan@lw.com
andrew.paik@lw.com
tara.tavernia@lw.com
jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant American Airlines Group Inc.*

**Counsel for JetBlue:**

*/s/ Richard Schwed*
Richard Schwed (pro hac vice)
Matthew L. Craner (pro hac vice)
Jessica K. Delbaum (pro hac vice)
Leila Siddiky (pro hac vice)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Brian Hauser (pro hac vice)
Ryan Leske (pro hac vice)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com
ryan.leske@shearman.com

27

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant JetBlue Airways*
*Corporation*

SO ORDERED this 19 day of September 2022.

/s/ Leo T. Sorokin.
The Honorable Leo T. Sorokin
United States District Court Judge