UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

**MOTION OF NON-PARTY AMTRAK
TO SEAL TRIAL EXHIBITS**

National Railroad Passenger Corporation, doing business as Amtrak, respectfully moves the Court to place under seal certain confidential, competitively-sensitive Amtrak documents and deposition testimony that have been marked as potential trial exhibits in this case. Amtrak understands that no party objects to this motion.

During discovery, Amtrak produced documents in response to a subpoena issued by defendant American Airlines and also provided a witness for deposition, also pursuant to subpoena. Amtrak is filing this motion today pursuant to Paragraph 46 of the parties' joint proposed pre-trial order [Dkt. 157], which called for non-parties to file a motion to seal confidential material by this date. While the proposed pre-trial order has not been entered by the Court, Amtrak is nevertheless filing this motion out of an abundance of caution given the need to ensure that its confidential business information is not made public.

749872366.1

Plaintiffs have marked as exhibits in this case a series of internal, competitively-sensitive "air/rail" market share reports that Amtrak uses in the course of its business to inform its strategy and decision-making. These documents are:

| Document | Exhibit # | Confidential Information |
|---|---|---|
| AMTRAK-00015 | PX-0386 | Information relating to Amtrak's sales and market position |
| AMTRAK-00156 | PX-0387 | Information relating to Amtrak's sales and market position |
| AMTRAK-00216 | PX-0388 | Information relating to Amtrak's sales and market position |
| AMTRAK-00217 | PX-0389 | Information relating to Amtrak's sales and market position |
| AMTRAK-00218 | PX-0390 | Information relating to Amtrak's sales and market position |
| AMTRAK-00215 (also marked as DOJ-NEA-0000001) | PX-0413 | Information relating to Amtrak's sales and market position |

Moreover, plaintiffs have designated portions of the deposition of Amtrak's Roger Harris for admission. In a September 6 email, Amtrak identified to plaintiffs those portions of the designations that it considered confidential and competitively-sensitive.[1]

The First Circuit instructs that the "court must carefully balance the competing interests that are at stake in the particular case" when a party requests sealing of judicial records. *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998). Here, there are two "important countervailing interests, [which] can, in given instances, overwhelm the usual presumption" of the public's right of access to judicial records. *Id.*

First, Amtrak is not a party to this action. Courts recognize the special protection afforded to non-parties to protect those entities' confidential information from being made public: "Third-party privacy interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access,' *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d

---

[1] Those desginations are: 78:21-79:2; 79:11-79:25; 87:9-87:23; 88:1-88:6; 98:18-99:6, 99:8-99:20; 110:21-110:25; 111:3-111:8; 130:21-132:7; 132:9-132:23; 133:2-133:6; 133:8-133:19; 136:13-137:25; 139:7-140:24; 143:5-143:21; 144:24-145:22; 155:17-156:5; 156:10-156:22; 156:24-156:24; 158:16-159:3; 163:25-165:10.

749872366.1

Cir.1995), and 'weigh heavily in a court's balancing equation,' *id.* at 1050." *U.S. v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013).

Second, the "air/rail" share reports and referenced deposition testimony contain confidential, competitively sensitive business information, the disclosure of which would likely result in competitive injury to Amtrak. Courts deny public access to information where "court files might . . . become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Courts have recognized a "legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail." *Glass Dimensions, Inc. v. State St. Corp.,* No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (citing *Kravetz,* 706 F.3d at 62).

The documents (and the testimony that describes the documents) are based on analyses of Amtrak's internal route-specific passenger and revenue information combined with certain publicly-available information on airline service levels. Many of the reports also contain internal assessments of market-specific trends. Amtrak would suffer harm if its competitors had access to Amtrak's internal sales and revenue information that comprise the market share reports. Courts routinely protect such information. *See, e.g., AeroDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701 (N.D.N.Y. March 21, 2021) (recognizing need to seal internal market share information). Moreover, redactions are not feasible as, even though some information on the reports is publicly-available, it would be possible for a competitor to back-out corresponding confidential, competitively-sensitive Amtrak data if the publicly-available information was disclosed. *See, e.g., Abiomed, Inc. v. Maquet Cardiovascular LLC,* No. CV 16-10914, 2021 WL 5165010, at *3

(D. Mass. Nov. 5, 2021) (finding that "confidential financial information . . . outweigh the presumption of access").

## CONCLUSION

For the reasons set forth above, Amtrak respectfully requests that the Court grant its Motion to Seal Trial Exhibits.

Dated: September 19, 2022            Respectfully submitted,

/s/ Allison Aviki
Allison Aviki
William H. Stallings *(pro hac vice pending)*

749872366.1

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Amtrak discussed with counsel for both plaintiffs and defendants Amtrak's concerns about its confidential information being made public. I understand that no party objects to this motion.

/s/ Allison Aviki
Allison Aviki

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Allison Aviki
Allison Aviki