UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>         *Plaintiffs*,<br><br>    v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>         *Defendants*. | Civil Action No. 1:21-cv-11558-LTS |

**NON-PARTIES SPIRIT AIRLINES, INC.'S AND JOHN P. KIRBY'S UNOPPOSED MOTION TO IMPOUND HIGHLY CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY, AND CERTAIN TESTIMONY AT TRIAL**

Pursuant to Local Rule 7.2 for the District of Massachusetts, the Stipulated Protective Order (Dkt. No. 99), and the Joint Proposed Pretrial Order regarding requests to seal non-party trial exhibits (Dkt. No. 157), non-party Spirit Airlines, Inc. and John P. Kirby (an employee of Spirit) (collectively, "Spirit") respectfully move the Court to impound highly confidential and competitively sensitive information contained in documents produced by Spirit in response to a third-party subpoena, a small portion of deposition testimony provided in this matter by John P. Kirby, and trial testimony that may be provided in this matter by John P. Kirby, to the extent necessary to prevent public disclosure at trial of highly confidential and competitively sensitive information of Spirit.

Pursuant to Local Rule 7.1, Spirit has met and conferred with the United States of America, et al. ("Plaintiffs") and American Airlines Group Inc. and JetBlue Airways Corporation (together, "Defendants") regarding the relief sought in this motion, and the Plaintiffs have indicated that they do not oppose the relief requested herein. The Defendants have indicated that they do not oppose Spirit's motion, but reserve the right to request that the Court unseal specific

Spirit documents or deposition testimony[1] and/or to address issues raised during any future Court hearing regarding confidentiality.

The documents that Spirit is requesting this Court to impound (collectively, the "Spirit Documents"), which Defendants have identified on their list of exhibits they may introduce at trial, are as follows:

(i) DX-466: Spirit's Five Year Plan, which describes in detail, among other things, non-public, forward-looking business strategies and plans, including plans for network growth and expansion

(ii) DX-468: a 2021 network planning presentation that describes in detail, among other things, non-public information regarding Spirit's network expansion strategy and plan

(iii) DX-470: a 2021 network planning presentation that describes in detail, among other things, non-public information regarding Spirit's network expansion strategy and plan

(iv) DX-472: a 2021 presentation for the Spirit Board of Directors that describes in detail, among other things, non-public financial information regarding Spirit's profits, costs, revenues, and cash flows and Spirit's forward-looking strategies and plans

(v) DX-474: a 2021 presentation containing Spirit's commercial plan that describes in detail, among other things, non-public, internal information concerning Spirit's research and analysis regarding network expansion and other business opportunities

(vi) DX-475: a 2020 email discussing non-public network expansion strategy at a specific airport

(vii) DX-477: 2019 talking points concerning non-public information regarding Spirit's network capacity strategy and constraints

(viii) DX-478: a 2020 email discussing non-public network expansion opportunities at a specific airport

---

[1] Spirit notes that Defendants have not designated any deposition testimony of Spirit, even though the Supplemental Scheduling and Case Management Order (ECF No. 76 at ¶ 1) required them to do so.  Nonetheless, Defendants have reserved the right to request that the Court unseal Spirit's deposition testimony in the future, and therefore Spirit also reserves the right to seek further relief from the Court with respect to the deposition testimony of John Kirby if necessary.

  (ix) DX-480: a 2020 network planning presentation concerning network expansion plans, Spirit's research and analysis regarding customer demand, and other business opportunities

  (x) DX-481: a 2020 email discussing non-public, forward-looking business strategies and plans for network expansion

  (xi) DX-483 (Spirit proposes redacting the slide ending in Bates number -816): a 2021 presentation discussing non-public network expansion strategy at a specific airport

  The Spirit Documents contain highly confidential information that is competitively and commercially sensitive and should therefore be protected from public disclosure. (Kirby Decl. ¶ 4.) Spirit believes that it would suffer financial and commercial harm if these documents were publicly disclosed or published in an open Courtroom during trial. (*Id.* at ¶ 5.) In particular, Spirit believes that it would suffer such harm if these documents were publicly disclosed and thus made available to its competitors, including the Defendants and other commercial airline carriers that would not otherwise have access to the highly confidential information contained in the Spirit Documents.

  In addition to the foregoing, Spirit seeks to impound a small portion of the deposition of John Kirby. Mr. Kirby is a current employee of Spirit. (*Id.* at. ¶ 1.) The testimony at issue relates to Mr. Kirby's previous employment with Alaska Airlines, Inc. ("Alaska Airlines"), where he was Vice President of Capacity Planning and Alliances. (*Id.* at ¶¶ 3, 6.) In that portion of his testimony, Mr. Kirby described Alaska Airlines' network expansion strategy with regards to John F. Kennedy International Airport. (*Id.* at ¶ 6.) As explained in Mr. Kirby's declaration submitted herewith, that information is not available to competitors, and Mr. Kirby believes public disclosure would result in significant competitive disadvantage and financial harm to Alaska Airlines. (*Id.*)

Finally, if Mr. Kirby is called as a witness during trial, and if any testimony that would be elicited would cause public disclosure of highly confidential and competitively sensitive information of Spirit, Spirit seeks an order impounding those portions of Mr. Kirby's testimony by closing the Courtroom if necessary. Spirit will, however, attempt to coordinate with counsel for Plaintiffs and Defendants in an effort to enable them to conduct their examinations of Mr. Kirby by referencing exhibits (which would not themselves be published) if that would enable Mr. Kirby to testify and avoid publicly disclosing highly confidential and competitively sensitive information of Spirit and thus make closing the Courtroom unnecessary.

## ARGUMENT

Spirit respectfully requests an order sealing the foregoing documents and testimony because it believes that it would suffer financial and commercial harm if these materials were publicly disclosed or published in an open Courtroom during trial. Although a party moving to seal or impound court records must overcome the presumption in the common law that the public may inspect judicial records, *see Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978), that presumption is overcome here. Indeed, while courts have long acknowledged a common law "public right of access" to judicial records, that right is not absolute. *See id.*; *Siedle* v. *Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *see also United States* v. *Kravetz*, 706 F.3d 47, 52–54 (1st Cir. 2013). "Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Siedle*, 147 F.3d at 10; *Shyhook Wireless, Inc.* v. *Google, Inc.*, No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015) ("To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information."); *see also Kravetz*, 706 F.35 at

62 (stating that courts should "consider the degree to which the subject matter is traditionally considered private rather than public" when considering a motion to seal). "The decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Courts are particularly sensitive to countervailing interests where—as here—there is a clear threat that trade secrets and confidential business information would be exposed. *See Ares-Serono, Inc.* v. *Organon Int'l B.V.*, 151 F.R.D. 215, 219–20 (D. Mass. 1993) (A court "must exercise its discretion in order to avoid unnecessary disclosure of trade secrets and other confidential business information"); *Nixon*, 435 U.S. at 598 ("[T]he common-law right of inspection has bowed before the power of the court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing"); *see also* Fed. R. Civ. P. 26(c)(1)(G) (courts may issue protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

Moreover, Spirit has taken all appropriate steps to protect the Spirit Documents and Kirby deposition testimony from disclosure during discovery by designating those materials as "Highly Confidential" pursuant to the Parties' Stipulated Protective Order. (Dkt. No. 99 at ¶ 1(f)) (permitting a producing party ("Protected Person") to designate as "Highly Confidential" any materials that the Protected Person "reasonably believes would cause substantial injury to current commercial or financial interests of the Producing Entity, including current trade secrets; forward-looking financial, marketing, or strategic business planning information, including forward-looking network plans and budgets, which, if disclosed, could cause current competitive harm or reasonably threaten any party's current commercial interests; current or

future margin, cost or pricing information; and current non-public contract terms and sales, marketing, and negotiation strategies."). The Stipulated Protective Order requires Parties to file "Highly Confidential" materials under seal. (*Id.* at ¶ 17.)

Compelling circumstances exist for impounding the Spirit Documents and Kirby deposition testimony. Spirit has designated the identified exhibits as "Highly Confidential" pursuant to the Parties' Stipulated Protective Order. These documents have been designated as such because they contain highly competitively and commercially sensitive information and should be protected from public disclosure. (*See* Kirby Decl. ¶¶ 4, 5.) Disclosure of Spirit's forward-looking business strategies and plans would unfairly advantage its competitors while threatening Spirit's current commercial interests. (*See* Kirby Decl. ¶ 5.) For example, competitors would gain non-public insight into the strengths and weaknesses of Spirit's business, which could disadvantage or harm Spirit. Additionally, competitors could glean Spirit's plans to enter new or expand in existing geographic regions, which could facilitate coordination or otherwise undermine Spirit's efforts. More generally, competitors could use knowledge of Spirit's upcoming strategic efforts or plans to their advantage.

Courts have routinely sealed similar types of competitively and commercially sensitive business strategy information. *See, e.g.*, *TriQuint Semiconductor, Inc.* v. *Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *6 (D. Ariz. 2011) (granting motion to seal business strategy information where TriQuint argued that "disclosure of this information could harm its competitive standing because competitors could then use those strategies to target certain areas of TriQuint's operations, and thus, could compete against TriQuint more effectively and significantly harm TriQuint's business"); *Barnes* v. *Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (granting motion to seal certain

exhibits in their entirety because "they contain confidential private information about [defendant's] business strategy and trade secrets").

Further, the public has relatively little interest in the disclosure of the Spirit Documents because such information from a third party like Spirit is unlikely to play a dispositive or even significant role in the outcome of the litigation and the prevailing interests of the Parties.  The potential harm to Spirit that could result if the Spirit Documents were publicly disclosed thus strongly outweighs any countervailing public interest in disclosure of this information.  *See United Air Lines* v. *Allen*, 645 F. Supp. 34, 36 (D. Mass. 2009) ("Surely the public's right of access to court papers does not outweigh United's right to protect itself against negative financial repercussions."); *see also TriQuint*, 2011 WL 6182346 at *6 (finding the existence of compelling reasons to seal business strategy information because TriQuint showed it would be harmed by the public disclosure of that information and only a limited amount of information would be kept from the public).  In short, federal courts regularly seal or impound documents that contain sensitive, confidential business information that could cause harm to a company, if disclosed publicly.  Spirit's confidential business information meets this standard, and the competitive risk of disclosure strongly outweighs any public interest in the information.  The Court should therefore impound the Spirit Documents and specified portions of Mr. Kirby's deposition testimony.

In addition, if Mr. Kirby is called as a witness during trial, the Court should impound any portions of Mr. Kirby's testimony that would otherwise result in the public disclosure of any highly confidential and competitively sensitive Spirit information.  Mr. Kirby will be prepared to identify for the Court during his testimony any answers to questions that would publicly disclose such information, in order to give the Court, the Parties, and counsel for

Spirit the opportunity to confer if necessary and determine whether it may be necessary to close the Courtroom (or defer responses to those questions until the end of Mr. Kirby's testimony, when the Courtroom might be closed). In addition, in an effort to avoid closing the Courtroom, Spirit will, as noted, coordinate with counsel for Plaintiffs and Defendants to determine whether it will be possible for them to conduct their examinations of Mr. Kirby by referring to portions of exhibits (which would not themselves be published in open Court) if that would enable Mr. Kirby to testify by referring to those portions of the exhibits and thereby avoid publicly disclosing highly confidential and competitively sensitive information of Spirit.

Based on the foregoing, Spirit respectfully requests that the Court issue an order of impoundment protecting the highly confidential information described herein from public disclosure. Spirit further requests that the sealed documents remain impounded until further order of the Court.

Dated: New York, New York
September 19, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Andrew C. Finch*
Andrew C. Finch (*pro hac vice pending*)
Sophia Bertran (*pro hac vice pending*)
1285 Avenue of the Americas
New York, New York 10019
afinch@paulweiss.com
sbertran@paulweiss.com
Telephone: (212) 373-3000

*Attorneys for Non-Parties Spirit Airlines, Inc. and John P. Kirby*

CHOATE, HALL & STEWART LLP

By: /s/ *Samuel N. Rudman*
Samuel N. Rudman (BBO #: 698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
srudman@choate.com
Telephone: (617) 248-4034

*Attorney for Non-Parties Spirit Airlines, Inc. and John P. Kirby*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for the Parties on September 16, 2022. Plaintiffs have indicated that they do not oppose the relief requested herein. Defendants have indicated that they do not oppose Spirit's motion, but reserve the right to request that the Court unseal specific Spirit documents or deposition testimony and/or to address issues raised during any future Court hearing regarding confidentiality.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ *Andrew C. Finch*
Andrew C. Finch (*pro hac vice pending*)
1285 Avenue of the Americas
New York, New York 10019
afinch@paulweiss.com
Telephone: (212) 373-3000

*Attorney for Non-Parties Spirit Airlines, Inc. and John P. Kirby*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 19, 2022.

                                        /s/ *Samuel N. Rudman*
                                        Samuel N. Rudman