IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>Defendants. | Civil Action No. 1:21-cv-11558-LTS |

### DECLARATION OF JOHN KIRBY IN SUPPORT OF MOTION TO IMPOUND HIGHLY CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY, AND TESTIMONY AT TRIAL

JOHN KIRBY declares pursuant to 28 U.S.C. § 1746:

1. I am the Vice President of Network Planning at Spirit Airlines, Inc. ("Spirit"). I submit this declaration in support of Spirit's motion to impound highly confidential documents, deposition testimony, and testimony at trial. I am fully familiar with the documents and testimony at issue and facts set forth below.

2. I began working at Spirit in November 2018. In my role as Vice President of Network Planning I have access to competitively and commercially sensitive information of Spirit.

3. Before joining Spirit I was employed by Alaska Airlines, Inc. ("Alaska Airlines"). I worked at Alaska Airlines from January 2015 to October 2018, most recently as the Vice President of Capacity Planning and Alliances. In my role as Vice President of Capacity Planning and Alliances I had access to competitively and commercially sensitive information of Alaska Airlines.

4. I have reviewed the Spirit documents that American Airlines Group Inc. and JetBlue Airways Corporation (together, the "Defendants") have identified on their list of trial exhibits. Trial exhibits DX-466, DX-468, DX-470, DX-472, DX-474, DX-475, DX-477, DX-478, DX-480, DX-481, and DX-483 (the "Spirit Confidential Documents") contain highly confidential and competitively sensitive information, including strategic information regarding forward-looking business plans, non-public internal financial information regarding Spirit's profits, costs, revenues, and cash flows, and non-public information regarding Spirit's proprietary research and analysis regarding customer demand, network expansion, fleet expansion, and other business opportunities. I understand that these Spirit Confidential Documents have been identified as trial exhibits by the Defendants.

5. Competitors do not have access to this highly confidential and competitively sensitive information contained in the Spirit Confidential Documents. Based on my knowledge of the competitively and commercially sensitive information contained in the Spirit Confidential Documents, I believe that the public disclosure of these documents would result in significant competitive disadvantage and financial harm to Spirit.

6. On June 22, 2022, I was deposed in this action. During that deposition, I was asked about my time working at Alaska Airlines. My answers to a small number of questions included information that is competitively and commercially sensitive to Alaska Airlines, including Alaska Airlines' non-public strategies for network expansion. Competitors do not have access to this highly confidential and competitively sensitive information provided during my deposition. Based on my knowledge of the highly confidential and competitively sensitive information contained in my deposition testimony, I believe that the public disclosure of that

testimony could result in significant competitive disadvantage and financial harm to Alaska Airlines.

7. I have been informed my name has been included on the list of potential trial witnesses, and that I may be called at trial to testify. Based on the documents that have been identified as trial exhibits and my prior deposition testimony, I believe it is possible that, if I am asked to testify at trial, questions that I will be asked may elicit testimony that contains highly confidential and competitively sensitive information, and that public disclosure of that information in an open courtroom would result in significant competitive disadvantage and financial harm to Spirit.

8. In summary, I believe that the public disclosure of the Spirit Confidential Documents and my deposition testimony at trial, and potentially testimony that I may be asked to provide at trial, would result in significant competitive disadvantage and financial harm to Spirit and Alaska Airlines.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2022.

_____
John Kirby

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") on September 19, 2022.

/s/ *Samuel N. Rudman*
Samuel N. Rudman