**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and JETBLUE AIRWAYS<br>CORPORATION,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:21-CV-11558-LTS |

**UNOPPOSED MOTION OF NON-PARTY FMR LLC
TO SEAL PROPOSED TRIAL EXHIBITS**

Pursuant to Local Rule 7.2 and the Stipulated Protective Order (ECF No. 99) non-party FMR LLC ("Fidelity") respectfully moves the Court to enter an order to place under seal the following trial exhibits:

| Exhibit Number | Bates number |
|---|---|
| PX0474 | FMR-DOJ-AIRLINE-000139 to -000147 |
| PX0475 | FMR-DOJ-AIRLINE-000475 to -000480 |
| PX0476 | FMR-DOJ-AIRLINE-000873 to -000874 |

As explained below, each of these three proposed trial exhibits (collectively, the "Fidelity Confidential Documents") is an "analyst note"—a document drafted by a Fidelity analyst for internal use only, and which is intended to provide confidential analysis and recommendations for Fidelity portfolio managers, the individuals who make investment decisions. Analyst notes contain sensitive, nonpublic business information including proprietary financial models and non-

1

public financial analysis the disclosure of which would cause Fidelity serious competitive harm and would interfere with Fidelity's ability to best serve its clients.  Fidelity further requests that the sealed documents, if admitted into evidence at all, remain impounded until further order of the Court.  Non-Party Fidelity has conferred with all Parties to this litigation, who represented that they do not oppose the relief requested herein.

In support of its motion, Fidelity provides the accompanying declaration of Thomas Stantial, Vice President, Investment & Adviser Compliance at Fidelity Investments ("Stantial Declaration" or "Stantial Decl.").[1]

### ARGUMENT

Although courts have long recognized a common law right of access to judicial records, "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  When evaluating a request to seal, courts weigh the public's right of access against a party's interest in confidentiality acknowledging that "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access."  *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998); *Skyhook Wireless, Inc. v. Google, Inc.,* No. 10-cv-11571, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015) (noting that "the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information").  In particular, the privacy interests of third parties have "been referred to as a venerable common law exception to the presumption of access and weigh heavily in a court's balancing equation." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (cleaned up).

---

[1] Should the Court desire, Fidelity will submit a copy of each Confidential Document for *in camera* review.

Courts are particularly sensitive to countervailing interests when there is a threat that sensitive, confidential business information that could cause harm to a company may be exposed. *See Skyhook Wireless, Inc.* 2015 WL 13675231, at *2; *Glass Dimensions, Inc. v. State St. Corp.*, No. 10-cv-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (recognizing "a legitimate and significant interest in protecting … sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail") (citing *Kravetz*, 706 F.3d at 62); *Ares-Serono, Inc. v. Organon Int'l B.V.*, 151 F.R.D. 215, 219-20 (D. Mass. 1993) (court "must exercise its discretion in order to avoid unnecessary disclosure of trade secrets or other confidential business information"); *Nixon*, 435 U.S. at 598 (document revealing "business information that might harm a litigant's competitive standing" is the type of document that courts protect because disclosure can result in injury).

The Fidelity Confidential Documents contain the exact type of highly confidential business information that merits protection by this Court because disclosure of the analyst notes would harm Fidelity's business in three specific ways.

*First*, the Fidelity Confidential Documents contain detailed and proprietary financial modeling information and non-public quantitative financial analysis as well as stock valuations, recommendations, and projections. While the specific recommendations made are historic, the analysis nevertheless reveals how Fidelity analyzes and values companies and industries. When drafting analyst notes, Fidelity analysts rely on proprietary quantitative models to inform their investment recommendations and analysis. Stantial Decl. ¶¶ 6-7. In turn, Fidelity portfolio managers rely on the outputs from the models contained in the analyst notes (among other factors) to guide their individual investment decisions to benefit Fidelity's clients and shareholders. *Id.* at ¶¶ 5, 7-8. Fidelity's models give it a key comparative advantage in a crowded market of financial

3

services firms. *Id.* at ¶¶ 4, 7. Indeed, Fidelity's clients specifically seek out Fidelity's services because of their history of developing successful financial models. *Id.* Disclosure of information regarding these models could significantly harm Fidelity's competitive standing as it would permit competitors easy access to Fidelity's advanced modeling allowing them to adjust their own models and financial decision making. *Id.* at ¶ 6.

That the Fidelity Confidential Documents contain such sensitive modeling data weighs in favor of keeping the documents from public disclosure, especially where—as here—they constitute confidential material of a non-party. *See United Air Lines, Inc. v. Allen*, 645 F. Supp. 2d 34, 36 (D. Mass. 2009) ("the public's right of access to court papers does not outweigh United's right to protect itself against negative financial repercussions"); *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, No. 20-cv-2274, 2022 WL 3272538, at *3 n.3 (M.D. Fla. Aug. 10, 2022) (granting motion to seal documents which contained, among other confidential business information, "proprietary financial modeling."); *FTC v. OSF Healthcare Sys.*, No. 11-cv-50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (granting motion to seal where the "potential dangers [an insurer] would face if a competitor gained access to its trade secrets and confidential commercial information outweigh the public's interest in access to these documents"); *Cf. In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, No. 10-cv-02193--, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (granting motion for protective order to protect "confidential commercial information about [a bank's] internal policies and procedures, as well as the internal policies and procedures of its third-party vendor" because material at issue "could unfairly disadvantage [the bank] vis-à-vis their economic competitors").

***Second***, the Fidelity Confidential Documents contain extensive—and equally important— qualitative analysis meant to assist Fidelity portfolio managers in making investment decisions on

behalf of millions of investors, including millions of investors in thousands of retirement plans. Stantial Decl. ¶¶ 5, 9-11.  The basis on which analysts make their recommendations to portfolio managers—including the information considered, questions asked, investment philosophies employed—is proprietary and confidential.  *Id.* at ¶ 5.  Like the quantitative models, the qualitative analysis by Fidelity's analysts represents a key comparative advantage and value to consumers. *Id.* at ¶ 7.  Disclosure of the Confidential Documents would allow competitors undue insight into Fidelity's internal assessments and harm its business.  *See United Air Lines, Inc.* 645 F. Supp. 2d at 36; *In re Qualcomm Litig.,* No. 17-cv-0108*,* 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (documents "should … be sealed" where they provide "insight into the parties' business model and strategy").

*Finally,* the Fidelity Confidential Documents contain candid analysis of specific management teams and their announced corporate strategies.  To provide thorough and reliable financial analysis to portfolio managers, analysts must be able to offer honest, uncensored evaluations and commentary.  Stantial Decl. ¶ 8.  Analysts are able to do so because they have an expectation that the analyst notes will be maintained as proprietary and confidential by Fidelity. If the Fidelity Confidential Documents were to become public, it would likely have a chilling effect on current and future Fidelity analysts leading them to self-senor or alter their reports.  Portfolio managers would then be operating with potentially incomplete information harming both Fidelity and ultimately the consumer investor.

## CONCLUSION

For the forgoing reasons, Fidelity respectfully requests that the Court enter an order to place under seal the Fidelity Confidential Documents.

Dated:  September 19, 2022              */s/ Mark A. Ford*

                                           Mark A. Ford
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                           60 State Street
                                           Boston, MA 02109
                                           Tel: (617) 526-6600
                                           mark.ford@wilmerhale.com

                                           *Attorney for Non-Party FMR LLC*