UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

MOTION OF NON-PARTY SOUTHWEST AIRLINES CO.
TO SEAL TRIAL EXHIBITS

Southwest Airlines Co. ("Southwest") respectfully moves the Court to place under seal certain confidential, competitively-sensitive Southwest documents that have been marked as potential trial exhibits in this case. Southwest has met and conferred with counsel for the plaintiffs and defendants, and understands that no party objects to this motion.

Southwest is filing this motion today pursuant to Paragraph 46 of the parties' joint proposed pre-trial order [Dkt. 157], which calls for non-parties to file a motion to seal confidential material by this date. While the proposed pre-trial order has not been entered by the Court, Southwest is nevertheless filing this motion out of an abundance of caution to ensure that its confidential business information remains confidential.

I.  Background

Southwest is not a party to this case. During discovery, Southwest produced documents in response to a subpoena issued by defendant American Airlines. Plaintiffs also produced to

defendants certain Southwest documents in the possession of the Department of Justice that Southwest had previously produced to the Department under Civil Investigative Demands in connection with various airline-related investigations dating back to the early 2000s. In addition, American Airlines took the deposition of a Southwest executive, Andrew Watterson. Southwest expects plaintiffs to call Mr. Watterson to testify at trial, during which time one or both parties may use the confidential Southwest documents at issue or seek to elicit confidential information in connection with his testimony. Southwest is actively engaging with counsel for both parties to structure the examination and cross-examination in a manner that will not divulge confidential information. If such an accommodation cannot be reached, Southwest respectfully requests the opportunity to petition the Court during the testimony to take any necessary steps to protect Southwest's confidential information from becoming public.

## II. Trial Exhibits Containing Confidential and Competitively-Sensitive Southwest Information

The parties have marked fourteen Southwest documents as potential trial exhibits. Of those, Southwest has determined that the following documents contain confidential, competitively-sensitive information:

| Document | Exhibit # | Confidential Information |
|---|---|---|
| SWA-004095 | DX-0497 | Internal message to Southwest employees about company's strategic plans |
| SWA-004194 | DX-0498 | Confidential strategic plan |
| SWA-004934 | DX-0500 | Internal competitive review |
| SWA-004935 | DX-0501 | Internal competitive review |
| SWA-005231 | DX-0502 | Internal marketplace assessment and plan |
| SWA-005375 | DX-0503 | Confidential strategic plan and competitive analysis |
| WN0000017552 & -53 | DX-0516 & -0517 | Internal cover email and confidential competitive strategy planning presentation |
| WN000724394, -395, -453 | PX-0911 | Internal cover email and confidential competitive strategy planning presentation (different version of DX-0517) |

The First Circuit instructs that the "court must carefully balance the competing interests that are at stake in the particular case" when a party requests sealing of judicial records. *Siedle v. Putnam Invs., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998). Here, there are two "important countervailing interests, [which] can, in given instances, overwhelm the usual presumption" of the public's right of access to judicial records. *Id.*

First, Southwest is not a party to this action. It nevertheless spent substantial time and effort to comply with the document requests and will produce a witness to testify at trial pursuant to subpoena. At all times during the course of this litigation, Southwest consistently has maintained that the information Southwest was providing contained confidential, competitively-sensitive material. Courts recognize the special protection afforded to non-parties to protect such material from being made public: "Third-party privacy interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access,' *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir.1995), and 'weigh heavily in a court's balancing equation,' *id.* at 1050." *U.S. v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013).

Second, the limited documents that Southwest seeks to seal are confidential, competitively sensitive business information, the disclosure of which would likely result in serious competitive injury to Southwest. Courts deny public access to information where "court files might . . . become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Courts have recognized a "legitimate and significant interest in protecting . . . sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail." *Glass Dimensions, Inc. v. State St. Corp.,* No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (citing *Kravetz,* 706 F.3d at 62).

The documents at issue are all internal, confidential communications and presentations. They include strategic analyses, competitive reviews, marketplace assessments and long-range plans. Many of the documents contain confidential pricing and financial information that Southwest uses in connection with its business decisions. Disclosure of these types of information would significantly harm Southwest's competitive standing by providing its competitors insight into its past operations, current condition and future plans, as well as a road-map of Southwest's decision-making processes and deliberations. Courts routinely protect such information. *See, e.g., Abiomed, Inc. v. Maquet Cardiovascular LLC,* No. CV 16-10914, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021) (finding that "confidential financial information" outweighs the presumption of access); *U.S. v. IBM,* 163 F.3d 737, 739 n.3 (2d Cir. 1998) (noting in an antitrust case that "strategic planning documents [were] filed under seal"); *Bauer Bros. LLC v. Nike, Inc.,* No. 09-CV-500, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) ("[P]ublic disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development.").[1]

## CONCLUSION

For the reasons set forth above, Southwest respectfully requests that the Court grant its Motion to Seal Trial Exhibits.

Dated: September 19, 2022

Respectfully submitted,

/s/ Allison Aviki
Allison Aviki
William H. Stallings *(pro hac vice pending)*

---

[1] Redacting the lengthy documents would not be practical given the extensive and inextricably intertwined nature of the competitively-sensitive information throughout the documents.

936721827.2

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on multiple occasions, counsel for Southwest discussed with counsel for both plaintiffs and defendants Southwest's concerns about its confidential information being made public. I understand that no party objects to this motion.

/s/ Allison Aviki
Allison Aviki

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Allison Aviki
Allison Aviki

936721827.2