# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No.: 1:21-cv-11558-LTS |

## ALASKA AIRLINES, INC.'S UNOPPOSED MOTION TO SEAL CONFIDENTIAL INFORMATION

Pursuant to Local Rule 7.2, and the Stipulated Protective Order (Dkt. No. 99), Alaska Airlines, Inc. ("Alaska") respectfully moves the Court to enter an order to place under seal in part the trial exhibits identified in Appendix A, to the extent the exhibits are offered and admitted into evidence. Alaska further requests an order granting leave to submit redacted and unredacted versions of the exhibits identified in Appendix A under seal so that this Court may rule on Alaska's proposed confidentiality assertions and redactions.

Pursuant to the Case Management Order (ECF No. 76), Alaska met-and-conferred with Plaintiffs and Defendants regarding the scope of Alaska's proposed redactions of Confidential information. On September 6, 2022 counsel for the United States of America confirmed that Plaintiffs do not object to Alaska's proposed redactions in Appendix A. On September 16, 2022 counsel for American Airlines Group Inc. confirmed that Defendants do not oppose Alaska's motion to seal but reserve the right to request that the Court unseal specific Alaska documents or deposition testimony and/or to address issues raised during any future court hearing regarding confidentiality.

Courts recognize that "the right to inspect and copy judicial records is not absolute," and nonpublic, commercially sensitive documents may be protected from public disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015). As a third party, Alaska's privacy interests "are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records. Third-party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation." *U.S. v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (internal citations and quotations omitted); *see also In re Bos. Herald, Inc.*, 321 F.3d 174, 191 (1st Cir. 2003) (recognizing that the privacy interests of third parties should be afforded increased weight).

Alaska moves to seal in part the documents identified in Appendix A on the basis of two "important countervailing interests, [which] can, in given instances, overwhelm the usual presumption" of the public's right of access to judicial records. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *see also Kravetz*, 706 F.3d at 59 (1st Cir. 2013) (quoting *Siedle*, 147 F. 3d at 10). Primarily, Alaska moves to seal confidential proprietary or competitively sensitive business information, the disclosure of which would likely result in serious competitive injury to Alaska. Alaska also moves to seal a small amount of personal information of Alaska employees unrelated to any business decisions or issues in this case, the disclosure of which would infringe upon the privacy rights of those individual employees.

As detailed in the enclosed Appendix A, Alaska has endeavored to narrow any confidentiality claims to the fullest extent possible, and seeks only to apply targeted redactions rather than sealing any documents in full. Consistent with the Joint Proposed Pretrial Order (Dkt. No. 157) submitted by Plaintiffs and Defendants, Alaska met and conferred with Plaintiffs and Defendants to ensure that the redacted versions of these documents may be used in open court and entered in the public record, and for trial witnesses to be effectively questioned regarding the redacted portions by reference but without revealing the redacted information. The categories of information that Alaska seeks to remain confidential are set forth below.

I. **CONFIDENTIAL PROPRIETARY OR COMPETITIVELY SENSITIVE INFORMATION**

Alaska has proposed narrow redactions to seal several categories of confidential proprietary or competitively sensitive business information, as detailed in Appendix A. The information that Alaska seeks to redact is of the sort that courts commonly withhold from public view on grounds that disclosure could cause serious competitive injury if revealed to Alaska's competitors, including the Defendants. *See Nixon*, 435 U.S. at 598; *see also Glass Dimensions, Inc. v. State St. Corp.,* No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013). Alaska's interest in protecting this competitively sensitive information is enhanced given its role as a neutral third party to the litigation. *Kravetz*, 706 F.3d at 62. As discussed above, Alaska's proposed redactions should not impede the use of these documents as exhibits at trial, and should shield from public view only the information that would be most damaging to Alaska if revealed to its competitors.

   A.   **Strategic Plans and Analyses**

As detailed in Appendix A, many of the potential trial exhibits proposed by the parties contain commercially sensitive information regarding Alaska's strategic plans and analyses

Case 1:21-cv-11558-LTS   Document 214   Filed 09/19/22   Page 4 of 9

related to key business decisions at the core of Alaska's operations. These include decisions to enter or exit certain markets, changes to frequencies or capacity of Alaska's flights, evaluation of potential partnerships, and plans for future capital investment. These documents also contain detailed information regarding the specific strategic considerations and alternatives that Alaska examined in making these important business decisions. This body of information would be particularly damaging to Alaska's competitive standing if made public, because it would give Alaska's competitors, suppliers, customers, and/or potential partners unfair insight into Alaska's "next best" strategic alternatives and allow them to unfairly predict, influence, and even interfere with Alaska's business strategy and decision-making.

Courts have recognized the need to protect such competitively sensitive information from public view. *See e.g. Williams v. Apple, Inc.*, No. 19-CV-04700, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (information that "would provide competitors with insight that they could use to unfairly compete" qualifies as "business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 3:17-cv-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (holding that documents "should . . . be sealed" where they provide "insight into the parties' business model and strategy" because disclosure "could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business"). The limited redactions that Alaska proposes herein are carefully calibrated to preserve the public's interest in disclosure while reducing the risk of competitive harm to Alaska that would be caused by the release of its innermost strategic discussions and analyses.

      **B.**     **Financial Data**

Alaska seeks to redact portions of documents identified in Appendix A containing detailed financial data that is not otherwise publicly available and would put Alaska at a competitive disadvantage if revealed to Alaska's competitors, which courts recognize is

4

sufficient to overcome the usual presumption of public access. *See Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021) (finding that "confidential financial information . . . outweigh the presumption of access"); *Maine v. Zealandia Holding Co., Inc.*, No. 1:13-CV-00471-JAW, 2014 WL 12726291, at *1 (D. Me. Jan. 31, 2014) ("the public's right [of access to records] is not absolute. Here, the privacy interest in non-disclosure is a party's financial records, the disclosure of which could cause the party to suffer a competitive disadvantage.").

As explained further in Appendix A, Alaska has endeavored to redact only non-public financial information such as profit margins, revenues from specific sources, and projections of future budgets, which are the most competitively sensitive and deserving of protection.

### C. Information Regarding Alaska's Key Corporate Customers

Several documents identified in Appendix A contain sensitive information regarding Alaska's key corporate customer relationships. Although the entire body of this information would likely be of great value to Alaska's competitors if made public, Alaska has proposed limited redactions targeting the identities and granular financial information associated with these customer relationships. This information, if made public, would allow Alaska's competitors to target Alaska's key customers and grant them an unfair advantage in understanding the finances underlying those relationships, and should be kept sealed on that basis. *See Bruno Int'l Ltd. v. Vicor Corp.*, No. 14-10037, 2015 WL 5447652, at *12 (D. Mass. Sept. 16, 2015); *Trade W. Inc. v. E.-W. Aloha Corp.*, No. CV 01-00096, 2016 WL 11713185, at *2 (D. Haw. Aug. 22, 2016).

### II. CONFIDENTIAL PERSONAL INFORMATION OF INDIVIDUAL EMPLOYEES

As detailed further in Appendix A, proposed trial exhibit DX-222 contains several pages with irrelevant, but highly personal information regarding several individual Alaska employees,

such as hobbies, family histories, and baby photographs. Alaska has proposed targeted redactions to seal this information that is highly personal and holds little to no value to the public. *U.S. v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) ("There is no reason to believe that the details of these highly-personal family matters have otherwise been disclosed, and the disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process.").

### III.     DEPOSITION TESTIMONY

Alaska understands that neither Party has designated deposition testimony from any Alaska witness, but that the parties may intend to use portions of the transcript from the May 18, 2022 deposition of Mr. Andrew Harrison "for cross-examination, impeachment, or rebuttal purposes" under the Joint Proposed Pretrial Order (Dkt. No. 157). Consistent with the Stipulated Protective Order (Dkt. No. 99), Alaska met-and-conferred with Plaintiffs and Defendants regarding the specific portions of Mr. Harrison's deposition testimony that contain Alaska's confidential information. Alaska reserves the right to request to seal this confidential information in the event a party seeks to use that deposition testimony at trial.

### CONCLUSION

For the reasons set forth above, Alaska requests that this Court issue an order impounding the confidential information in Alaska's proposed redactions to the trial exhibits identified in Appendix A to the extent those exhibits are introduced at trial. Alaska also requests an order granting leave to submit redacted and unredacted versions of the exhibits identified in Appendix A under seal.

September 19, 2022                                Respectfully submitted,


                                                   /s/ Joanne Wisner
                                                 Joanne Wisner (MA #646301)
                                                 O'MELVENY & MYERS LLP
                                                 1625 I St NW
                                                 Washington, D.C. 20006
                                                 Telephone:  (202) 383-5197
                                                 Fax: (202) 383-5414
                                                 E-mail:  jwisner@omm.com

                                                 Counsel for Non-Party Alaska Airlines, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2022.

      /s/ Joanne Wisner
      Joanne Wisner

      Counsel for Non-Party Alaska Airlines, Inc.

## **LOCAL RULE 7.1 CERTIFICATION**

      Pursuant to Local Rule 7.1(a)(2), I hereby certify that Alaska, through counsel, met and conferred in good faith with counsel for Defendants and counsel for Plaintiffs regarding the filing of this motion.  Counsel for the United States of America indicated that Plaintiffs do not oppose the motion.  Counsel for American Airlines Group Inc. indicated that Defendants do not oppose the motion but reserve the right to request that the Court unseal specific Alaska documents or deposition testimony and/or to address issues raised during any future court hearing regarding confidentiality.

      /s/ Joanne Wisner
      Joanne Wisner

      Counsel for Non-Party Alaska Airlines, Inc.