UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>    Defendants. | Civil Action No. 1:21-CV-11558-LTS |

## DECLARATION OF MICAH D. MOON

MICAH D. MOON, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as Senior Corporate Counsel – Antitrust & Regulatory at Delta Air Lines, Inc. ("Delta"), and I have served in that role since joining the company in 2021.

2. I submit this declaration in support of Delta's Motion to Seal Confidential Information, for an order to place under seal certain documents produced by Delta in the above-captioned case, and certain deposition excerpts from the deposition of Delta's Senior Vice President of Global Sales, Robert Somers, taken by the parties in this case, which the parties have informed Delta that they may introduce at trial, and to the extent any of those materials are offered and admitted into evidence.

3. Delta asks the Court to keep sealed and to prevent from being disclosed to the public at the trial the following trial exhibits, as identified in **Exhibit A** to Delta's Motion to Seal:

Plaintiffs' Exhibits: PX0404, PX0405, PX0406, PX0407, PX0408, and PX0927.

Defendants' Exhibits: DX0230, DX0232, DX0233, DX0234, DX0235, DX0238, DX0239, DX0240, DX0242, DX0243, DX0244, DX0246, DX0247, DX0248, DX0249, DX0250,

DX0251, DX0252, DX0253, DX0254, DX0255, DX0256, DX0257, DX0258, DX0259, and DX0260.

4. All of these documents are internal-only Delta documents and Delta has taken reasonable steps to maintain their secrecy.

5. These documents consist of internal Delta commercial strategy documents, business plans, and Network Planning and Sales documents that contain confidential proprietary commercial or competitively sensitive information, including on topics related to capacity and route planning, fleet planning, sales, corporate strategy, and revenue, cost and other financial information. Many of these documents also contain commercially sensitive process information, including processes and methodologies for Network Planning and Sales.

6. All but two of these documents are from 2019 to 2021. DX0258 ("Five Year Network Plan") is from November 2018 and DX0259 ("Network Strategy Update") is from August 2018, but both are long-term network planning and corporate strategy documents with substantial amounts of information concerning Delta's present and future plans. Thus, none of these documents are "stale," particularly since the global COVID-19 pandemic put on hold many of Delta's strategic and commercial plans.

7. Delta also asks the Court to keep sealed certain limited deposition designations identified by the parties from the deposition of Robert Somers, Delta's Senior Vice President of Global Sales, as identified in Exhibit B to Delta's Motion to Seal. These excerpts from Mr. Somers' deposition reveal confidential Sales information, strategy, and/or methodologies, including, *inter alia*, specific customer names, how Delta measures performance under corporate contracts, discussion of contract terms and discounts to corporate customers, target markets and

accounts, response strategies to competition including in specific markets, and bidding strategies or processes including as to specific customers or customer segments.

8.  The information in these documents and deposition excerpts is sufficiently valuable and secret to afford a potential or actual advantage over others; and their disclosure to existing or potential business competitors, customers, or related parties would cause a material injury to Delta's business, commercial, competitive, or financial interests.  Thus, the disclosure of these documents would likely result in serious competitive injury to Delta.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 19th day of September, 2022.

*/s/ Micah D. Moon*
Micah D. Moon