UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 21-11558-LTS |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | ) |
| Defendants. | ) |

ORDER ON PRETRIAL MOTIONS

September 20, 2022

SOROKIN, J.

The parties have brought various disputes to the Court's attention via motions in limine and their joint pretrial submission. After hearing the parties on these matters at the final pretrial conference on September 19, 2022, see Doc. No. 220, the Court resolved the disputes for reasons explained in open court. This Order memorializes the Court's rulings.

1. The plaintiffs' Motion in Limine to Exclude Testimony of Defendants' Expert Ron DiLeo (Doc. No. 140) is DENIED, as the challenges are more appropriately pursued via cross-examination and argument at trial.

2. The defendants' Motion in Limine Concerning Plaintiffs' Expert's Merger Simulation Model (Doc. No. 141) is DENIED, as the challenges are more appropriately pursued via cross-examination and argument at trial.

3. The plaintiffs' Motion in Limine to Exclude Evidence of Defendants' Alleged Carve-Out Routes (Doc. No. 144) is DENIED, as the challenges are more appropriately pursued via cross-examination and argument at trial.

4. The parties' Joint Proposed Pretrial Order (Doc. No. 157) is ADOPTED, with the disputed paragraphs resolved as follows:

    a. As to Paragraph 10, the Court adopts the allocation of trial time proposed by the plaintiffs;

    b. As to Paragraph 25, the Court imposes the following limits on contact between lawyers and witnesses:

        i. When the plaintiffs call a representative of either defendant as a fact witness in their case-in-chief, defense counsel may not discuss with the witness the substance of the witness's testimony from the time the witness is sworn until the time they are excused, <u>except</u> that counsel may engage in such discussions with the witness during any overnight break in the proceedings that occurs during the witness's examination by defense counsel.

        ii. As to any fact witnesses not within the scope of the previous provision (paragraph 4(b)(i)), no lawyer may communicate with a fact witness they call about the substance of the witness's testimony from the time the witness is tendered for cross-examination until they are excused.

        iii. Lawyers may communicate with their own experts, except during cross-examination.

    c. As to Paragraph 42, the Court adopts the limitation proposed by the plaintiffs, with the caveat that any party who believes more recent data is material and significant to determining the issues before the Court may file a motion seeking to expand the record to include such data, which the Court will consider and resolve after the other party has had an opportunity to respond;

    d. As to Exhibits E and F, the Court cannot rule on the admissibility of the referenced categories of exhibits without reviewing the exhibits and considering them in the context of the evidence as it develops during the trial.

5. The Defendants' Motion to Seal Trial Exhibits (Doc. No. 159) is ALLOWED insofar as the exhibits identified in Appendix B are concerned.  <u>As to the exhibits identified in Appendix A, the parties shall meet and confer by September 22, 2022, and shall file a joint report updating the Court as to the status of any remaining disputes by the close of business on Friday, September 23, 2022</u>.  To the extent disputes regarding sealing of any exhibits require resolution by the Court, the parties shall provide to the Court the exhibits at issue along with the status report.

                                          SO ORDERED.

                                                 /s/ Leo T. Sorokin
                                             United States District Judge