UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                            Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>                            Defendants. | Civil Action No.: 1:21-cv-11558-LTS |

## DECLARATION OF MICHAEL S. MITCHELL

I, Michael S. Mitchell, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in Washington, D.C., and have been admitted *pro hac vice* to this Court in the above-captioned case. I am a partner at the law firm of Boies Schiller Flexner LLP, counsel to Delta Air Lines, Inc. ("Delta"), which moves the Court, along with Glen Hauenstein and Joseph Esposito, to quash the trial subpoenas served on Mr. Hauenstein and Mr. Esposito for their appearance at the upcoming trial in this action. I submit this declaration in support of Delta's motion to quash the subpoenas and opposition to Defendants' motion to compel. I have personal knowledge of the facts contained herein, and, if called as a witness, I could and would testify competently thereto.

2. On August 25, 2022, I spoke by telephone with Marguerite Sullivan of Latham & Watkins, LLP, counsel for American Airlines in this case. Ms. Sullivan informed me that Defendants American Airlines and JetBlue Airways had identified Mr. Hauenstein and Mr. Esposito on their final trial witness list, and that Defendants intended to serve subpoenas on Mr.

1

Hauenstein and Mr. Esposito for them to appear and testify at trial. This was the first time Defendants informed me or anyone representing Delta that Defendants intended to seek the trial testimony of Mr. Hauenstein and Mr. Esposito and had put them on their final trial witness list.

3. I told Ms. Sullivan that I expected Delta would be inclined to move to quash the subpoenas, but that I would confer with Delta. In response, Ms. Sullivan told me that Defendants would be willing to forego the subpoena to Mr. Hauenstein if Delta agreed to make Mr. Esposito available to testify at trial. I told her I would inform Delta of her proposal and get back to her.

4. On August 30, 2022, I spoke with Ms. Sullivan again. I informed her that I had conferred with Delta, and that if Defendants served trial subpoenas on Mr. Esposito and/or Mr. Hauenstein, Delta would move to quash the subpoenas.

5. Attached hereto as **Exhibit 1** is a true and correct copy of Delta's Memorandum of Law In Support of Motion for Protective Order and to Quash Deposition Subpoena to Glen Hauenstein, filed on April 12, 2022 in *In re Subpoena to Glen Hauenstein*, Case No. 1:22-mi-00029-MHC-CCB (N.D. Ga.) (ECF 1-1) (case number later changed to Case No. 1:22-cv-1654-MHC-CCB (N.D. Ga.)).

6. Attached hereto as **Exhibit 2** is a true and correct copy of American Airlines' Opposition to Motion for Protective Order and to Quash Deposition Subpoena to Glen Hauenstein, filed on April 26, 2022 in *In re Subpoena to Glen Hauenstein*, Case No. 1:22-cv-1654-MHC-CCB (N.D. Ga.) (ECF 4).

7. Attached hereto as **Exhibit 3** is a true and correct copy of Delta's Reply In Support of Motion for Protective Order and to Quash Deposition Subpoena to Glen Hauenstein, filed on May 10, 2022 in *In re Subpoena to Glen Hauenstein*, Case No. 1:22-cv-1654-MHC-CCB (N.D. Ga.) (ECF 11).

8.  Attached hereto as **Exhibit 4** is a true and correct copy of United States Magistrate Judge Christopher C. Bly's Order dated May 20, 2022 granting Delta's Motion for Protective Order and to Quash Deposition Subpoena to Glen Hauenstein in *In re Subpoena to Glen Hauenstein*, Case No. 1:22-cv-1654-MHC-CCB (N.D. Ga.) (ECF 12).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of September, 2022 in Washington, DC.

Michael S. Mitchell