# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| *In re Subpoena to*<br><br>*Glen Hauenstein*. | Case No. 1:22-mc-<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA TO GLEN HAUENSTEIN**<br><br><u>Underlying Litigation</u>:<br><br>*United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558-LTS (D. Mass.) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA TO GLEN HAUENSTEIN

## **PRELIMINARY STATEMENT**

On March 30, 2022, Glen Hauenstein accepted service of a non-party deposition subpoena issued by Defendant American Airlines Group Inc. ("American Airlines") in the underlying action *United States of America, et al. v. American Airlines Group Inc. and JetBlue Airways Corporation*, No. 1:21-cv-11558-LTS (D. Mass.) (the "Northeast Alliance Lawsuit"). *See* Decl. of Michael Mitchell ("Mitchell Decl."), Ex. 1 (the "Subpoena"). Mr. Hauenstein is President of Delta Air Lines, Inc. ("Delta") a position he has held since May 2016. Neither Mr. Hauenstein nor Delta are a party to the Northeast Alliance Lawsuit.

Delta and Mr. Hauenstein move the Court for a protective order under Federal Rule of Civil Procedure 26(c)(1), and to quash the Subpoena under Federal Rule of Civil Procedure 45(d). The Court should protect Mr. Hauenstein from the deposition Subpoena under the "apex doctrine," which prohibits American Airlines from obtaining Mr. Hauenstein's deposition because: (1) requiring Mr. Hauenstein, Delta's second highest-ranking executive, to sit for a deposition would impose an undue burden on both himself and Delta; (2) Mr. Hauenstein does not possess unique information relevant to the Northeast Alliance Lawsuit; and (3) American Airlines has made no attempt to first obtain the information sought from Mr. Hauenstein through other means, including from depositions of other, lower-ranking Delta

1

executive witnesses (whom Delta has previously offered, and remains willing, to make available to American Airlines for deposition).

## BACKGROUND

In September 2021, the United States filed a lawsuit in the United States District Court for the District of Massachusetts against Defendants American Airlines and JetBlue Airways Corporation ("JetBlue") alleging that their "Northeast Alliance"—a joint venture pursuant to which the two airlines share revenues and coordinate their scheduling and other commercial activities on certain routes in the Northeast part of the United States—violates the U.S. antitrust laws. Neither Mr. Hauenstein nor Delta is a party to the Northeast Alliance Lawsuit, and Mr. Hauenstein has never been an employee or representative of either American Airlines or JetBlue. Declaration of Glen Hauenstein ("Hauenstein Decl.") ¶¶ 3-4.

Delta, headquartered in Atlanta, Georgia, is one of the world's largest airlines, operating nearly 5,000 flights daily across the globe, and is a publicly-traded, Fortune 500 company. Hauenstein Decl. ¶ 5. As Delta's President, Mr. Hauenstein is the airline's second highest-ranking executive officer. Hauenstein Decl. ¶ 6. Mr. Hauenstein has a wide range of responsibilities at Delta, including responsibility for the overall performance and strategy of the business, managing and overseeing senior level executives responsible for Delta's network, revenue management,

reservation sales, customer care, customer engagement and loyalty strategies, and representing Delta at industry events. *Id.* While Mr. Hauenstein oversees the departments at Delta responsible for Delta's network, revenue management, reservation sales, customer care, customer engagement and loyalty strategies, he is not involved in the day-to-day activities of each of those groups. Hauenstein Decl. ¶ 7. Rather, the senior executives who lead those groups have more direct, day-to-day responsibility for their respective areas. *Id.*

Defendant American Airlines served a deposition subpoena on Mr. Hauenstein on March 30, 2022. The Subpoena commanded Mr. Hauenstein to appear for a deposition on April 8, 2022, at the Atlanta, Georgia offices of Delta. Mitchell Decl. ¶ 3. American Airlines has agreed to postpone the deposition pending the outcome of Delta's instant motion for Protective Order and to Quash the Subpoena.

## ARGUMENT

Under Rule 45, "the court for the district where compliance is required" must or may quash or modify a subpoena in certain circumstances. Fed. R. Civ. P. 45(d)(3). The Court "must quash or modify a subpoena that: . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts commonly recognize "that depositions of high-level officers" place an undue burden upon "those officers

and the entities they represent." *United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. 06-3213, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015); *Tierra Blanca Ranch High Country Youth Program v. Gonzales*, 329 F.R.D. 694, 697 (D.N.M. 2019) (describing a "rebuttable presumption that a high-level official's deposition represents a significant burden upon the deponent and that this burden is undue") (quoting *Galmines*, 2015 WL 4973626, at *2), *objections overruled*, 2019 WL 1487241 (D.N.M. Apr. 4, 2019).[1] That Mr. Hauenstein is a non-party to the underlying litigation also "weigh[s] against disclosure in the undue burden inquiry." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020).[2]

---

[1] Courts have long recognized the burden of depositions on high-ranking corporate officials and their corporate entities. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming the trial court's protective order as to the deposition of Upjohn's president where the plaintiff had noticed depositions of other employees who "had more knowledge of the facts," "in light of defendant's reasonable assertions that [Upjohn's president] was extremely busy and did not have any direct knowledge of the facts," until and unless it occurred that "the testimony of the other employees was unsatisfactory"); *cf. In re United States*, 985 F.2d 510, 512 (11th Cir. 1995) (per curiam) (granting a writ of mandamus to quash the deposition of the FDA Commissioner in part to avoid the Commissioner being forced "to take valuable time away from other tasks in deciding whether to incur the sanction of the court").

[2] *See also In re Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173-T-27EAJ, 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012) ("[I]n a discovery dispute involving a nonparty, the nonparty's status is considered by the court in assessing the burden of complying with the discovery request."); *Viscito v. Nat'l Plan. Corp.*, No. 3:18-30132-MGM, 2020 WL 4274721, at *5 (D. Mass. July 24, 2020) ("'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to

4

To prevent such undue burden, courts apply the "apex doctrine," "an analytical framework used by courts in assessing whether to permit the depositions of individuals at the 'apex' of corporations and other entities." *Galmines*, 2015 WL 4973626, at *1. "The doctrine recognizes that depositions of high-level officers severely burdens those officers and the entities they represent, and that adversaries might use this severe burden to their unfair advantage." *Id.* "The rationale for barring such depositions is that 'high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Robinson v. Wells Fargo Bank, N.A.*, No. 1:10-CV-3819-TCB-GGB, 2012 WL 13130022, at *6 (N.D. Ga. June 7, 2012) (quoting *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002)); *see also Tierra Blanca*, 329 F.R.D. at 696-97 ("At its most general, the 'apex doctrine' provides some protection from depositions to high-level executives and government officials.").

Under the apex doctrine, the party seeking the deposition has the burden to show that the "executive has 'unique or superior knowledge of discoverable information' that cannot be obtained by other means." *Cuyler v. Kroger Co.*, No.

---

special weight in evaluating the balance of competing needs.'") (alteration in original) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

5

1:14-CV-1287-WBH-AJB, 2014 WL 12547267, at *6 (N.D. Ga. Oct. 3, 2014) (quoting *Chick-Fil-A, Inc. v. CFT Dev., LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 928226, at *1 (M.D. Fla Apr. 3, 2009)); *Robinson*, 2012 WL 13130022, at *6 (N.D. Ga. June 7, 2012) ("Under the apex rule, the party seeking the deposition must show that the executive has unique or superior knowledge of discoverable information that cannot be obtained by other means."); *Degenhart v. Arthur State Bank*, No. CV411-041, 2011 WL 3651312, at *1 (S.D. Ga. Aug. 8, 2011) ("Where, as here, an apex deposition is challenged, the burden is placed upon the deposing party . . . . Thus, [plaintiff] must show that [the executive in question] has 'unique or superior knowledge of discoverable information that cannot be obtained by other means.'") (quoting *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004(CDL), 2009 WL 4730321, at *1 (M.D. Ga. Dec. 1, 2009)); *Porter v. Eli Lilly & Co.*, No. 1:06-CV-1297-JOF, 2007 WL 1630697, at *3 (N.D. Ga. June 1, 2007) ("[A] plaintiff must show that the executive would have personal knowledge of the events in question and a plaintiff has no other means of obtaining the information."); *Maier v. Belfor USA Grp., Inc.*, No. 1:14-CV-3906-ODE, 2016 WL 11745953, at *1 (N.D. Ga. May 24, 2016) (granting a motion to quash where "there is nothing in the record demonstrating that [the executive in question] has unique or specialized knowledge of the facts underlying" the action); *Dashtpeyma*

6

*v. Liberty Ins. Corp.*, No. 1:11-CV-3809-JEC-AJB, 2012 WL 13013007, at *3 (N.D. Ga. Apr. 9, 2012) (denying a motion to compel an apex deposition where "Plaintiff has not yet shown (or even attempted to show) that [the executive in question] has unique or superior knowledge of discovery information"); *Tierra Blanca*, 329 F.R.D at 697 ("Under . . . the 'apex doctrine,' the Court may protect a high level corporate executive from the burdens of a deposition when any of the following circumstances exist: (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.") (quoting *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 11-cv-01528-REB-KLM, 2011 WL 2535067, at *1 (D. Colo. June 27, 2011))."[3]

---

[3] Courts in other jurisdictions, including within the First Circuit, where the underlying Northeast Alliance Lawsuit is pending, routinely apply this standard. *See, e.g.*, *Viscito*, 2020 WL 4274721, at *2-6 (granting motions to quash three subpoenas where the plaintiff failed to show executives had unique relevant information); *Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-242-JL, 2022 WL 122609, at *2 (D.N.H. Jan. 7, 2022) (finding the "apex deposition doctrine" applied to bar the deposition of the chairman of the board of the defendant's parent company).

7

Generally, this standard is met only where there is a record developed or evidence demonstrating that the executive in question has some unique personal and direct knowledge of the subject matter in question not available from other employees or, alternatively, from documentary production or written discovery. *See Cuyler*, 2014 WL 12547267, at *7 ("In short, '[a]n officer at the apex of the corporation can only be deposed if he or she has unique knowledge or the subject matter requested in deposition was pursued unsatisfactorily through less intrusive means.'") (quoting *McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006)); *Porter*, 2007 WL 1630697, at *3 ("[A] plaintiff must show that the executive would have personal knowledge of the events in question and a plaintiff has no other means of obtaining the information.").

American Airlines cannot meet this standard to require Mr. Hauenstein to sit for a deposition.

***First***, there can be no dispute that Mr. Hauenstein is an "apex" executive. Mr. Hauenstein is the second-highest ranking executive of Delta, one of the world's largest airlines and a publicly-traded company. Hauenstein Decl. ¶¶ 5-6. This creates a "rebuttable presumption" that requiring Mr. Hauenstein to sit for a deposition would be "a severe hardship for the executive in light of his obligations

8

to his company." *Tierra Blanca*, 329 F.R.D at 697 (first quoting *Galmines*, 2015 WL 4973626, at *2; and then quoting *Naylor Farms*, 2011 WL 2535067, at *1). Indeed, it would. As Delta's President, Mr. Hauenstein's responsibilities to Delta require him to maintain a very full schedule. Hauenstein Decl. ¶ 13. The demands on his time have only increased during the pandemic and as more robust demand for air travel (hopefully) returns. *Id.* Having to prepare and sit for a deposition would be a significant burden on both Mr. Hauenstein and Delta. *Id. See also Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-cv-0698 CAB (NLS), 2018 WL 692259, at *6-7 (S.D. Cal. Feb. 2, 2018) (granting motion for protective order for deposition of former high-level executive of international, publicly traded defendant company).

***Second***, Mr. Hauenstein does not have "unique personal knowledge" as to any topic for which American Airlines seeks his deposition. While Mr. Hauenstein oversees the departments at Delta responsible for Delta's network, revenue management, reservation sales, customer care, customer engagement and loyalty strategies, he is not involved in the day-to-day activities of each of those departments. Hauenstein Decl. ¶¶ 6-7.[4] Rather, the senior executives who lead those

---

[4] American Airlines asserted it needs Mr. Hauenstein's deposition because his areas of responsibility as listed on Delta's website "are central to the defense of DOJ's lawsuit." *See* Mitchell Decl. Ex. 2. But that does not support that Mr. Hauenstein has "unique or superior knowledge of discoverable information that cannot be

9

groups have more direct, day-to-day responsibility for their respective areas. Hauenstein Decl. ¶ 7. These responsibilities included Delta's assessment of the Northeast Alliance, as well as the development and implementation of any competitive response to it. Hauenstein Decl. ¶¶ 7-12. Thus, Mr. Hauenstein's knowledge is shared and developed by others at Delta and "the information sought . . . can be obtained from []other witness[es]." *Tierra Blanca*, 329 F.R.D at 697 (quoting *Naylor Farms*, 2011 WL 2535067, at *1); *see also Cuyler*, 2014 WL 12547267, at *6 (denying a motion to take apex depositions where plaintiff "has not shown that these three witnesses have unique knowledge or that the subject matter he seeks via these proposed depositions has been pursued unsatisfactorily through less intrusive means").

***Third***, American Airlines has not even attempted to obtain the information they seek from Mr. Hauenstein by other less burdensome and less intrusive means, such as through the depositions of other Delta senior executives, whom Delta has offered to make available for deposition. *Cuyler*, 2014 WL 12547267, at *7 (requiring plaintiff show "unique knowledge" or "unsatisfactorily" seeking the information through other means); *Robinson*, 2012 WL 13130022, at *7 (granting

---

obtained by other means." *Cuyler*, 2014 WL 12547267, at *6 (quotation marks omitted).

10

protective order upon conclusion "that the discovery sought could have been obtained from another source or via written discovery"); *Tierra Blanca*, 329 F.R.D at 697-98.

For example, Joe Esposito is Delta's Senior Vice President of Network Planning and is in charge of leading and developing Delta's global network strategy. Hauenstein Decl. ¶ 8. In his role, Mr. Esposito oversees Delta's Domestic Network Planning group, which has primary responsibility for evaluating the American/JetBlue Northeast Alliance from a network perspective. Hauenstein Decl. ¶¶ 8-10. Mr. Hauenstein has consistently relied on Mr. Esposito and the Domestic Network Planning team to lead that effort. Hauenstein Decl. ¶ 10. Despite Delta's offer to make Mr. Esposito (and other knowledgeable executives) available for deposition, American Airlines has pressed its demand for Mr. Hauenstein.

The Court should require American Airlines take Mr. Esposito's deposition (and others if necessary), before requiring Mr. Hauenstein to sit for deposition. Only after such other depositions occur can there be any meaningful assessment of whether Mr. Hauenstein's deposition is necessary to obtain facts relevant to American Airlines' defense of the government lawsuit. To date, of course, American Airlines has not even attempted to seek this discovery through means other than an immediate apex deposition. This is a textbook example of the purpose

for which the apex doctrine exists—to protect executives from being subjected to deposition demands that could be resolved through other less intrusive means.

## CONCLUSION

Delta respectfully requests that the Court enter a protective order barring Mr. Hauenstein's deposition in this matter and quashing American Airlines' Subpoena.

Dated: April 12, 2022　　　　　　　Respectfully submitted,[5]

/s/ Andrew J. Tuck
Andrew J. Tuck
Ga. Bar # 402306
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-253-8567
andy.tuck@alston.com

James P. Denvir (*pro hac vice to be filed*)
Michael S. Mitchell (*pro hac vice to be filed*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
jdenvir@bsfllp.com
mmitchell@bsfllp.com

*Attorneys for Movants Glen Hauenstein and Delta Air Lines, Inc.*

---

[5] Pursuant to Local Rule 7.1D, counsel for Movants certifies that this brief was prepared with a font and point selection approved in Local Rule 5.1.

12

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2022, the foregoing was filed via the Court's ECF system, and served on the following counsel for the parties in the underlying litigation, *United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558-LTS (D. Mass.), via e-mail:

William H. Jones, II
Grant A. Bermann
James H. Congdon
Kate M. Riggs
Department of Justice
450 Fifth Street NW
Suite 8000
Washington, DC 20530
Telephone: (202) 514-0230
bill.jones2@usdoj.gov
grant.bermann@usdoj.gov
james.congdon@usdoj.gov
kate.riggs@usdoj.gov

Eric Dunn
Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 431-6727
eric.dunn@usdoj.gov

Sarah P. McDonough
Department of Justice
26 Federal Plaza, Room 3630
New York, NY 10278
Telephone: (202) 705-4620
sarah.mcdonough@usdoj.gov

Daniel H. Leff
Massachusetts Attorney General's Office
McCormack Building
One Ashburton Place
Boston, MA 02108
Telephone: (617) 963-2613
daniel.leff@mass.gov

Robert Bernheim
Arizona Attorney General's Office
400 W. Congress
Suite S-215
Tuscon, AZ 85701
Telephone: (520) 628-6507
robert.bernheim@azag.gov

Jamie L. Miller
Robert B. McNary
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6625
jamie.miller@doj.ca.gov
robert.mcnary@doj.ca.gov

Arthur Thomas Durst
Catherine A. Jackson

13

*Attorneys for Plaintiff United States*

Daniel M. Wall
Elizabeth C. Gettinger
Latham & Watkins LLP
505 Montgomery St., Suite 2000
San Francisco, CA 04111
Telephone: (415) 391-0600
dan.wall@lw.com
elizabeth.gettinger@lw.com

Allyson M. Maltas
Farrell J. Malone
Ian R. Conner
Marguerite M. Sullivan
Michael G. Egge
Seung Wan Paik
Tara L. Tavernia
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
allyson.maltas@lw.com
farrell.malone@lw.com
ian.conner@lw.com
marguerite.sullivan@lw.com
michael.egge@lw.com
seung.paik@lw.com
tara.tavernia@lw.com

Marc Robert Lewis
Olivia Bona
Lewis & Llewellyn LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 800-0591
mlewis@lewisllewellyn.com

Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 442-9853
arthur.durst@dc.gov
catherine.jackson@dc.gov

Colin G. Fraser
Liz A. Brady
Rachel S. Brackett
Attorney General's Office
PL-01 The Capitol
Tallahassee, FL 32399
Telephone: (850) 414-3300
colin.fraser@myfloridalegal.com
liz.brady@myfloridalegal.com
rachel.brackett@myfloridalegal.com

William T. Matlack
Attorney General's Office
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
william.matlack@mass.gov

Jennifer Ann Thomson
Joseph Stephen Betsko, Sr.
Tracy Wright Wertz
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 705-2537
jthomson@attorneygeneral.gov
jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

Tyler Henry

14

obona@lewisllewellyn.com

David C. Tolley
Latham & Watkins LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4610
david.tolley@lw.com

*Attorneys for Defendant American Airlines Group Inc.*

Glenn A. MacKinlay
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

Matthew L. Craner
Richard F. Schwed
Jessica Delbaum
Martha Elena Vega-Gonzalez
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5255
matthew.craner@shearman.com
richard.schwed@shearman.com
jessica.delbaum@shearman.com
martha.vega-gonzalez@shearman.com

Brian Hauser
Shearman & Sterling LLP
401 9th St. NW, Suite 800

Office of the Attorney General of Virginia
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-0122
thenry@oag.state.va.us

*Attorneys for Plaintiffs State of Arizona, State of California, District of Columbia, State of Florida, Commonwealth of Massachusetts, Commonwealth of Pennsylvania, Commonwealth of Virginia,*

15

Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com

*Attorneys for Defendant JetBlue Airways Corporation*

Dated: April 12, 2022  /s/ Andrew J. Tuck

Andrew J. Tuck
Ga. Bar # 402306
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
Facsimile: 404-253-8567
andy.tuck@alston.com

James P. Denvir (*pro hac vice to be filed*)
Michael S. Mitchell (*pro hac vice to be filed*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
jdenvir@bsfllp.com
mmitchell@bsfllp.com

*Attorneys for Movants Glen Hauenstein and Delta Air Lines, Inc.*

16