# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>                    Defendants. | Civil Action No.: 1:21-cv-11558-LTS |

## DECLARATION OF GLEN W. HAUENSTEIN

I, Glen W. Hauenstein, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I understand American Airlines Group Inc. ("American Airlines"), Defendant in the above-captioned action (the "Northeast Alliance Lawsuit"), has issued a non-party trial subpoena (the "Subpoena") and filed a motion to compel my presence as a witness at trial.  I submit this declaration in support of my and Delta Air Lines, Inc.'s ("Delta") opposition to the motion to compel and in support of our motion to quash the Subpoena.  I have personal knowledge of the facts contained herein, and, if called as witness, I could and would testify competently thereto.

2.      I understand that American Airlines and JetBlue Airways ("JetBlue") announced a business partnership in 2020, dubbed the "Northeast Alliance," which is the subject of the above-referenced lawsuit brought by the United States Department of Justice (the "Northeast Alliance Lawsuit").

3.      Neither I nor my employer Delta is a party to the Northeast Alliance Lawsuit.

4.      I have never been an employee or representative of American Airlines or JetBlue.

5.      Delta, headquartered in Atlanta, Georgia, is a publicly-traded, Fortune 500 company, and is ranked second among the world's largest airlines by number of scheduled passengers carried, revenue passenger-miles flown, and fleet size.  Delta, along with its subsidiaries and regional affiliates, operates nearly 5,000 flights daily and serves over 250 destinations in over 50 countries on six continents.

6.      I am the President of Delta, a position I have held since 2016.  As President, I am the second highest-ranking executive officer at the company.  In that role, I have a wide range of responsibilities, including responsibility for the overall performance and strategy of the business, managing and overseeing senior level executives responsible for Delta's network, revenue management, global sales, cargo, corporate real estate, and customer engagement and loyalty strategies, and representing Delta at industry events.

7.      While I oversee the departments at Delta responsible for Delta's network, revenue management, global sales, cargo, corporate real estate, and customer engagement and loyalty strategies, I am not involved in the day-to-day activities of each of those departments.  Rather, the senior executives who lead those groups have more direct, day-to-day responsibility for their respective areas.  These responsibilities would have included Delta's assessment of the American/JetBlue "Northeast Alliance," as well as the development and implementation of any competitive response to it, which I delegated to them.

8.      I understand that while the deposition subpoena issued to me was quashed, American Airlines deposed several Delta employees in this action, specifically: Joseph Esposito (Senior Vice President, Network Planning); Robert Somers (Senior Vice President, Global Sales), and Andrew Guenthner (Director, Alliances).  These individuals are senior Delta executives or employees with substantial experience, and are involved in the day-to-day activities of the

departments and teams responsible for Delta's global network and sales strategy, including those routes serviced by the Northeast Alliance.

9.      I do not believe I have any first-hand, personal knowledge on any subject on which Defendants have indicated they seek testimony, either earlier this year via the deposition subpoena served by American Airlines or as indicated by the motion to compel Defendants have filed regarding the trial subpoena, that the Delta employees already deposed do not possess.

10.     As Delta's President, my responsibilities to Delta require me to maintain a very full schedule.  The demands on my time have only increased during the pandemic and after this summer when demand for air travel rebounded in a way that presented many challenges for airlines.

11.     I understand that American Airlines is seeking to compel me to appear at the trial during the week of October 10, 2022.[1]  On October 11 and 12, I have several meetings in preparation for Delta's quarterly earnings release on October 13, 2022, as well as a number of other executive level meetings.  I am scheduled to travel overseas from October 13 through October 23 for a personal trip that has been planned for over a year.

12.     For other dates I understand to be in the timeframe of the trial, I will be in Europe on business from September 27 through October 2.  During the week of October 3-7, I have significant professional and personal commitments in Atlanta, including business meetings with visitors to Atlanta, and numerous meetings with other Delta executives and/or senior leaders.

---

[1] The cover letter to the served subpoena offers conflicting information by indicating any date between October 4 and October 17.  I assume the document filed with the court is more accurate.

13.     Having to modify my schedule and to cancel or reschedule my trip(s), and instead prepare for, travel to, and attend trial in Boston, would impose a significant burden on both me personally, and on Delta.


I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 21st day of September, 2022.


_____
Glen W. Hauenstein