**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

UNITED STATES OF AMERICA, ET AL.,

Plaintiffs,

v.

AMERICAN AIRLINES GROUP INC. and
JETBLUE AIRWAYS CORPORATION,

Defendants.

Civil Action No. 1:21-cv-11558-LTS

---

**DECLARATION OF DANIEL M. WALL IN SUPPORT OF**
**AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S**
**OPPOSITION TO NON-PARTIES GLEN HAUENSTEIN, JOSEPH ESPOSITO, AND**
**DELTA AIR LINES INC.'S MOTION TO QUASH TRIAL SUBPOENAS TO**
**GLEN HAUENSTEIN AND JOSEPH ESPOSITO**

I, Daniel M. Wall, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner at Latham & Watkins LLP, and counsel of record for American Airlines Group Inc. ("American") in this case.  I have personal knowledge of the matters recited herein, and if called upon to testify concerning them under oath, I could and would testify competently thereto.

2.      On March 4, 2022, I reached out by telephone to James Denvir of Boies Schiller Flexner LLP, Delta's outside counsel, to discuss depositions of Delta executives in connection with this case.  Mr. Denvir did not answer, so I left a voicemail explaining that I needed to arrange for the depositions of Glen Hauenstein and others.  I received an email the following Monday acknowledging my voicemail and advising me that he would get back to me after speaking to Delta's inside counsel about the matter.

3.      Mr. Denvir and I spoke by telephone on March 9, 2022.  During that call, Mr. Denvir asked me to consider taking the deposition of a more junior Delta employee in network planning (Eric Beck) rather than Mr. Hauenstein.  I replied that Mr. Beck certainly sounded like someone we would want to depose, and I would think about it, but he could not substitute for Mr. Hauenstein because our need for the upcoming trial was to have authoritative, high-level Delta testimony, and it was well-known to American Airlines that Mr. Hauenstein was the key person on Delta competitive strategy.  Among other things, I told Mr. Denvir that I intended to call Mr. Hauenstein as a trial witness, adverse if need be, and not allowing me to depose him would force me into issuing a trial subpoena.  Mr. Denvir and I have been friends for over forty years, so it was an amicable conversation, but he could not have left it with any doubt about my intentions should Delta not make Mr. Hauenstein available for a deposition.

4.      I reaffirmed American's need to depose Mr. Hauenstein by email on March 10, 2022.  In response, Mr. Denvir emailed me on March 22, 2022, to say that Delta "does not believe it is reasonable, necessary, or proportional" to take Mr. Hauenstein's deposition.  On March 30, 2022, American served a deposition subpoena on Mr. Hauenstein.

5.      On April 12, 2022, Delta moved to quash that subpoena in the Northern District of Georgia.  *See generally* Mot. for Protective Order and To Quash Dep. of Glen Hauenstein, *In re Subpoena to Glen Hauenstein*, No. 1:22-cv-01654-MHC (N.D. Ga. Apr. 12, 2022), ECF No. 1. That motion suggested for the first time that, instead of deposing Mr. Hauenstein, American should depose Joseph Esposito, a Delta network planning executive who reports to Mr. Hauenstein (and is more senior than Mr. Beck).

6.      On April 26, 2022, American filed an opposition to that to that motion.  In its opposition, American asserted that "American's lead counsel [*i.e.*, myself] called Delta's outside

counsel on March 4, 2022, to arrange for Mr. Hauenstein's deposition" because American was "[a]nticipating the need to call one or more Delta witnesses at trial." A true and correct copy of the publicly filed version of American's Opposition to Delta's Motion for a Protective Order and To Quash the Deposition Subpoena to Glen Hauenstein—which contains redactions of confidential Delta information—is attached hereto as **Exhibit 1**.

7.      In support of American's Opposition to Delta's Motion for a Protective Order and To Quash the Deposition Subpoena to Glen Hauenstein, I submitted a declaration under penalty of perjury, stating that American's need to depose Mr. Hauenstein arose from Defendants' "need for the upcoming trial [ ] to have authoritative, high-level Delta testimony." A true and correct copy of that declaration is attached hereto as **Exhibit 2**.

8.      Delta's motion to quash was granted with respect to Mr. Hauenstein, largely on the ground that testimony from Mr. Esposito was sufficient, at least as a first step. Mr. Esposito was subsequently deposed.

9.      A member of my team advised Delta's outside counsel in late August 2022 that we intended to subpoena Mr. Esposito to testify at trial. We were advised on August 30 that Delta intended to move to quash any trial subpoenas served on Delta employees, and that notwithstanding nationwide service of process, Delta does not intend to make Delta employees available for trial absent court order.

10.      On September 13, 2022, and at my direction, American served trial subpoenas on both Mr. Hauenstein and Mr. Esposito.[1]  This is consistent with what I had always told Mr. Denvir

---

[1] Those subpoenas state that the date of compliance is September 27, 2022.  However, on September 13, shortly after serving the subpoenas, American sent Mr. Hauenstein and Mr. Esposito (through Delta's counsel) letters explaining that, although "trial is scheduled to begin . . . on September 27, 2022" and "is scheduled to continue until October 17, 2022," neither Mr. Hauenstein nor Mr. Esposito would be "required to appear and testify on each one of those days."

I would do if Delta refused to cooperate.  I made it unmistakably clear in our first conversation that I needed authoritative Delta testimony (and specifically from Mr. Hauenstein), and that I would issue trial subpoenas to get it.  It therefore cannot come as a surprise to Delta that we would issue trial subpoenas and that we would take steps to enforce them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2022 in Boston, Massachusetts.

*/s/ Daniel M. Wall*
Daniel M. Wall

---

American further stated that it remained "unclear on which date [their] testimony will be required," but that American "anticipate[d] that [Mr. Hauenstein and Mr. Esposito] will [each] be called to testify on a single day during the period from October 4 and October 17, 2022."  True and correct copies of those letters are attached hereto as **Exhibit 3**.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Daniel M. Wall*
Daniel M. Wall
