# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| *In re Subpoena to Glen Hauenstein* | Case No. 1:22-mi-00029-MHC-CCB<br><br>Underlying Litigation:<br>*United States v. Am. Airlines Grp. Inc.*,<br>No. 1:21-cv-11558-LTS (D. Mass.) |

## DECLARATION OF DANIEL M. WALL IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA TO GLEN HAUENSTEIN

I, Daniel M. Wall, hereby declare:

1. I am a partner at Latham & Watkins LLP, and counsel of record for American Airlines Group Inc. ("American") in this case and in the underlying litigation, *United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558-LTS (D. Mass.). I have personal knowledge of the matters recited herein, and if called upon to testify concerning them under oath, I could and would testify competently thereto.

2. American served a subpoena *duces tecum* on Delta Air Lines, Inc. ("Delta") on January 17, 2022, seeking the production of documents responsive to various requests related to the Northeast Alliance and airline competition. Delta has made five document productions totaling several thousand documents in response.

3. In the context of this litigation, Plaintiffs and Defendants have multiple needs to obtain testimony from authoritative personnel at Delta and other airlines about the airlines' competitive strategy and how it is affected by the Northeast Alliance. From Defendants' perspective, that need is most acute with respect to Delta and United Airlines because of Plaintiffs' extensive allegations that the Northeast Alliance somehow benefits these "legacy" carriers by weakening competitive pressure from JetBlue. Defendants believe the opposite is true, and that Delta and United will rightly view the Northeast Alliance as a competitive threat to which each has responded competitively.

4. Several weeks ago I consulted with senior personnel at American, asking them to identify the persons at each of the major airlines that would be best situated to testify authoritatively to the airline's overall network, pricing, and sales strategy. Based upon their experience in the airline industry and knowledge of his public statements, American's management identified Glen Hauenstein as the key person at Delta and Andrew Nocella as the key person at United.

5. Accordingly, on Friday, March 4, 2022, I called Delta's outside counsel, James Denvir of Boies Schiller Flexner LLP, to preview American's intention to take Mr. Hauenstein's deposition in the underlying litigation and discuss the reasons why American seeks Mr. Hauenstein's testimony. Mr. Denvir was not

available, so I left a substantive voicemail, which he acknowledged the following Monday with an email stating: "Dan, got your message. I will revert after consulting with Delta."

6. Mr. Denvir and I spoke by telephone on March 9, 2022. During that call, Mr. Denvir asked me to consider taking the deposition of Eric Beck instead of Mr. Hauenstein, explaining that Mr. Beck was a Managing Director for Domestic Network Strategy. I replied that Mr. Beck certainly sounded like someone we would want to depose, but he could not substitute for Mr. Hauenstein because he has too junior and too limited in his responsibilities, and our need for the upcoming trial was to have authoritative, high-level Delta testimony. I explained that it was well-known in the industry that Mr. Hauenstein and Edward Bastian, Delta's CEO, were the key persons at Delta on issues related to Delta's competitive strategy, and we needed one of them. I said that American would not seek the deposition of Mr. Bastian if Delta would agree to produce Mr. Hauenstein. I also told Mr. Denvir that American planned to take the deposition of Mr. Hauenstein's counterpart at United Airlines, Mr. Nocella.

7. Mr. Denvir reiterated that Mr. Beck and other Delta employees who report to Mr. Hauenstein would be more suitable witnesses. I told Mr. Denvir—who I have known for over 40 years since we were both lawyers in the DOJ Antitrust

3

Division—that if he were in my position he would want the person that directs Delta's competitive strategy, not those who follow it. In that context, Mr. Denvir acknowledged that "Eric Beck would get his orders from Glen [Hauenstein]." We concluded the call with my offer to double-check with American as to whether we needed to depose Mr. Hauenstein. I did, and later that day I sent an email to Mr. Denvir stating:

> Jim,
>
> I talked things over with AA and I need to insist on a deposition of Glen Hauenstein in early April. I appreciate the offer to depose Mr. Beck, and we likely will, but there is no way he can substitute for Mr. Hauenstein with regard to the issues we need to cover. AA regrets the imposition, but under the circumstances we really have no choice.
>
> Would you like me to issue a subpoena? Of course that's fine with us. We are also happy to take the deposition in Atlanta or anywhere else that is convenient for Mr. Hauenstein. In all events I need you to work on finding mutually agreeable dates.

8. In response, Mr. Denvir emailed me on March 22, 2022, to explain that Delta "does not believe it is reasonable, necessary, or proportional" to take Mr. Hauenstein's deposition. Mr. Denvir again offered to make available Mr. Beck, Delta's Managing Director for Domestic Network Planning, and also Amy Martin, Delta's Managing Director for International Network Planning.

9. I replied to Mr. Denvir on March 22, 2022, and explained that despite Delta's objection, American still intended to subpoena Mr. Hauenstein for his testimony. I also explained that other Delta employees like Mr. Beck were not adequate substitutes for Mr. Hauenstein given his position as the executive in charge of overseeing Delta's strategy. A true and correct copy of my email exchange with Mr. Denvir on March 22, 2022 is attached hereto as **Exhibit 1**.

10. On March 30, 2022, I served the subpoena for Mr. Hauenstein's deposition upon Mr. Denvir and noted that I would work with Mr. Denvir to find a "convenient time and place" for Mr. Hauenstein's deposition. On April 7, 2022, Mr. Denvir's partner at Boies Schiller Flexner LLP, Michael Mitchell, confirmed that Delta would object to the subpoena "for the reasons Jim as explained." A true and correct copy of my email exchange with Mr. Denvir and Mr. Mitchell on March 30 and April 7, 2022 is attached hereto as **Exhibit 2**.

11. I also reached out to counsel for United Airlines, Inc. to request the deposition of Mr. Nocella, United's Executive Vice President and Chief Commercial Officer. Mr. Nocella is the person American identified as best situated to testify authoritatively to that airline's overall network, pricing, and sales strategy. Mr. Nocella's job description is essentially the same as Mr. Hauenstein's. United's counsel asked why we needed testimony from Mr. Nocella, but never asserted the

apex doctrine and agreed to schedule Mr. Nocella's deposition on April 29, 2022, in Chicago. On April 20, 2022, Plaintiffs cross-noticed Mr. Nocella's deposition.

12. Also on April 18, 2022, Plaintiffs noticed the deposition of Andrew Harrison, Alaska Airlines' Executive Vice President and Chief Commercial Officer, for May 18, 2022. We were subsequently advised that Alaska agreed to the deposition and is not asserting the apex doctrine. Defendants intend to cross-notice Mr. Harrison's deposition.

13. A true and correct copy of the Complaint from *United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558-LTS (D. Mass. Sept. 21, 2021), ECF No. 1 is attached hereto as **Exhibit 3**.

14. A true and correct copy of the Memorandum in Support of Defendants' Motion to Dismiss from *United States v. Am. Airlines Grp. Inc.*, No. 1:21-cv-11558-LTS (D. Mass. Nov. 22, 2021), ECF No. 68 is attached hereto as **Exhibit 4**.

15. A true and correct copy of the web page titled *Leader Bio: Glen Hauenstein, President*, dated June 15, 2020, and available at https://news.delta.com/leader-bio-glen-hauenstein-president, is attached hereto as **Exhibit 5**.

16. A true and correct copy of Delta Air Lines, Inc.'s *Investor Day* transcript, dated December 12, 2019, is attached hereto as **Exhibit 6**.

17. A true and correct copy of excerpts from the transcript from the Videotaped Deposition of Glen Hauenstein, dated June 11, 2019, in the matter *In re: Domestic Airlines Travel Antitrust Litigation*, Case No. 1:15-MC-01404-CKK (ECF No. 500-25), is attached hereto as **Exhibit 7**.

18. A true and correct copy of the document produced in the underlying litigation with the beginning Bates label DAL-00015453 is attached hereto as **Exhibit 8**.

19. A true and correct copy of the document produced in the underlying litigation with the beginning Bates label DAL-00022126 is attached hereto as **Exhibit 9**.

20. A true and correct copy of the document produced in the underlying litigation with the beginning Bates label DAL-00001543 is attached hereto as **Exhibit 10**.

21. A true and correct copy of the document produced in the underlying litigation with the beginning Bates label DAL-00006117 is attached hereto as **Exhibit 11**.

22. A true and correct copy of the document produced in the underlying litigation with the beginning Bates label DAL-00020016 is attached hereto as **Exhibit 12**.

23. A true and correct copy of the document family produced in the underlying litigation with the beginning Bates label DAL-00011344 is attached hereto as **Exhibit 13**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2022 in San Francisco, California.

*/s/ Daniel M. Wall*
Daniel M. Wall

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, the foregoing Declaration of Daniel M. Wall in Support of Opposition to Motion For Protective Order And To Quash Deposition Subpoena To Glen Hauenstein was filed electronically with the Clerk of Court using CM/ECF. I also certify that a copy of the foregoing is being served upon the following by email:

Andrew J. Tuck
ALSTON & BIRD LLP
andy.tuck@alston.com

James P. Denvir
Michael S. Mitchell
BOIES SCHILLER FLEXNER LLP
jdenvir@bsfllp.com
mmitchell@bsfllp.com

This 26th day of April, 2022.

Respectfully submitted,

*/s/ Richard J. Valladares*
Richard J. Valladares