### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

## JOINT REPORT REGARDING DEFENDANTS' MOTION TO SEAL TRIAL EXHIBITS

Pursuant to Paragraph 5 of the Court's September 20, 2022 Order on Pretrial Motions (Dkt. No. 221), the Parties met and conferred on September 22, 2022 regarding the confidentiality of the Parties' exhibits identified in Appendix A of Defendants' Motion to Seal Trial Exhibits (Dkt. No. 159).  The Parties were able to significantly narrow the scope of the remaining disputes and submit this Joint Report regarding the status of the remaining disputes.

Specifically, the Parties attach (i) Amended Appendix A to Defendants' Motion to Seal Trial Exhibits, which identifies the exhibits for which confidentiality remains in dispute, and (ii) Supplemental Appendix B to Defendants' Motion to Seal Trial Exhibits, which identifies the exhibits for which the Parties have agreed to seal through the meet and confer process.

The Parties offer below a statement identifying their respective positions regarding the confidentiality of the exhibits identified in Amended Appendix A and Supplemental Appendix B.

**<u>Defendants</u>**:

Defendants move the Court to seal the exhibits identified in Amended Appendix A and Supplemental Appendix B for the reasons set forth in their Motion to Seal Trial Exhibits, and as further described below and in the attached Appendices.

The Court allowed, in its September 20, 2022 Order on Pretrial Motions, the sealing of exhibits that were not objected to, as identified in Appendix B of Defendants' Motion to Seal Trial Exhibits Defendants.  Defendants ask that the Court similarly allow the sealing of exhibits identified in Supplemental Appendix B of this Joint Report, which identify additional exhibits that Plaintiffs have agreed should be sealed.

Defendants also ask the Court to seal the exhibits identified in Amended Appendix A. Amended Appendix A, which replaces the original Appendix A filed with Defendants' Motion to Seal Trial Exhibits, identifies a significantly narrower set of disputed exhibits.  Amended Appendix A  reflects Defendants' good faith efforts to further narrow their confidentiality claims to the most competitively sensitive information that, if disclosed, would harm Defendants' competitive standing, mindful of the need to balance the confidentiality interest with the interest in public access to judicial records, consistent with Supreme Court and First Circuit precedent as outlined in Defendants' Motion to Seal Trial Exhibits.  Only five American business documents and 28 JetBlue business documents remain in Amended Appendix A.  Amended Appendix A also contains screenshots of figures prepared by the Parties' experts that contain detailed heat maps drawn using Defendants' confidential frequent flier data that show, zip code-by-zip code using

color coding, information regarding where Defendants' customers reside.[1]  Plaintiffs continue to object to the sealing of this clearly confidential information.

Defendants incorporate by reference the legal arguments included in their Motion to Seal Trial Exhibits and further set forth the specific bases for sealing each of the exhibits in the chart in Amended Appendix A.

**Plaintiffs**:

For the reasons explained more fully in the previously filed Plaintiffs' Opposition Brief (Dkt. 174) and within the attached Appendix A, Plaintiffs object to the information Defendants seek to seal as overbroad and not competitively harmful.  Defendants fail to demonstrate the "significant countervailing interest" required to "overcome the presumption of public access." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (explaining that the standard for the countervailing interest is heightened where, as here, the Government is a party to the proceeding); *see also Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015).

For many documents in Appendix A, Plaintiffs agree *some* level of redaction is appropriate. Defendants have narrowed the scope of some—but not all—of their proposed redactions, and in many cases, Plaintiffs have removed their objection accordingly.  But as to the remaining exhibits in Appendix A, Defendants' redactions remain overbroad, including many Defendants propose to fully seal, rendering effective examination of witnesses in open court difficult or impossible.  This is particularly so given that—as Defendants well know—much of what Defendants continue to

---

[1] These exhibits are: DX-814/PX1006, DX-815/PX1007, DX-817/PX1009 , DX-818/PX1010 , DX-821/PX1013 , DX-822/PX1014 , DX-845/PX1037 , DX-846/PX1038 , DX-847/PX1039 , DX-848/PX1040 , DX-849/PX1041 , DX-850/PX1042 , DX-890, DX-891, DX-892, DX-893, DX-894, DX-910.

insist be sealed is the very information Plaintiffs intend to use with witnesses.  Plaintiffs do not believe the Court should continuously have to decide whether to seal the courtroom without sufficient justifications, and Plaintiffs should not be forced to conduct trial in private simply because Defendants do not want certain words read aloud.

**Information No Longer Competitively Sensitive Should Not Be Sealed.**  Plaintiffs have identified information in Defendants' proposed redactions that has since been: (1) made publicly available, or (2) superseded or rendered moot by changed circumstances.  Such information does not overcome the strong presumption of the public's right to see and copy the materials on which this Court will likely rely in adjudicating this matter.  *See Anderson v. Cryovac*, 805 F.2d 1, 13 (1st Cir. 1986).

**Relevant Information that Is Merely Embarrassing Should Not Be Sealed.**  Defendants have not resolved Plaintiffs' concerns about proposed redactions of employee discourse.  Plaintiffs are not seeking to expose conversations about employees' personal lives.  Rather, the exhibits at issue include text conversations or computer-based chat messages ***between Defendants' employees in real time while considering the impact of the Northeast Alliance on American and JetBlue***.  Such conversations may be unbecoming, but the risk of personal embarrassment or shame is not a sufficient basis to seal such relevant information, particularly where the authors will likely take the opposite position on the witness stand.  *See, e.g.*, *Cornwell Entertainment, Inc. v. Anchin, Block & Anchin LLC*, 830 F.3d 18, 38 (1st Cir. 2016) (quoting *Siedle v. Putnam Invests., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access.")).

**Information Related to Central Elements of This Case, Including the Agreements that Form the Potentially Anticompetitive Relationship, Should Not Be Sealed.**  Many of

Defendants' proposed redactions relate to the heart of the Northeast Alliance: the contractual relationship between American and JetBlue. The terms of the Northeast Alliance—including the breadth of entanglement between Defendants—are foundational to this proceeding. The broad nature of Defendants' proposed redactions would leave Plaintiffs little choice but to request the Court close the courtroom during their case-in-chief, undermining the public's right to observe, access, and understand the fundamental issues being litigated.

In addition, Defendants steadfastly insist that thirty-five exhibits involving catchment data—used by both parties in addressing geographic market definition—should be sealed entirely. The catchment data provides the basis for experts' opinions about geographic market definition. Moreover, the catchment data in question is borne from aggregated and anonymized data, and thus does not present any real concerns about revealing individual information. If Defendants are permitted to seal this catchment data, significant portions of expert testimony (from both sides) will need to occur in a closed courtroom.

**Plaintiffs' Conclusion.** Because the scope of Defendants' proposed redactions is unjustified and outweighs the important public interest in access to the proceedings, Plaintiffs request the Court deny Defendants' Motion to Seal Trial Exhibits (Dkt. 159) as to the documents listed in Appendix A for the reasons provided in that Appendix, as more fully described in Plaintiffs' Opposition (Dkt. 174), and as summarized here.

**Deposition Transcripts.** In order to timely notify the Court of requests, if any, to seal the courtroom during live testimony, the Parties are continuing to discuss the scope and nature of redactions to the witnesses' prior deposition transcripts. The Parties will continue to meet and confer regarding redactions to the transcripts. Defendants have proposed redactions to the deposition transcripts of witnesses appearing live, and Plaintiffs articulated objections to some.

The Parties have agreed that Defendants will respond to Plaintiffs' objections three calendar days ahead of each witness's anticipated testimony, and the Parties agree to engage in good-faith efforts to narrow any disagreement and to raise any disputes that we cannot resolve with the Court prior to a witness testifying.

Dated:  September 23, 2022                    Respectfully submitted,

**Counsel for Plaintiff the United States:**     */s/ William H. Jones II*
William H. Jones II
Maisie A. Baldwin
Sarah McDonough
Craig Briskin
Don Amlin
Brandon Storm
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-514-0230
Fax: 202-307-5802
bill.jones2@usdoj.gov

**Counsel for Plaintiff States:**     */s/ William T. Matlack*
William T. Matlack (MA Bar No. 552109)
Daniel H. Leff (MA Bar No. 689302)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
Email: Daniel.leff@mass.gov

*Attorneys for the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

**Counsel for Defendants:**     */s/ Daniel M. Wall*
Daniel M. Wall (*pro hac vice*)
Elizabeth C. Gettinger (*pro hac vice*)
Elise M. Nelson (*pro hac vice*)
Nitesh Daryanani (*pro hac vice*)

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com
elise.nelson@lw.com
nitesh.daryanani@lw.com

Allyson M. Maltas (*pro hac vice*)
Ian R. Conner (*pro hac vice)*
Michael G. Egge (*pro hac vice*)
Farrell J. Malone (*pro hac vice*)
Marguerite M. Sullivan (*pro hac vice*)
Tara L. Tavernia (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
Jesse A. Vella (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
allyson.maltas@lw.com
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
marguerite.sullivan@lw.com
andrew.paik@lw.com
tara.tavernia@lw.com
jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

*/s/ Richard Schwed*
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)

Jessica K. Delbaum (*pro hac vice*)
Leila Siddiky (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com
leila.siddiky@shearman.com

Brian Hauser (*pro hac vice*)
Ryan Leske (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com
ryan.leske@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Daniel M. Wall
Daniel M. Wall