# Supplemental Appendix B

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-010 | AA-NEA-00070353 | AA-NEA-00070357 | Document titled "[Customer] Overview - March 2019" | American moves to redact from this summary document, which details the terms and strategy with respect to one of its key customers, the customer name, targeted discounting strategy and pricing terms, and other granular financial data that is competitively sensitive. | As explained in Section II.D. of the Motion, customer names and specific pricing and discounting terms relevant to the customer if disclosed would harm American's competitive standing by enabling competitors to target American's key customer using the information contained in the exhibit. The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted.<br><br>The document from March 2019 relates to the performance of a corporate customer contract. Plaintiffs do not object to redacting the customer name, but oppose Defendants' other redactions. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-075 | AA-NEA-02294080 | AA-NEA-02294080 | Document titled 2021 NEA Transfer Payment dated December 17, 2021 | American moves to seal this exhibit in its entirety.  The exhibit is titled "NEA Growth and 2021 Incremental Revenue and Transfer Payment" and contains detailed analysis of American's and JetBlue's confidential and competitively sensitive revenue data in 2021 using accounting methods that are proprietary and competitively sensitive. | As explained in Section II.C of the Motion, disclosure of granular financial data will harm American's competitive standing. The exhibit provides detailed accounting of American's and JetBlue's revenue data from 2019 and also in 2021, which if disclosed to competitors would help inform their competitive decision-making in the Northeast. | Core to the NEA; Historic; Overredacted.  This document describes a 2021 payment between Defendants pursuant to the MGIA. Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-084 | AA-NEA-02981647 | AA-NEA-02468027 | Network Strategy Board Meeting Presentation, dated July 27, 2021 | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Core to the NEA; High-level; Historic; Overredacted.

This July 2021 strategy deck includes high-level discussions about Defendants' inorganic growth resulting from the NEA. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-089 | AA-NEA-02981647 | AA-NEA-02981750 | Network Strategy July Board Meeting, dated July 2021 | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Core to the NEA; High-level; Historic; Overredacted.  This July 2021 strategy deck, similar to DX-084, includes high-level discussions about Defendants' inorganic growth resulting from the NEA. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-093 | AA-NEA-03103322 | AA-NEA-03103351 | Mutual Growth Incentive Agreement between American Airlines and JetBlue Airways, dated July 15, 2020 | American moves to redact portions of this exhibit, which is the agreement between American and JetBlue within the Northeast Alliance that governs the revenue sharing formula.  American recognizes the highly relevant nature of this document and proposes only a few targeted redactions. These include: (1) discussions of contingencies regarding potential changes to the scope of partnership that is not currently contemplated by the NEA; (2) specific math formula regarding how to make adjustments regarding flight capacity for the purposes of the MGIA calculation; (3) threshold amount for an accounting one-off item; and (4) a worked example of the MGIA calculation that provides detailed demonstration of all of the different elements of the MGIA formula.  American does not oppose Parties' experts developing their own examples of MGIA calculations based on all of the different elements of the MGIA American does not propose to seal, but considers this worked example to be proprietary. | As explained in Section II.F. of the Motion, the very targeted redactions cover only a few terms that Defendants do not view as relevant or necessary to the issues at trial and are competitively sensitive. | Core to the NEA.<br><br>Plaintiffs oppose redacting Appendix E of the Mutual Growth Incentive Agreement (MGIA) (DX-093). This describes a hypothetical (not based on actual party data) and therefore not competitively sensitive. Defendants have also not redacted the MGIA formula of which the hypothetical example might reveal details. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-111 | AA-NEA-03192426 | AA-NEA-03192469 | American's internal presentation titled "2021-2026 Network Five Year Plan" dated Aug. 26, 2021 | American moves to seal this exhibit in its entirety. The exhibit is a five-year long-range network strategy plan for American Airlines. American moves to redact parts of American's long-range network plan from 2021 that discuss American's long-term strategy, reference specific departure or other capacity decisions that American plans to make in 2022 and beyond, and granular profitability data associated with specific routes or airports. American does not move to seal general discussions of American's past strategy or general discussions of American's future strategy with respect to New York, Boston, and Philadelphia. | The proposed redactions contain highly sensitive future network plans that if disclosed to competitors would harm American's competitive standing by allowing competitors to plan their own network with an understanding of American's future strategy. The proposed redactions also contain highly sensitive profitability data that if disclosed to competitors would allow competitors to make competitive decisions on targeting growth armed with knowledge regarding where American is weak or strong. Finally, American's redactions are targeted - American does not propose to seal relevant information that discuss background and high-level strategy that pertain to New York, Boston, and Philadelphia. | High-level; Historic; Overredacted.<br><br>This document is a five-year network plan. It includes high-level, non-specific plans as well as historic information. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-115 | AA-NEA-03276774 | AA-NEA-03276790 | Bilateral Special Prorate Agreement - Passenger between American Airlines and JetBlue Airways, dated August 6, 2020 | American moves to seal the exhibit in its entirety. The exhibit is an agreement between American and JetBlue that details the technicalities of how American and JetBlue will implement the Codeshare Agreement regarding service charges, surcharges, fare rules, proration of codeshare commission, and other fees. | As explained in Section II.F. of the Motion, Defendants do not view this agreement as relevant or necessary to the issues at trial and view the agreement as competitively sensitive. | Core to the NEA.<br><br>This document is the Prorate Agreement between Defendants, which directly relates to their contractual relationship. Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. | Plaintiffs have withdrawn their objections to sealing this document. |
| DX-127 | AA-NEA-03293988 | AA-NEA-03294007 | B6 AA Bilateral Special Prorate Agreement - Passenger, Revision 4, dated November 2, 2021 | American moves to seal the exhibit in its entirety. The exhibit is an agreement between American and JetBlue that details the technicalities of how American and JetBlue will implement the Codeshare Agreement regarding service charges, surcharges, fare rules, proration of codeshare commission, other fees. | As explained in Section II.F. of the Motion, Defendants do not view this agreement as relevant or necessary to the issues at trial and view the agreement as competitively sensitive. | Core to the NEA.<br><br>This document is the Prorate Agreement between Defendants, which directly relates to their contractual relationship. Defendants propose sealing this document entirely, and have not provided more narrow redactions despite Plaintiffs' requests. | Plaintiffs have withdrawn their objections to sealing this document. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-202 | AA-NEA-03325626 | AA-NEA-03325651 | JetBlue's 2020 Strategic Network Discussion presentation regarding Connie/E190 implications on future size & shape | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future capacity, fleet strategy, and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Core to the NEA; Overredacted; Publicly available.**<br><br>This July 2021 slide deck relates to which markets American will fly under the NEA, and which markets JetBlue will fly under the NEA. Some of these decisions have since been publicly announced. | JetBlue has proposed narrower redactions. The remaining redacted portions cover commercially sensitive information concerning JetBlue's future network plans and granular financial data. Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-266 | JBLU000 26807 | JBLU000 26832 | JetBlue's May 2020 Strategic Network Discussion presentation regarding Connie/E19 0 implications on future size & shape | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future capacity, fleet strategy, and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Core to the NEA; High-level; Historical.**<br><br>This document is a Spring 2020 (used internally and sent to the U.S. Department of Transportation) deck related to NEA projections through October 2022. It discusses fleet allocation and network implications critical to assessment of the NEA. Redacted information relates to publicly annouced or disclosed network changes. | JetBlue has proposed narrower redactions. The remaining redacted portions cover commercially sensitive information concerning JetBlue's future network plans and granular financial data. Plaintiffs do not object to the proposed redactions. |
| DX-283 | JBLU004 84892 | JBLU004 84916 | JetBlue's July 18, 2017 Executive Crew Discussion presentation on initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.**<br><br>This is a deck from July 2017 related to JetBlue's pre-NEA network plans. Those plans have been publicly announced or rendered moot by the NEA. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-290 | JBLU006 79360 | JBLU006 79391 | JetBlue's January 11, 2019 Working Team Meeting presentation related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.**<br><br>This is a deck from January 2019, including information that relates to 2019 plans, discusses high-level plans, and reflects historic data. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| DX-310 | JBLU014 71771 | JBLU014 71787 | JetBlue's February 22, 2019 presentation for corporate sales on Boston growth plan initiative for corporate sales regarding initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's network planning and corporate strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition; Publicly available.**<br><br>This is a deck from February 2019, including information that relates to 2019 plans, discusses high-level plans, and reflects historic data. Plaintiffs do not object to redacting corporate customer names, but oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-313 | JBLU016 90326 | JBLU016 90357 | JetBlue's January 11, 2019 Working Team Meeting presentation related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to redact parts of JetBlue's strategic plans and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition.** This is a deck from January 2019 related to JetBlue's pre-NEA network plans. Those plans have been publicly announced or rendered moot by the NEA. The data on which the deck is based is from 2015 - 2018. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| DX-315 | JBLU019 68933 | JBLU019 68936 | JetBlue's ticket data for each domestic ticket sold between January 1, 2017 and July 1, 2020 | JetBlue moves to seal this exhibit. The exhibit is JetBlue's raw ticket sales data for each domestic ticket sold between January 1, 2017 and July 1, 2020. | This spreadsheet provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's domestic customers and how to undercut JetBlue's pricing stategy. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | **Historic; Overredacted.** Defendants propose sealing this in its entirety and have not offered proposed redactions despite Plaintiffs' requests. | Plaintiffs do not object to the sealing of this exhibit. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-323 | JBLU026 15251 | JBLU026 15255 | May 2020 email thread among Friedman, Lusso, and Laurence re: Connie concerns | JetBlue moves to redact information regarding propietary route planning analyses. JetBlue does not move to seal other pertinent information regarding the NEA. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy information will harm JetBlue's competitive standing. | **Core to the NEA; Overredacted.**<br><br>This document reflects Defendants' proposals to one another during NEA negotiations relates to slot utilization and market allocation under the NEA. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| DX-328 | JBLU026 27811 | JBLU026 27811 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-329 | JBLU026 27812 | JBLU026 27812 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-330 | JBLU026 27813 | JBLU026 27813 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-333 | JBLU026 27816 | JBLU026 27816 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-335 | JBLU026 27818 | JBLU026 27818 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-338 | JBLU026 27821 | JBLU026 27821 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-341 | JBLU026 27824 | JBLU026 27824 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-353 | JBLU026 27836 | JBLU026 27836 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core the the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-358 | JBLU027 29501 | JBLU027 29503 | JetBlue internal memorandum outlining the internal NEA economics and network planning model, dated June 1, 2020 | JetBlue moves to seal this June 1, 2020 internal memorandum that discusses JetBlue's future fleet strategy. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, will harm JetBlue's competitive standing. | **Core to the NEA; High-Level; Overredacted.** This is a high-level summary of the NEA for JetBlue executives regarding modeling assumptions and planned network changes. Plaintiffs do not oppose redacting specific forward-looking forecast numbers or unannounced routes, but Plaintiffs do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-382 | JBLU-LIT-02003588 | JBLU-LIT-02003591 | Email thread from Nirav Virani to the JetBlue SLT regarding the FY 22 GSA City Pair Program Overview, September 27, 2021 | JetBlue moves to seal this September 27, 2021 email that discusses non-stale competitively sensitive information regarding JetBlue's network strategy and bidding tactics, as well as granular financial data. | As explained in Section II.A. and II.C. of the Motion, disclosure of future plans and granular financial data will harm JetBlue's competitive standing. | **High-level; Publicly available.**<br><br>This document relates to JetBlue's government travel contract bidding process for fiscal year 2023. The redacted portions contain publicly available information (https://cpsearch.fas.gsa.gov/cpsearch/search.do) regarding government travel contract awards. Plaintiffs do not object to redacting specific current bidding strategies and non-public bid information, but do oppose sealing the document in its entirety. Defendants have not offered proposed redactions despite Plaintiffs' requests. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-395 | JBLU-LIT-02827598 | JBLU-LIT-02827642 | JetBlue Quarterly Network Review slide deck, dated April 25, 2017 | JetBlue moves to redact information regarding granular profitability information, granular margin information and future network planning in Boston, Florida, New York, and the Transcontinental market.  JetBlue does not move to seal other pertinent information regarding the NEA. | As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This document is from April 2017. Defendants have not articulated to Plaintiffs what is competitively sensitive about information contained therein. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-458 | JBLU-LIT-04434165 | JBLU-LIT-04434166 | Email from Nirav Virani to Jonathan Weiner and Evan Jarashow regarding "JetBlue GSA FY23 Performance Summary," dated July 22, 2022 | JetBlue moves to redact the portions of this email containing non-stale competitively sensitive information regarding JetBlue's network growth strategy and bidding tactics, granular financial data related to JetBlue's business with GSA, and JetBlue's pricing strategy with respect to the GSA City Pair Program. | As explained in Section II.A., II.C, and II.D. of the Motion, disclosure of highly sensitive, non-public strategic planning documents, granular financial data, and specific pricing terms will harm JetBlue's competitive standing. | **Publicly available.** This July 2022 document relates to JetBlue's government travel contract bidding process for fiscal year 2023. The redacted portions contain publicly available information (https://cpsearch.fas.gsa.gov/cpsearch/search.do) regarding government travel contract awards. Plaintiffs do not object to redacting specific current bidding strategies and non-public bid information. Plaintiffs do oppose redacting contract awards outcomes and statements describing other airlines' results. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0001-b | N/A | N/A | "Mutual Growth Incentive Agreement between American Airlines, Inc. and JetBlue Airways Corporation" - Execution Version | American moves to redact portions of this exhibit, which is the agreement between American and JetBlue within the Northeast Alliance that governs the revenue sharing formula.  American recognizes the highly relevant nature of this document and proposes only a few targeted redactions. These include: (1) discussions of contingencies regarding potential changes to the scope of partnership that is not currently contemplated by the NEA; (2) specific math formula regarding how to make adjustments regarding flight capacity for the purposes of the MGIA calculation; (3) threshold amount for an accounting one-off item; and (4) a worked example of the MGIA calculation that provides detailed demonstration of all of the different elements of the MGIA formula.  American does not oppose Parties' experts developing their own examples of MGIA calculations based on all of the different elements of the MGIA American does not propose to seal, but considers this worked example to be proprietary. | As explained in Section II.F. of the Motion, the very targeted redactions cover only a few terms that Defendants do not view as relevant or necessary to the issues at trial and are competitively sensitive. | Core to the NEA.<br><br>Plaintiffs oppose redacting Appendix E of the Mutual Growth Incentive Agreement (MGIA) (DX-093). This describes a hypothetical (not based on actual party data) and therefore not competitively sensitive. Defendants have also not redacted the MGIA formula of which the hypothetical example might reveal details. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0200 | AA-NEA-00594475 | AA-NEA-00594477 | Email thread between CRM System User, Ricki Reichard, and Paul Swartz from April 2019 re: Approval Request for ROW Deal - ROW-customer; contains one attachment titled "Approval Request for customer ROW" | American moves to redact certain parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for a specific corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition.

The document shows competition between JetBlue and American, including the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0314 | AA-NEA-01830184 | AA-NEA-01830297 | Email from Ronald Defeo to "DL_AA_O FFICERS" list serv from July 2021 re: Board Decks; contains two attachments titled "20210724 July Board Meeting_pre read_vFF.pd f" and "20210724_ BOD_Execu tive Summarties _vFF.pdf" | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy. Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston. However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | High-level; Historic. This email from July 2021 relates to high-level strategies and historical descriptions of markets, such as passenger breakdowns from 2019. Plaintiffs do not object to redactions of specific margin percentages, but do oppose Defendants' other redactions. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0363 | AA-NEA-02937201 | AA-NEA-02937226 | Standalone American Airlines slide deck from April 2021 titled "Domestic Partnerships and RM" | American moves to redact from this exhibit, titled "Domestic Partnerships and RM," information regarding American's non-stale and competitively sensitive future network plans, partnership plans, and pricing strategies for specific routes. | As explained in Sections II.A and B of the Motion, disclosure of future plans and pricing strategies will harm American's competitive standing. | Core to the NEA; High-level; Overredacted.<br><br>This is a high-level deck on American's airline partnerships, and includes a summary of why American enters those partnerships.  It also contains a description of the NEA. Plaintiffs do not oppose redacting specific pricing strategies (although matching fares of the operating airline on codeshare routes is standard industry practice). | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0370 | AA-NEA-03097838 | AA-NEA-03097938 | Email thread between Massimo Mancini and Vasu Raja from August 2021 re: BoD PPT; contains one attachment titled "2Q21 BOD (7.27.21) - Presentation Deck.pptx" | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy.  Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | High-level; Publicly available.<br><br>This is email from August 2021. Defendants proposed redactions relate to material drawn from public sources and high-level plans. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0372 | AA-NEA-03110008 | AA-NEA-03110071 | Series of text messages exchange between Chad Schweinzger, Anmol Bhargava, and Jordan Pack from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding inputs to and outputs from American's proprietary Raven tool and financial data regarding revenue at certain airports. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.<br><br>This is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0373 | AA-NEA-03110025 | AA-NEA-03110071 | Series of text messages between Jordan Pack and Anmol Bhargava from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding inputs to and outputs from American's proprietary Raven tool and financial data regarding revenue at certain airports. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.<br><br>This is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0375 | AA-NEA-03112790 | AA-NEA-03112908 | Series of text messages between Chad Schweinzger, Jordan Pack, and Anmol Bhargava from May 2020 | American moves to redact personal phone numbers, competitively sensitive business information regarding the functioning of American's proprietary Raven tool. | As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. Additionally, as explained in section I.A of the Motion, personal phone numbers should be sealed for privacy interests. | Core to the NEA; Employee discourse.

This is a text exchange between American employees evaluating the NEA benefits in May 2020. Redactions relate to key calculations of revenue expected from NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented, but do oppose Defendants' other redactions. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0538 | JBLU002 50498 | JBLU002 50517 | Email from Dave Clark to Joanna Geraghty, Scott Laurence, Andrew Parker, Andrea Lusso, Evan Jarashow, Jeremy Blechman, BlueInventory&FaresLeadership, Nicholas Alemann, Richard Johns, and Nicholas Han from January 2020 re: Ben Baldanza Meeting Agenda and slides; contains one attachment titled "Ben Meeting v8.pptx" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | **High-level; Historic.** This deck, from January 2020, describes airline industry pricing. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0545 | JBLU003 74626 | JBLU003 74637 | Email from JetBlue Sales Team to Dave Clark from April 2020 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This is a corporate customer contract for air travel from April 2020.  It relates to anticipated testimony in this case.  Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. | For the same reasons previously articulated, JetBlue moves to redact limited information related to the corporate customer name and specific pricing and discount information from this corporate customer contract. Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0546 | JBLU003 79950 | JBLU003 79963 | Email from JetBlue Sales Team to Dave Clark from September 2019 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This is a corporate customer contract for air travel from September 2019. It relates to anticipated testimony in this case. Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. | For the same reasons previously articulated, JetBlue moves to redact limited information related to the corporate customer name and specific pricing and discount information from this corporate customer contract. Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0547 | JBLU004 28776 | JBLU004 28788 | Email from JetBlue Sales Team to Dave Clark from October 31, 2019 attaching corporate discount agreement with a corporate customer | JetBlue moves to redact the customer name and discount/prcing terms from the attachment to the exhibit, which is a corporate discount agreement between JetBlue and one of its corporate customers. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This is a corporate customer contract for air travel from April 2020.  It relates to anticipated testimony in this case.  Plaintiffs do not object to redacting customer names, but do oppose Defendants' other redactions. | For the same reasons previously articulated, JetBlue moves to redact limited information related to the corporate customer name and specific pricing and discount information from this corporate customer contract. Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0575 | JBLU008 88108 | JBLU008 88151 | November/D ecember 2019 email thread between Robin Hayes and Tracy Lawlor regarding Project Exchange Updated; contains two attachments titled "Proj. Exchange_D ec 12 Board Read-out.pdf" and "ATT00001. htm" | JetBlue moves to seal this email thread regarding JetBlue's corporate strategy, including non-stale competitively sensitive information concerning a pending corporate transaction. | As explained in Section II.A. of the motion, disclosure of non-stale competitively sensitive corporate strategy will harm JetBlue's competitive standing. | **Overredacted; Publicly available.**<br><br>This document relates to the Spirit transaction, which has since been publicly announced.  Limited redactions of  numbers would be sufficient.  The document is from December 2019. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0578 | JBLU008 90676 | JBLU008 90678 | Email from Tracy Lawlor to Robin Hayes, Eash Sundaram, and other airlines from May 2019 re: LCC Summit Follow-up; contains two attachments titled "Project Whatsapp (Next Steps).pdf" and "Project Whatsapp (Meeting Deck).pdf" | JetBlue moves to seal this exhibit entirely as they contain non-public information about contemplated transactions with other airlines. | As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to the sealing of this exhibit. |

**Supplemental Appendix B**

| PX0582 | JBLU001 27363 | JBLU001 27391 | Email thread between Evan Jarashow, Nicolas Alemann, Ryan Metzger, Jeremy Blechman, and Kimberly Parker from March 2020 re: GSA Mint Fares; contains one attachment titled "Copy of bid Analysis FY21 (EJ 16Mar2020).xlsx" | JetBlue moves to redact information related to bidding strategy and non-public pricing information related to GSA bids. | As explained in Section II.D. of the Motion, disclosure of highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to the proposed redactions (i.e., the parent email and all columns in Tab 1 of the attached spreadsheet except columns A, B, D, F, H, I, J, AC-AF, and AK-AZ). However, given the burden of redacting the stamped copy of this spreadsheet, which spans nearly 7,000 pages, JetBlue proposes sealing this exhibit in its entirety.  JetBlue further proposes that Plaintiffs can refer to the non-redacted portions of this spreadsheet in open court, and that if there are particular pages of the exhibit that Plaintiffs plan to publicly display, that the redacted versions of those be displayed. |
|--------|---------------|---------------|----------|----------|----------|-----|----------|

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0649 | JBLU014 33527 | JBLU014 33530 | Email thread between Barry McMenamin and corporate customer from August - September 2019 re: JetBlue checking in | JetBlue moves to redact the promotional terms that were offered to a prospective customer and the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This document describes a promotion for a corporate customer from August 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0650 | JBLU014 35648 | JBLU014 35652 | Email thread between Tom Lloyd, Barry McMenamin, "Sys Ops Directors" list serv, Roberta Mehoke, Dave Clark, and corporate customer from April 2019 re: [Corporate Customer]: VVVIP - Chairman / CEO - Wednesday, April 17 - Philadelphia to Boston - Flight #2460 | JetBlue moves to redact the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition.**<br><br>This document relates to a route that a corporate customer flew in April 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0653 | JBLU014 50286 | JBLU014 50289 | Email thread between Barry McMenamin and corporate customers from December 2019 regarding promotial terms offered | JetBlue moves to redact the promotional terms that were offered to a customer, the corporate customer name, and personal information related to the customer's frequent flyer account. | As explained in Section II.D. of the Motion, disclosure of customer lists, pricing and discount information will harm JetBlue's competitive standing. Additionally, as explained in Section I, protection of privacy should be weighed against the presumption of access. | **Historic; Overredacted; Pre-NEA competition.** This document relates to a promotion for corporate customer from December 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0658 | JBLU014 61210 | JBLU014 61213 | Email thread between Barry McMenamin, Robbie Mehoke, Gregory Royall and corporate customers from September 2018 regarding negotiations around corporate discount agreement | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.** This document includes description of pre-NEA competition and offer for corporate customer from Septebmer 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions limited to the corporate customer name and discount/pricing information on specific routes. Plaintiffs do not object to the proposed redactions. |

41

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0659 | JBLU014 66018 | JBLU014 66020 | Email thread between Robbie Mehoke and Barry McMenamin from January 2020 regarding renewal of corporate discount agreement with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.** This document relates to fare offers for a corporate customer from January 2020. Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | For the same reasons previously articulated, JetBlue moves to redact limited information related to the corporate customer name and specific pricing and discount information on specific routes. Plaintiffs do not object to the proposed redactions. |
| PX0665 | JBLU014 99803 | JBLU014 99807 | Email thread between Diane Zaiter, Robbie Mehoke, Evan Jarashow, Michael Hillyard, Aamir Patel from May - June 2018 re: [Corporate Customer] Mint Fares | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.** This document relates to fare offers for corporate customer from June 2018. Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0667 | JBLU015 13336 | JBLU015 13336 | Email thread between Robbie Mehoke, Michelle Perciak, and Gregory Royall from January 2018 regarding negotiations with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This document relates to fare offers for corporate customer from January 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0668 | JBLU015 17484 | JBLU015 17527 | Standalone JetBlue Airways slide deck from August 2020 titled "JetBlue Update: Robbie Mehoke, Sales Director" | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted; Pre-NEA competition.**<br><br>This document relates to fare offers and high-level descriptions of JetBlue's products from August 2020. Plaintiffs do not object to redaction of name of travel agency, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0693 | JBLU020 94474 | JBLU020 94474 | Email from Robin Hayes, Eash Sundaram and other airlines from November 2019 re LCCs | JetBlue moves to seal this exhibit entirely as they contain non-public information about contemplated transactions with other airlines. | As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | N/A | JetBlue moves to seal this exhibit for the same reasons previously articulated. This exhibit contains highly sensitive, non-public information regarding a potential transaction that has not been realized. Plaintiffs do not object to the proposed redactions. |
| PX0702 | JBLU025 00953 | JBLU025 00957 | Series of text messages between Derek Klinka, Claire Roeschke, and David Fintzen from June 2020 | JetBlue moves to seal this exhibit in its entirety for containing personal phone numbers and for containing competitively sensitive future plans. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | **Employee discourse; Historic; Overredacted.** Text conversation from June 2020 about a coworker's projects related to transactions that have since been publicly disclosed. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0704 | JBLU025 01613 | JBLU025 01622 | Series of text messages between David Fintzen and Derek Klinka from May 2020 | JetBlue moves to seal this exhibit in its entirety for containing personal phone numbers and for containing competitively sensitive future plans. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of corporate strategy and forward looking plans will harm JetBlue's competitive standing. | **Employee discourse; Historic; Overredacted.**<br><br>Text conversation from June 2020 about a coworker's projects related to transactions that have since been publicly disclosed. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0712 | JBLU025 27337 | JBLU025 27357 | Series of text messages between Joanna Geraghty and Robin Hayes from June 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy. JetBlue does not move to seal historic information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of network planning and forward looking plans will harm JetBlue's competitive standing. | **Employee discourse; Historic; Publicly available.**<br><br>Text conversation from June 2020 referring to plans that have since been publicly announced. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0718 | JBLU025 56093 | JBLU025 56103 | Series of text messages between David Neeleman and Robin Hayes from February 2018 | JetBlue moves to redact certain non-public information about contemplated partnerships with other airlines. | As explained in Section II.A. of the Motion, highly sensitive, non-public information related to corporate strategy, including those involving potential transactions, will harm JetBlue's competitive standing. | **Employee discourse; Historic.**<br><br>Text conversation from February 2018 with a non-employee. | Plaintiffs do not object to the proposed redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0721 | JBLU025 98842 | JBLU025 98859 | June 11, 2020 JetBlue Presentation, "Project Connie Exec Read-Out Draft" | JetBlue moves to redact from this presentation future network planning and related granular financial data on margins. JetBlue does not move to seal general discussions of historic performance and the Northeast Alliance. | As explained in Section II.A. of the motion, disclosure of future strategic plans will harm JetBlue's competitive standing.<br><br>As explained in Section II.C. of the motion, disclosure of future granular financial data will harm JetBlue's competitive standing. | **Core to the NEA; Publicly available.**<br><br>June 2020 presentation on the Northeast Alliance with some redactions covering plans that have already been implemented. Plaintiffs' position is that only plans that have not yet been announced should be redacted. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0738 | JBLU026 27526 | JBLU026 27530 | Series of text messages between Michael Quiello and Scott Laurence from June 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages.  JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | N/A | Plaintiffs do not object to the proposed redactions. |
| PX0754 | JBLU027 27455 | JBLU027 27457 | JetBlue handwritten notes from a February 13, 2020 board meeting related to fleet safety, audits, and compensatio n related to a pending corporate transaction. | JetBlue moves to seal this exhibit in its entirety because it details JetBlue's corporate strategy and network planning. | As explained in Section II.A. of the motion, disclosure of corporate strategy and network planning will harm JetBlue's competitive standing. | **Historic; Overredacted; Publicly available.**<br><br>This document contains information regarding pre-NEA competition. Defendants propose sealing this in its entirety and have not offered proposed redactions, despite Plaintiffs' requests. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0807 | JBLU-LIT-01566947 | JBLU-LIT-01566961 | June 19, 2020 JetBlue presentation, "Board of Directors - June Meeting - Emerging from the Crisis - v10 (Connie)" | JetBlue moves to redact from the presentation business strategy and planning information.  JetBlue does not move to seal historic market information. | As explained in Section II.A. of the motion, disclosure of corporate strategy will harm JetBlue's competitive standing. | **Core to the NEA; High-level; Overredacted.**<br><br>These are decks created during NEA negotiations presented to the JetBlue board and executives, containing high-level descriptions of the NEA, and subsequently shared with the UK Competition and Markets Authority. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| PX0808 | JBLU-LIT-01591316 | JBLU-LIT-01591348 | Email thread between Jack Massey, Dave Clark, Scott Laurence, Andrea Lusso, Eric Friedman, Nicholas Han, Justin Thompson, Chantal Van Wijnbergen, Nikolaos Sakkas, John Flaherty, David Jehn, Matthew Urbanek, Lisa Reifer, Robbie Mehoke, Michael Quiello, Michael Pezzicola, Jonathan Weiner, Andrew Parker, Don Uselmann, Steven Kennington II, Jeffrey Goodell, Elizabeth Windram, and Ursula | JetBlue moves to redact limited information relating to JetBlue's profitability in Boston and network initiatives related to a specific project that was launched in response to one of JetBlue's competitors. JetBlue does not seek to redact any plans that have already been implemented and made public. | As explained in Section II.C, disclosure of detailed and granular financial data related to cost and profitability will harm JetBlue's competitive standing. Additionally, as explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | N/A | JetBlue has proposed even narrower redactions to this previously unobjected to exhibit, which was listed on Appendix B. The revised redactions are limited to granular financial data concerning profitability and margins. Plaintiffs do not object to the remaining redactions. |

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| | | | Hurley from September 2019 re: Materials Needed: Boston Update @ SLT on Monday; contains two attachments titled "Revere_Net work initiatives_S ep2019 v2.pptx" and "Revere_Net work initatives_Se p2019 v2.pdf" | | | | |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0813 | JBLU-LIT-01767343 | JBLU-LIT-01767370 | Email from Dave Clark to Joi Dolvin-Plummer from September 2021 re: Print 4 color copies please; contains one attachment titled "RM and Network slides for Monte Ford vFinal.pdf" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | **High-level; Historic.**<br><br>This document provides a high-level overview of revenue management and network planning for a newly added Board of Directors member. It contains organizational charts, a history of changes to industry fare options since 2008, and basic information about airline pricing and route schedules. Plaintiffs do not object to redacting specific forecast numbers or current non-public pricing strategies, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0814 | JBLU-LIT-01767974 | JBLU-LIT-01768113 | June 2021 Competitive Assessment Primer prepared by JetBlue, "Competitive Primer" | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services. JetBlue further moves to redact granular financial information. JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted.**<br><br>This email thread from June 2021 and its attachments provide an airline industry overview. Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0822 | JBLU-LIT-02113531 | JBLU-LIT-02113591 | Email thread between Jonathan Weiner, Blue Inventory & Fares Leadership, Dave Clark, Scott Laurence, Andrea Lusso, and Richard Johns from September 2021 re: FW: Monte Ford Slides; contains two attachments titled, "RM and Network slides for Monte Ford v.8.pdf" and "RM and Network slides for Monte Ford v.8.pptx" | JetBlue moves to redact portions of the attachment, which contains information regarding JetBlue's proprietary pricing and inventory tools, processes and strategies. | As explained in Section II.B and II.E of the motion, disclosure of highly sensitive, non-public pricing strategy and proprietary tools will harm JetBlue's competitive standing. | **High-level; Historic.**<br><br>This document includes revenue strategies up through 2021, which are no longer competitively sensitive. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0838 | JBLU-LIT-02768723 | JBLU-LIT-02768857 | JetBlue's September 2021 Senior Leadership Team Strategy Offsite presentation regarding Strategy and Business Development" | JetBlue moves to redact parts of the presentation that relate to competitively sensitive future network planning and corporate strategy, as well as granular financial data. | As explained in Section II.A. of the motion, disclosure of future network plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted.**<br><br>Redactions cover high-level strategies for 2021 (which have now been implemented), general statements about long-term metrics, description of JetBlue's past growth performance, and past travel products dating back to 2017. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0839 | JBLU-LIT-02770232 | JBLU-LIT-02770371 | June 2021 Competitive Assessment Primer prepared by JetBlue, "Evolution to a Travel Company" | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services. JetBlue further moves to redact granular financial information. JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted.**<br><br>This email thread from September 2021 and its attachments provide an airline industry overview. Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0846 | JBLU-LIT-03242122 | JBLU-LIT-03242131 | Series of text messages between Scott Laurence and Warren Christie from August 2021 | JetBlue moves to redact the phone numbers of the participants in the text messages, and business strategy with respect to transatlantic service. JetBlue does not move to seal other business conversations. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of corporate strategy will harm JetBlue's competitive standing. | **Core to the NEA; Employee Discourse.**<br><br>This document from August 2021 includes information about the terms and strategy of the NEA. Plaintiffs do not object to redacting phone numbers, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0872 | JBLU-LIT-03882198 | JBLU-LIT-03882346 | Email from Steven Kennington II to Scott Laurence and Tracy Lawlor re: "Review June Offsite Materials"; contains one attachment: JetBlue Board of Directors - Strategic Offsite - Evolution to a Travel Company - Competitive Assessment Primer | JetBlue moves to redact from this 2021 presentation corporate strategy and future planning information regarding expanding offered services. JetBlue further moves to redact granular financial information. JetBlue does not move to seal historic or current market information. | As explained in Section II.A. of the motion, disclosure of forward-looking plans and corporate strategy will harm JetBlue's competitive standing. As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing. | **High-level; Historic; Overredacted.**<br><br>This email thread from September 2021 and its attachments provide an airline industry overview. Defendants' redactions cover high-level, historic descriptions of JetBlue's performance (e.g., in 2021 in NEA airports, handling of costs during the beginning of the pandemic in 2020), and high-level strategies such as tapping into the vacation-home rental market or improving personalization for customers. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0899 | SSBT_00 00206 | SSBT_00 00225 | Email thread between Barry McMenamin and Dorothy Nee from March - May 2019 re: Renewal Update - New agreement and summary presentation; contains two attachments titled "State Street Corporation Corporate MSA April 1, 2019.pdf" and "State Street FF presentation.pdf" | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer. | As explained in Section II.D. of the Motion, disclosure of highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.** This document relates to fare offers for corporate customer from May 2019. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions limited to discount/pricing information on specific routes. Plaintiffs do not object to the proposed redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0918 | AA-NEA-01396637 | AA-NEA-01396660 | Standalone American slide deck from May 2020 titled "Garland Relationship Options & Proposals" with file name "Garland - INTL Review - 04May - Internal.pptx" | American moves to redact from this presentation regarding the Northeast Alliance routes identified as potential new international routes that American has not announced or launched and detailed financial information for American and JetBlue that is not public and competitively sensitive. | As explained in Sections II.A. and II.C. of the Motion, disclosure of future plans and granular financial data will harm American's competitive standing. | Core to the NEA; Overredacted.  This document reflects Defendants' descriptions of the NEA from May 2020. Such descriptions are central to this litigation. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0919 | AA-NEA-01399291 | | Standalone Excel document from April 2020; contains nine tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary," "Seg Data AA Op," "Seg Data B6 Op," and "Flow Over Leg AA BOSLHR" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing. Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.<br><br>This document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. | Plaintiffs have withdrawn their objections to sealing this document. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0920 | AA-NEA-01399305 | | Standalone Excel document from April 2020; contains eight tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary Rev," "Seg Data AA Op," and "Seg Data B6 Op" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing. Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.\n\nThis document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. | Plaintiffs have withdrawn their objections to sealing this document. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0921 | AA-NEA-01399308 | | Standalone Excel document from April 2020; contains eight tabs titled, "Rainbow Rev," "Rainbow Pax," "OD Rev Chg AA Dom Op," "OD Rev Chg B6 Dom Op," "OD Rev Chg Mixed Metal," "Hub Summary," "Seg Data AA Op," and "Seg Data B6 Op" | American moves to seal this exhibit, which is an output of American's proprietary Raven model that details highly sensitive and granular revenue data associated with American, American's flights, and its partnerships reflected in a spreadsheet spanning more than 80 pages. | As explained in Section II.C. of the Motion, granular financial data if disclosed will harm American's competitive standing. Additionally, the output reveals highly competitively sensitive features of American's proprietary Raven model that should be sealed consistent with Section II.E. of the Motion. | Core to the NEA; Historic; Publicly availabe.<br><br>This document from April 2020 reflects early-stage models of the NEA.  This model is central to this litigation, and much of the information contained therein has been publicly disclosed or implemented. | Plaintiffs have withdrawn their objections to sealing this document. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0925 | AA-NEA-02143000 | AA-NEA-02143113 | Email from Neal Parikh to Vasu Raja, Massimo Mancini, Devon May, Nina Wittkamp, and Steffen Fuchs from July 2021 re: Network Strategy Update (pre-read); contains two attachments titled, "1. Executive Summaries Chapters 1-4 (July 23 PM).pdf" and "2. Pre-read Slides Chapter 1-4 (July 25th PM).pdf" | American moves to redact portions of this exhibit, which include Board decks from July 2021 spanning more than 100 pages that were used by the company to explain to the Board in detail American's future commercial strategy. Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston.  However, American moves to redact from these presentations the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes, revenue data specific to American's partnerships and highly sensitive and relatively recent future strategy and network plans, including detailed analysis of American's prospects in different airports and future plans with respect to existing or potential partnerships. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Proposed redactions not received.  Plaintiffs have not received revised redactions from Defendants and have been unable to review. | American provided a lesser redacted version of this document. Plaintiffs do not object to the remaining redactions. |

**Supplemental Appendix B**

| PX0936 | JBLU017 87894 | JBLU017 87896 | Email from Jack Massey to Ciprian Acatrinei, John Allen, Jesus Baez, Alex Battaglia, Eric Berger, Heather Berko, BluePlannin g, Katherine Celli, Warren Christie, Dave Clark, Giselle Cortes, Kevin Costello, Ian Deason, Joseph DeVito, Joshua Dover, Hakan Ergan, Mandy Gargano, Joshua Goldwitz, Jeffrey Goodell, Kapil Gwalani, Thomas Howell, Rose Hsu, David Jehn, | JetBlue moves to redact future network planning information. JetBlue does not move to seal historic or current market information | As explained is Section II.A. of the motion, disclosure of future network planning will harm JetBlue's competitive standing. | **Historic; Pre-NEA competition; Publicly available.** This document reflects Defendants' network plans for 2019 to 2021.  These flights have been flown or were abandonned. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
|--------|---------------|---------------|----------|---------|---------|---------|---------|

**Supplemental Appendix B**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Loretta Kennedy, Tony LaCognata, Jeff Landgrebe, Scott Link, Andrew Matuson, Peter McManus, Ponnarasi Sakthivelu, Gisselle Sanchez, Adam Schless, Kelly Shannon, Keith Slotter, Mike Stine, Wallce Trolan, Jakob Van Leeuwen, Andy Parker, Maryssa Miller, Amit Chawla, Jeffery Hunt, Wendy Juengerkes, Santiago Martello, Michael Brocker, Lisa Reifer, | | | | |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| | | | Chantal Van Wijnbergen, Robert Martinelli, Caryl Spoden, Tim Massimiano, William Mercier, Reese Davidson, Matthew Urbanek, Jin Wang, Thomsa Connolly, Christopher McCloskey, Mariya Stoyanova, Andres Barry, Michael Pezzicola, Allison Silverstein, and Route Planning from September 2019 re: **CONFIDENTIAL** Quarterly Network Development Update | | | | |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0949 | JBLU-LIT-04405031 | JBLU-LIT-04405206 | Standalone JetBlue slide deck titled "Board of Directors Meeting" from February 2022 | JetBlue moves to redact from this board presentation granular financial data (including margins and profitability); future plans related to network, infrastructure, fleet plans; and draft board resolutions. | As explained in Section II.A and II.C, disclosure of detailed and granular financial data related to margins and profitability as well as highly sensitive, strategic planning documents, including those involving future plans, will harm JetBlue's competitive standing. | **Historic; Overredacted; Publicly available.**<br><br>This document addresses projects that have since been publicly disclosed. The document also includes high-level plans and backward-looking anecdotes. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

## Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX1122 | N/A | N/A | Forward-looking spreadsheet with frequency plan by route | JetBlue moves to redact from this spreadsheet granular financial data with respect to forecasted margins and profitability on specific routes. | As explained in Section II.A and II.C, disclosure of detailed and granular financial data related to margins and profitability as well as highly sensitive, strategic planning documents, including those involving future plans, will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to the proposed redactions. However, given the burden of redacting this spreadsheet, JetBlue proposes sealing this exhibit in its entirety.  JetBlue further proposes that Plaintiffs can refer to the non-redacted portions of this spreadsheet in open court, and that if there are particular pages of the exhibit that Plaintiffs plan to publicly display, that the redacted versions of those be displayed. |

**Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX1124 | JBLU027 03430 | JBLU027 03434 | Series of Teams messages between Eric Friedman and Derek Klinka from June 3, 2020 | JetBlue moves to redact future network planning information. JetBlue does not move to seal historic or current market information | As explained is Section II.A. of the motion, disclosure of future network planning will harm JetBlue's competitive standing. | N/A | This is a new exhibit Plaintiffs added on 9/21. JetBlue has proposed targeted redactions limited to future plans in Columns J and K in Tab 2 of the spreadsheet. Plaintiffs do not object to the proposed redactions. |