UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>  Defendants. | Case No.: 1:21-cv-11558-LTS |

**NON-PARTIES GLEN HAUENSTEIN, JOSEPH ESPOSITO, AND
DELTA AIR LINES INC.'S REPLY IN SUPPORT OF
<u>THEIR MOTION TO QUASH TRIAL SUBPOENAS</u>**

Non-Parties Glen Hauenstein, Joseph Esposito, and Delta Air Lines, Inc. ("Delta") (collectively, "Non-Party Movants") submit this Reply in further support of their Motion to Quash Trial Subpoenas to Glen Hauenstein and Joseph Esposito served by Defendants (ECF 230) ("Motion to Quash"), and in response to Defendants' Opposition (ECF 239) ("Defs' Opp'n").

**I.   Defendants' Response Confirms They Have No Need to Compel Mr. Hauenstein and Mr. Esposito To Testify In Person at Trial.**

Defendants' response confirms that they do not need Mr. Hauenstein and Mr. Esposito to attend trial for the *substance* of their testimony because they already obtained the Delta-related testimony they want from the three Delta witnesses whose videotaped depositions they took, including Mr. Esposito: "Defendants did not subpoena either witness for trial because they were unsatisfied with the information they obtained through depositions; to the contrary, *the Delta depositions merely confirmed what Defendants had expected all along*." Defs' Opp'n at 4 (emphasis added). Thus, Defendants' request to compel Mr. Hauenstein's and Mr. Esposito's

attendance at the trial boils down to their preference for live testimony over the videotaped deposition testimony they already have.  That is not a sufficient reason for forcing Mr. Hauenstein and Mr. Esposito to appear in Boston in the face of the burden imposed by disrupting their long-held and extensive personal and professional obligations.

Defendants cite eight cases in an attempt to convince the Court to ignore the demonstrated burden on Messrs. Hauenstein and Esposito.  None of them remotely address the burdens presented here.  Indeed, three of eight cases cited involved motions to quash or for protective orders *filed by parties* concerning *deposition* subpoenas.  *Horsewood v. Kids "R" US*, No. CIV. A. 97-2441-GTV, 1998 WL 526589, at *5-6 (D. Kan. Aug. 13, 1998) (defendant sought protective order where only plausible burden was "status as a corporate officer," without more); *Koninklijke Philips Elecs. N.V. v. Zoll Med. Corp.*, No. 10-11041-NMG, 2013 WL 1833010, at *1-2 (D. Mass. Apr. 30, 2013) (plaintiffs sought protective order against deposition of executive on basis of an "extremely busy schedule," and deposition was only compelled after other discovery devices had failed to develop needed information); *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007) (denying motion to quash deposition of CEO where burden claimed was "her position requires her to travel about 30 per cent of the time").

Another three cases address *document* subpoenas. *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.*, No. 15-12939-LTS, 2018 WL 11424181, at *1 & n.1 (D. Mass. Nov. 16, 2018) (movant "has not provided any specifics regarding the alleged undue burden" in response to a document subpoena); *Tijerina v. Guerra*, No. 7:19-CV-285, 2020 WL 1663181, at *4, *5-6 (S.D. Tex. Apr. 1, 2020) (plaintiff sought to quash document subpoenas to employer and medical providers with no indication of burden); *Ispat Inland, Inc. v. Kemper Env't, Ltd.*, No. 06-60

(PAM/JSM), 2007 WL 737786, at *2 (D. Minn. Mar. 8, 2007) (non-party sought to quash on basis of irrelevance of documents).

Of the two cases addressing trial subpoenas, one considered trial subpoenas for the officers of a *party*. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300, 302 (S.D.N.Y. 2009). The final case of the eight cases cited, did involve trial subpoenas for employees of a non-party, but who were "all involved in the decision to commence and continue the proceeding against Plaintiff" in a malicious prosecution action. *Kirschner v. Klemons*, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005) (only burden argument was that one person was "88 years old and requires assistance walking" without an "affidavit or specific information" concerning the burden). In contrast, Delta has nothing to do with this litigation, apart from the fact that three of its executives were deposed. Those depositions and the documents on which the executives were questioned are available for use at trial. The fact that Defendants would prefer Mr. Hauenstein and Mr. Esposito to be present does not demonstrate cause for them to appear for trial.

**II.    Defendants Do Not Dispute That They Failed to Tell Delta They Intended to Subpoena Mr. Hauenstein and Mr. Esposito for Trial Until August 25, 2022.**

Defendants argue that "Delta has had plenty of notice that Defendants intended to call its executives to testify at trial—because it is the most important third party in the case." Defs' Opp'n at 2. If Defendants believe Delta "is the most important third party in the case," one would think they would have bothered to tell Delta when they listed two of its most senior executives on their final trial witness list on June 13, 2022. But Defendants did not do that until August 25, 2022, which they admit. Defendants should and could easily have provided that notice, with a single email or telephone call to Delta or its outside counsel, who was known to them. But because Defendants did not do so, Mr. Hauenstein and Mr. Esposito made extensive personal and

3

professional commitments during the entire period of the scheduled trial. Hauenstein Decl. (ECF 231-6), at ¶¶ 11-13; Esposito Decl. (ECF 231-7), at ¶¶ 11-13. Mr. Hauenstein and Mr. Esposito (and Delta) should not now be forced to pay the price for Defendants' failure to provide adequate notice.

Delta had no reason to think Defendants still believed Mr. Hauenstein's testimony was "essential" (Defs' Opp'n at 5) after producing Mr. Esposito (and others) for videotaped depositions, and then hearing nothing from Defendants about that testimony being insufficient or that they wanted more for trial and would issue trial subpoenas to get it. If Defendants had simply told Delta back on June 13, 2022 that they still needed Mr. Hauenstein's trial testimony and put both Mr. Hauenstein and Mr. Esposito on their trial witness list, the present dispute could have been resolved long ago, instead of on the eve of trial. For example, Delta could have re-considered making Mr. Hauenstein available for deposition over the summer, *which Defendants acknowledge would have obviated the need for a trial subpoena*. Wall Decl. (ECF 240), at ¶ 3 ("not allowing me to depose [Mr. Hauenstein] would force me into issue a trial subpoena").[1] But Defendants' failure to timely notify Delta of their plans precluded Delta from considering that option, and thus threatens to impose a heavy and undue burden on Delta's executives.[2]

---

[1] American Airlines' counsel says he told Delta's outside counsel, James Denvir, on March 9, 2022 that "I intended to call Mr. Hauenstein as a trial witness, adverse if need be, and not allowing me to depose him would force me into issuing a trial subpoena." Wall Decl. (Sept. 23, 2022) (ECF 240), at ¶ 3. Delta's counsel does not recall that detail, so cannot admit or deny Mr. Wall's recounting of it. Notably, Mr. Wall's earlier declaration submitted in connection with the motion to quash Mr. Hauenstein's deposition says only that American's "need for the upcoming trial was to have authoritative, high-level Delta testimony." Wall Decl. (Apr. 26, 2022) (ECF 240-2), at ¶ 6. But Delta understood that to mean deposition testimony, which at the time was what American was seeking (*id.* at ¶ 5)—and then got from Mr. Esposito, Delta's Senior Vice President of Network Planning and who is responsible for leading Delta's global network strategy. Esposito Decl. (ECF 231-7), at ¶ 6.

[2] In seeking Mr. Hauenstein's deposition, American said it "would not seek the deposition of Mr. Bastian [Delta's CEO] if Delta would agree to produce Mr. Hauenstein." Wall Decl. (Apr. 26,

4

Dated: September 25, 2022                    Respectfully submitted,

                                             */s/ Michael S. Mitchell*

                                             James P. Denvir (*pro hac vice*)
                                             Michael S. Mitchell (*pro hac vice*)
                                             Benjamin Solomon-Schwartz (BBO 688674)
                                             BOIES SCHILLER FLEXNER LLP
                                             1401 New York Avenue, N.W.
                                             Washington, DC 20005
                                             Telephone: (202) 237-2727
                                             Fax: (202) 237-6131
                                             jdenvir@bsfllp.com
                                             mmitchell@bsfllp.com
                                             bsolomon-schwartz@bsfllp.com

                                             *Counsel for Non-Parties Glen Hauenstein,*
                                             *Joseph Esposito, and Delta Air Lines, Inc.*

---

2022) (ECF 240-2), at ¶ 6.  But when Delta refused to make Mr. Hauenstein available for deposition, American did not follow through on their threat to seek Mr. Bastian's deposition.  From that episode, and for the other reasons explained above, Delta reasonably concluded that once American had obtained Mr. Esposito's testimony, Defendants had given up on seeking Mr. Hauenstein's testimony in this case.

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 25, 2022

<u>/s/ Michael S. Mitchell</u>
Michael S. Mitchell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
mmitchell@bsfllp.com

*Counsel for Non-Parties Glen Hauenstein,
Joseph Esposito, and Delta Air Lines, Inc.*
