UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 21-11558-LTS |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON PENDING MOTIONS

September 26, 2022

SOROKIN, J.

Before the Court are motions arising from the defendants' desire to call two high-level executives of Delta Air Lines, Inc., to testify at the bench trial in this matter. The defendants seek to compel the two executives to appear and testify in person as defense witnesses, Doc. No. 175, while Delta and its executives seek to quash the trial subpoenas the defendants have served, Doc. No. 230.[1] The plaintiffs have taken no position on these motions.

The defendants issued their subpoenas to Delta's executives pursuant to the penultimate paragraph of the Scheduling and Case Management Order entered in this case, which cites 15 U.S.C. § 23 and permits the issuance of trial subpoenas to witnesses outside the District of Massachusetts. Doc. No. 76 ¶ 20. The subpoenas at issue seek the testimony of Glen

---

[1] Delta has also moved for leave to file a reply in further support of its motion to quash, attaching its proposed reply brief. That motion (Doc. No. 246) is ALLOWED, and the Court has considered the proposed reply (Doc. No. 246-1) in connection with its ruling on the motions addressed in this Order.

Hauenstein and Joseph Esposito, Delta's President and Senior Vice President of Network Planning, respectively.  Hauenstein and Esposito live and work in Atlanta, Georgia.  Esposito has been deposed in this matter.  Hauenstein has not, as a Magistrate Judge in the Northern District of Georgia quashed the deposition subpoena the defendants had served on him.  Doc. No. 231-5.

The Court must quash or modify a subpoena if it "subjects a person to undue burden."[2] Fed. R. Civ. P. 45(d)(3)(A)(iv).  This determination requires the Court to balance the needs of the party seeking the testimony against the hardships the individual or entity at issue will suffer if required to comply with the subpoena.  KinectUs LLC v. Bumble Trading LLC, No. 21-mc-91665-ADB, 2021 WL 6066539, at *2 (D. Mass. Dec. 22, 2021).  "Factors germane to that analysis are relevance, the requesting party's need, the breadth of the request, and the burden imposed."  Id. (cleaned up).  "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."  Cascade Yarns, Inc. v. Knitting Fever, Inc., 755 F.3d 55, 59 (1st Cir. 2014).  Of course, Delta, as the party resisting the subpoenas, bears the burden to show that the burden imposed on Hauenstein and Esposito is undue and not simply inconvenient.  Green v. Cosby, 152 F. Supp. 3d 31, 36-37 (D. Mass. 2015).

Having carefully considered the motion papers and supporting documents through the lens of Rule 45 and its "undue burden" standard, the Court ALLOWS in part and DENIES in part the two dueling motions, as explained briefly herein.

---

[2] Delta bases its motion to quash on this provision, but also challenges the defendants' showing of "cause," which Delta argues is required under 15 U.S.C. § 23 notwithstanding the Case Management Order in this case.  The defendants disagree that a separate showing of cause is necessary.  The Court need not resolve this question, as it disposes of the motions under the Rule 45 standard and finds that the considerations Delta cites as demonstrating the lack of "cause" also factor into the weighing the Court performs in assessing whether the burden imposed on the executives is "undue."

With respect to Esposito, the Court finds that the balance of factors favors enforcing the trial subpoena. For reasons articulated by the defendants, testimony from a high-level Delta executive with knowledge of the NEA and the ability to speak regarding the impact one of the defendants' largest competitors perceives it to have in the relevant markets is plainly relevant to the issues the Court will be asked to resolve at the conclusion of this trial. Esposito is a witness capable of providing such testimony. Though Delta's submissions suggest his appearance at this trial will be inconvenient, they do not, on balance, establish the burden is "undue" and warrants quashing the subpoena. Finally, the Court finds that a deposition (and Esposito was deposed) is not, in this case as to this witness, a sufficient substitute for live testimony at trial. The latter permits the defendants to elicit testimony responsive to the plaintiffs' case as presented at trial, while also permitting a fuller evaluation of the witness's credibility. Thus, as to Esposito, the Court ALLOWS the motion to compel (Doc. No. 175) and DENIES the motion to quash (Doc. No. 230). However, the defendants are ORDERED to schedule Esposito's testimony at a time that will not interfere with his established travel plans and to make every reasonable effort to accommodate Esposito's work schedule.

With respect to Hauenstein, the Court finds that the balance of factors tips in the other direction, favoring an order quashing the trial subpoena, for several reasons. First, though the defendants point out that other airlines' senior executives will be appearing to testify at trial without resisting their subpoenas, none of the individuals identified on the parties' witness lists are Presidents or hold other offices that rank comparably high within their organizations.[3]

---

[3] The trial witnesses identified by the parties include high-level executives, with positions that appear comparable to Esposito's within their respective organizations, from Southwest, Spirit, Alaska, and United. As an aside, though the defendants argue that it "falls on" them to call witnesses capable of providing the "important perspective" of Delta and United, e.g., Doc. No. 176 at 2, the plaintiffs' trial submissions include two executives from each of those airlines

Second, nothing before the Court meaningfully explains or establishes that Hauenstein's testimony is necessary even with Esposito appearing as a witness.  Another Court previously quashed a deposition subpoena for Hauenstein in a thoughtful and reasoned decision, largely arising from the adequacy of testimony from other Delta executives.  The defendants apparently never revisited that decision after deposing the other executives, a fact which undermines a showing of "need" as to Hauenstein.  Finally, Delta is not a party to the lawsuit.  In these circumstances, the Court DENIES the motion to compel (Doc. No. 175) and ALLOWS the motion to quash (Doc. No. 230) as to Hauenstein.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

among the witnesses whose testimony they anticipate presenting to the Court via deposition designations.  It is not, then, accurate to suggest that the plaintiffs "seek to litigate the case as if Delta and United don't exist."  Doc. No. 239 at 2.