UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>STATE OF ARIZONA<br><br>STATE OF CALIFORNIA<br><br>DISTRICT OF COLUMBIA<br><br>STATE OF FLORIDA<br><br>COMMONWEALTH OF MASSACHUSETTS<br><br>COMMONWEALTH OF PENNSYLVANIA<br><br>and<br><br>COMMONWEALTH OF VIRGINIA<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br><br>and<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:21-cv-11558-LTS |

**PLAINTIFFS' MOTION TO EXCLUDE DX-1080**

On the night of September 26, 2022, hours before opening statements, Defendants served DX-1080, a transcript dated September 20, 2022, on Plaintiffs for the first time (attached here as Ex. A). DX-1080 is a transcript from the trial in Case No. 18-10651-ADB, *Air Transport Association of America, Inc. v. Healey*, pending before United States District Judge Burroughs. The transcript includes the testimony of Daniel Akins, an expert retained by the Massachusetts

1

Office of Attorney General in that unrelated case. Plaintiffs have conferred with Defendants, and Defendants contend Mr. Akins' testimony is admissible as a party admission.

Mr. Akins has not been retained in this case and has no connection to this case. For this reason, a cherry-picked snippet of his testimony elicited in an entirely different context is plainly hearsay and inadmissible. Courts have regularly held as much in similar circumstances. *E.g.*, *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 164 (3d Cir. 1995). Further, Defendants mischaracterize Mr. Akins' testimony, the scope of his opinions, and the basis for his statements to create a false impression that Massachusetts has endorsed the Northeast Alliance ("NEA") as a procompetitive endeavor. The Court should sustain Plaintiffs' objections and exclude DX-1080.

## BACKGROUND

DX-1080 is a transcript from Day Seven (September 20, 2022) of trial in a lawsuit, Case No. 18-10651-ADB, *Air Transport Association of America, Inc. v. Healey*, pending before Judge Burroughs. Airlines for America ("A4A", formerly known as the Air Transport Association of America, Inc.), a lobbying organization representing major U.S. airlines, filed that lawsuit. Defendants in this case are members of A4A, with JetBlue CEO Robin Hayes serving as vice chairman of its board. In *Air Transport Association of America, Inc. v. Healey*, A4A seeks a declaration that the Massachusetts Earned Sick Time Law ("MESTL") violates the Dormant Commerce Clause and is preempted by the Airline Deregulation Act as applied to airline employees. MESTL limits employers from disciplining employees for using sick leave. At trial in that case, A4A argued that MESTL was so onerous as to violate the Dormant Commerce Clause and Fourteenth Amendment to the U.S. Constitution. *See, e.g.*, *Air Transport Ass'n of Am., Inc. v. Healey*, No. 18-10651-ADB, 2021 U.S. Dist. LEXIS 104600, at *10-11 (D. Mass. June 3, 2021) (denying motions for summary judgment).

In defending MESTL and protecting Massachusetts employees' rights to discipline-free sick leave protections, the Massachusetts Office of Attorney General retained Mr. Akins, an aviation economist. Mr. Akins' task was "to assist in the evaluation of certain operational and financial issues" arising from the "alleged potential impact on airlines due to compliance with the Massachusetts' Earned Sick Time Law stemming from purported changes in the behavior of airline flight crews and airline ground workers." Ex. B, Page 8, Akins Dec. 27, 2019 Decl. ¶ 3. Mr. Akins submitted his expert report in that case on December 27, 2019—well before the NEA was ever announced—and a supplemental report on November 2, 2020, months before American and JetBlue first implemented the NEA. Ex. B, Page 105, Akins Dec. 27, 2019 Decl.; Ex. B, Page 170, Nov. 2, 2020 Decl.

None of the opinions disclosed in Mr. Akins' report discussed the NEA, and he did not purport to review any materials regarding the NEA for his work on that case. None of Mr. Akins' trial testimony indicated he had reviewed any materials regarding the NEA or performed any analysis of data relating to the impact of the NEA. Indeed, Mr. Akins' testimony regarding JetBlue focused not on the potential effect of the NEA, but about the ability of airlines, including JetBlue, to expand at Logan after the MESTL's 2015 implementation and Logan Airport's attractiveness to airlines, notwithstanding the requirements of the MESTL. The Massachusetts Attorney General's Office did not ask Mr. Akins, or any other witness, any questions about the NEA.

It was within this context, when asked generally about JetBlue's recent experience in Boston, that Mr. Akins made off-the-cuff statements relating to the NEA and competition at Logan not contained in his expert report (and citing no documents or facts) that Defendants cited in their opening statement. DX-1080, at 76-77. Mr. Akins cited no documents or data and

3

provided no explanation or analysis regarding these comments.

Defendants provided notice of their intention to add DX-1080 to their exhibit list at 6:25 PM on September 26, 2022.  That same evening, Plaintiffs promptly objected to the admissibility of DX-1080 as inadmissible hearsay.  Plaintiffs also object to DX-1080 as lacking any foundation or reliable basis under Rule 703.

## ARGUMENT

### A.  Mr. Akins' Statements in DX-1080 Are Inadmissible Hearsay

Defendants do not dispute that Mr. Akins' statements in DX-1080 constitute statements made outside of court that are offered for the truth of the matter asserted.  Defendants contend that Mr. Akins' statements constitute party admissions under Rule 801(d)(2) of the Federal Rules of Evidence.  Rule 801(d)(2) provides a statement is not hearsay if it is "offered against a party" and is:

> (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

Fed. R. Evid. 801(d)(2).

Mr. Akins has not been retained as an expert in any form for the matter before the Court, nor is he a party.  Numerous courts have rejected the proposition advanced by Defendants here. Courts have held that, where, as here, an expert is not retained in the case at bar, that expert's statements in reports or testimony in earlier cases are not party admissions under Rule 801(d)(2)(C) and (D).  *E.g.*, *Kirk*, 61 F.3d at 164 (same); *In re Air Crash Near Rio Grande Puerto Rico,* Case No. 11-md-02246, 2016 U.S. Dist. LEXIS 185938, 2016 WL 6916599, at *2 (S.D. Fla. Jan. 21, 2016) (same); *In re Refco Inc. Sec. Litig.*, Nos. 07-md-1902 et al., 2013 U.S.

4

Dist. LEXIS 202831, 2013 WL 12191891, at *10 (S.D.N.Y. Mar. 11, 2013) ("The agency rationale is dubious because experts cannot comfortably be called agents of the party who retained them."); *SanDisk Corp. v. Kingston Tech. Co.*, 863 F. Supp. 2d 815, 818-19 (W.D. Wis. 2012) (because expert's testimony was given in a different case and "never proffered . . . in this case, it is neither reasonable nor fair to find that [the party] authorized [the expert's] deposition testimony so that it can be deemed a party admission and used against [that party]").

As the Third Circuit stated in *Kirk*, "Rule 801(d)(2)(C) requires that the declarant be an *agent* of the party-opponent against whom the admission is offered, and this precludes the admission of the prior testimony of an expert witness where, as normally will be the case, the expert has not agreed to be subject to the client's control in giving his or her testimony." 61 F.3d at 44 (citing *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 138 (D. Mass 1990)) (emphasis added). This rule accords with other courts of appeals' holdings that an expert is "not an agent of [the party] simply by virtue of acting as an expert witness in a prior case." *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 489 (5th Cir. 2021) (distinguishing earlier Fifth Circuit case that admitted admission of expert witness who also was an employee of the party and was the party's agent for investigating the facts underlying the lawsuit).

Courts have likewise held that a statement by an expert in a prior case is not admissible as an "adoptive admission" under Rule 802(d)(2)(B). *Pernix Ir. Pain DAC v. Alvogen Malta Operations Ltd.*, 316 F. Supp. 3d 816, 822-26 (D. Del. 2018) (noting that scope for adoptive admissions is "more restrictive" than admissions under Rule 801(d)(2)(C) and that to constitute adoptive admission the party must "specifically adopt that statement as its own").

As is the case with any litigant, an expert retained by the Massachusetts Office of Attorney General is not an agent of that office. *See, e.g.*, *HTC Corp.*, 12 F.4th at 489. There is

nothing in Mr. Akins' testimony or his reports in that case indicating otherwise.  Further, the Massachusetts Office of Attorney General did not take any step to adopt the statements of Mr. Akins regarding the NEA, which were neither reflected in his reports nor germane to the issues at hand in that case: the effect of a law requiring businesses to pay sick leave to employees on airline operations and financials at Logan.  Indeed, the testimony at issue followed the general question, "Can you speak about JetBlue's experience in Boston in recent years," not any question directed at the NEA specifically. Ex. A, DX-1080, page 76.

There are also no other evidentiary bases that support the admission of the proffered hearsay.  As an initial matter, Defendants have no witness currently identified that can satisfy the requisite foundational requirements.  Second, even if the foundation requirements were met, there is no hearsay exception that would otherwise apply to this transcript.  *See generally* Fed. R. Evid. 803.  Indeed, the considerations that animate skepticism of hearsay statements as evidence are present here.  These are out of court statements that may be informed by nothing or by materials that have not been disclosed here.  The declarant is not subject to cross-examination on the scope, basis, and edges of his opinion.

### B.  Mr. Akins' Statements Lack a Proper Foundation under Rule 703

The inadmissibility of Mr. Akins' prior trial testimony under Rules 802 and 803 should be dispositive of this issue.  However, Mr. Akins lacked a foundation under Rule 703 to testify regarding the NEA given that his assignment did not include any review of NEA documents.  He therefore could not have the requisite basis for any expert opinion regarding the NEA.  *See* Fed. R. Evid. 703 (requiring that an expert base opinions on facts or data in the case the expert has been made aware of or personally observed).  Defendants have improperly characterized Mr. Akins' testimony in *Air Transport Association of America, Inc. v. Healey*, attempting to give this Court a false impression that the Massachusetts Office of Attorney General is pursuing

inconsistent opinions in different cases. In fact, the NEA has nothing to do with *Air Transport Association of America, Inc. v. Healey*. Mr. Akins' opinions involved the effect that a law requiring provision of sick leave to employees has on airport operations and airlines' ability to operate successfully into and out of Logan. The plaintiffs in that case, seeking a declaration that this law is unconstitutional and/or preempted, have attempted to show that sick leave protections place substantial burdens on carriers.

In *Air Transport Association of America, Inc. v. Healey*, Mr. Akins provided economic opinions that growth at Logan between 2015 (the year the law took effect) and 2019 was strong, and that the plaintiffs' concerns about the costs imposed by provision of minimum amounts of sick leave to employees were not supported. None of his analysis in that case concerned the NEA. He reviewed no data on the implementation of the NEA. When asked about JetBlue's recent activities in Boston, Mr. Akins, consistent with his report, described JetBlue's growth from 2015-2019, as well as Delta's response in growing at Logan. These statements are consistent with Plaintiffs' positions in this case and supported by the data and documents cited by Mr. Akins in his report.

Mr. Akins also made statements regarding growth JetBlue purportedly expected at Boston after the implementation of the NEA. Mr. Akins did not testify that he did any research regarding this issue, and his statements reflect nothing more than restating how JetBlue and American have themselves publicly characterized the NEA without reflecting any substantive analysis or through inquiry into the question. It is unsurprising that Mr. Akins did not engage in such an analysis because it was beyond the scope of his assignment.

These limited statements regarding the NEA are properly regarded as off-the-cuff statements, not directly responsive to any question asked, and not based on any expert analysis or

7

review of documents or data that would be necessary to reliably opine on the NEA's effect on competition at Boston.

## CONCLUSION

For the reasons set forth above, the Court should sustain Plaintiff's objections to DX-1080 and exclude it from evidence.

Dated: October 6, 2022

*/s/ William H. Jones II*
William H. Jones II
James H. Congdon
Edward Duffy
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-514-0230
Fax: 202-307-5802
bill.jones2@usdoj.gov

*Attorney for United States of America*

*/s/ William T. Matlack*
William T. Matlack (MA Bar No. 552109)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
E-mail: William.Matlack@mass.gov

*/s/ Colin G. Fraser*
Colin G. Fraser (FL Bar No. 104741)
Office of the Attorney General, State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
E-mail: Colin.Fraser@myfloridalegal.com

*Attorneys for the State of Florida, the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants in a good faith effort to resolve or narrow the issues presented in this motion prior to filing. Defendants confirmed that they opposed the motion.

    /s/ James H. Congdon
James H. Congdon
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-299-4574
Fax: 202-307-5802
james.congdon@usdoj.gov

*Attorney for United States of America*

## CERTIFICATE OF SERVICE

I certify that on October 6, 2022, I caused a true and correct copy of this motion to be served to all counsel of record via ECF/CM.

                /s/ James H. Congdon
James H. Congdon
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-299-4574
Fax: 202-307-5802
james.congdon@usdoj.gov

*Attorney for United States of America*