UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

## PLAINTIFFS' MOTION TO ADMIT CERTAIN EXHIBITS

Plaintiffs move to admit the 52 exhibits identified in the attached Appendix A. These selected exhibits are among the approximately 150 exhibits on Plaintiffs' Trial Exhibit List for which Defendants have lodged objections that are still outstanding. Each selected exhibit was identified on Plaintiffs' exhibit list prior to trial, and all continue to be subject to objections by Defendants based on hearsay, relevance, authenticity, or some combination thereof.

Plaintiffs understand it is Defendants' position that the Court should resolve objections only if an exhibit is used live with a witness at trial. However, it is typical in large antitrust cases such as this one that not every important and admissible exhibit has a sponsoring witness. For exhibits identified in this motion, time constraints and consideration of the Court's time militate in favor of resolving this narrow set of objections that are duplicates of objections already addressed by the Court during trial. Critically, resolution of the outstanding objections and admission of these exhibits would assist Plaintiffs in streamlining their examinations of experts

1

and in determining the necessary scope of Plaintiffs' rebuttal. *See* Fed. R. Evid. 102 (evidence rules should be construed to "eliminate . . . unjustifiable delay").

As shown below, Defendants' evidentiary objections in the three identified categories are meritless in light of the Court's rulings so far at trial admitting closely analogous evidence, and Plaintiffs request that the Court now admit the specified exhibits into the trial record for the same reasons.

## I. Hearsay Objections

Defendants challenge 26 of Plaintiffs' exhibits in Appendix A that contain party admissions (and are therefore not hearsay under Rule 801(d)(2)) or statements of third parties, based on hearsay or hearsay-within-hearsay grounds. In each of those cases, as has frequently been the Court's practice during the trial, Plaintiffs request that the exhibit be admitted as a party admission, with the limitation that any statements of third parties contained within the exhibit are not admitted for their truth, but simply to show effect on the listener or other context.

Notably, Defendants have not provided any justification for objecting to these exhibits subject to this limitation. Indeed, counsel for American Airlines expressly stated that Defendants "are happy to agree that, if a document with an existing FRE 805 objection is introduced with a witness in court, we will not stand on the objection based on the understanding that the third-party statements are not being used for the truth of the matter asserted (so long as Plaintiffs agree to the same)." Email from T. Tavernia to J. Moore (Oct. 6, 2022). In other words, Defendants have no principled basis to object to the exhibits; they are just attempting to waste Plaintiffs' trial time using objections on which they have no intention to stand. This gamesmanship should not be rewarded.

## II. Relevance Objections

Defendants continue to object on relevance grounds to 32 of Plaintiffs' exhibits in

Appendix A, many of which are expressly relied on by Plaintiffs' experts, pertaining to the recent history of consolidation and capacity discipline in the airline industry.  But as Plaintiffs have already demonstrated at trial, these exhibits are relevant in this Sherman Act case because (1) evidence of the industry's susceptibility to coordination implicates the risk the NEA poses for future coordination; (2) a trend towards concentration is relevant in assessing potential anticompetitive consequences of challenged conduct; and (3) intent evidence (such as intentional "capacity discipline") informs the Court's evaluation of the conduct's likely consequences and putative procompetitive justifications.  As is now being highlighted in the testimony of Plaintiffs' experts, industry consolidation and capacity discipline are issues of manifest "consequence" in resolving this lawsuit.  Fed. R. Evid. 401.

This Court has already overruled relevance objections of this ilk.  For example, on Trial Day 6, during the testimony of American's Chairman of the Board and former CEO Doug Parker, Plaintiffs offered PX0008, an email chain from 2010 in which Mr. Parker made statements related to the likely reduction of capacity following a legacy airline merger. Defendants objected, claiming that there was no connection between events in the industry more than a dozen years ago and the instant case.  But the Court overruled Defendants' objection and admitted the exhibit, noting:

> I'm going to overrule the objection. I'm not conclusively deciding that all of this material is actually relevant and weighty, but I'm going to take it, and then I'll figure out, as we go forward, how much weight it has and whether it's relevant or not.

(Day 6 Trial Tr. at 34).  *See also* Pretrial Conf. Tr. at 24 ("It does seem to me that that information has some bearing on the case.").  The Court's admission of evidence regarding historical industry consolidation is fully consistent with the "very low bar" the relevancy rule sets, particularly in a bench trial.  *See United States v. Rodriguez-Soler*, 773 F.3d 289, 293 (1st

3

Cir. 2014); *see also Franchina v. City of Providence*, 881 F.3d 32, 49 (1st Cir. 2018) (that low threshold makes "a relevancy-based argument . . . a rather tough sell."). The Court should apply similar reasoning to the identified exhibits.

### III. Authenticity Objections

Defendants continue to object on authenticity grounds to seven of Plaintiffs' exhibits in Appendix A that come from prior investigations of the airline industry, even though (1) Defendants specifically sought and obtained these documents in discovery in this case; (2) Defendants or their predecessors previously produced the records to the Government; and (3) Defendants or their predecessors marked the documents with distinctive Bates numbers identifying their origin and the matter in which they were produced, and (in some cases) provided detailed cover letters from counsel referencing the same Bates numbers, which the Government also reproduced in this litigation to Defendants.

> This Court addressed these circumstances at the pretrial conference:
>
> I can't resolve the authenticity or not all of them en masse without looking at them, but I do have these observations. One, to the extent that – the defendants, you think that the DOJ's – either their files were incomplete or disorganized or they haven't established how they kept them, beyond that they did in some way, that seems more to go to completeness and weight than it does to authenticity. That doesn't seem to challenge that this is a document that came from whomever they say it came from. Yes, in theory, was it in a warehouse? Who was guarding the warehouse door? But these are garden variety documents, and so there's no reason to think that if they've stored them, they've stored them, and they got them where they say they got them.

(Pretrial Conf. Tr. at 24–25.) Since the pretrial conference, and notwithstanding the Court's guidance, Defendants have failed to identify any specific basis to question the authenticity of the documents from prior investigations.

The Court should give short shrift to Defendants' authenticity objections. As Plaintiffs have previously argued, where produced documents have been reproduced with Bates labels

4

from the original producing party, the court may authenticate the records under Rule 901(b)(4) (providing that "appearance" and "distinctive characteristics" of a given item, "taken together with all the circumstances," may satisfy authentication requirement). *Young v. Cate*, No. 2:11-cv-02491-KJM-JFM, 2013 WL 684450, at *3 (E.D. Cal. Feb. 22, 2013). In light of all the circumstances under which the challenged "garden variety" documents were marked and produced in prior investigations and then re-produced in this case, more than sufficient evidence establishes that the exhibits are what Plaintiffs claim them to be, Fed. R. Civ. P. 901(a), and Defendants' protestations at most go to weight, not admissibility.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court admit in evidence Plaintiffs' exhibits as listed in Appendix A.

Dated: October 11, 2022

                                             */s/ William H. Jones II*
                                             William H. Jones II
                                             John S. Davis
                                             James L. Moore III
                                             U.S. Department of Justice
                                             Antitrust Division
                                             450 Fifth Street NW
                                             Washington, DC 20530
                                             Phone: 202-514-0230
                                             Fax: 202-307-5802
                                             bill.jones2@usdoj.gov

                                             *Attorneys for United States of America*

                                             */s/ William T. Matlack*
                                             William T. Matlack (MA Bar No. 552109)
                                             Office of the Attorney General
                                             One Ashburton Place, 18th Floor
                                             Boston, MA 02108
                                             Phone: (617) 727-2200
                                             E-mail: William.Matlack@mass.gov

/s/ Colin G. Fraser
Colin G. Fraser (FL Bar No. 104741)
Office of the Attorney General, State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
E-mail: Colin.Fraser@myfloridalegal.com

*Attorneys for the State of Florida, the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that Plaintiffs conferred with counsel for Defendants in a good-faith effort to resolve or narrow the issues presented in this motion prior to filing.  Defendants confirmed that they opposed the motion.

 /s/ *James L. Moore III*
James L. Moore III
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-805-8413
james.moore4@usdoj.gov
