UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA et al., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil No. 21-11558-LTS |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | | |
| Defendants. | | |

ORDER ON PLAINTIFFS' MOTION TO EXCLUDE DX-1080 (DOC. NO. 260)

October 13, 2022

SOROKIN, J.

The plaintiffs seek to exclude an exhibit the defendants identified for use in this case on the eve of trial. The plaintiffs challenge the exhibit on hearsay grounds and, alternatively, as lacking a proper foundation. See Doc. No. 260. The defendants vigorously oppose the motion. See Doc. No. 263.

The challenged exhibit is a transcript of the testimony of an expert witness called by the Attorney General of Massachusetts ("AGM") at trial in a very recent, unrelated case. The trial was before Judge Burroughs, and it presented constitutional challenges to the application of the Massachusetts Earned Sick Time Law (and regulations implementing it) to certain airline employees at Boston Logan International Airport. See generally Doc. No. 263-1. In that context, on September 20, 2022, the following exchange occurred between counsel for the AGM and their expert:

> Q: So speaking about the growth at Boston Logan Airport as seen in recent years, you mentioned Delta. . . . You also mentioned JetBlue. Can you speak about JetBlue's experience in Boston in recent years?
>
> A: Sure. JetBlue doesn't necessarily call their focus operations hubs, but JetBlue has had a high growth and a focus in Boston since prior to [the law at issue] and has continued such growth, again, with the impact of COVID interrupting that.
>
> But now we have what I think from an economist's perspective is an incredibly healthy mix of competition at Boston, which has Delta competing against what's called the Northeastern [sic] Alliance, which is American and JetBlue's alliance to codeshare flights in the Northeast. And I noticed that the hearing – hearing was in the room next door to us regarding that this week, that competition of Delta trying to best JetBlue on routes that JetBlue already flies. And if you look at a lot of the routes Delta is adding, they're right on top of JetBlue or American. So that level of competition is sort of a planner's dream to drive fares down and to offer more frequency and a wider array of services, which is exactly what's happening at Boston currently.

Doc. No. 260-1 at 77-78.

There is no evidence before the Court that this expert was retained to testify regarding the NEA or anything related to it. Indeed, the expert's reports that are before the Court do not analyze—or even mention—the NEA. See Doc. No. 260-2. Counsel for the AGM did not examine the expert regarding the NEA, nor did they otherwise endeavor to elicit or develop his opinion about it. See Doc. No. 260-1 at 77-78. Nothing in the record suggests the expert has read the NEA, let alone that he has any special knowledge or understanding of it.[1]

The defendants seek to offer the transcript of the expert's testimony for the truth of the matters asserted in the statement by the expert excerpted above. The transcript (or the statement therein) is plainly hearsay unless it is an "opposing party's statement" defined by Rule 802(d)(2) of the Federal Rules of Evidence. Here, the "opposing party" at issue is the Commonwealth of Massachusetts—a plaintiff here, and the defendant (represented by the AGM) in Judge

---

[1] Indeed, the expert's relatively brief reference to the NEA (occurring in one paragraph of testimony that spanned more than 100 transcript pages) includes an error in the name of the agreement and appears to mischaracterize it as a simple "codeshare."

Burroughs's trial.  Though there are five forms of non-hearsay "opposing party" statements, only three of them are possibly implicated.[2]  None, however, provide an avenue to admission.  See Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 870 (1st Cir. 1997) (noting burden of establishing statement falls within a category identified in Rule 801(d)(2) "is on the party offering the evidence").

The defendants have not established that the expert witness at issue is an "agent or employee" of Massachusetts for purposes of Rule 801(d)(2)—or for any other purpose.  See Sabel v. Mead Johnson & Co., 737 F. Supp. 135, 138 (D. Mass. 1990) (discussing and applying traditional principles of agency relationships to Rule 801(d)(2)(C) and (D) hearsay exclusions).  Similarly, they have not shown that, in referencing the NEA—while testifying in a case that did not concern the terms or effects of the NEA, after preparing reports that did not mention the NEA—the expert was speaking on a subject within the scope of his assignment or authorization.  See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 164 (3d Cir. 1995) (rejecting "the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation" under Rule 801(d)(2)(C) absent "a finding that the expert witness is an agent of the party and is authorized to speak on behalf of that party").  And, nothing before the Court remotely suggests, let alone establishes, that Massachusetts "manifested that it adopted or believed to be true" the brief comments the expert made about the NEA.  See Pilgrim, 118 F.3d at 870 (examining "the extent [to which] the adoptive party accepted and acted upon the evidence").

---

[2] No one contends the transcript contains statements "made by the party in an individual or representative capacity" or "by the party's coconspirator during and in furtherance of [a] conspiracy."  Fed. R. Evid. 801(d)(2)(A), (E).

In sum, the defendants have failed to establish that the transcript contains admissible non-hearsay statements of an opposing party for purposes of Rule 801(d)(2)(B), (C), or (D). Because the plaintiffs' challenge is squarely supported by the facts and the law (and is neither "transparent" nor "desperate," Doc. No. 263 at 2), the Motion to Exclude (Doc. No. 260) is ALLOWED.

Even had the defendants made the showing necessary to admit the challenged transcript as an opposing party's statement, the Court would give no weight to the proffered exhibit. The testimony was beyond the scope of the expert's task in a case that presented legal questions entirely distinct from those the Court will resolve here. There is nothing before the Court demonstrating the expert had any special knowledge of the NEA or that he had reviewed the contract creating and defining it, such that his opinions about it (expert or otherwise) would be at all probative of the issues pending here or otherwise helpful in resolving the matters in dispute before this Court.

                                                SO ORDERED.

                                         /s/ Leo T. Sorokin
                                        United States District Judge