UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-11558-LTS |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO ADMIT CERTAIN EXHIBITS**

**I.     INTRODUCTION**

Plaintiffs seek to admit *en masse*, at the close of their case-in-chief, 52 documents[1] that Plaintiffs have not seen fit to use with any trial witness, and to which Defendants have maintained evidentiary objections since initial objections were served on August 10, 2022 (collectively, the "Documents"). *See generally* ECF No. 266. Throughout the pretrial process and during the course of trial, Defendants have endeavored to be reasonable in the scope of their objections, including agreeing to a stipulation regarding the presumptive authenticity of documents produced by parties and non-parties in the current litigation, and agreeing to withdraw various objections following meet-and-confer discussions. Moreover, Defendants have consistently taken the position that, if Plaintiffs offer objected-to documents with a sponsoring witness, certain objections may become moot (for instance, authenticity or relevancy objections that are addressed by testimony) or can be resolved through a limiting instruction (for example, an instruction that third-party statements are not being admitted for the truth of the matter asserted). The same is true for these Documents. The remaining objections cannot reasonably be resolved out-of-court and without sponsoring witnesses, since the admissibility of the Documents depends on context that could only be provided by a sponsoring witness. Plaintiffs have had ample opportunity to seek to introduce the Documents with witnesses during their-case-in-chief and resolve these objections, but they failed to do so. The Court should deny Plaintiffs' motion.

**II.    ARGUMENT**

At the close of their case-in-chief, Plaintiffs seek to admit dozens of documents to which Defendants have objected on grounds of hearsay (or double hearsay), relevance, and authenticity.

---

[1] Only 50 documents remain at issue, as two documents (PX-0034 and PX-0036) were admitted during the course of the trial.

*See generally id.* Plaintiffs previously sought to introduce many of these same exhibits in the aggregate at the Final Pretrial Conference, where the Court offered its general observations on relevance and authenticity—without adjudicating the admissibility of any of the Documents—and concluded "that's the level of ruling I can give you now and the level of observations that I have about it, without having looked at the individual exhibits." Final Pretrial Conference Tr. at 25:25-26:2; *see also id.* at 26:14-17 ("I think that since I haven't ruled categorically, if you offer [the documents], and you object, I will resolve [the objection]. I think this is the way it will have to be."). Plaintiffs still have not provided the Court with an opportunity to consider the individual exhibits in the context of testimony during this proceeding. As discussed below, these Documents pose evidentiary issues and cannot properly be admitted in the aggregate.

A. **Hearsay Objections**

Defendants' hearsay objections relate to third-party statements within certain Documents. These third-party statements are inadmissible for the truth of the matter asserted.[2] *See* Fed. R. Evid. 801(c).

Plaintiffs assert that "any statements of third parties contained within the exhibit are not admitted for their truth, but simply to show effect on the listener or other context." ECF No. 266 at 2. Without a sponsoring witness, the bulk-admission of documents containing hearsay would render it impossible to limit the use of those documents to the effect on the listener, or to any other hearsay exception. *See, e.g.*, *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 186–87 (D.D.C. 2018) ("I generally instructed the parties to seek admission of documents through sponsoring

---

[2] For example, PX-0231 is an email chain among American employees forwarding a "US Airlines Primer" authored by Bank of America Merrill Lynch, and PX-0179, PX-0252, and PX-0255 each include American Airlines' employees reporting information from other airlines' earnings calls or other public statements. Similarly, the bulk of PX-0714 and PX-0859 consist of statements made by non-parties to JetBlue employees.

3

witnesses, in order to facilitate determinations of relevancy or to establish the foundation necessary for nonhearsay or hearsay exceptions. Witnesses would be able to contextualize and explain the technical and lengthy documents at issue, which might otherwise be misunderstood or selectively cited in post-trial briefs." (footnote omitted)), *aff'd*, 916 F.3d 1029 (D.C. Cir. 2019).

Indeed, Plaintiffs' assertion that "the Court's practice during trial" has been to admit a document with hearsay objections "with the limitation that any statements of third parties contained within the exhibit are not admitted for their truth," ECF No. 266 at 2, proves Defendants' point—*i.e.*, that the proper procedure to seek admission of a document with a hearsay objection is to raise it before the Court before using it with a sponsoring witness. *See, e.g.*, Trial Tr. Day 8 at 13:1-8 ("MS. BALDWIN: I understand there's an outstanding 805 objection. In conversations with defendants, we've agreed the third-party statements in this document will not be offered for the truth. And with that limitation in mind, we move to admit it into evidence. MS. MALTAS: No objection, Your Honor. The Court: All right. Admitted with that limitation.").[3]

Moreover, Plaintiffs do not commit to a specific use or exception for any of the Documents containing hearsay, instead stating that those documents will be used "to show effect on the listener ***or other context***." ECF No. 266 at 2 (emphasis added). In other words, as Plaintiffs would have it, the bulk-admission of hearsay documents is acceptable as long as the Court can divine how Plaintiffs intend to use each of those documents—*i.e.*, for a purpose other than for the truth of the matter asserted, or for a reason that satisfies a particular hearsay exception—when used in

---

[3] Plaintiffs claim that Defendants "are just attempting to waste Plaintiffs' trial time" by standing on hearsay objections unless a document is used with a sponsoring witness. ECF No. 266 at 2. But, pursuant to the agreement that Defendants had proposed and that the Parties followed until Plaintiffs filed this Motion, resolution of these objections required only that the moving party state that the document was not being used for the truth of the matter asserted, which took mere seconds and occurred during each Party's trial time.

4

Plaintiffs' closing arguments or post-trial briefing. That is impractical, and it is not the law. *See United States v. Gutierrez*, No. CR 15-3955 JB, 2018 WL 2451245, at *26 (D.N.M. May 31, 2018) ("The Court concludes that, depending on the statements' wording and context, those statements may be admissible for a non-hearsay purpose such as showing [a] state of mind. Without particular statements to consider, however, the Court reserves any specific rulings."), *aff'd*, 773 F. App'x 467 (10th Cir. 2019); *see also Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2018 WL 646701, at *18 (N.D. Cal. Jan. 30, 2018) (insufficient showing of exception to hearsay where the party proffering the evidence simply "list[ed] various documents" with "boilerplate summaries of rules governing potential hearsay exceptions with no analysis whatsoever of how those exceptions might apply").

### B.   Relevancy Objections

Plaintiffs also seek to admit, without a sponsoring witness, documents that are stale (dating back as far as 2006) and completely irrelevant to any inquiry regarding the competitive effects of the Northeast Alliance. These documents include, among others, (i) documents produced as part of the DOJ's investigation of potential airline capacity coordination in 2015, following which the DOJ did not take any enforcement action, *see, e.g.*, PX-0033 (2014 email chain discussing American's Atlantic Joint Business), PX-0041 (a similar 2014 email chain); (ii) emails, earnings calls, and presentations produced in connection with the DOJ's challenge to the American/US Airways merger in 2013, *see, e.g.*, PX-0003 (transcript of a 2006 US Airways earnings call), PX-0004 and PX-0005 (presentations from 2012 related to the American/US Airways merger); and (iii) pleadings filed by American or its predecessor, US Airways, in unrelated proceedings, *see, e.g.*, PX-0448 (American's memorandum of law in support of its motion for summary judgment in *Fjord v. AMR Corporation*, 13-01392-shl (S.D.N.Y. Bankr.)).

Plaintiffs' claim that the Court has endorsed the relevance of these documents, *see* ECF No. 266 at 3, is flatly wrong. The Court has never ruled that these stale documents relating to "industry consolidation and capacity discipline," *id.*, are relevant in this case. Instead, and as Plaintiffs concede, in overruling Defendants' objection with respect to a specific document used during Mr. Parker's cross examination, the Court stated:

> ***I'm not conclusively deciding that all of this material is actually relevant and weighty***, but I'm going to take it, and then I'll figure out, ***as we go forward***, how much weight it has ***and whether it's relevant or not***.

Day 6 Trial Tr. at 34:7-11 (emphases added). This quote supports Defendants' position—*i.e.*, that relevancy objections are to be brought during trial, when Plaintiffs may be afforded the opportunity to use a sponsoring witness to establish why that document is relevant and Defendants may examine the sponsoring witness regarding that document.

Plaintiffs have had ample opportunity over the course of this trial to establish the relevance of these documents with sponsoring witnesses. They did so with certain exhibits that carried relevancy objections. But Plaintiffs decided not to introduce other exhibits during their case-in-chief. For example, Plaintiffs elicited testimony from Mr. Parker on Day 6 of trial, yet did not seek to introduce the transcripts of Mr. Parker's testimony from unrelated litigations they now seek to admit in their entirety. *See, e.g.*, PX-0345 (deposition transcript of W. Parker in *Fjord*), and PX-0347 (transcript of live testimony of W. Parker in *Fjord*). Similarly, PX-0877 includes Robin Hayes, Dave Clark, and Eric Friedman—three JetBlue witnesses who testified live at trial—but Plaintiffs did not seek to introduce PX-0877 through any of those witnesses. Having made these strategic decisions, Plaintiffs cannot not now try to add these objectionable documents into the record without a sponsoring witness. *See AT&T*, 310 F. Supp. 3d at 186 (noting that the "admission of documents through sponsoring witnesses" may "facilitate determinations of relevancy"); *Adams v. United States*, No. CIV. 03-0049-E-BLW, 2009 WL 2590426, at *1 (D. Idaho Aug. 18, 2009)

(refusing to admit a document because there was "no sponsoring witness" for it, which "necessarily implicate[d] questions concerning the exhibit's relevance").

### C. Authenticity Objections

Under Rule 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

Plaintiffs seek a categorical ruling that the Documents are authentic merely because they were maintained in the DOJ's files and produced during this proceeding. However, each of the Documents with a Rule 901 objection was originally produced to the DOJ in an unrelated matter many years prior to the current proceeding. Contrary to Plaintiffs' assertion that "Defendants have failed to identify any specific basis to question the authenticity of the documents from prior investigations," ECF No. 266 at 4, Defendants have previously highlighted numerous examples of document-specific issues, including Defendants' inability to ascertain how or where documents were maintained or whether documents are complete, *see* ECF No. 157-6 at 4. The Documents that Plaintiffs seek to bulk-admit through their current Motion suffer from similar deficiencies.

For example, PX-0029, PX-0042, PX-0913, and PX-0914[4] are documents without parent emails. Defendants have no information to verify the completeness or authenticity of these documents, given that they were produced without accompanying emails or other context. *See Elat v. Ngoubene*, 993 F. Supp. 2d 497, 517 (D. Md. 2014) (finding a "standalone document" inadmissible under Rule 901 where the plaintiff "offered [no] extrinsic evidence of its authenticity").

---

[4] PX-0914 is a standalone presentation from March 22, 2011. *See* PX-0914 at 1. Appendix A to Plaintiffs' Motion erroneously identifies the date of this exhibit as March 2021. *See* ECF 266-1 at 4.

Other documents, such as PX-0027 and PX-0029, lack authors or other contextual information, and PX-0029 lacks even a date. Such issues present additional authentication problems. *See United States v. Bradford*, 748 F. App'x 217, 219 (11th Cir. 2018) (affirming district court's decision to exclude a document as not authenticated because it was "unsigned and undated"); *Carrasco v. N.M. Dep't of Workforce Sols.*, No. 10-0999 MCA/SMV, 2013 WL 12092509, at *15 (D.N.M. Mar. 19, 2013) ("The Court grants Defendants' motion to strike the document on the ground that the author of the document is not identified, and thus the document has not been authenticated.").

Furthermore, many of these documents are either completely illegible or have portions that are unreadable. *See, e.g.*, PX-0012 (a faint, black-and-white scan of a color presentation from 2012), PX-0015 (another black-and-white copy of a color presentation in which certain pages are unreadable), and PX-0912 (same). These legibility problems exacerbate concerns over authenticity. *See Stokes v. White*, 750 F. App'x 497, 499 (8th Cir. 2018) (affirming district court's decision to exclude an "unreadable" document on grounds that it was insufficiently authenticated); *Shelby v. TufAmerica, Inc.*, No. CV 15-5073 AG (JEMX), 2016 WL 7647679, at *2 (C.D. Cal. Sept. 14, 2016) ("partially illegible photographs of a computer screen depicting Google search results" not sufficiently authenticated under Rule 901); *Jimena v. UBS AG Bank, Inc.*, No. 1:07-CV-00367 OWW, 2011 WL 2551413, at *7 (E.D. Cal. June 27, 2011) ("Exhibits 15 and 16 are completely illegible photocopies. As they cannot be read, it cannot be determined whether they can be authenticated . . . and whether they are relevant . . . ."), *aff'd sub nom. Jimena v. Standish*, 504 F. App'x 632 (9th Cir. 2013).[5]

---

[5] Plaintiffs assert that "Defendants specifically sought and obtained these documents in discovery in this case" and that these documents bear "distinctive Bates numbers." ECF No. 266 at 4. However, that these documents were produced in discovery and that they are Bates-stamped does

Lastly, as Plaintiffs themselves recognize, the Court clarified that it "can't resolve the authenticity or not all of them *en masse* without looking at them." Final Pretrial Conference Tr. at 25:5-6. The Court further noted that it could not "rule categorically that they're all authentic until, sort of, they come up." *Id.* at 25:21-22. In other words, the Court expressly stated that the proper way to resolve authenticity objections was as they "come up"—*i.e.*, as they are presented during trial for use with a sponsoring witness who can resolve the authenticity issues through testimony.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Dated: October 18, 2022

Respectfully submitted,

*/s/ Daniel M. Wall*
Daniel M. Wall (pro hac vice)
Elizabeth C. Gettinger (pro hac vice)
Elise M. Nelson (pro hac vice)
Nitesh Daryanani (pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
dan.wall@lw.com
elizabeth.gettinger@lw.com
elise.nelson@lw.com
nitesh.daryanani@lw.com

---

not suffice to authenticate them. *See, e.g.*, *Shelby*, 2016 WL 7647679, at *2 ("Shelby tries to . . . [argue] in her surreply . . . that evidence produced in discovery is automatically authenticated. That's a broad legal proposition that, even if true, couldn't extend to discovery produced by the party who wants to establish authentication and admissibility. Otherwise, a party could guarantee admission or authentication of a piece of evidence simply by producing it."); *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010) (determining that certain documents were inadmissible due to lack of authentication where "[t]he only foundation laid for these documents . . . [was] through the attorney's declaration, that the documents were produced in discovery").

Ian R. Conner (pro hac vice)
Michael G. Egge (pro hac vice)
Farrell J. Malone (pro hac vice)
Allyson M. Maltas (pro hac vice)
Marguerite M. Sullivan (pro hac vice)
Tara L. Tavernia (pro hac vice)
Seung Wan Paik (pro hac vice)
Jesse A. Vella (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
ian.conner@lw.com
michael.egge@lw.com
farrell.malone@lw.com
allyson.maltas@lw.com
marguerite.sullivan@lw.com
andrew.paik@lw.com
tara.tavernia@lw.com
jesse.vella@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant American Airlines Group Inc.*

        */s/ Richard Schwed*
        Richard Schwed (pro hac vice)
        Matthew L. Craner (pro hac vice)
        Jessica K. Delbaum (pro hac vice)
        Leila Siddiky (pro hac vice)
        Shearman & Sterling LLP
        599 Lexington Avenue
        New York, NY 10022
        Telephone: (212) 848-5445
        rschwed@shearman.com
        matthew.craner@shearman.com
        jessica.delbaum@shearman.com
        leila.siddiky@shearman.com

        Brian Hauser (pro hac vice)
        Ryan Leske (pro hac vice)
        Shearman & Sterling LLP
        401 9th Street, NW
        Washington, DC 20004
        Telephone: (202) 508-8005
        brian.hauser@shearman.com
        ryan.leske@shearman.com

        Glenn A. MacKinlay, BBO #561708
        McCarter & English, LLP
        265 Franklin Street
        Boston, MA 02110
        Telephone: (617) 449-6548
        gmackinlay@mccarter.com

        *Attorneys for Defendant JetBlue Airways Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

        */s/ Daniel M. Wall*
        Daniel M. Wall