# Second Supplemental

# Appendix B

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-041A | AA-NEA-01459671 | AA-NEA-01459747 | Presentation titled 2Q20 BOD Meeting, Robert's Slides, dated July 21, 2020 | American moves to redact from the Board presentation information regarding customer names and granular financial data. | As explained in Section II.C. and II.D. of the Motion, disclosure of granular financial data and customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | None | The redactions on this document were sealed as part of Appendix B of the Motion to Seal. |
| DX-041B | AA-NEA-01459748 | AA-NEA-01459830 | Presentation titled 2Q20 BOD Meeting, Robert's Slides, dated July 21, 2020 | American moves to redact from the Board presentation information regarding customer names and granular financial data. | As explained in Section II.C. and II.D. of the Motion, disclosure of granular financial data and customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | None | American has applied redactions consistent with the redactions to DX-041A in this version of the same presentation with presenter notes included. |

**Second Supplemental Appendix B**

| DX-089B | AA-NEA-02981647 | AA-NEA-02981750 | Network Strategy July Board Meeting, dated July 2021 | American moves to redact portions of this exhibit, which is a Board deck from July 2021 spanning 100 pages that was used by the company to explain to the Board in detail American's future commercial strategy. Despite its sensitivity, American does not move to redact specific discussions of the Northeast Alliance and American's strategy with respect to New York and Boston. However, American moves to redact from this presentation the most sensitive portions that reveal granular and competitively sensitive financial data including yield and profitability data broken out by types of routes that inform how American makes future capacity decisions, revenue data specific to American's | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | Core to the NEA; High-level; Historic; Overredacted. This July 2021 strategy deck, similar to DX-084, includes high-level discussions about Defendants' inorganic growth resulting from the NEA. | The redactions on this document were sealed as part of Supplemental Appendix B of the Motion to Seal. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| | | | | partnerships and highly sensitive future strategy and network plans, including detailed analyses of network plans by airport, and future plans with respect to existing or potential partnerships. | | | |
| DX-089C | AA-NEA-02981751 | AA-NEA-02981759 | Network Strategy July Board Meeting, dated July 2021 | American moves to redact portions of this exhibit, which is a summary of the Board deck from July 2021. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | None. | Plaintiffs do not object to the proposed redactions. |
| DX-089D | AA-NEA-02981760 | | Network Strategy July Board Meeting, dated July 2021 | American moves to redact portions of this exhibit, which is a summary of the Board deck from July 2021. | As explained in Section II.A. and II.C. of the Motion, disclosure of competitively sensitive business information regarding American's future plans and granular financial data will harm American's competitive standing. | None. | Plaintiffs do not object to the proposed redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-271 | JBLU00040919 | JBLU00040935 | JetBlue's May 2020 "Project Connie Update" Network Planning presentation | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future strategy associated with specific airports and granular financial data. JetBlue does not move to seal general discussions of JetBlue's past strategy. | As explained in Section II.A. of the motion, disclosure of future network plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Core to the NEA; Overredacted.** This slide deck relates to Defendants' understand of the NEA. Plaintiffs agree to redact certain margin percentages, but oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| DX-282 | JBLU00365608 | JBLU00365643 | JetBlue's September 23, 2019 Senior Leadership Team presentation on initiatives related to a specific project launched in response to a competitor's growth in Boston | JetBlue moves to seal this presentation. This presentation relates to a project that was launched in response to one of JetBlue's competitors. This presentation contains detailed information about various strategic initiatives related to JetBlue's network, operations, infrastructure, marketing, corporate sales, revenue management, and technology that are relevant today. | As explained in Section II.A. of the motion, disclosure of future network plans and corporate strategy will harm JetBlue's competitive standing. | N/A | JetBlue has proposed narrower redactions rather than sealing this exhibit in its entirety. Plaintiffs do not object to the redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-285A | | | JetBlue's January 29, 2019 Quarterly Network Review presentation | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future growth strategy. JetBlue does not move to seal general discussions of JetBlue's past capacity and strategy. | As explained in Section II.A. of the motion, disclosure of future network plans and strategy will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to JetBlue's proposed redactions. |
| DX-285B | | | JetBlue's January 29, 2019 Quarterly Network Review presentation | JetBlue moves to redact parts of JetBlue's network plan that discuss JetBlue's future growth strategy. JetBlue does not move to seal general discussions of JetBlue's past capacity and strategy. | As explained in Section II.A. of the motion, disclosure of future network plans and strategy will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to JetBlue's proposed redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-327 | JBLU02627810 | JBLU02627810 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-332 | JBLU02627 815 | JBLU02627 815 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-337 | JBLU02627820 | JBLU02627820 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.\n\nAs explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | N/A | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-340 | JBLU02627823 | JBLU02627823 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-342 | JBLU02627825 | JBLU02627825 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | N/A | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-343 | JBLU02627 825 | JBLU02627 825 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | N/A | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

## Second Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-344 | JBLU02627 827 | JBLU02627 827 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

## Second Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-345 | JBLU02627 828 | JBLU02627 828 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy. As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.** This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-346 | JBLU02627 829 | JBLU02627 829 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-347 | JBLU02627 830 | JBLU02627 830 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.

As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**

This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-348 | JBLU02627 831 | JBLU02627 831 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-350 | JBLU02627833 | JBLU02627833 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-351 | JBLU02627834 | JBLU02627834 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.

As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | N/A | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-354 | JBLU02627837 | JBLU02627837 | Text message thread between Robin Hayes and Scott Laurence, dated April 7, 2020 | JetBlue moves redact personal phone numbers and parts of this April 2020 text message thread between Robin Hayes and Scott Laurence that discuss JetBlue's future fleet strategy, including unrealized future network growth strategy. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy.<br><br>As explained in Section II.A. of the motion, disclosure of highly sensitive, non-public strategic planning documents, including those relating to initiatives in response to a particular competitor, will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.**<br><br>This is part of a single text conversation between JetBlue's CEO and Head of Revenue in April 2020 during NEA negotiations and discussing the potential effect of the NEA. Plaintiffs do not oppose redacting phone numbers, other personal identification information, or specific airports or routes for plans that have not been announced or implemented. Plaintiffs do oppose Defendants' other redactions. | This text message is contained with PX0739, an exhibit to which Plaintiffs have agreed to JetBlue's narrowed redactions. JetBlue agrees to use the same agreed-upon redactions from PX0739 for this text message, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-386 | JBLU-LIT-02357567 | JBLU-LIT-02357569 | Email chain between Barry McMenamin, Robbie Mehoke, Gregory Royall, and Ruth Medina regarding BOS-DCA pricing for numerous corporate customers from October 2021 | JetBlue moves to redact from this email regarding BOS-DCA pricing for numerous corporate customers. JetBlue does not seal other pertinent information regarding the terms of the offer to the corporate customers. | As explained in Section I.B. of the Motion, certain corporate customer names should be sealed in the interest of privacy. As explained in Section II.D. of the Motion, specific pricing terms if disclosed will harm JetBlue's competitive standing. | N/A | JetBlue has proposed additional redactions. Plaintiffs do not object to the remaining redactions. |
| DX-814 / PX1006 (duplicate) | | | Exhibit 2 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, empirical analysis of aggregated and anonymized frequent flyer ticket data from 2019. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-815 / PX1007 (duplicate) | | | Exhibit 3 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. | Plaintiffs do not object to sealing the map itself.  JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-817 / PX1009 (duplicate) | | | Exhibit 5 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. | Plaintiffs do not object to sealing the map itself.  American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-818 / PX1010 (duplicate) | | | Exhibit 6 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. | Plaintiffs do not object to sealing the map itself. JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-821 / PX1013 (duplicate) | | | Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-822 / PX1014 (duplicate) | | | Exhibit 10 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue and American ticket data from 2019. | Plaintiffs do not object to sealing the map itself. JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-845 / PX1037 (duplicate) | | | Exhibit 33 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-846 / PX1038 (duplicate) | | | Exhibit 34 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. | Plaintiffs do not object to sealing the map itself. JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-847 / PX1039 (duplicate) | | | Exhibit 35 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-848 / PX1040 (duplicate) | | | Exhibit 36 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic.  This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. | Plaintiffs do not object to sealing the map itself. JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-849 / PX1041 (duplicate) | | | Exhibit 37 of N. Miller Expert Report (June 9, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized American ticket data from 2019. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-850 / PX1042 (duplicate) | | | Exhibit 38 of N. Miller Expert Report (June 9, 2022) | JetBlue moves to seal this exhibit. The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers. Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized JetBlue ticket data from 2019. | Plaintiffs do not object to sealing the map itself. JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-890 | | | Exhibit 35 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. | Plaintiffs do not object to sealing the map itself. American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-891 | | | Exhibit 36 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. | Plaintiffs do not object to sealing the map itself.  American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-892 | | | Exhibit 37 of D. Lee Expert Report (July 11, 2022) | JetBlue moves to seal this exhibit.  The exhibit is a map of where JetBlue's customers reside created using JetBlue's ticket sales data. | This map provides competitors an understanding of where marketing could be targeted to capture more of JetBlue's customers.  Thus, disclosure will harm JetBlue's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. | Plaintiffs do not object to sealing the map itself.  JetBlue agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-893 | | | Exhibit 38 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's customers reside created using American's frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's customers. Thus, disclosure will harm American's competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized catchment data. | Plaintiffs do not object to sealing the map itself.  American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-894 | | | Exhibit 39 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. | Plaintiffs do not object to sealing the map itself.  American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-910 | | | Exhibit 55 of D. Lee Expert Report (July 11, 2022) | American moves to seal this exhibit. The exhibit is a map of where American's and JetBlue's customers reside using Defendants' frequent flier ticket data. | This map provides competitors an understanding of where marketing could be targeted to capture more of American's and JetBlue's customers. Thus, disclosure will harm Defendants' competitive standing as explained in Section II of the Motion. | Core to the NEA; High-level; Historic. This document reflects expert, theoretical, empirical analysis of aggregated and anonymized data. | Plaintiffs do not object to sealing the map itself.  American agrees that Plaintiffs may publicly refer to and describe the map provided that the description is not at the zip code level. |
| DX-1075A | | | Project Garland – Overview and Status Update | American moves to redact portions of this exhibit that contain future plans. | As explained in Section II.A. of the Motion, disclosure of future plans will harm American's competitive standing. | N/A | Plaintiffs do not object to the redactions. |
| DX-1084 | AA-NEA-00319219 | AA-NEA-00319314 | Email from Sandra Brown to Stephanie Creamer et al. Re: Customer RFP Presentation Deck plus attachment | American moves to redact from this exhibit customer names and granular financial data. | As explained in Section II.C. and II.D. of the Motion, disclosure of granular financial data and customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to the redactions. |

## Second Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| DX-1085 | | | "Customer Partnership Proposal" Presentation | American moves to redact from this exhibit customer names and granular financial data. | As explained in Section II.C. and II.D. of the Motion, disclosure of granular financial data and customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to the redactions. |
| DX-1086 | AA-NEA-02201800 | | Customer Partnership Proposal Presentation by Jane Kroening and Ricki Reichard | American moves to redact from this exhibit customer names and granular financial data. | As explained in Section II.C. and II.D. of the Motion, disclosure of granular financial data and customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to the redactions. |
| PX0091 | AA-NEA-00067950 | AA-NEA-00067951 | Email thread between Ricki Reichard, Paul Swartz, Coleen Sloane, and Jim Carter from January 2019 re: American Airlines Above & Beyond - You've been recognized! | American moves to redact customer names from this exhibit. | As explained in Section II.D of the Motion, disclosure of corporate customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to the redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0092 | AA-NEA-00068377 | AA-NEA-00068378 | Email thread between Kyle Mabry, Jim Carter, Paul Swartz, Ricki Reichard, Steven Gilman, Vasu Raja, Kristen Foster, Don Casey, Brandon Kahle, Jill Surdek, Kurt Stache, Kerry Philipovitch, Janelle Anderson, Julie Rath, Heather Same, Erwan Perhirin, Susannah Wesley-Ahlschwede, Ronald Defeo, and Alison Jane Taylor from November 2018 re: BOS-LAX Performance Improvement Plan | American moves to redact customer names from this exhibit. | As explained in Section II.D of the Motion, disclosure of corporate customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to the redactions. |
| PX0197 | AA-NEA-00594230 | AA-NEA-00594234 | Email thread between Wim Reckelbus, Paul Swartz, Marco Pena, Ricki Reichard, Julie Bass, Eleni Karandreas, and Brenda Whalen from June 2019 re: customer for shuttle approval | American moves to redact parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for that corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms for that corporate customer will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition. The document shows the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. | Plaintiffs agreed to revised narrower set of redactions to this document on October 6, 2022. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0199 | AA-NEA-00594318 | AA-NEA-00594323 | Email thread between Cory Heckman, Wim Reckelbus, Gabriela Sposito, Joann Riedel, Paul Swartz, BJ Hemeng Jr., Robert Happenstall, Ricki Reichard, and Brenda Whalen from March - September 2018 re: customer Mgmt round 1 feedback. Final due Oct 1st - shuttle | American moves to redact parts of this email communication that identify a corporate customer and discuss specific pricing terms and targeted bidding strategies for that corporate customer. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms for that corporate customer will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | Historic; Overredacted; Pre-NEA competition. The document shows the impact of Boston competition on Boston-area sales agreement. Redacting the customer name is acceptable. | Plaintiffs agreed to revised narrower set of redactions to this document on October 6, 2022. |
| PX0216 | AA-NEA-00614771 | AA-NEA-00614775 | Email thread between Richard Sien, Erik Anton, Allysen Roberts, and Allie Plunk from March 2020 re: Spread B6 Sale | American moves to seal this email chain, which is a discussion among employees in the pricing department of American regarding how to execute a specific pricing strategy in the context of certain market conditions. | As explained in Section II.B. of the Motion, disclosure of pricing strategy will harm American's competitive standing. | Historic; Overredacted; Pre-NEA competition. The document shows competition between JetBlue and American. Plaintiffs agree to redact non-NEA routes. | Plaintiffs no longer object to sealing this exhibit in its entirety. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0358 | AA-NEA-02832323 | Standalone American Airlines spread sheet from January 2021 titled "NEA MGIA Model"; contains 47 tabs. | American moves to seal the exhibit in its entirety. The spreadsheet is an excel file that includes revenue sharing calculation in the NEA that apply highly sensitive revenue data from American and JetBlue and reveal exactly how those revenue data is imputed, analyzed, and calculated for the purpose of the revenue sharing in the MGIA. | As explained in Section II.C. of the Motion, disclosure of American and JetBlue revenue data will harm American's competitive standing. Additionally, as explained in Section II.E. of the Motion, disclosure of this detailed spreadsheet that reveals exactly how American analyzes revenue data for the purpose of revenue sharing reveals proprietary and non-public business information that will harm American's competitive standing. | Core to the NEA. The Mutual Growth Incentive Agreement is a central component of the NEA. | PX0358 | Plaintiffs no longer object to sealing this exhibit in its entirety. |

## Second Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0434 | DOJ-NEA-00001061 | DOJ-NEA-00001100 | Defendant JetBlue Airways Corporation's Responses and Objections to Plaintiffs' Second Set of Interrogatories to Defendant JetBlue Airways Corporation in *United States of America et al v. American Airlines Group Inc. and JetBlue Airways Corporation* (Civil Action No. 1:21-cv-11558-LTS) | JetBlue moves to redact from this exhibit sensitive information regarding JetBlue's corporate customers. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm JetBlue's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | Plaintiffs do not object to JetBlue's proposed redactions. |
| PX0520 | JBLU00061801 | JBLU00061803 | Email thread between Dave Clark, Evan Jarashow, Andrew Parker, and Michael Hilyard, dated November 2018. | JetBlue moves to redact personal phone numbers from this November 2018 email. | As explained in Section I.A. of the motion, personal phone numbers should be sealed in the interest of privacy. | N/A | Plaintiffs do not object to JetBlue's proposed redactions. |

## Second Supplemental Appendix B

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0575 | JBLU00888108 | JBLU00888151 | November/December 2019 email thread between Robin Hayes and Tracy Lawlor regarding Project Exchange Updated; contains two attachments titled "Proj. Exchange  Dec 12 Board Read-out.pdf" and "ATT00001.htm" | JetBlue moves to seal this email thread regarding JetBlue's corporate strategy, including non-stale competitively sensitive information concerning a pending corporate transaction. | As explained in Section II.A. of the Motion, disclosure of non-stale competitively sensitive corporate strategy will harm JetBlue's competitive standing. | **Overredacted; Publicly available.**<br><br>This document relates to the Spirit transaction, which has been publicly announced.  Limited redactions of numbers would be sufficient.  The document is from December 2019. | JetBlue had previously proposed narrower redactions, and Plaintiffs do not object.  After proposing the narrower redactions, JetBlue also proposed additional redactions, and Plaintiffs do not object. |
| PX0658 | JBLU01461210 | JBLU01461213 | Email thread between Barry McMenamin, Robbie Mehoke, Gregory Royall and corporate customers from September 2018 regarding negotiations around corporate discount agreement. | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | N/A | JetBlue proposed additional redactions for consistency beyond the redactions that had already been agreed to, and Plaintiffs do not object. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0663 | JBLU01484 552 | JBLU01484 557 | Email thread between Robbie Mehoke, Barry McMenamin, and Jeremy Blechman from January 2020 re renewal of corporate discount agreement with corporate customer | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This document relates to fare offers for corporate customer from February 2018. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | Plaintiffs do not object to JetBlue's proposed redactions. |
| PX0665 | JBLU01499 803 | JBLU01499 807 | Email thread between Diane Zaiter, Robbie Mehoke, Evan Jarashow, Michael Hillyard, Aamir Patel from May - June 2018 re: [Corporate Customer] Mint Fares | JetBlue moves to redact information related to specific pricing and discount terms provided to a corporate customer as well as the corporate customer name. | As explained in Section II.D. of the Motion, disclosure of customer lists and highly sensitive, non-public pricing and discount information will harm JetBlue's competitive standing. | **Historic; Overredacted; Pre-NEA competition.**<br><br>This document relates to fare offers for corporate customer from June 2018. Language in the email reflects pre-NEA competition between American and JetBlue. Plaintiffs do not object to redaction of name of corporate customer, but do oppose Defendants' other redactions. | JetBlue has proposed additional redactions. Plaintiffs do not object to the additional redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0707 | JBLU02502278 | JBLU02502278 | Text message between David Fintzen and Derek Klinka from May 2020 | JetBlue moves to redact the phone numbers of the participants in the text message. JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | N/A | This text message is contained within PX0708, and JetBlue will apply the same redactions to this message |
| PX0708 | JBLU02502278 | JBLU02502279 | Series of text messages between David Fintzen and Derek Klinka from May 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages. JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | N/A | JetBlue has proposed additional redactions. Plaintiffs do not object to the additional redactions. |
| PX0712 | JBLU02527337 | JBLU02527357 | Series of text messages between Joanna Geraghty and Robin Hayes from June 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy. JetBlue does not move to seal historic information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of network planning and forward looking plans will harm JetBlue's competitive standing. | **Employee discourse; Historic; Publicly available.** Text conversation from June 2020 referring to plans that have since been publicly announced. | JetBlue has proposed additional redactions. Plaintiffs do not object to the additional redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0723 | JBLU02603 204 | JBLU02603 216 | Series of text messages between David Fintzen and Derek Klinka from May 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages. JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | N/A | JetBlue has proposed additional redactions. Plaintiffs do not object to the additional redactions. |
| PX0739 & PX0739a | JBLU02627 810 | JBLU02627 837 | Series of text messages between Scott Laurence and Robin Hayes from April 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy of how to negotiate with American.  JetBlue does not move to seal historic market information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of network planning and negotiating strategy will harm JetBlue's competitive standing. | **Employee discourse; Historic.** Text conversation from April 2020 regarding plans that did not come to fruition. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX0740 | JBLU02627 823 | JBLU02627 837 | Series of text messages between Robin Hayes and Scott Laurence from April 2020 | JetBlue moves to redact the phone number of the participants in the text messages, and to redact future network planning and business strategy of how to negotiate with American.  JetBlue does not move to seal historic market information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.A. of the motion, disclosure of network planning and negotiating strategy will harm JetBlue's competitive standing. | **Employee discourse; Historic.** Text conversation from April 2020 regarding plans that did not come to fruition.  Plaintiffs do not oppose redacting airport codes and phone numbers, but do oppose Defendants' other redactions. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0741 | JBLU02630 021 | JBLU02630 088 | February 2020 JetBlue Presentation, "Board of Directors Meeting Project Exchange" regarding a potential acquisition. | JetBlue moves to redact from this presentation non-stale competitively sensitive information regarding JetBlue's corporate strategy, future planning and granular financial data.  JetBlue does not move to seal content related to historic and current market information. | As explained in Section II.A. of the motion, disclosure of JetBlue's corporate strategy and future planning will harm JetBlue's competitive standing.

As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | N/A | JetBlue has proposed additional redactions. Plaintiffs do not object to the additional redactions. |
| PX0743 | JBLU02643 073 | JBLU02643 116 | Email chain between Rob Land, Scott Laurence, Reese Davidson, and Andrea Lusso, dated June 2020 | JetBlue moves to redact the amounts JetBlue was willing to pay for certain London slots. | As explained in Section II.A. of the motion, disclosure of corporate strategy and network planning will harm JetBlue's competitive standing. | N/A | JetBlue has proposed redactions. Plaintiffs do not object to the redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0818 | JBLU-LIT-01790297 | JBLU-LIT-01790303 | November 2021 email thread between Dave Clark, Robin Hayes, Joanna Geraghty, Ursula Hurley, Dimpy Singh, Scott Laurence, Santiago Martello, Pete Gianvecchio, Carol Clements, Maryssa Miller, Alex Chatkewitz, Andres Barry, Sara Bogdan, Richard Johns, Jonathan Weiner, Robbie Mehoke, Sasha Barker, Jose Calado, Jayne O'Brien, and Don Uselmann from November 2021 re: 2022 Revenue Initiative Options (Recommendations); contains one attachment titled "Potential 2022 Revenue Initiatives vFinal.xlsx" | JetBlue moves to redact parts of the email thread in this exhibit that relate to non-stale strategic discussions about revenue initiatives. JetBlue also moves to seal the attachment to the email thread in this exhibit. The exhibit contains commercially sensitive information regarding revenue strategy, as well as granular revenue data. | As explained in Section II.A. of the motion, disclosure of prospective business plans will harm JetBlue's competitive standing. As explained in Section II.C of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Historic; Publicly available.**<br><br>This document from November 2021 includes plans that have since been publicly announced or implemented. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0823 | JBLU-LIT-02176300 | JBLU-LIT-02176303 | Email thread between Dave Fintzen, Derek Klinka, and Claire Roeschke re: MGIA Prelim look, dated June 2021; contains one attachment titled "2021 NEA Data B6 Master.xlsx; 2021 NEA Summary by currency v2.xlsx; MGIP Master.xlsx" | JetBlue moves to redact portions of this email chain and the entirety of the attachment regarding granular financial data and proprietary details of the MGIA model. | As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing.<br><br>As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | N/A | JetBlue has proposed redactions. Plaintiffs do not object to the redactions. |
| PX0824 | JBLU-LIT-02181202 | JBLU-LIT-02181203 | Email from Derek Klinka to Dave Fintzen re: MGIA Prelims thru November; contains one attachment titled "MGIA Master (Oct).xlsx" | JetBlue moves to redact portions of this email chain and the entirety of the attachment regarding granular financial data and proprietary details of the MGIA model. | As explained in Section II.C. of the motion, disclosure of granular financial information will harm JetBlue's competitive standing.<br><br>As explained in Section II.E of the Motion, disclosure of information related to proprietary forecasting tools will harm American's competitive standing. | N/A | JetBlue has proposed redactions. Plaintiffs do not object to the redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0843 | JBLU-LIT-03234101 | JBLU-LIT-03234123 | Series of text messages between Derek Klinka, Claire Roeschke, and David Fintzen from March 2021 | JetBlue moves to redact the phone numbers of the participants in the text messages. JetBlue does not move to seal the conversation. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. | N/A | JetBlue has proposed narrow additional redactions. Plaintiffs do not object to the redactions. |
| PX0862 | JBLU-LIT-03617462 | JBLU-LIT-03617477 | NEA Corporate Go-to-Market Proposal, dated April 15, 2021 | American moves to redact from this exhibit, a deck used to present American's ideas about the strategies and tactics to compete for customers in the Northeast Alliance, specific information about how American is targeting corporate customers. | As explained in Section II.A., disclosure of information regarding American's strategy in targeting specific customers as part of the Northeast Alliance will allow competitors to anticipate and target those same customers using the other competitively sensitive information about the NEA offerings that have not been redacted from this presentation and other documents to gain an advantage. | Core to the NEA. This document from April 2021 describes the structure of the NEA. It is central to the topic of this litigation. | Plaintiffs do not object to narrower redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0868 | JBLU-LIT-03807630 | JBLU-LIT-03807680 | Email and attachment sent from Michael Quiello to Robin Hayes, Dimpy Singh, Joanna Geraghty, Scott Laurence, and Jayne O'Brien, dated September 2021. The attachment is a slide deck titled "LOPA Optimization". | JetBlue moves to seal this exhibit in its entirety since this slide deck contains information about JetBlue's business strategy and financial forecasting. | As explained in Section II.A. of the motion, disclosure of JetBlue's business strategy and financial forecasting will harm JetBlue's competitive standing. | N/A | Plaintiffs do not object to the sealing of this exhibit in its entirety. |
| PX0928 | DOT-006142 | DOT-006178 | Email from Molly Wilkinson to Todd Homan, Robert Wark, and Robert Land from July 2020 re: Fwd: DOT Final - Privilieged & Confidential; contains one attachment titled, "Garland_DOJ_Presentation - _July_14_2020.pptx" | American moves to redact customer names in the attachment to the exhibit. | As explained in II.A. and II.D of the motion, disclosure of future plans and customer lists will harm JetBlue's competitive standing. | As explained in Section II.D of the Motion, disclosure of corporate customer names will harm American's competitive standing. The customer also has a privacy interest against disclosure in this trial. | Plaintiffs do not oppose the redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX0938 | JBLU02500 877 | JBLU02500 917 | Series of text messages between David Fintzen and Claire Roeschke from May 2020 | JetBlue moves to redact the phone numbers of the participants in the text messages and granular financial information. JetBlue does not move to redact historic or current market information. | As explained in Section I.A. of the motion, personal phone numbers should be redacted in the interest of privacy. As explained in Section II.C. of the motion, disclosure of granular financial data will harm JetBlue's competitive standing. | **Core to the NEA; Employee discourse; High-level.** This document includes a high-level description of a tool used to evaluate the NEA. | JetBlue has proposed narrower redactions. Plaintiffs do not object to the remaining redactions. |
| PX1121 | AA-NEA-03325812 | AA-NEA-03325837 | Email from Sarah Colvin to Joyce Richards, Ricardo Villareal Rodriguez, Michael Barich, Justin Dunn, Chad Schweinzger, Jeffrey Deleon, Neil Watson, Richard Sien, Cy Sonderer, Tianyi He, Brian Council, Nathanael Hankins, Stephanie Montgomery, and Timothy Lyon from March 2021 re: Domestic Partnerships RM Deck; contains one attachment titled, "Domestic Partnerships.pptx" | American moves to redact portions of this exhibit that contain sensitive, non-stale future plans and granular pricing strategy related to American's alliances. | As explained in Section II.A. and II. B of the Motion, disclosure of future plans and pricing strategy will harm American's competitive standing. | N/A | Plaintiffs do not object to proposed redactions. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX1153 | AA-NEA-01396742 | AA-NEA-01396746 | Standalone American Airlines document from April 2020 titled "Garland Discussion" | American moves to redact from this exhibit information regarding American's granular cost data. | As explained in Sections II.C of the Motion, disclosure of granular financial data will harm American's competitive standing. | N/A | Plaintiffs do not object to proposed redactions. |
| PX1154 | AA-NEA-02765668 | AA-NEA-02765760 | Standalone American Airlines document from December 2021 titled "Forecast Progression" | American moves to seal the exhibit in its entirety. This email and attachment contain non-stale and competitively sensitive future network plans. | As explained in Sections II.A of the Motion, disclosure of future plans will harm American's competitive standing. | N/A | Plaintiffs do not object to sealing the exhibit in its entirety. |
| PX1155 | AA-NEA-03153196 | AA-NEA-03153198 | Email from Patrick McNally to Joe Sottile, Chad Rachubinski, Philip Chan, and Jordan Pack from January 2022 re: 2024 Fleet POR; contains one attachment titled, "2024 Fleet Plan POR - Comments.docx" | American moves to seal the exhibit in its entirety. This email and attachment contain non-stale and competitively sensitive future network plans. | As explained in Sections II.A of the Motion, disclosure of future plans will harm American's competitive standing. | N/A | Plaintiffs do not object to sealing the exhibit in its entirety. |

**Second Supplemental Appendix B**

| Exhibit Number | Starting Bates | Ending Bates | Description | Defendants' Motion To Seal | Defendants' Basis For Motion To Seal | Plaintiffs' Prior Objection | Resolution |
|---|---|---|---|---|---|---|---|
| PX1156 | B6-UADL-00000328 | B6-UADL-00000350 | Standalone JetBlue presentation from 2011 titled "New Market Requests" | JetBlue moves to redact from this exhibit sensitive information regarding JetBlue's corporate customers. | As explained in Section II.D of the Motion, disclosure of corporate customer names and specific pricing terms and targeted bidding strategies for that corporate customer will harm JetBlue's competitive standing. The customer also has a privacy interest against disclosure in this trial. | N/A | JetBlue has proposed redactions. Plaintiffs do not object to the redactions. |