UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:21-CV-11558-LTS |

**PLAINTIFFS' UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL MATERIALS OF THE U.S. GENERAL SERVICES ADMINISTRATION**

The United States of America, the State of Arizona, the State of California, the District of Columbia, the State of Florida, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, Plaintiffs) respectfully move the Court pursuant to Local Rule 7.2, the Stipulated Protective Order (ECF No. 99), and the Pretrial Order (ECF No. 196) to impound confidential and highly confidential information contained in certain designations from the deposition of Jerome Bristow, a Senior Program Analyst at the U.S. General Services Administration (GSA), as identified in Exhibit A. The limited deposition designations that Plaintiffs move to impound contain sensitive information related to GSA's relationships with other federal agencies and suppliers, as well as forward-looking information about GSA's City Pair Program (CPP).

Pursuant to Local Rule 7.1, Plaintiffs have met and conferred with American Airlines Group Inc. (American) and JetBlue Airways Corporation (JetBlue, and collectively, Defendants)

1

regarding the relief sought in this motion. Defendants have informed Plaintiffs that they do not oppose Plaintiffs' motion to impound the deposition designations identified in Exhibit A.

## ARGUMENT

A party moving to seal or impound court records must overcome the presumption that the public has a right to see and copy "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). In deciding such a motion, courts weigh the public's right of access against the parties' competing interests in confidentiality. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13 (1st Cir. 2002). "To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Skyhook Wireless, Inc. v. Google, Inc.*, Case No. 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015); *see also United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (stating that a court considering a motion to seal examines the extent to which the subject matter is "traditionally considered private rather than public").

Plaintiffs move to seal a limited number of deposition designations that are narrowly tailored to shield as little from public view as possible, while protecting sensitive information of GSA. *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 449 (D. Mass. 2015). Plaintiffs move to impound deposition testimony related to GSA's provision of travel services for other federal agencies, Exhibit A, Bristow Dep. 19:4–20:4, May 24, 2022, testimony related to the CPP's relationship with specific carriers, *id.* at 133:21–135:6; 170:5–171:2; 171:14–19, and testimony about airports that are part of the CPP, *id.* at 252:15–253:6. These deposition designations contain sensitive information about the CPP's relationship with its agency clients and suppliers, which GSA treats as confidential business information. *See Skyhook Wireless*,

2015 WL 13675231, at *2; *see also Glass Dimensions, Inc. v. State St. Corp.*, No. CV 10-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (recognizing a "significant interest in protecting . . . sensitive business information") (citing *Kravetz*, 706 F.3d at 62).

Plaintiffs also move to impound deposition testimony containing information about potential changes to supplier bids under the CPP as a result of the Northeast Alliance, and the effect those changes could have on the CPP. Exhibit A, Bristow Dep. 203:10; 203:14-21; 203:24; 204:5-13; 204:15-22; 204:23–205:4. Plaintiffs move to redact these limited designations that contain prospective information about potential changes to bids for the CPP. *See Morawski v. Lightstorm Entertainment, Inc.*, No. CV-10294, 2013 WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013) (recognizing the protection of "prospective business plans" as a compelling reason to permit a motion to seal).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order of impoundment protecting the confidential and highly confidential information described herein until further order of the Court.

Dated: October 27, 2022 							Respectfully submitted,

/s/ William H. Jones, II
William H. Jones, II
Sarah P. McDonough
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: (202) 514-0230
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

*Attorneys for the United States of America*

/s/ Colin G. Fraser
Colin G. Fraser
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Email: colin.fraser@myfloridalegal.com

/s/ Daniel H. Leff
Daniel H. Leff (MA Bar No. 689302)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
Email: Daniel.leff@mass.gov

*Attorneys for the State of Florida and the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants on October 25, 2022. Defendants do not oppose this motion to impound.

> */s/ Sarah P. McDonough*
> Sarah P. McDonough
> U.S. Department of Justice
> Antitrust Division
> 26 Federal Plaza, Suite 3630
> New York, NY  10278
> Phone: (202) 705-4620
> Email: sarah.mcdonough@usdoj.gov
>
> *Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s/ Sarah P. McDonough*
> U.S. Department of Justice
> Antitrust Division
> 26 Federal Plaza, Suite 3630
> New York, NY  10278
> Phone: (202) 705-4620
> Email: sarah.mcdonough@usdoj.gov
>
> *Attorney for the United States of America*

# EXHIBIT A

## Jerome Bristow

Confidentiality Designations

| Transcript Location | Designation under Protective Order | Redaction Note |
|---|---|---|
| 19:4–20:4 | Confidential | Redact lines related to other agency programs |
| 133:21–135:6 | Highly Confidential | Redact comments related to specific carrier |
| 170:5–171:2 | Highly Confidential | Redact comments related to specific carrier |
| 171:14-19 | Highly Confidential | Redact comments related to specific carrier |
| 203:10 | Confidential | Redact forward-looking comment related to agency program |
| 203:14-21 | Confidential | Redact forward-looking comment related to agency program |
| 203:24 | Confidential | Redact forward-looking comment related to agency program |
| 204:5-13 | Confidential | Redact forward-looking comment related to agency program |
| 204:15-22 | Confidential | Redact forward-looking comment related to agency program |
| 204:23–205:4 | Confidential | Redact forward-looking comment related to agency program |
| 252:15–253:6 | Confidential | Redact comments related to agency view of airports |