UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, <br><br> *Defendants*. | Civil Action No. 1:21-CV-11558-LTS |

**PLAINTIFFS' UNOPPOSED MOTION TO IMPOUND TRIAL EXHIBITS**

The United States of America, the State of Arizona, the State of California, the District of Columbia, the State of Florida, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (collectively, Plaintiffs) respectfully move the Court pursuant to Local Rule 7.2 and the Stipulated Protective Order (ECF No. 99) to impound and redact confidential material in three admitted trial exhibits, PX0801, PX0805, and PX0859, which concern the unpublished decision of the United Kingdom Competition and Markets Authority ("CMA") regarding Defendant JetBlue Airways Corporation's ("JetBlue") application for remedy slots at London airports.

On November 28, 2022, Plaintiffs received a request from the CMA that its non-public decision regarding JetBlue's slot application be kept confidential and withheld from the public record.[1] The CMA has indicated that, while JetBlue did testify during trial regarding some high-

---

[1] *See generally* Competition and Markets Authority, Transparency and Disclosure: Statement of the CMA's Policy and Approach, http://shorturl.at/NPWY9, Jan. 2014.

level aspects of the decision, making publicly available a document marked by the CMA as containing commercially sensitive confidential information could impede cooperation and future investigations. For that reason, Plaintiffs are filing this motion to impound.

A party moving to impound records bears the burden to show that its interest in confidentiality outweighs the strong public interest in access to judicial records. *See Anderson v. Cryovac,* 805 F.2d 1, 13 (1st Cir. 1986) (stating that a party moving to seal or impound court records must overcome the presumption that the public has a right to see and copy "materials on which a court relies in determining the litigants' substantive rights"); *Skyhook Wireless, Inc. v. Google, Inc.*, No. CV 10-11571-RWZ, 2015 WL 13675231, at *2 (D. Mass. Feb. 18, 2015) (the public's right to access judicial records may be overcome where the motion is "narrowly tailored" to protect "trade secrets in the documents or confidential business information"). International comity also can provide a basis for sealing court records. *See, e.g.*, *In re Terrorist Attacks on Sep. 11, 2001*, No. 03-MDL-1570, 2019 WL 3296959, at *4-5 (S.D.N.Y. July 22, 2019) (court will seal "traditionally nonpublic information" of a foreign government); *Strauss v. Credit Lyonnais*, S.A., No. 06-CV-702, 2011 WL 4736359, at *5-6 (E.D.N.Y. Oct. 6, 2011) (French law provided basis for sealing banking records).

Plaintiffs' motion is narrowly tailored to avoid infringing any more than necessary upon the public's right to access judicial records. Plaintiffs seek only impoundment and redaction of the above exhibits reflecting the CMA's non-public written decision and the CMA's letter further explaining that decision, until further order of the Court.

Plaintiffs have met and conferred with Defendants as required by Local Rule 7.1. Defendants do not oppose this motion.

Dated: November 30, 2022

Respectfully submitted,

/s/ *William H. Jones, II*
William H. Jones, II
Craig L. Briskin
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: (202) 514-0230
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

*Attorneys for the United States of America*

/s/ *Colin G. Fraser*
Colin G. Fraser
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
Phone: (850) 414-3300
Email: colin.fraser@myfloridalegal.com

/s/ *Daniel H. Leff*
Daniel H. Leff (MA Bar No. 689302)
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 727-2200
Email: Daniel.leff@mass.gov

*Attorneys for the State of Florida and the Commonwealth of Massachusetts, and on behalf of the Plaintiff States*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants on November 29 and 30, 2022, regarding this Motion to Impound. Defendants confirmed that they do not oppose this motion.

/s/ *Craig L. Briskin*
Craig L. Briskin
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: (202) 704-4741
Fax: (202) 307-5802
Email: Craig.Briskin@usdoj.gov

*Attorney for the United States of America*
