# Appendix B

| Document Name | Confidentiality Designation | Information Unsealed |
|---|---|---|
| PX0527 | Sealed | Unseal at 1 |
| PX0805 | Sealed | The parties jointly request that PX0805 remain sealed. PX0805 is a document from the United Kingdom's Competition and Markets Authority that the Court previously placed under seal pursuant to an unopposed motion (and at the request of the UK CMA) (Dkt. Nos. 330 and 331), and it is cited in the Court's Findings of Fact and Conclusions of Law without quotation or pincite (Dkt. No. 344 at 38.) |
| PX0816 | Attachment Sealed (Cover Email Fully Public) | Unseal in Full<br><br>Defendants request that this exhibit, which contains detailed analyses related to JetBlue's 5-year plan, remain under seal. This document contains not only granular information related to core aspects of JetBlue's business plans, including with respect to capacity, revenue initiatives, and its fleet, but also detailed financial data. Disclosure of this document would result in serious competitive injury to JetBlue, as competitors would have access to highly sensitive, non-public information about a wide-ranging number of JetBlue's prospective business plans and strategic initiatives. *See Abiomed, Inc. v. Maquet Cardiovascular LLC,* No. CV 16-10914, 2021 WL 5165010, at *3 (D. Mass. Nov. 5, 2021); *Cohen v. Trump,* No. 10-CV-0940, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016).[1] |
| PX0883 | Redacted | Unredact at 6, 7, 9<br><br>Defendants request that the redacted portions on pages 6, 7 and 9 of PX0833, which contain confidential information related to one of JetBlue's recent growth plans, remain under seal. Disclosure of these non-public future plans would significantly harm JetBlue's competitive standing, as competitors could utilize this information to target growth on the same routes. *See Williams v. Apple, Inc.,* No. 19-CV-04700, 2021 WL 2476916, at *4 (N.D. Cal. June 17, |

---

[1] Plaintiffs do not take a position on Defendants' request to keep PX0816, PX0883, and paragraphs 123, 163-66 and 284 of Plaintiffs' Proposed Findings of Fact under seal.

1

| | | |
|---|---|---|
| Dkt. 322 Defendants' Post-Trial Brief | Contains Redactions | Unredact at 42 |
| Dkt. 324 Defendants' Proposed Findings of Fact | Contains Redactions | Unredact at ¶ 103, ¶ 193, ¶ 251, ¶ 328, ¶ 338, ¶ 340 |
| Dkt. 325 Plaintiffs' Proposed Findings of Fact | Contains Redactions | Unredact at ¶ 41, ¶ 123, ¶ 143, ¶¶ 161-66, ¶ 195, ¶ 212, ¶ 247, ¶ 284, ¶ 425, ¶ 427, ¶ 451, ¶ 468, ¶ 470, ¶ 472, ¶ 497, ¶ 564, ¶ 570<br><br>Defendants request that paragraph 123 of Plaintiffs' Proposed Findings of Fact remain under seal. Paragraph 123 cites to a document where American's pricing manager explains pricing decisions with respect to United's flights out of EWR. Allowing public access to confidential information that reveals American's pricing strategies with respect to its flights would provide competitors with insight that they could use to unfairly compete and harm American's competitive standing.<br><br>Defendants request that the identities of corporate customers in paragraphs 163 through 166 of Plaintiffs' Proposed Findings of Fact remain under seal. As explained in Defendants' Motion to Seal Trial Exhibits (Dkt. No. 159), revealing the identities of corporate customers would enable competitors, equipped with the information they will have learned in this trial, to target Defendants' customers. The disclosure of customer names would further implicate the privacy interests of third parties, which courts have consistently recognized as a "venerable common law exception to the presumption of access." *U.S. v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013).<br><br>Defendants request that the narrowly redacted language in paragraph 284 of Plaintiffs' Proposed Findings of Fact remain under seal, as it contains sensitive business information, the disclosure of which would lead to competitive harm. While certain aspects about JetBlue's acquisition of its London slots are publicly known, not all the terms and conditions of the underlying lease agreements have been publicly disclosed. Disclosure of this non-public information, which has minimal relevance to the issues in the case, puts JetBlue at a significant disadvantage for future negotiations regarding similar agreements. The disclosure of such information would provide competitors with insight that they would not otherwise have, which they could leverage to unfairly |

2

compete. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015); *Williams v. Apple, Inc.*, No. 19-CV-04700, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021). Unsealing this information, moreover, would infringe on the privacy right of a non-party to this litigation given that the non-public information at issue pertains to an agreement between JetBlue and a third-party airline.

3