**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., | |
| *Plaintiffs*, | |
| v. | Case No. 1:21-cv-11558-LTS |
| AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, | **Leave to file granted on June 13, 2023** |
| *Defendants*. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION**

I.      **Defendants' New Proposals Relating to the Codeshare Agreement and Frequent Flyer Agreements Are Unjustified**

Prior to Friday's filings, Plaintiffs understood Defendants' position to be that Defendants should be able to retain the Codeshare Agreement and Frequent Flyer Agreements indefinitely. Defendants' Motion also appears to take that position. *See* Dkt. 354 ("Defs' Mot."), I.A. Defendants' Proposed Final Judgment, however, permits these agreements to continue for 120 days. Dkt. 354, Exhibit 2 ("Defs' PFJ"), III.D, III.E.

In either case, Plaintiffs' position is unchanged: Defendants offer no sufficient justification for preserving significant portions of the illegal NEA for such an extended period, let alone indefinitely. Defendants' new 120-day wind-down proposal is a red herring—Defendants do not claim that they need the extra four months as a transitional period to minimize harm to travelers, they simply argue that the Codeshare Agreement and Frequent Flyer Agreements are "concededly procompetitive." Defs' Mot. at 7. Plaintiffs concede no such thing. *See* Dkt. 353 ("Pls.' Mot.") at 9. As the Court highlighted, codesharing under the NEA is very different than other codeshares discussed in the record, in particular because the Codeshare

Agreement permits Defendants to codeshare *on the very routes where they are supposed to be competing*.  Dkt. 344 ("Opinion") at 42.  The Court found that American and JetBlue illegally allocated markets, Opinion at 73, so preserving the Codeshare Agreement would allow Defendants to continue to benefit from their prior impermissible market allocation by allowing each partner to continue to sell tickets on routes they had surrendered to the other.  Defendants offer no reason why the Court need countenance these harms for an additional 120 days.  Prior to the NEA, Defendants did not have a codeshare or frequent flyer relationship at all.  What Defendants refer to as consumer "disruptions" from ending these agreements are just a restatement of their previous contentions about the NEA's purported benefits, such as providing access to a larger network.  Defs' Mot. at 13.  The Court already rejected these alleged benefits. *See, e.g.,* Opinion at 84, n.97.

Defendants also contend these agreements are "commonplace," Defs' Mot. at 7, but Defendants' PFJ includes newly proposed text that perfectly illustrates why these agreements are anything but.  Defendants' PFJ would affirmatively permit them to "execute amendments" to both agreements to "provide for industry standard codeshare commissions" and "industry standard provisions."  Defs' PFJ, III.D, III.E.  In other words, not only do Defendants wish to retain these agreements for 120 days, they also seek a free pass to *rewrite* them.  The reason Defendants supposedly need to execute such amendments is precisely because these agreements are not "industry standard"—they were inextricably linked to the unprecedented revenue sharing in the MGIA, which Defendants must terminate.  *See* Defs' Mot. at 14; Opinion at 18.  The Codeshare Agreement is also unusual in its breadth—the Court explicitly noted that among the alternatives that Defendants considered to the NEA was an option that would have permitted

codesharing but only on a "substantially smaller scale than the NEA." Opinion at 42, n.57.[1] This proceeding is not the right forum for Defendants to seek court approval of a new alliance, let alone one with unspecified "industry standard" terms. *See* Pls' Mot. at 8 – 10.

In short, Defendants' new PFJ proposals on the Codeshare Agreement and Frequent Flyer Agreement are contrary to the Court's order holding the NEA as a whole unlawful. Defendants wrongly contend that the Court only found "certain aspects" of the NEA unlawful, Defs' Mot. at 6, despite the fact that they argued at trial that the agreements all work together and would not have been adopted alone. Should Defendants seek a new or different alliance, including "industry standard" terms or otherwise, there is a process for pursuing such a venture; the burden should not fall on this Court to evaluate it in the matter of a few days.

## II. Defendants' New "Effective Date" Definition Improperly Circumvents the Proper Process for Appellate Review

Defendants' PFJ adds a new clause that would effectively grant Defendants an automatic, indefinite administrative stay of this Court's entire order if Defendants seek a stay with the First Circuit. *See* Defs' PFJ, I.H. The PFJ is not an appropriate vehicle for imposing such a stay. A stay pending appeal is granted only in "extraordinary circumstances" and imposed only if appellants meet stringent requirements under the case law. *Williams v. Zabras*, 442 U.S. 1309, 1311-12 (1979) (Powell, J., in chambers); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result" (citation omitted)). Among other things, Defendants have not shown they are likely to succeed on

---

[1] Insofar as Defendants suggest that it would be appropriate for the Court to permit these agreements because some form of codesharing was identified as a less restrictive alternative, that misstates the law. Identification of less restrictive alternatives does not mean that any of those alternatives would necessarily be legal under the rule of reason. *See* Pls' Post-Trial Br., Dkt. 322, at 69 n.15; Pls.' Conclusions of Law at ¶ 128. And even if *some* form of codesharing would be acceptable, that does not mean that the Codeshare Agreement is acceptable.

appeal—a "critical" factor in determining whether a stay is warranted.  *See Nken*, 556 U.S. at 434; *see also Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002); *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993) ("In the ordinary course, [movants] who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim . . . relief.").  If Defendants seek to stay the injunction beyond the 21 days the Court has already ordered, they should file a separate motion addressing that legal standard for relief, and Plaintiffs can respond.

### III.   Plaintiffs Agree to Defendants' New Proposal Regarding Surviving Contract Clauses

Defendants' PFJ included a new edit to replace the phrase "relevant law of contracts" in Section IV.A with "terms of the NEA Agreement or the Related Agreements, as applicable." Plaintiffs find Defendants' language acceptable, and have incorporated it into the attached revised version of the Proposed Final Judgment, otherwise unchanged from Plaintiffs' previous proposal.[2]

---

[2] Per the Court's order today (Dkt. 355), Plaintiffs' PFJ also replaces "seven (7) days" with "twenty-one (21) days" in the definition of the Effective Date.

Dated: June 13, 2023

Respectfully submitted,

/s/ William H. Jones II
William H. Jones II
James H. Congdon
Patricia C. Corcoran
Kate M. Riggs

U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Tel: (202) 598-8805
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

*Attorneys for Plaintiff*
*United States of*
*America*

/s/ Colin G. Fraser
COLIN G. FRASER (FL Bar No. 104741)

Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
Email: Colin.Fraser@myfloridalegal.com

/s/ William T. Matlack
WILLIAM T. MATLACK
(MA Bar No. 552109)
DANIEL H. LEFF (MA Bar No. 689302)

Office of the Attorney General
One Ashburton Place, 18th
Floor Boston, MA 02108
Tel: (617) 727-2200
Email: William.Matlack@mass.gov
Email: Daniel.leff@mass.gov

*Attorneys for the State of*
*Florida, the Commonwealth of*
*Massachusetts, and on behalf*
*of the Plaintiff States*