UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *Plaintiffs*, v. AMERICAN AIRLINES GROUP INC. and JETBLUE AIRWAYS CORPORATION, *Defendants*. | Case No. 1:21-cv-11558-LTS |

**PLAINTIFFS' NOTIFICATION ON IMPACT OF JETBLUE'S TERMINATION OF NEA ON FINAL JUDGMENT AND PERMANENT INJUNCTION**

On May 19, 2023, the Court issued its Findings of Fact and Conclusions of Law in this action. *United States et al. v. American Airlines Group, Inc. and JetBlue Airways Corporation*, Civil No. 21-11558 (D. Mass. May 19, 2023), ECF No. 344, ("Opinion", Dkt. 344). After finding that the NEA violated Section 1 of the Sherman Act, the Court ordered the parties to submit a proposed order reflecting their joint or separate positions on the language of the proposed permanent injunction. Opinion at 93. On June 9, 2023, the Plaintiffs and Defendants filed separate proposed final judgments ("PFJs"). Dkts. 353, 354. On June 12, 2023, Plaintiffs' filed a motion, subsequently granted by the Court, for leave to respond to Defendants' motion for entry of final judgment and permanent injunction, which included a revised PFJ. Dkts. 356, 357. The PFJs filed by the parties reflected meaningful disputes regarding the terms of the permanent injunction, and the Court set a July 26, 2023, date to hear the parties' motions for entry of their respective PFJs.

On July 7, 2023, JetBlue notified the Court that it had terminated the Northeast Alliance, effective July 29, 2023. On July 10, 2023, the Court ordered the parties to notify it, by July 19,

2023, what, if any, impact the termination has on the proposed terms of the final injunction and judgment in this case or on any other issue remaining before this Court. Dkt. 368.

The parties subsequently discussed the impacts of the NEA termination on each of their PFJs and were able to reach agreement on several of the previous areas of dispute, including those related to the termination of the Codeshare Agreement, the termination of the Frequent Flyer Agreements, and the effect of the injunction on a potential motion to stay. Accordingly, only five substantive areas of dispute remain between the parties. Plaintiffs submit (1) a chart, attached as Exhibit 1, that identifies the remaining issues on which the parties have not reached agreement, and (2) a Revised PFJ, attached as Exhibit 2, that is updated from the Plaintiffs' previous Revised PFJ and reflects the new language agreed to by the parties.

Defendants' termination of the NEA has no effect on four of the previously disputed substantive issues, shown in the chart in Exhibit 1, and Plaintiffs' position on them remains unchanged. As described in detail in Plaintiffs' filing on June 9, 2023 (Dkt. 353), these provisions remediate and otherwise prevent a recurrence of Defendants' anticompetitive conduct. JetBlue's choice to terminate the NEA—after the Court found it to be illegal—does not obviate the need to "fence in" Defendants from engaging in the same or similar conduct in the future (whether with each other or other airlines) and forcing the Plaintiffs to re-litigate a similar case. *See* Dkt. 353 at 4-5. Plaintiffs did not understand the Court's July 10, 2023 order to invite further argument concerning the merits of provisions unaffected by Defendants' contractual termination of the NEA, but would be happy to provide any additional information concerning the remaining disputed provisions at the Court's request.

The fifth area of dispute, which arose only in conversations between the parties after the NEA termination, concerns the limited exceptions to the requirement that the Defendants cease

sharing revenue pursuant to the MGIA. Plaintiffs believe that all such revenue sharing should cease by the Effective Date, with the only exception being payments to settle "codeshare tickets or itineraries" that were issued prior to the termination (but not yet flown). Defendants, however, seek to retain the ability to settle payments for all "tickets and itineraries" previously issued. There is no justification for permitting Defendants to continue the revenue sharing that the Court found to be anticompetitive.

Dated: July 19, 2023                                  Respectfully submitted,

 /s/ William H. Jones II
William H. Jones II
James H. Congdon
Patricia C. Corcoran
Kate M. Riggs

U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Tel: (202) 598-8805
Fax: (202) 307-5802
Email: bill.jones2@usdoj.gov

*Attorneys for Plaintiff*
*United States of*
*America*

 /s/ Colin G. Fraser
COLIN G. FRASER (FL Bar No. 104741)

Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
Email: Colin.Fraser@myfloridalegal.com

 /s/ William T. Matlack
WILLIAM T. MATLACK
(MA Bar No. 552109)
DANIEL H. LEFF (MA Bar No. 689302)

Office of the Attorney General
One Ashburton Place, 18th
Floor Boston, MA 02108
Tel: (617) 727-2200
Email: William.Matlack@mass.gov
Email: Daniel.leff@mass.gov

*Attorneys for the State of*
*Florida, the Commonwealth of*
*Massachusetts, and on behalf*
*of the Plaintiff States*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Defendants in a good faith effort to resolve or narrow the issues presented in this filing. Defendants confirmed their position on the disputes identified in this filing.

/s/ James H. Congdon
James H. Congdon
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Phone: 202-299-4574
Fax: 202-307-5802
james.congdon@usdoj.gov

*Attorney for United States of America*
