# EXHIBIT 1

| | REMAINING SUBSTANTIVE DISPUTES | |
|---|---|---|
| REVISED PFJ SECTION | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL[1] |
| III.C. (Required Conduct) | On or before the Effective Date, the Defendants shall cease revenue sharing pursuant to the MGIA, except to settle payments for codeshare tickets or itineraries issued prior to the Codeshare Cutoff Date. | On or before the Effective Date, the Defendants shall cease revenue sharing pursuant to the MGIA, except to settle payments for tickets or itineraries issued prior to the Codeshare Cutoff Date consistent with the termination clause of the NEA (Section 5.11). |
| III.H. (Required Conduct) | Neither Defendant shall enter into any new alliance, partnership, joint venture, or other agreement with another Domestic Air Carrier if such agreement provides for revenue sharing, or for coordination of routes or capacity, in a manner substantially similar to the NEA. This provision shall expire on the second anniversary of the Effective Date. | Paragraph should not be included. |
| V.B. (Notice) | Neither Defendant may enter into any new agreement, partnership, or joint venture with another Domestic Air Carrier, or enter into an amendment thereto, without prior notification to the Plaintiffs. Such notification shall be provided to the Chief of the Transportation, Energy, and Agriculture Section of the Antitrust Division of the Department of Justice (or any successor to that Section), and to the Attorney General of each of the Plaintiff States. This provision shall expire on the fifth anniversary of the Effective Date of this Final Judgment. | Paragraph should not be included. |
| V.D. (Notice) | Any agreements, partnerships, joint ventures, or amendments subject to Section V.A **or V.B,** above, may not be implemented or otherwise enter into force or effect until at least 30 calendar days following notification to the Plaintiffs and submission of the materials required under Section V.C, unless representatives of the Department of Justice Antitrust Division agree in writing | Any agreements, partnerships, joint ventures, or amendments subject to Section V.A., above, may not be implemented or otherwise enter into force or effect until at least 30 calendar days following notification to the Plaintiffs and submission of the materials required under Section V.C, unless representatives of |

---

[1] Plaintiffs' chart is based on Defendants' proposal as of July 19, 2023.

| | REMAINING SUBSTANTIVE DISPUTES | |
|---|---|---|
| | to a shorter period. If, within 30 calendar days following notification and submission of the materials required under Section V.C, representatives of the Department of Justice Antitrust Division issue one or more Civil Investigative Demands seeking information related to the agreement, partnership, joint venture, or amendment thereto, a Defendant who received a Civil Investigative Demand may not implement the proposed agreement, partnership, joint venture, or amendment until 60 calendar days after **submitting all information required under** the Civil Investigative Demand. | the Department of Justice Antitrust Division agree in writing to a shorter period. If, within 30 calendar days following notification and submission of the materials required under Section V.C, representatives of the Department of Justice Antitrust Division issue one or more Civil Investigative Demands seeking information related to the agreement, partnership, joint venture, or amendment thereto, a Defendant who received a Civil Investigative Demand may not implement the proposed agreement, partnership, joint venture, or amendment until 60 calendar days after **substantially complying with** the Civil Investigative Demand. |
| VI.A. - VI.K. | Appointment of Monitoring Trustee | Section should not be included. |

| | OTHER DIFFERENCES IN PARTIES' PROPOSALS | |
|---|---|---|
| REVISED PFJ SECTION | PLAINTIFFS' PROPOSAL | DEFENDANTS' PROPOSAL |
| Introduction | The purpose of this Permanent Injunction is the prompt and certain termination of the NEA, while minimizing disruption to passengers as a result of the termination, **and preventing the recurrence of similar anticompetitive conduct.** | The purpose of this Permanent Injunction is the prompt and certain termination of the NEA, while minimizing disruption to passengers as a result of the termination. |
| II. (Applicability) | This Permanent Injunction applies to American Airlines, JetBlue, and each of their affiliates, subsidiaries, officers, directors, agents, employees, successors, and assigns, **and to any successor to any substantial part of the business.** | This Permanent Injunction applies to American Airlines, JetBlue, and each of their affiliates, subsidiaries, officers, directors, agents, employees, successors, and assigns. |
| III.B. (Required Conduct) | On or before the entry of this Final Judgment, Defendants shall cease all coordination of schedules and routes, **and any effort to allocate markets.** | On or before the entry of this Final Judgment, Defendants shall cease all coordination of schedules and routes. |