UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil No.: 1:21-cv-11558 |

### PLAINTIFF STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION FOR PAYMENT OF ATTORNEYS' FEES AND COSTS

### INTRODUCTION

Plaintiffs, the District of Columbia, the Commonwealths of Massachusetts, Pennsylvania, and Virginia, and the States of Arizona, California, and Florida (collectively "Plaintiff States"), by and through their undersigned counsel, and with the consent of Defendants American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue"), submit the following Memorandum in Support of their Motion for Attorneys' Fees and Costs Under Section 16 of the Clayton Act, 15 U.S.C. § 26, Rule 54 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 54, and Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, L.R., D. Mass. 7.1.

Following the Court's July 28, 2023, Final Judgment requiring the termination of the Northeast Alliance, the Parties engaged in good faith negotiations regarding the Plaintiff States' claims for attorneys' fees and costs as prevailing parties in this action. The Parties have reached

an agreement on the reasonable fees and costs, payment of which is conditional upon final resolution of this litigation in favor of Plaintiff States, and have executed a settlement agreement to this effect. The Plaintiff States request that the Court enter the attached Order, as consented to by the Parties, for the payment of fees and costs as provided for in the settlement agreement.

## BACKGROUND

On July 15, 2020, Defendants entered into the agreement known as the Northeast Alliance ("NEA"). After an extensive investigation, Plaintiff States and the United States Department of Justice ("DOJ") filed a complaint on September 21, 2021, to permanently enjoin the NEA pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 16 of the Clayton Act, 15 U.S.C. § 26. Doc. No. 1. Section 16 of the Clayton Act provides that "[a]ny person . . . shall be entitled to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the antitrust laws," including a violation of Section 1 of the Sherman Act. Plaintiff States are "persons" for purposes of Section 16. *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 260-261 (1972).

Plaintiff States requested that "the Northeast Alliance be adjudged to violate Section 1 of the Sherman Act," and that "Defendants be permanently enjoined from continuing and restrained from further implementing the Northeast Alliance." Doc. No. 1 at 32. On May 19, 2023, the Court issued its Findings of Fact and Conclusions of Law and determined that the NEA "plainly violates Section 1 of the Sherman Act," and ordered that the alliance be permanently enjoined. Doc. No. 344 at 93. The Court issued its Final Judgment and Order Entering Permanent Injunction on July 28, 2023, requiring the termination of the Northeast Alliance and prohibiting further implementation of the alliance. Doc. No. 375. Defendants appealed this Order to the United States Court of Appeals for the First Circuit on September 25, 2023. On November 8,

2024, the United States Court of Appeals for the First Circuit issued a ruling affirming the Order of the court below.

The Court has extended time twice for the Plaintiff States to file a motion for attorneys' fees and costs while the Parties attempted to reach an agreement on fee issues. [ECF 349, 380). The Parties have engaged in good faith discussions to settle the amount of the Plaintiff States' attorneys' fees and costs, and have avoided consuming the Court's time and resources.

On January 16, 2025, the Parties executed a settlement agreement providing for the amount the Parties agree are reasonable attorneys' fees and costs and the conditions for payment. The agreement further provides that the Plaintiff States shall have sole discretion as to the disbursement of the funds amongst themselves, consistent with their respective states' laws.

## ARGUMENT

The Parties request that the Court enter an order on the payment of fees and costs to the Plaintiff States under the negotiated settlement. *See* Fed. R. Civ. P. 54. Payment under the settlement is conditioned on the final resolution of this litigation in favor of the Plaintiff States and is authorized under Section 16 of the Clayton Act. *See* 15 U.S.C. § 26. The Plaintiff States find that the negotiated settlement is appropriate and in the public interest, and that the payment to the Plaintiff States may be used as stated in the proposed Order.[1] Good cause exists to enter the requested Order.

Dated: January 17, 2025                    Respectfully submitted,

                                                        MICHELLE A. HENRY
                                                        Attorney General

---

[1] The amount to be paid does not appear in the proposed Order at the request of American and JetBlue. The Parties will provide this information to the Court *in camera,* if requested.

MARK A. PACELLA (PA Bar No. 42214)
Executive Deputy Attorney General
Public Protection Division

*/s/ Tracy W. Wertz*
TRACY W. WERTZ (PA Bar No. 69164)
Chief Deputy Attorney General
Antitrust Section

JOSEPH S. BETSKO (PA Bar No. 82620)
Assistant Chief Deputy Attorney General
Antitrust Section

JENNIFER A. THOMSON (PA Bar No. 89360)
Senior Deputy Attorney General
Antitrust Section

Pennsylvania Office of Attorney General
Antitrust Section
14th Floor Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530
Email: twertz@attorneygeneral.gov

*Attorneys for Plaintiff Commonwealth of Pennsylvania*


ASHLEY MOODY
Attorney General

*/s/ Colin G. Fraser*
LIZABETH A. BRADY (FL Bar No. 457991)
RACHEL S. BRACKETT (FL Bar No. 109775)
COLIN G. FRASER (FL Bar No. 104741)
TYLER ALEXANDER KOVACS (FL Bar No. 1044676)

Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
Email: Liz.Brady@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

ANDREA JOY CAMPBELL
Attorney General

 */s/ William T. Matlack*
WILLIAM T. MATLACK (MA Bar No. 552109)

Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel: (617) 727-2200
Email: William.Matlack@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

KRISTIN K. MAYES
Attorney General

 */s/ Robert Bernheim*
ROBERT BERNHEIM (AZ Bar No. 024664)

Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Tel: (520) 628-6507
Email: robert.bernheim@azag.gov

*Attorneys for Plaintiff State of Arizona*

ROB BONTA
Attorney General

PAULA BLIZZARD
Senior Assistant Attorney General

NATALIE S. MANZO
MICHAEL W. JORGENSON
JAMIE L. MILLER
Supervising Deputy Attorneys General

 */s/ Robert B. McNary*
ROBERT B. McNARY (CA Bar No. 253745)
Deputy Attorney General

300 South Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6283
E-mail: robert.mcnary@doj.ca.gov

*Attorneys for Plaintiff State of California*


JASON S. MIYARES
Attorney General

 */s/ Tyler T. Henry*
TYLER T. HENRY (VA Bar No. 87621)
Assistant Attorney General
Antitrust Unit
Office of the Virginia Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Tel: (804) 692-0485
Email: THenry@oag.state.va.us

*Attorneys for Plaintiff Commonwealth of Virginia*


BRIAN SCHWALB
Attorney General

JENNIFER C. JONES
Deputy Attorney General
Public Advocacy Division

BETH MELLEN
WILLIAM F. STEPHENS
Assistant Deputy Attorneys General
Public Advocacy Division

*/s/ Adam Gitlin*
ADAM GITLIN (DC Bar No. 90004308)
Chief, Antitrust and Nonprofit Enforcement Section
Public Advocacy Division

Office of the Attorney General for the District of Columbia
400 Sixth Street NW, Tenth Floor
Washington, DC 20001
Tel: (202) 442-9853
Email: Adam.Gitlin@dc.gov

*Attorneys for Plaintiff District of Columbia*